## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TV GUIDE ONLINE, INC. and | ) | |
| TV GUIDE ONLINE, LLC, | ) | |
| Plaintiffs, | ) | C.A. No. 05-725 KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| TRIBUNE MEDIA SERVICES, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

As its Answer, Affirmative Defenses and Counterclaims to the Complaint filed by

Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC (jointly referred to herein as "TV

Guide Online"), Defendant Tribune Media Services, Inc. ("TMS") states as follows:

### ANSWER

### PARTIES

1.      TV Guide Online, Inc. is a Delaware Corporation with a principal place of
business at 6922 Hollywood Blvd., Los Angeles, CA 90028.

**ANSWER:**    Admitted.

2.      TV Guide Online, LLC is a Delaware Limited Liability Company with a principal
place of business at 6922 Hollywood Blvd., Los Angeles, CA 90023.

**ANSWER:**    Admitted.

3.      TV Guide Online, LLC is the owner by assignment of United States Patent No.
5,988,078 ("the '078 patent").

**ANSWER:**    Admitted that assignments from Smart VCR Limited Partnership to Index

Systems, Inc. and from Index Systems, Inc. to TV Guide Online, LLC are recorded in the United

States Patent Office.  TMS lacks knowledge or information sufficient to form a belief as to any

assignment by the applicant Michael Levine and therefore denies that TV Guide Online, LLC is

the owner by assignment of United States Patent No. 5,988,078 ("the '078 patent").

4.      TV Guide Online, Inc. is the exclusive licensee of the '078 patent, with the right to bring suit and to recover damages for past infringement.

**ANSWER:**    TMS lacks knowledge or information sufficient to form a belief as to the truth of

the averments made in this paragraph and therefore denies them.

5.      Defendant Tribune Media Services, Inc. (d/b/a Tribune Media Services International, tms.tribune.com, and Zap2It) ("TMS") is a Delaware Corporation.

**ANSWER:**    TMS admits it is a Delaware corporation and that it has a division named

"Tribune Media Services International."    TMS denies it is doing business as Zap2It or

tms.tribune.com.    Rather, "ZAP2IT" is a trademark of TMS, and tms.tribune.com is a TMS

website.

6.      On information and belief, TMS has a principal place of business at 435 N. Michigan Avenue, Suite 1500, Chicago, IL 60611.

**ANSWER:**    Admitted.

## JURISDICTION AND VENUE

7.      This is a civil action brought by TV Guide Online for patent infringement committed by TMS and arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    TMS admits that TV Guide Online has attempted to state a claim for patent

infringement under 35 U.S.C. § 1 *et seq*. and that this Court has exclusive subject matter

jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).    To the extent that any

statements in this paragraph might be considered factual allegations, TMS denies the remaining

averments made in this paragraph and specifically denies that it has committed acts of patent

infringement or that there is any basis for TV Guide Online's action.

8.      Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b),(c), and 1400(b), in that events giving rise to TV Guide Online's claims occurred in this district, the defendant may be found and/or resides in this district by virtue of its activities in this district, and the defendant has committed acts of patent infringement in this district.

**ANSWER:** TMS admits that venue is proper in this judicial district. To the extent that any statements in this paragraph might be considered factual allegations, TMS denies the remaining averments made in this paragraph and specifically denies that it has committed acts of patent infringement or that there is any basis for TV Guide Online's action.

## BACKGROUND

**The Patented Technology**

9.     Michael Levine is a prolific inventor who has made inventions now covered by numerous United States patents. His inventions are directed to many technologies including inventions relating to programmable thermostats, microprocessor architecture, on-screen programming capabilities for VCRs, and electronic, interactive and on-line television program guides.

**ANSWER:** TMS lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and therefore denies them.

10.     Mr. Levine developed television program guide technology throughout the 1980s and 1990s. In the course of that development work, Mr. Levine identified a need to enable a television viewer using a computer to obtain television programming information specific to that viewer's location. Mr. Levine invented a system and method to meet this need.

**ANSWER:** TMS denies that Mr. Levine invented a system or method to enable a television viewer using a computer to obtain television programming information specific to that viewer's location. TMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in this paragraph and therefore denies them.

11.     Mr. Levine filed a patent application describing his method and system on March 9, 1992. A continuation of that patent application, filed October 9, 1997, duly and legally issued on November 23, 1999 as United States Patent No. 5,988,078, a true and correct copy of which is attached hereto as Exhibit A.

**ANSWER:** TMS admits that Mr. Levine filed a patent application on March 9, 1992, that a continuation-in-part of that patent application was filed on August 9, 1994, that a continuation of the August 9, 1994 patent application was filed on October 9, 1997, that the October 9, 1997 patent application issued as U.S. Patent No. 5,988,078 on November 23, 1999, and that Exhibit

A is a true and correct copy of U.S. Patent No. 5,988,078.  TMS denies that Mr. Levine invented

a system or method to enable a television viewer using a computer to obtain television

programming information specific to that viewer's location.  TMS lacks knowledge or

information sufficient to form a belief as to the truth of the remaining averments made in this

paragraph and therefore denies them.

**TV Guide Online, Inc. and TV Guide Online, LLC**

12.    The predecessor in ownership of the '078 patent, a company now associated with
TV Guide Online, and its affiliated companies, recognized the importance and value of Mr.
Levine's invention and acquired the patent application that resulted in the '078 patent.

**ANSWER:**    TMS denies that Mr. Levine invented a system or method to enable a television

viewer using a computer to obtain television programming information specific to that viewer's

location.  TMS lacks knowledge or information sufficient to form a belief as to the truth of the

remaining averments made in this paragraph and therefore denies them.

13.    TV Guide Online, Inc. operates www.tvguide.com, a popular and leading
entertainment website providing media content and tools for television viewers.  The
www.tvguide.com website attracts millions of individual users per month and has millions of
registered users.  This website includes a television listings section that enables television
viewers to obtain television programming information specific to a viewer's location.

**ANSWER:**    TMS admits that TV Guide Online, Inc. operates www.tvguide.com and that

www.tvguide.com includes a television listings section on which users can see television

programming information specific to both a zip code and a service provider.  TMS lacks

knowledge or information sufficient to form a belief as to the truth of the remaining averments

made in this paragraph and therefore denies them.

14.    TV Guide Online, Inc. maintains a database of television listings, scheduling and
programming information, accessible over the Internet.  A television viewer can obtain television
programming information specific to the viewer's location by accessing the www.tvguide.com
website and selecting "listings."  The television viewer then enters information regarding the
viewer's location (e.g., the viewer's address, including zip code) into the www.tvguide.com
website to receive television programming information including program titles, channels,
airtimes, and detailed program descriptions - all specific to the viewer's location.

**ANSWER:**    TMS admits that TV Guide Online, Inc. maintains a database of television listings, scheduling and programming information, accessible over the Internet.  TMS admits that a user can see television programming information by accessing the www.tvguide.com website, selecting "listings," then entering a zip code, and then selecting a service provider, and admits that this information includes program titles, channels, airtimes, and detailed program descriptions specific to both the zip code and the service provider.  TMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in this paragraph and therefore denies them.

15.    TV Guide Online, Inc. makes use of the '078 patent in providing the www.tvguide.com program listings service.

**ANSWER:**    TMS lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and therefore denies them.

16.    TV Guide Online, Inc. generates advertising revenue through the operation of www.tvguide.com.

**ANSWER:**    TMS lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and therefore denies them.

17.    Television viewers throughout the country and in this judicial district access www.tvguide.com for television programming information specific to their locations.

**ANSWER:**    TMS lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph and therefore denies them.

**TMS**

18.    TMS is a supplier of television program listings and movie listings information in the United States.

**ANSWER:**    Admitted.

19.    TMS does business as Zap2It and operates the website www.Zap2It.com, which is accessible by television viewers within this judicial district and elsewhere.  Television viewers

obtain television programming information specific to the viewer's location using the Zap2It website.

**ANSWER:**    TMS denies that it does business as "Zap2It."  Rather, ZAP2IT is a trademark of

TMS.  TMS admits that it operates the website www.Zap2It.com, which is accessible within this

judicial district and elsewhere.  TMS admits that users of the Zap2It website may see television

programming information specific to both a zip code and a service provider.  TMS denies the

remaining averments made in this paragraph.

        20.    Using the invention described and claimed in the '078 patent, Zap2It provides
television programming information specific to a viewer's location.  Zap2It maintains a database
of television programming information accessible over the Internet.  A viewer accesses Zap2It's
website using a computer to enter information about the viewer's location, such as the viewer's
zip code.  The website provides to the viewer television programming information specific to the
viewer's location.

**ANSWER:**    TMS denies that Zap2It uses any alleged invention described and claimed in the

'078 patent.  TMS admits that users of the Zap2It website may see television programming

information specific to both a zip code and a service provider, that Zap2It maintains a database

of television programming information accessible over the Internet, and that a user may access

the Zap2It website using a computer and may enter both a zip code and a service provider.  TMS

denies the remaining averments made in this paragraph.

        21.    On information and belief, television viewers in this judicial district have
accessed and continue to access www.Zap2It.com, enter their zip codes and receive television
programming information specific to their location.

**ANSWER:**    TMS admits that users of www.Zap2It.com have accessed and continue to access

www.Zap2It.com in this judicial district, and that users may enter both a zip code and a service

provider and see television programming information for both the zip code and the service

provider.  TMS denies the remaining averments made in this paragraph.

        22.    On information and belief, Zap2It derives substantial revenue from its use of the
inventions of the '078 patent, including through the display of advertising on its website.  In

6

addition, Zap2It provides other information such as movie theater listings specific to a viewer's location, from which it may derive revenue.

**ANSWER:**    TMS admits that it derives revenue from the display of advertising on the www.zap2it.com website.  TMS further admits that the www.zap2it.com website allows users to see movie theater listings and other information.  TMS denies the remaining averments made in this paragraph and specifically denies that www.zap2it.com uses any alleged invention claimed in the '078 patent.

### TMS' Notice of the '078 Patent

        23.    TMS has been notified that it requires a license under the '078 patent by reason of the activity described in paragraphs 18-22 above.

**ANSWER:**    TMS admits that TV Guide Online has taken the position that TMS requires a license under the '078 patent.  TMS denies the remaining averments made in this paragraph and specifically denies that it requires a license under the '078 patent.

        24.    Affiliates of TV Guide Online and the predecessor in ownership of the '078 patent initiated discussions with TMS regarding licensing of, inter alia, the '078 patent to TMS in early 2005, and met with TMS on April 29, 2005 to discuss licensing terms.

**ANSWER:**    TMS admits that it met with TV Guide Online, Inc. and Gemstar-TV Guide International, Inc. ("Gemstar") on April 29, 2005 to discuss possible avenues for the companies to work together, and that the '078 patent was discussed during that meeting.  Further answering, TMS states that during that meeting TV Guide Online and Gemstar did not make any reference to filing a lawsuit against TMS and did not specifically charge TMS with infringing the '078 patent by operating the website www.Zap2It.com.  TMS denies the remaining averments made in this paragraph.

        25.    Affiliates of TV Guide Online and the predecessor in ownership of the '078 patent attempted on multiple occasions to continue these discussions with TMS after the April 29, 2005 meeting and presented a detailed licensing proposal to TMS that included a license under the '078 patent on June 16, 2005.

**ANSWER:**    TMS admits that on June 16, 2005 Gemstar sent TMS a proposal "with respect to a license under [Gemstar's] patent portfolio for TMS' online IPGs" and that the '078 patent was included as part of the licensing proposal.  TMS further admits it has exchanged correspondence with Gemstar regarding Gemstar's licensing proposal and that it met with Gemstar again on November 28, 2005 to discuss Gemstar's proposal.  Further answering, TMS states the licensing terms proposed by Gemstar were unacceptable because, among other reasons, the proposed licensing rates were exorbitant and as a condition to any license under Gemstar's patents Gemstar said TMS had to agree to covenant not to assert TMS' interactive program guide patents against Gemstar interactive program guides provided by Gemstar or its customers.  This practice by Gemstar of conditioning licenses to its patents on covenants not-to-assert or similar provisions constitutes patent misuse, as alleged below in TMS' First Affirmative Defense and in Count I of its Counterclaims.  The Administrative Law Judge in the matter of *In re Certain Set-Top Boxes and Components Thereof*, Investigation Number 337-TA-454 in the International Trade Commission found that similar Gemstar licensing provisions constitute patent misuse. TMS denies the remaining averments made in this paragraph.

26.    Within 24 hours of receiving the licensing proposal, TMS summarily rejected the proposal, stating it was not interested in taking a license.

**ANSWER:**    TMS admits that on June 17, 2005 it told Gemstar it was not interested in taking a license under Gemstar's web-based interactive program guide patents, based on the licensing terms proposed by Gemstar.  TMS denies the remaining averments made in this paragraph.

27.    TMS thus has been offered a license under the '078 patent and has refused the opportunity to enter into a license.  Accordingly, in order to enjoy the benefit of their patent rights and to protect those rights, TV Guide Online, Inc. and TV Guide Online, LLC bring this action.

**ANSWER:**    TMS admits that Gemstar offered TMS a license under the '078 patent and that TMS declined to enter into that license under the terms proposed by Gemstar because, among

other reasons, the proposed licensing rates were exorbitant and as a condition to any license

under the '078 patent Gemstar said TMS had to agree to covenant not to assert TMS' interactive

program guide patents against Gemstar interactive program guides provided by Gemstar or its

customers.  This practice by Gemstar of conditioning licenses to its patents on covenants not-to-

assert or similar provisions constitutes patent misuse, as alleged below in TMS' First Affirmative

Defense and in Count I of its Counterclaims.  The Administrative Law Judge in the matter of *In

re Certain Set-Top Boxes and Components Thereof*, Investigation Number 337-TA-454 in the

International Trade Commission found that similar Gemstar licensing provisions constitute

patent misuse.  TMS denies the remaining averments made in this paragraph.

**CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 5,988,078 BY TMS**

28.    TV Guide Online, Inc. and TV Guide Online, LLC hereby incorporate, as though
fully set forth herein, the allegations of paragraph 1 through 27 of this Complaint.

**ANSWER:**    TMS repeats and incorporates by reference its responses to paragraphs 1 through

27.

29.    TMS has infringed, contributed to infringement of and induced others to infringe,
and continues to infringe, contribute to infringement of and induce others to infringe, the '078
patent.

**ANSWER:**    Denied.

30.    TMS has been given notice of the '078 patent.

**ANSWER:**    TMS admits it now has knowledge of the '078 patent.

31.    On information and belief, TMS' infringement of the '078 patent is, has been, and
continues to be willful and deliberate.

**ANSWER:**    Denied.

32.    TV Guide Online, Inc. and TV Guide Online, LLC have sustained damages and
suffered irreparable harm as a consequence of TMS' infringement, and will continue to sustain
damages and be irreparably harmed unless TMS is enjoined from infringing the '078 patent.

**ANSWER:**    Denied.

### Response to Plaintiff's Prayer for Relief

TMS denies that Plaintiffs are entitled to any relief whatsoever in this action either as prayed for in the Complaint or otherwise.

### AFFIRMATIVE DEFENSES

TMS alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**First Affirmative Defense:**   The '078 patent is unenforceable due to misuse by TV Guide Online, Inc., TV Guide Online, LLC, and their ultimate parent corporation Gemstar-TV Guide International, Inc. ("Gemstar").   For example, upon information and belief prior to discovery, TV Guide Online and Gemstar have misused the '078 patent and other patents in Gemstar's patent portfolio in the following ways, among others:

TV Guide Online and Gemstar have misused the '078 patent and other patents for the reasons the Administrative Law Judge found that Gemstar misused its patents in the matter of *In re Certain Set-Top Boxes and Components Thereof*, Investigation Number 337-TA-454 in the International Trade Commission.   For example, the Administrative Law Judge found that Gemstar's covenant not to sue provisions and Gemstar's grant back provisions constitute patent misuse.

Further, Gemstar conditioned its offer to license the '078 patent and others to TMS on a similar covenant not-to-assert.  Specifically, on June 16, 2005 Gemstar sent TMS a proposal with respect to a license under Gemstar's patent portfolio for TMS' online IPGs, including the '078 patent.  The licensing terms proposed by Gemstar were unacceptable because, among other reasons, the proposed licensing rates were exorbitant and as a condition to any license under

10

Gemstar's patents Gemstar said TMS had to agree to covenant not to assert TMS' interactive program guide patents against Gemstar interactive program guides provided by Gemstar or its customers.

Such covenants unlawfully extend the bounds of the patent monopoly, creating disincentives for competition and innovation; even if licensees were to create a competitive interactive program guide technology, TV Guide Online and Gemstar as well as Gemstar's customers could, among other things, misappropriate the technology without fear of liability and free ride off of the licensee's technology or product development costs, thereby creating a disincentive to develop competing technology and products.

TMS believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate additional ways in which TV Guide Online and Gemstar have misused the '078 patent and others in Gemstar's patent portfolio.

**Second Affirmative Defense:**  TMS has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of the '078 patent, either literally or under the doctrine of equivalents.  Further, based on statements made by the applicant during prosecution of the '078 patent, TV Guide Online, Inc. and TV Guide Online, LLC are estopped from asserting that TMS infringes the '078 patent.

**Third Affirmative Defense:**  The '078 patent is invalid for failing to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Affirmative Defense:**  TV Guide Online's infringement claim is barred by the doctrine of laches.

**Fifth Affirmative Defense:**  TV Guide Online's claim for damages for alleged infringement is barred in part by TV Guide Online's failure to comply with 35 U.S.C. § 287(a).

11

## COUNTERCLAIMS

Tribune Media Services, Inc. ("TMS"), for its counterclaims against TV Guide Online, Inc. and TV Guide Online, LLC (jointly referred to herein as "TV Guide Online"), states as follows:

1.      This is a civil action for a declaration of non-infringement and invalidity of United States Patent No. 5,988,078 ("the '078 patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

2.      This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has jurisdiction over TV Guide Online, Inc. and TV Guide Online, LLC, and venue in this judicial district is proper, because TV Guide Online, Inc. and TV Guide Online, LLC are incorporated in Delaware and have submitted to jurisdiction and venue in this judicial district.

4.      TMS is a Delaware corporation having a principal place of business at 435 North Michigan Avenue, Suite 1500, Chicago Illinois 60611.

5.      TV Guide Online, Inc. is a Delaware corporation having a principal place of business at 6922 Hollywood Blvd., Los Angeles, CA 90028.

6.      TV Guide Online, LLC is a Delaware limited liability company with a principal place of business at 6922 Hollywood Blvd., Los Angeles, CA 90028.

7.      On October 12, 2005, TV Guide Online filed a Complaint in this Court alleging that TMS infringes the '078 patent, that TV Guide Online, LLC is the owner by assignment of the '078 patent, and that TV Guide Online, Inc. is the exclusive licensee of the '078 patent, with the right to bring suit and to recover damages for past infringement.

**COUNT I: DECLARATORY JUDGMENT OF PATENT MISUSE**

8.      The '078 patent is unenforceable due to misuse by TV Guide Online, Inc., TV

Guide Online, LLC, and their ultimate parent corporation Gemstar-TV Guide International, Inc.

("Gemstar").  For example, upon information and belief prior to discovery, TV Guide Online and

Gemstar have misused the '078 patent and other patents in the following ways, among others.

9.      TV Guide Online and Gemstar have misused the '078 patent and other patents for

the reasons the Administrative Law Judge found that Gemstar misused its patents in the matter of

*In re Certain Set-Top Boxes and Components Thereof*, Investigation Number 337-TA-454 in the

International Trade Commission.  For example, the Administrative Law Judge found that

Gemstar's covenant not to sue provisions and Gemstar's grant back provisions constitute patent

misuse.

10.     Further, Gemstar conditioned its offer to license the '078 patent and others to

TMS on a similar covenant not-to-assert.  Specifically, on June 16, 2005 Gemstar sent TMS a

proposal with respect to a license under Gemstar's patent portfolio for TMS' online IPGs,

including the '078 patent.  The licensing terms proposed by Gemstar were unacceptable because,

among other reasons, the proposed licensing rates were exorbitant and as a condition to any

license under Gemstar's patents Gemstar said TMS had to agree to covenant not to assert TMS'

interactive program guide patents against Gemstar interactive program guides provided by

Gemstar or its customers.

11.     Such covenants unlawfully extend the bounds of the patent monopoly, creating

disincentives for competition and innovation; even if a licensee were to create a competitive

interactive program guide technology, TV Guide Online and Gemstar as well as Gemstar's

customers could, among other things, misappropriate the technology without fear of liability and

free ride off of the licensee's technology or product development costs, thereby creating a disincentive to develop competing technology and products.

12.    TMS believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate additional ways in which TV Guide Online and Gemstar have misused the '078 patent and others in Gemstar's patent portfolio.

### COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

13.    TMS has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of the '078 patent, either literally or under the doctrine of equivalents.

14.    Based on statements made by the applicant during prosecution of the '078 patent, TV Guide Online, Inc. and TV Guide Online, LLC are estopped from asserting that TMS infringes the '078 patent.

### COUNT III: DECLARATORY JUDGMENT OF INVALIDITY

15.    The '078 patent is invalid for failing to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, TMS respectfully requests that judgment be entered in its favor and against TV Guide Online, Inc. and TV Guide Online, LLC, and that TMS be granted the following relief:

(i)    Dismissal of Plaintiffs' claims with respect to the '078 patent with prejudice;

(ii)    Judgment declaring that the '078 patent is unenforceable by reason of patent misuse;

14

(iii)   Judgment declaring that the claims of the '078 patent are not infringed by TMS;

(iv)   Judgment declaring that the claims of the '078 patent are invalid;

(v)   Judgment awarding TMS its costs incurred in the prosecution and defense of this action;

(vi)   Judgment declaring the case to be exceptional under 35 U.S.C. § 285 and awarding to TMS its reasonable attorneys' fees incurred in the prosecution and defense of this action; and

(vii)   Judgment awarding TMS such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

TMS hereby demands and requests trial by jury of all issues raised that are triable by jury.

Dated:  February 1, 2006

_/s/ Richard K. Herrmann_____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
312.861.2000


*Attorneys for Defendant*
*Tribune Media Services, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2006, I electronically filed the foregoing document, **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801


Additionally, I hereby certify that on the 1st day of February, 2006, the foregoing document was served via email and overnight mail on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000


/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com