IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TV GUIDE ONLINE, INC. and TV GUIDE ONLINE, LLC | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-CV-725-KAJ |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| TRIBUNE MEDIA SERVICES, INC., | ) ) ) | **REDACTED - PUBLIC VERSION -** |
| Defendant. | ) | |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS DEFENDANT'S COUNTERCLAIM FOR ALLEGED PATENT
MISUSE AND TO STRIKE DEFENDANT'S PATENT MISUSE DEFENSE**

OF COUNSEL:
Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
Richards, Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
cottrell@rlf.com
moyer@rlf.com
fineman@rlf.com
Attorneys for Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC

Dated: February 28, 2006

RLF1-2934717-1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

THE NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 2

SUMMARY OF ARGUMENT ................................................................................................. 2

STATEMENT OF FACTS ........................................................................................................ 5

ARGUMENT ............................................................................................................................. 9

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

Page

## CASES

*Applera Corp. v. MJ Research, Inc.*,
349 F. Supp. 2d 321 (D. Conn. 2004) ................................................................................ 10

*Bayer AG v. Housey Pharms., Inc.*,
228 F. Supp. 2d 467 (D. Del. 2002) ................................................................................... 10

*Beloit Corp. v. Valmet Oy*,
742 F.2d 1421 (Fed. Cir. 1984) .......................................................................................... 11

*Greiff v. T.I.C. Enters., L.L.C.*,
2004 WL 115553, at *2 (D. Del. Jan. 9, 2004) .................................................................... 9

*Hamilton v. Civigenics*,
2005 WL 418023 (D. Del. Feb. 22, 2005) ......................................................................... 12

*In re: Certain Set-Top Boxes & Components Thereof*,
(Investigation No. 337-TA-454) ..................................................................................... 3, 4

*In re Convertible Rowing Exerciser Patent Litigation*,
721 F. Supp. 596 (D. Del. 1989) ........................................................................................ 11

*In re Gemstar Dev. Corp. Patent Litig.*,
No. MDL-1274-WBH, Order 9 (N.D. Ga. March 24, 2004) ............................................. 11

*Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*,
2006 WL 214206, at *2 (D. Del. Jan. 26, 2006) .................................................................. 9

*Virginia Panel Corp. v. MAC Panel Co.*,
133 F.3d 860 (Fed. Cir. 1997) ........................................................................................ 9, 10

*Williams v. Potter*,
384 F. Supp. 2d 730 (D. Del. 2005) ..................................................................................... 9

*Zenith Radio Corp. v. Hazetine Research, Inc.*,
395 U.S. 100 (1969) .................................................................................................. 3, 9, 10

## INTRODUCTION

Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC (collectively "TV Guide Online") respectfully submit this opening brief in support of TV Guide Online's motion: (1) to dismiss the patent misuse counterclaim asserted by defendant Tribune Media Services, Inc. ("TMS") pursuant to Fed. R. Civ. P. 12(b)(6); and (2) to strike TMS's corresponding affirmative defense concerning patent misuse pursuant to Fed. R. Civ. P. 12(f).

As TV Guide Online explains below, TMS's counterclaim for patent misuse fails to state a claim on which relief can be granted. In that counterclaim, TMS asserts that "Gemstar" (*i.e.*, the ultimate parent company of TV Guide Online) "conditioned" its offer to license TMS to the patent-in-suit on the acceptance of a "covenant not-to-assert" license term. (D.I. 6 at pp. 13-14). TMS, however, does not plead and cannot plead -- as the law requires -- that TV Guide Online refused to license TMS on any other basis.

**REDACTED**

Even if the Court was inclined to allow it, the deficiencies in TMS's patent misuse allegations cannot be cured by repleading because TMS cannot aver that TV Guide Online ever insisted that the covenant not-to-assert provision *must* be included in a license.

**REDACTED**

Therefore, TMS's patent misuse counterclaim fails to state a claim on which relief can be granted and should be dismissed pursuant to Rule 12(b)(6). For the same reasons, TMS's affirmative defense based on its patent misuse allegations is insufficient under Rule 12(f), and should be stricken.

1

## THE NATURE AND STAGE OF THE PROCEEDINGS

On October 12, 2005, TV Guide Online filed its complaint in this action charging TMS with infringement of U.S. Patent No. 5,988,078 ("the '078 patent") (D.I. 1). In general terms, the '078 patent is directed to technology that allows a television viewer to obtain television programming information specific to that viewer's location using a computer. TV Guide Online asserts that TMS has infringed and continues to infringe the '078 patent in connection with its operation of the www.Zap2it.com website.

# REDACTED

On February 1, 2006, TMS served its "Answer, Affirmative Defenses and Counterclaims" (D.I. 6). That pleading includes TMS's counterclaim and affirmative defense directed to patent misuse, which is the subject of TV Guide Online's present motion. A Rule 16 scheduling conference is set for March 8, 2006 at 4:30 p.m.

## SUMMARY OF ARGUMENT

1. TMS's patent misuse allegations are premised on its assertion that Gemstar (the ultimate parent company of TV Guide Online) somehow "conditioned" its offer to license the '078 patent to TMS on terms that included a "covenant not-to-assert" provision.[1]

---

[1] For purposes of brevity, individual representatives of one or more of the Gemstar and the TV Guide Online companies who participated in licensing discussions are collectively referred to herein as "TV Guide Online."

2

RLF1-2983242-1

2. While TMS used the word "conditioned" in its pleading, TMS does not and cannot allege the legal requirements for a patent misuse claim arising from "conditioning" a license on supposedly objectionable terms. Courts have defined "conditioning" in that context to mean "where the patentee refuses to license on any other basis and leaves the licensee with the choice between a license so providing and no license at all." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 135 (1969).

3.

# REDACTED

4.

# REDACTED

5. Faced with the deficiencies in its patent misuse allegations, TMS tries to rely on the "initial determination" of the Administrative Law Judge in an International Trade Commission investigation involving Gemstar -- *In re: Certain Set-Top Boxes & Components*

3

*Thereof* (Investigation No. 337-TA-454). According to TMS, "the Administrative Law Judge found that Gemstar's covenant not to sue provisions and Gemstar's grant back provisions constitute patent misuse." (D.I. 6 at Counterclaims, ¶ 9). There are several problems with TMS's assertions.

      a. For example, TMS does not advise the Court that the ALJ's initial determination on the issue of patent misuse involved a different patent and different agreements and was *never adopted by the ITC*. Indeed, the ITC expressly stated that it took "no position" on that issue.

      b. Moreover, because the ITC proceedings are strictly confidential, TMS cannot possibly have any basis to contend the covenant not-to-assert provision TV Guide Online offered to TMS was "similar" to the provisions at issue in the ITC matter. *Even if* the provision at issue in the ITC matter was *identical* to the covenant not-to-assert provision that TV Guide Online offered to TMS, that would be irrelevant because TMS still cannot contend that TV Guide Online insisted that the provision *must* be included in a license to TMS.

      6. Because TMS cannot plead that TV Guide Online insisted that the covenant not-to-assert provision must be included in a license to TMS, any effort by TMS to replead its patent misuse defense and counterclaim would be futile.

# REDACTED

As such, TV Guide Online respectfully submits that the Court should dismiss TMS's patent misuse counterclaim and affirmative defense under the provisions of Rules 12(b)(6) and 12(f), respectively.

## STATEMENT OF FACTS

TV Guide Online, LLC is the owner by assignment of the '078 patent. TV Guide Online, Inc. is the exclusive licensee of the '078 patent and has the right to bring suit for past infringement. The ultimate parent company of both TV Guide Online companies is Gemstar-TV Guide International, Inc. ("Gemstar") (Armaly Decl. ¶ 2).[2]

# REDACTED

# REDACTED

# REDACTED

---

[2] As used herein, "Armaly Decl. ¶ __" refers to the stated paragraph of the Declaration of Samir B. Armaly, submitted concurrently herewith. "Ex. __" refers to the stated exhibit to Mr. Armaly's declaration.

**REDACTED**

**REDACTED**

**REDACTED**

# REDACTED

# REDACTED

# REDACTED

---

[3] In its Affirmative Defenses and Counterclaims, TMS makes reference to its November 16, 2005 communication to TV Guide Online (D.I. 6 at ¶ 25). Those written communications (and subsequent communications), however, bear the legend "Confidential Settlement Communication Under Federal Rule of Evidence 408." Even though TMS put the substance of that communication at issue in its pleading, TV Guide Online will respect TMS's Rule 408 designation and will not submit those documents herewith. TV Guide Online, of course, would not object to TMS submitting those documents to the Court.

# REDACTED

# REDACTED

# REDACTED

# REDACTED

## ARGUMENT

Rule 12(b)(6) provides that "failure to state a claim upon which relief can be granted" is an appropriate ground to dismiss all or part of a pleading. Similarly, Rule 12(f) authorizes a Court to strike "from any pleading any insufficient defense."

This Court has not hesitated to grant motions brought under Rules 12(b)(6) and 12(f) to eliminate defective claims and defenses. *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, 2006 WL 214206, at *2 (D. Del. Jan. 26, 2006)[4] (finding dismissal appropriate when the movant cannot prove any set of facts in support of its claims entitling it to relief); *Williams v. Potter*, 384 F. Supp. 2d 730, 734 (D. Del. 2005) (finding that failure to provide an adequate description of specific conduct rendered the pleading insufficient in providing defendants with fair notice); and *Greiff v. T.I.C. Enters., L.L.C.*, 2004 WL 115553, at *2 (D. Del. Jan. 9, 2004) (determining that where the movant would succeed despite any state of facts proved in support of the defense, a motion to strike should be granted).

Patent misuse is an affirmative defense to a charge of patent infringement, "the successful assertion of which 'requires that the alleged infringer show that the patentee has impermissibly broadened the "physical or temporal scope" of the patent grant with anticompetitive effect.'" *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986)).

TMS premises its patent misuse contentions on the argument that TV Guide Online "conditioned its offer to license the '078 patent . . . on a . . . covenant not-to-assert." It is not enough for TMS to simply use the word "conditioning." The U.S. Supreme Court made plain in *Zenith Radio* that misuse of the type that TMS seeks to assert must be a situation "where

---

[4] Unreported opinions are attached hereto as Exhibit 1

the patentee refuses to license on any other basis and leaves the licensee with the choice between a license so providing and no license at all." 395 U.S. at 135. This Court has found that where the accused infringer provides no evidence of providing an alternative and merely blames the patent owner for not offering an alternative, there can be no finding of patent misuse. *Bayer AG v. Housey Pharms., Inc.*, 228 F. Supp. 2d 467, 471 (D. Del. 2002).

Here, TMS does not plead that TV Guide Online "refused to license" on any basis that did not include the covenant not-to-assert provision in question.

# REDACTED

Under these circumstances, it is not possible for TV Guide Online to have "refused to license on any other bases" thereby putting TMS in a take-it-or-leave-it position.

Therefore, it is not necessary for the Court to consider matters outside of TMS's pleading itself to conclude that TMS's patent misuse assertions are fatally defective.

Even as a matter of common sense and fairness, TMS's patent misuse allegations fail. TMS should not be permitted to participate in patent licensing negotiations with TV Guide Online -- never saying word one about having an objection to a particular proposed licensing provision -- and then, when negotiations break down, assert an unenforceability claim based on patent misuse (thereby claiming entitlement to practice the patent for free). As stated above, in connection with the *Bayer AG* case, this Court has rejected efforts by other accused infringers to make such patent misuse assertions. Other courts have done so as well. *See, e.g., Virginia Panel*, 133 F.3d at 871 (determining that where a patent owner revoked its own proposal to link a proposed license to the purchase of unpatented items, its activities could not amount to extending the scope of its patent rights) and *Applera Corp. v. MJ Research, Inc.*, 349 F. Supp. 2d 321, 335

(D. Conn. 2004) (finding that where a provision is subject to free negotiation, there cannot be a finding of conditioning).[5]

TMS's efforts to bolster its patent misuse assertions by referencing an earlier ITC investigation involving Gemstar are inappropriate. As a preliminary matter, the ITC proceeding is irrelevant because the ALJ's initial determination concerning alleged patent misuse was not ultimately adopted by the ITC. Indeed, the ITC expressly stated that it took "no position" on the patent misuse issue.

Beyond that, findings of the ITC are *not* "binding interpretations of the U.S. patent laws in particular factual contexts." *In re Convertible Rowing Exerciser Patent Litig.*, 721 F. Supp. 596, 602 (D. Del. 1989). In connection with matters where the ITC takes "no position," the Federal Circuit has stated that "[w]hatever had been meant by the 'not to review' statement, it can hardly be said that the Commission made 'findings' on issues upon which it specifically stated it had 'taken no position.'" *Beloit Corp. v. Valmet Oy*, 742 F.2d 1421, 1422 (Fed. Cir. 1984).

When license agreements considered by the ALJ in the ITC investigation were subsequently considered *by an Article III Court* -- the U.S. District Court for the Northern District of Georgia -- the Court found the license agreements at issue to be product licenses and *not* patent licenses. *In re Gemstar Dev. Corp. Patent Litig.*, No. MDL-1274-WBH, Order at 9 (N.D. Ga. March 24, 2004). As such, there could not possibly have been patent misuse.

It is also important to note that TMS was not a party to the ITC proceedings that TMS refers to in its counterclaims. TMS, therefore, does not have access to the investigation

---

[5] TV Guide Online, again, points out that there is nothing improper or anticompetitive about the covenant not-to-assert provision that it offered to TMS. It is a common provision of the type found in many patent licenses.

11

RLF1-2983242-1

record -- which, in accordance with ITC practice, is maintained under strict confidentiality. TMS, therefore has no basis to assert that the covenant not-to-assert provision that TV Guide Online offered to TMS is "similar" to any provision at issue in the ITC proceeding (which involved different agreements and patents). In any event, any potential similarity between the licensing terms is absolutely irrelevant because TMS cannot plead here the threshold requirement that TV Guide Online *insisted* that a covenant not-to-assert term *must* be in a license.

Accordingly, TMS's reliance on the ITC proceedings in connection with its patent misuse allegations is, at best, disingenuous.

Finally, allowing TMS to amend its patent misuse pleading would be futile. TMS cannot change the facts that: (1) it never objected to the covenant not-to-assert provision; and (2) TV Guide Online never insisted on it.

**REDACTED**

The Court has routinely denied requests of a party to amend its defective pleadings when such an amendment would be futile. *See Hamilton v. Civigenics*, 2005 WL 418023 (D. Del. Feb. 22, 2005) (holding that where the amended claim would fail to state a claim upon which relief may be granted, the amendment would be futile, and leave to amend should be denied).

RLF1-2983242-1

## CONCLUSION

In view of the foregoing, TV Guide Online respectfully requests that the Court (1) dismiss TMS's patent misuse counterclaim for failing to state a claim on which relief can be granted pursuant to Rule 12(b)(6), and (2) strike TMS's affirmative defense of patent misuse as insufficient under Rule 12(f).

|  |  |
|---|---|
|  | /s/ Frederick L. Cottrell, III |
|  | Frederick L. Cottrell, III (#2555) |
|  | Jeffrey L. Moyer (#3309) |
| OF COUNSEL: | Steven J. Fineman (#4025) |
| Robert C. Morgan | Richards, Layton & Finger PA |
| Christopher J. Harnett | One Rodney Square |
| Stuart W. Yothers | 920 North King Street |
| ROPES & GRAY LLP | Wilmington, Delaware 19801 |
| 1251 Avenue of the Americas | Telephone: (302) 651-7700 |
| New York, NY 10020 | cottrell@rlf.com |
| (212) 596-9000 | moyer@rlf.com |
|  | fineman@rlf.com |
| Dated: February 21, 2006 | Attorneys for Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC |

13

RLF1-2983242-1

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899-0951

I hereby certify that on February 21, 2006, I have sent by Federal Express, the foregoing document to the following non-registered participants:

Mark A. Pals, P.C., Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL  60601

_____
Steven J. Fineman (#4025)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

I hereby certify that on February 28, 2006, I have sent by Federal Express, the foregoing document to the following non-registered participants:

Mark A. Pals, P.C., Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com