FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

2006 MAR 10 AM 9: 18

TV GUIDE ONLINE, INC. and )
TV GUIDE ONLINE, LLC, )
             Plaintiffs, )   C.A. No. 05-725 KAJ
                )
      v. )
                )
TRIBUNE MEDIA SERVICES, INC., )
            Defendant. )

## SCHEDULING ORDER

This 10th day of March, 2006, the Court having conducted an initial Rule 16 scheduling

and planning conference pursuant to Local Rule 16.2(a) on March 8, 2006, and the parties having

determined after discussion that the matter cannot be resolved at this juncture by settlement,

voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.**  Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.  If they have

not already done so, the parties are to review the Court's Default Standard for Discovery of

Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies

& Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by

reference.

2.    **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join

other parties, and to amend or supplement the pleadings, shall be filed on or before July 24,

2006.

RLF1-2987435-1

3.    **Discovery.**

a.    **Limitation on Hours for Fact Deposition Discovery.**  Each side is limited to a total of one hundred hours of taking testimony by deposition upon oral examination.

b.    **Location of Depositions.**  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or agreement of the parties.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c.    **Discovery Cut Off.**  All discovery in this case shall be initiated so that it will be completed on or before January 30, 2007.  The parties will work together to conclude fact discovery on or before October 2, 2006.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d.    **Disclosure of Expert Testimony.**  Unless otherwise agreed, the parties shall file their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues for which they bear the burden of proof (whether such experts are specifically retained for this litigation or are employees of a party) on or before October 30, 2006 and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before November 30, 2006.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v Merrell Dow Pharm, Inc.*, 509 U S 579 (1993), such objection shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

2

     e.    **Discovery Disputes.**  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this Paragraph.

    4.    **Application to Court for Protective Order.**  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must first follow the provisions of paragraph 3e above.

    Any proposed order should include the substance of the following paragraph:

    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion

3

so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    **Papers Filed Under Seal.**  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.  In addition, under the Electronic Case Filing CM/ECF rules of this Court, the party filing a sealed document with the Court shall file electronically a public version of any sealed document within five business days of the filing of the sealed document, redacting only the protected information.

6.    **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7.    **Interim Status Reports.**  On November 14, 2006, counsel for all parties shall jointly submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    **Status Conferences.**  On November 21, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m.  Plaintiffs' counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this Order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.    **Tutorial Describing the Technology and Matters in Issue.**  If the Court decides a technology tutorial is necessary, the parties shall provide the Court by June 27, 2006, a tutorial on the technology at issue.  In that regard, each party may submit a videotape of not more than thirty minutes.  The parties may choose to present the tutorial in person.  If the tutorial is in

4

person, it will begin at 9:30 a.m. and will be videotaped. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than five pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten days of submission of the videotapes.

10.    **Reliance on Opinion of Counsel.** If defendant intends to rely on an opinion of counsel defense, defendant shall notify plaintiff of that intent and produce all relevant documents pertaining to that defense on or before September 1, 2006.

11.    **Case Dispositive Motions.** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 20, 2007. Responses to case dispositive motions shall be served and filed on or before March 22, 2007, and replies to the responses shall be served and filed on or before April 6, 2007.

12.    **Claim Construction Issue Identification.** If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on October 9, 2006, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below. The Joint Claim Construction Chart shall be filed on or before February 20, 2007. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A

5

copy of the patent(s) in issue, as well as those portions of the intrinsic record relied upon, are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.    **Claim Construction.** Issues of claim construction shall be submitted to the Court no later than February 20, 2007, to be considered by the Court in conjunction with the parties' summary judgment motions. Responsive claim construction briefs shall be filed and served on or before March 22, 2007.

14.    **Hearing on Case Dispositive Motions/*Markman* Hearing.** Beginning at 9:30 a.m. on April 20, 2007, the Court will hear evidence and argument on summary judgment and/or claim construction.

15.    **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16.    **Pretrial Conference.** On August 14, 2007 at 4:30 p.m., the Court will hold a Final Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before July 13, 2007.

17.    **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine*

6

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.     **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format), which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

19.     **Trial.** This matter is scheduled for a ten day jury trial beginning at ~~9:00~~ 9:30 a.m. on September 10, 2007. Trial will be held on the following dates: September 10-12, 14, 19-20, 21 (until mid-afternoon), 24-25 and 26 (morning). For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

_____
UNITED STATES DISTRICT JUDGE