## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC., and TV GUIDE ONLINE, LLC | ) ) ) |
| Plaintiffs and Counterclaim Defendants, | ) Case No. 05-CV-725-KAJ ) |
| v. | ) ) |
| TRIBUNE MEDIA SERVICES, INC., | ) ) |
| Defendant and Counterclaim Plaintiff. | ) |

### STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action may involve the disclosure of certain documents, things and information in the possession, custody or control of Plaintiffs, TV Guide Online, Inc. and TV Guide Online, LLC (collectively, "TV Guide Online"), Defendant Tribune Media Services, Inc. ("TMS"), and/or third parties that constitute or contain a trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, TV Guide Online and TMS agree that it would serve their respective interests to enter into a protective order to facilitate the production and receipt of such information during discovery;

NOW, THEREFORE, upon consideration of the record and pursuant to the provisions of Fed. R. Civ. P. 26(c),

IT IS HEREBY ORDERED, STIPULATED AND AGREED, subject to the approval of the Court, as follows:

1.     This Protective Order shall be applicable to and govern depositions, documents and tangible things produced in response to requests for production thereof, answers to

interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information exchanged by the parties in the above captioned action or produced by a third-party which the disclosing party designates as Confidential Information hereunder.

## DEFINITIONS

2.    For the purposes of this Order, "Confidential Information" shall mean all information or material which is considered by a Producing or Designating Party in good faith to constitute or to contain non-public, confidential, proprietary, commercially sensitive, or trade secret information, whether in written, oral, graphic, audiovisual, or any other form, including, for example, non-public technical, business and financial information, marketing plans, customer lists, and pricing and cost data. "Confidential Information" shall include all information, documents and things referring or relating to the foregoing, including but not limited to copies, summaries and abstracts.

3.    "Producing Party" means a party or third-party that produces Confidential Information.

4.    "Receiving Party" means any party receiving Confidential Information.

5.    "Designating Party" means a party or third-party that designated its own materials or those of any other party or entity as Confidential Information.

6.    "Authorized Personnel" who have access to Confidential Information means:

    (a)    Outside counsel for TV Guide Online, namely members and associates of Richards, Layton & Finger P.A. and Ropes & Gray LLP, or other law firm(s) that may file an appearance in this action, and their necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs.

2

(b)     Outside counsel for TMS, namely members and associates of Morris, James, Hitchens & Williams LLP and Kirkland & Ellis LLP, or other law firm(s) that may file an appearance in this action, and their necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs.

(c)     Employees of outside vendors providing photocopy, imaging, database, and design services in connection with this litigation.

(d)     Jury, trial, graphic, and visual aid consulting services retained for purposes of this litigation. Each such person or firm retained by a party must execute an Undertaking in the form annexed hereto as Exhibit A.

(e)     Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action.

(f)     The Court, the Court's staff, and the jury in this litigation.

(g)     Any person who: (a) is identified as an author or recipient, including receipt by copy, of any document, information, or tangible item and is not otherwise shown prior to such disclosure not to have received the document, information, or tangible item; or (b) has been identified in writing by the Designating Party as having been provided with the document, information, or tangible item.

(h)     No more than a total of eight (8) outside experts or consultants for each side, whose advice and consultation are being or will be used by such party in connection with this proceeding, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company, subject to the conditions set forth in Paragraphs 7 and 8. Outside experts or

3

outside consultants, as used in this Paragraph, shall not include any employee of the Receiving Party.

(i)    Subject to Paragraph 19 of this Order, two in-house litigation attorneys for TV Guide Online, Ronald E. Naves, Jr., Esq. and Vladimir Radovanov, Esq., whose advice and consultation are being or will be used by TV Guide Online in connection with preparation for trial or depositions in this action, including any motions made in this action.

(j)    Subject to Paragraph 19 of this Order, two in-house litigation attorneys for TMS, Beth Fulkerson, Esq. and an attorney to be named later, whose advice and consultation are being or will be used by TMS in connection with preparation for trial or depositions in this action, including any motions made in this action. Prior to disclosing any Confidential Information to the attorney to be named later, TMS will provide TV Guide Online with the name of the attorney.

## DESIGNATED AUTHORIZED PERSONNEL

7.    Prior to the disclosure of any Confidential Information to an outside expert or outside consultant pursuant to Paragraph 6(h), each such outside expert or outside consultant shall execute an Undertaking in the form annexed hereto as Exhibit A. No less than ten (10) calendar days prior to the disclosure of any Confidential Information to an outside expert or consultant, counsel shall transmit to the other parties: (1) the undertaking executed by the outside expert or consultant, (2) a copy of his or her C.V., and (3) a list of all the expert or consultant's engagements within the last five (5) years, including the name of the entity that retained the expert or consultant, the nature of the matter for which the expert or consultant was retained, the nature of the work performed and, where the expert or consultant was retained in connection with a litigation, the name of the case.

4

In the event the expert or consultant is unable to disclose the identity of the entity that retained him or her or the nature of the work performed due to confidentiality restrictions, the expert or consultant shall provide as much detail regarding the engagement as allowable, including at a minimum the identity of the industry in which the retaining entity operates. Nothing in this paragraph shall be construed to relieve any outside expert or consultant from the obligation to disclose the fact that such expert or consultant was engaged by or on behalf of any party to this litigation (or by any entity related to that party) or was engaged in a capacity adverse to any party in this litigation (or by any entity related to that party).

8.    If a party does not object to the designation of the expert or consultant, it shall be deemed to approve such designation.    If a party believes that disclosure of Confidential Information to the designated expert or consultant could injure or prejudice the Producing Party, that party may object, in writing, within ten (10) calendar days of the receipt of the Undertaking. The parties shall attempt to resolve the dispute over the objection in good faith. No party shall disclose any Confidential Information to a designee who is the subject of a standing objection. In the event that the parties cannot resolve promptly a dispute regarding a designation, the party designating the expert or consultant will have the burden of initiating Discovery Dispute proceedings pursuant to the Scheduling Order entered on March 10, 2006 within twenty (20) days of the objection, and the objecting party shall have the burden of proving that the objection is proper. No disclosure of Confidential Information shall be made to the designee with respect to whom an objection has been made, except upon further order of this Court.

5

## DESIGNATION OF MATERIAL

9.    All documents and things produced by any party or third-party shall be numbered by the Producing Party and may thereafter be identified by the parties by such numbers.

10.    At the time documents, things, or other discovery materials containing Confidential Information are produced or disclosed, such materials that the Producing or Designating Party desires to so designate shall be labeled or marked on each page with the following legend ("the Legend"):

**CONFIDENTIAL**
**TV GUIDE ONLINE v TMS, C.A. No. 05-725 (KAJ)**

Documents and things produced without the Legend shall not be Confidential Information subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated confidential in accordance with the provisions of Paragraph 27 of this Protective Order.

11.    Any response to written interrogatories or requests for admissions, or any testimony adduced at a deposition upon written questions (or any portion of the foregoing) that constitutes or contains Confidential Information shall be labeled or marked with the Legend by the party or third party providing the response or testimony.  Any response or testimony that constitutes or contains Confidential Information shall be labeled or marked with the Legend when the response or testimony is served upon the Receiving Party. Responses or testimony served without the Legend shall not be Confidential Information subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated confidential in accordance with the provisions of Paragraph 27 of this Protective Order.

12.   All documents, or any portions thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed Confidential Information subject to the provisions of this Order, regardless of whether so identified by the Legend, until copies thereof are designated Confidential Information and produced to the inspecting party pursuant to this Protective Order or by an agreement of the Producing Party and the inspecting party.

13.   Deposition testimony that a party believes qualifies in whole or in part for treatment as Confidential Information shall be appropriately designated either: (a) orally on the record at the deposition; or (b) by written notice to all counsel of record no later than thirty (30) days after the deposition testimony, indicating the specific pages and lines of the transcript that constitute or contain Confidential Information. Prior to the expiration of the thirty (30) day period, all material in deposition transcripts shall be treated as Confidential Information. The party claiming confidentiality for any deposition, deposition exhibit, transcript or portion thereof shall notify the reporter to label the relevant portion(s) of the transcript and exhibit(s) with the Legend. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the Legends if written notice is given within the thirty (30) day period and treating such testimony in accordance with this Protective Order. Unless so designated, any claim of confidentiality is waived after the expiration of the thirty (30) day period unless otherwise agreed by the parties or ordered by the Court. Portions of a deposition that contain Confidential Information shall be taken only in the presence of persons entitled to access to such information under Paragraph 6.

7

14.    If inspection, measuring, testing, sampling or photographing of a party's or third party's processes, apparatuses, products, equipment, premises or other property pursuant to Federal Rule of Civil Procedure 34, or by agreement, will reveal or disclose Confidential Information, the Producing Party shall advise the party seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information subject to the terms of this Protective Order. It shall be the responsibility of the party conducting the inspection, measurement, testing, sampling, or photographing to affix the Legend to any resultant document that contains Confidential Information, including but not limited to photographs, test results, samples, notes or videotapes themselves, and on any exterior packaging of the same. Unless otherwise agreed by the parties or ordered by the Court, or otherwise designated confidential in accordance with the provisions of Paragraph 27 of this Protective Order, any confidentiality is waived if the Producing or Designating Party fails to advise the Receiving Party in advance that any inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis.

15.    No item shall be designated or deemed Confidential Information if it is available to the public at the time of disclosure, or becomes publicly known through means not constituting breaches of this Protective Order by the Receiving Party. Further, this Order shall not be deemed to cover items where the Receiving Party can show the information was already known to it, was independently developed by it, was received by the Receiving Party after the time of disclosure hereunder from a third-party having the right

8

to make such a disclosure, or was legitimately obtained by a party independently of this proceeding.

## CHALLENGE TO DESIGNATION

16.    The acceptance by a Receiving Party of material designated Confidential Information shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential.   In the event that the Receiving Party disagrees with the designation by the Producing or Designating Party of any Confidential Information, then the Receiving Party shall notify the Producing Party of its disagreement in writing at any time during this action.   The parties shall initially try to resolve the dispute on an informal basis.  If the parties are unable to resolve such a dispute informally within ten (10) business days of the written notice by the Receiving Party, the Receiving Party may at any time thereafter apply to the Court for relief, with the burden on the Designating Party to establish the appropriateness of its designation under Federal Rule of Civil Procedure 26(c)(7).   Any such disputed items shall be treated as Confidential Information, as designated, and be subject to this Protective Order unless and until the parties agree otherwise or the Court determines otherwise.

## THIRD-PARTY WITNESSES

17.    Discovery of a third-party may involve receipt of that party's Confidential Information. Third parties may produce documents designated as Confidential Information pursuant to the terms of this Protective Order and all such information shall be treated in accord with this Protective Order.   A third-party's confidentiality designations shall be subject to review in accord with Paragraph 16.

9

## LIMITATIONS ON ACCESS TO INFORMATION

18.   No Confidential Information shall, without prior written consent of the Producing Party: (a) be disclosed to anyone other than the personnel specified in Paragraph 6 hereof; or (b) be used by anyone other than the Producing Party for any purpose whatsoever other than the prosecution or defense of this proceeding. Confidential Information shall be used by the Receiving Party only for purposes of this action and no other purpose, and specifically shall not be used for any business purpose. Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the parties may be subject pursuant to agreements independent of this proceeding.

19.   Access to and disclosure of Confidential Information marked and identified in accordance with this Order, including all copies, summaries, abstracts, excerpts, indices, and descriptions of such material or the information derived therefrom, shall be limited to Authorized Personnel listed in Paragraph 6 and shall not be provided, shown, made available or communicated to any other person or entity. All Confidential Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Without limiting the generality of the foregoing sentences, Confidential Information may be accessed and reviewed outside the premises of outside counsel's offices so long as the Confidential Information is treated in accordance with the terms of this Protective Order. However, in-house attorneys authorized to have access to Confidential Information pursuant to Paragraphs 6(i) and (j) may not access and review the other party's Confidential Information at premises owned or used by the party (or an affiliate thereof) of the in-house attorneys, unless such Confidential Information is used or disclosed at a deposition, hearing, or trial, or is included in an expert report or a filing to the Court. Accordingly, the parties agree that produced documents containing

10

Confidential Information will not be kept in the offices or other facilities of the Receiving Party (e.g., TV Guide Online and TMS).

20.   In no event shall a Receiving Party use Confidential Information of any Producing Party for the purpose of preparing or prosecuting any patent application or in connection with any other proceeding before the U.S. Patent and Trademark Office or any foreign patent office or tribunal. Any individual who is given access to another party's Confidential Information pursuant to Paragraph 6 shall not, for a period of two (2) years after the final termination of this action, counsel or assist, except as provided below, with the preparation, filing, or prosecution of any patent application, protest, interference, public use proceeding, reissue, reexamination, citation of prior art under 35 U.S.C. § 301, or request for certificate of correction that is related to the field of electronic program guides (including interactive or passive guides) or online TV listings, including any U.S. or foreign patents or patent applications. The attorneys designated in Paragraphs 6(a) and (b) may supervise the above-listed activities by others, but in so doing they may not utilize or disclose in any way another party's Confidential Information. Each firm will take affirmative steps to ensure that no Confidential Information is accessible by any attorneys or other employees involved in any way with patent prosecution work related to electronic program guides and/or online TV listings. Finally, any in-house counsel for any of the parties whose primary responsibility is the drafting or prosecution of patent applications and who is involved in the drafting or prosecution of patent applications covering electronic program guides and/or online TV listings shall take similar steps to ensure compliance with the terms of this paragraph.

11

21.   Nothing contained in this Protective Order shall affect the right of the Designating Party to disclose or use for any purpose the information, documents, or things produced and/or designated by it as Confidential Information.

## USE OF CONFIDENTIAL INFORMATION

22.   To the extent that documents containing Confidential Information are submitted with any Court filing, such documents shall remain subject to the provisions of this Order and shall be filed under seal by submitting such documents to the Court in a sealed envelope or container clearly marked with the caption of the case, a general description of the contents of the envelope or container, and the following, or similar, notation:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER
TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT**

If accepted for filing, such documents are to be maintained separate from the public records in this action under seal by the clerk or the court reporter, and shall be released only to Court personnel, to persons entitled to access Confidential Information under this Protective Order, or as further ordered by the Court.

23.   Material marked, labeled, or otherwise designated Confidential Information may be used at hearings and depositions in this action only .  Such material may be offered into evidence at hearings and may be used to prepare for and to conduct discovery, to prepare for trial, and to support or oppose any motion in this action only , all subject to the terms of this Protective Order and subject to any further Order regarding confidentiality that the Court may enter.   Use at trial of such material in this action shall be governed by the Federal Rules of Evidence, the Pretrial Order, or other further Order of the Court.   Such material may not be used for any other purposes, except as expressly provided herein or by further Order of the Court.

12

24.     Subject to the approval of the Court, attendance at a hearing or at a trial session in this action at which material designated Confidential Information will be used or disclosed shall be limited to individuals entitled to access such information under the terms of this Protective Order.

## TERMINATION OF ACTION

25.     Within ninety (90) days after the final termination of all claims in this proceeding, any Receiving Party shall destroy or return to the Producing Party all copies of that Producing Party's Confidential Information, including summaries or excerpts thereof and attorney work product that includes or reflects Confidential Information. All persons of a Receiving Party who had access to Confidential Information shall individually certify in writing that all such information has been destroyed or returned. Each outside counsel may retain one complete set of pleadings and papers filed with the Court, but shall redact all Confidential Information contained therein. A party to this action who has disclosed Confidential Information to persons identified in Paragraph 6 is responsible for obtaining all documents and things containing Confidential Information from those parties or persons, and for disposing of those documents or things in a manner provided in this Paragraph, or, alternatively, is responsible for obtaining a certificate of destruction by any such persons. With respect to any documents or things that have been filed with the court under Paragraph 22 and/or 24, within ninety (90) days after the final termination of all claims in this action, the parties shall request the return of any such documents or things, including all copies, summaries, or excerpts thereof that may have been made, and shall destroy or return such documents to the Producing Party, and such destruction and/or return shall be certified in writing by the Receiving Party unless otherwise directed or provided for by the Court.

26.    In the event of a dispute arising on or before the final termination of this action over the use or disclosure of Confidential Information, then the Receiving Party's counsel may retain one copy of the material forming the basis of such dispute. Within thirty (30) days after final resolution of the dispute, all retained Confidential Information shall be destroyed or returned to the Producing Party, and the Receiving Party shall certify its destruction or return in writing.

### INADVERTENT DISCLOSURE

27.    The inadvertent disclosure by a Producing or Designating Party of information, documents or things which it believes should have been designated as Confidential Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, provided that the Producing or Designating Party notifies the Receiving Party promptly upon discovery of the inadvertent failure to designate. Any document that is produced without being designated Confidential Information may be redesignated by the Producing or Designating Party as such by providing written notification of the redesignation to the Receiving Party, along with copies of the redesignated documents bearing the Legend pursuant to Paragraph 10. Upon receipt of the notification, the Receiving Party shall make all reasonable efforts to: (i) retrieve all copies, if any, of such redesignated document(s) in the possession of persons other than those listed in paragraph 6 hereof as authorized to receive such document(s); and (ii) prevent further use or disclosure by such persons of the Confidential Information contained therein. The Receiving Party or Parties may challenge the redesignation of information pursuant to Paragraph 16, but must treat such redesignated information or material as Confidential Information from the date such notice is received unless and

14

until further order of the Court. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order.

28.   The production of any information, documents or things shall be without prejudice to any claim by the Producing Party that such information, documents or things are protected from discovery on the basis of attorney-client privilege and/or the attorney work-product doctrine, so long as such production was made inadvertently. No Producing Party shall be held to have waived any of its rights by such an inadvertent production. If, after an inadvertent production is made, the Producing Party claims attorney-client privilege and/or attorney work-product protection in the information, documents or things produced, the Receiving Party shall take reasonable steps to ensure that all known copies of such information, documents or things are returned promptly to the Producing Party and shall destroy all notes relating to those discovery materials. After the return of the inadvertently produced information, documents or things, the Receiving Party may challenge the Producing Party's claim of attorney-client privilege and/or attorney work-product protection by filing a motion with the Court, after conferring with opposing counsel in a good faith effort to resolve the dispute by agreement. Any determination by the Court on the Producing Party's claim of attorney-client privilege and/or attorney work-product protection shall be made without regard to the fact that such information, documents or things have been inadvertently produced.

## OTHER PROCEEDINGS

29.   By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Receiving Party subject to this

15

Protective Order who becomes subject to a motion to disclose a Producing or Designating Party's information designated as Confidential Information pursuant to this Protective Order shall promptly notify that Producing or Designating Party of the motion so that the Producing or Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed.

### GENERAL PROVISIONS

30.    Execution of this Protective Order by outside counsel for a party shall constitute a representation by outside counsel that they, all persons employed by their firm, and the party they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

31.    Any Producing or Designating Party may, at any time, withdraw the Confidential Information designation from any material that it has so designated.

32.    This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Order, subject to the approval of the Court. This Protective Order shall be without prejudice to the right of any party or third party to oppose production of any information on any ground permitted by the Federal Rules of Civil Procedure other than the purported confidential nature of the requested information.

33.    Nothing contained in this Protective Order shall be construed to affect or govern the scope of discovery in this action, or to require production or disclosure of any Confidential Information deemed to be privileged or otherwise immune from discovery. This Protective Order shall not preclude any party or third party from asking the Court

16

for an order compelling production or disclosure of such material via the Discovery Dispute mechanism established in the Scheduling Order governing this case.

34.    This Protective Order shall survive the final termination of this proceeding with respect to any Confidential Information retained pursuant to Paragraphs 24 and 25. Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.

35.    All notices required by this Protective Order are to be served via facsimile or courier to the appropriate attorney(s) at the parties' outside counsel. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile or courier package was delivered. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the affected party.

36.    The designation of information, documents or things as Confidential Information pursuant to this Protective Order shall not be construed as a concession that such information is relevant or material to any issues; nor shall the inspection or receipt by a party to this action of information, documents or things designated as Confidential Information hereunder constitute a concession that the information, documents or things are confidential.

37.    Nothing in this Protective Order shall bar or otherwise restrict any attorney who is an authorized recipient under the terms of Paragraph 6 hereof from rendering advice to his or her client with respect to this action and, in the course thereof, from generally referring to or relying upon his or her examination or receipt of Confidential Information. In rendering such advice or in otherwise communicating with his or her client, such attorney

17

shall not disclose the specific content of any information, document or thing identified as Confidential Information hereunder by a Producing Party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

38.    The Court retains the right to modify this Protective Order at any time in the interest of justice.

_____

*Counsel for TV Guide Online, Inc. and*
*TV Guide Online, LLC*

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
Cottrell@rlf.com

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Ronald E. Naves, Jr.
Sr. Vice President
Legal Affairs and Litigation
Gemstar-TV Guide International, Inc.
6922 Hollywood Boulevard, 4th Floor
Hollywood, California 90028
(323) 817-4600

/s/ Richard K. Herrmann (#0405)
_____

*Counsel for Tribune Media Services, Inc.*

Richard K. Hermann (#0405)
Mary B. Matterer (#2696)
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

**IT IS SO ORDERED**:

DATED: _____, 2006    _____

United States District Judge

19

## EXHIBIT A:  NON-DISCLOSURE AGREEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND <br> TV GUIDE ONLINE, LLC, <br><br>      Plaintiffs, <br><br>   v. <br><br> TRIBUNE MEDIA SERVICES, INC., <br><br>      Defendant. | ) <br> ) <br> ) <br> ) <br> )   C.A. No. 05-CV-725-KAJ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

UNDERTAKING OF _____

STATE OF        )
                 : ss.:
COUNTY OF   )

     I, _____, being duly sworn, state that:

     1.   My address is _____. My present

employer is _____ and the address of my present employment is

_____. My present occupation is _____.

     2.   I have received a copy of the Protective Order in this action. I have

carefully read and understand the provisions of the Protective Order.

     3.   I will comply with all of the provisions of the Protective Order. I will hold

in confidence, will not disclose to anyone not qualified under the Protective Order, and will use

only for purposes of this action, any CONFIDENTIAL INFORMATION, including the

substance and any copy, summary, abstract, excerpt, index, or description of such material, that

is disclosed to me.

4.    I will return all CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.


_____
[Signature]


Sworn and subscribed to
before me this _____ day
of _____, 2006.


_____
Notary Public

2