IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and TV GUIDE ONLINE, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No. 05-725-KAJ<br>:<br>:<br>:<br>:<br>: |

## ORDER

At Wilmington this **2nd** day of **May, 2006,**

IT IS ORDERED that:

1. The mediation conference has been scheduled for **Friday, October 13, 2006** at **9:00 a.m.**

  2. **Required participants who must be present at mediation:**

    a.  Trial counsel and counsel familiar with the case.

    b.  The parties and/or decision-makers of the parties, who must have full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter.

  In-person attendance at mediation by the above-described individuals is required unless otherwise authorized by the Court.  Any request to modify this requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel or pro se parties, no later than **fourteen (14) days** before the mediation.

  In addition, under separate cover, the direct dial telephone work numbers and

cell or home numbers of in-state and out-of-state counsel who will be attending the mediation shall be provided to the Magistrate Judge. Unrepresented parties shall provide direct dial telephone work numbers and cell or home numbers.

**Any request to bring electronic equipment, for example, cell phones, blackberries or laptop computers, for use ONLY during the mediation conference, shall be made in writing under separate cover and must accompany the mediation statements, and shall include the name(s) of the individuals and the equipment requested to be authorized. The electronic equipment must be an integral part of the mediation process and not just for convenience.**

3. On or before **Tuesday, October 3, 2006**, each party shall submit to the Magistrate Judge <u>ONLY</u> **AN ORIGINAL** and **ONE COPY** of the mediation conference statement. The mediation conference statements **shall not be filed** with the Clerk's Office. However, the mediation statement **shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Mary Pat Thynge and marked "CONFIDENTIAL MEDIATION STATEMENT."** The statements <u>shall</u> <u>not</u> be exchanged among the parties or counsel, <u>shall</u> <u>not</u> be provided to the trial judge and <u>shall</u> <u>not</u> become part of the record in this matter. **Mediation statements shall NOT be electronically filed since they are not part of the Court record.**

4. The mediation conference statements may be in memorandum or letter form, and shall be limited to no more than **twenty (20) pages double spaced, 12 pt. font.** They shall contain the following:

a) A description of who the parties are, their relationship, if any, to each other and by whom each party is represented, **including the identity of all**

**individuals participating on behalf of a party during the mediation conference.**

   b) A brief factual background, clearly indicating those facts not in dispute.

   c) A brief summary of the law, including applicable statutes, cases and standards. Any unreported decisions including decisions from this jurisdiction, are to be included as exhibits.

   d) An **honest** discussion of the party's claims and/or defenses, including the strengths and weaknesses of the party's position.

   e) A brief description or history of prior settlement negotiations and discussions, including the party's assessment as to why settlement has not been reached, the party's proposed term(s) for a resolution and a description of how the party believes the Court may be able to assist in reaching an agreement.

   f) The amount of attorneys' fees and costs **listed separately** that have been incurred by the party to date, with a fair estimate of such additional fees and expenses, including expert witness fees, if this matter is not settled. In the case of a contingency fee or non-hourly rate fee arrangement, the percentage of that fee, if applicable, the number of hours and costs incurred by the party to date, with a fair estimate of additional expenses, including expert witness fees, and the amount of hours if this matter is not settled.

  5. Crucial or pertinent documents or other documentary evidence or a summary of said documents may be submitted as exhibits to the mediation conference statement. Counsel are cautioned to limit such exhibits.

  6. Those participating in the mediation conference shall be available and

accessible throughout the process.  The Court expects the parties' full and good faith cooperation with the mediation process.

       7.     The parties may each submit a video-tape to assist the Court in understanding the basis of the claims and patent(s) involved.

       8.     **The contents of the mediation conference statements and the conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation, nor any other litigation presently pending or filed in the future, and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.**

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order.  To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE