IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC. <br><br> Defendant. | C.A. No.: 05-CV-725-KAJ <br><br> **JURY TRIAL DEMANDED** |

**TV GUIDE'S NOTICE OF DEPOSITION OF TRIBUNE MEDIA SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

TO:  Richard K. Herrmann, Esquire           Mark A. Pals, P.C., Esquire
     Mary B. Matterer, Esquire              Kirkland & Ellis, LLP
     Morris James Hitchens                  200 East Randolph Drive
     & Williams                             Chicago, IL 60601
     222 Delaware Avenue, 10th Floor
     Wilmington, DE 19801

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC (collectively "TV Guide Online") will take the deposition upon oral examination of defendant Tribune Media Services, Inc. ("TMS") on the topics set forth in the attached Schedule A, through one or more of its officers, directors, or managing agents, or other persons who consent to testify on TMS's behalf, commencing on June 20, 2006 at 9:30 a.m. TV Guide Online requests that TMS identify in writing at least five (5) business days in advance of the deposition the person(s) designated by TMS, the job title of each such person(s), and the topic(s) on which each such person(s) will testify.

The deposition will take place at the offices of Ropes & Gray, 1251 Avenue of the Americas, New York, New York 10020 beginning on the date and time specified above, or at such other time and place as may be agreed to by counsel. The deposition will be taken before

an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed.

TMS is requested to produce all documents and things referenced in or related to the topics in Schedule A 30 days from service of this Notice to the extent not previously produced.

You are invited to attend.

OF COUNSEL:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Ronald E. Naves, Jr.
Sr. Vice President
Legal Affairs and Litigation
Gemstar-TV Guide International, Inc.
6922 Hollywood Boulevard
Hollywood, California 90028
(323) 817-4600

Dated: May 17, 2006

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
Richards, Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
fineman@rlf.com
Attorneys for Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A.      "TMS" and "Defendant" mean Tribune Media Services, Inc. and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the direction or control of any of the foregoing.

B.      The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including documents in electronic form, and physical objects and things within the meaning of that Rule, such as research and development samples, prototypes, production samples and the like. A draft or non-identical copy is a separate document within the meaning of this term.

C.      The term "thing" refers to any physical specimen or tangible item in the possession, custody, or control of TMS.

D.      The term "concerning" means relating to, referring to, regarding, discussing, describing, evidencing, constituting, supporting, or refuting.

E.      "The '078 patent" or "the patent-in-suit" means United States Patent No. 5,988,078.

F.      "TMS's Accused Product" means and includes www.Zap2It.com.

G.      "Person" and the derivative forms thereof, including the plural and possessive forms, refers to any natural person or any entity, including any business, corporation, partnership, limited partnership, firm, association, organization, club, joint venture, unincorporated entity, government unit or entity, or any other legal entity, and

any officers, agents, representatives, employees, directors, or attorneys of any such person.

      H.    The terms "refer to," "relating to," "related to," and "that relate(s) to" mean, without limitation, constituting, comprising, containing, discussing, embodying, reflecting, evidencing, identifying, mentioning, stating, or referring to the particular subject matter identified.

      I.    The term "including" does not limit the scope of a request. It is to be construed as meaning all such documents including, but not limited to those types of documents specifically identified.

      J.    The singular shall include the plural and the plural shall include the singular.

      K.    All documents related to the topics in Schedule A shall be produced to TV Guide Online in the same file or organizational environment in which they were maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or other grouping responsive to said request, in the same order or manner of arrangement as the original. A document that is stapled, clipped or otherwise bound should be produced in the same manner as the original.

      L.    The request for documents and things related to the topics in Schedule A shall be deemed to be continuing and, in accordance with Fed. R. Civ. P. 26(e), if, after responding to the request, TMS acquires knowledge or information regarding additional information responsive to the request, TMS shall provide TV Guide Online with a statement of such additional information.

## **TOPICS**

1. The design, operation, functionality, features, structure, performance, and technical characteristics of TMS's Accused Product.

2. The intended uses of TMS's Accused Product.

3. Studies or analyses concerning the use of TMS's Accused Product.

4. TMS's earliest knowledge of the patent-in-suit or of the patent applications leading to the patent-in-suit.

5. Any consideration, examination, analysis, or test conducted on TMS's Accused Product that relates in any way to determining whether that product infringes the patent-in-suit.

6. The conception, design, development, and commercialization of TMS's Accused Product.

7. The content of TMS's documentation (in any form, including hard copy and online documentation), including, but not limited to user's guides, reference manuals, product manuals, product descriptions, technical articles, and the like.

8. Instructions provided to subscribers or users of TMS's Accused Product.

9. The identity and location of all documents and things concerning the foregoing topics.

10. The identity and location of all persons knowledgeable about the foregoing topics.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Richard K. Herrmann, Esquire
> Mary B. Matterer, Esquire
> Morris James Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE 19801

I hereby certify that on May 17, 2006, I have sent by Federal Express, the foregoing document to the following non-registered participant:

> Mark A. Pals, P.C., Esquire
> Kirkland & Ellis, LLP
> 200 East Randolph Drive
> Chicago, IL 60601

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com

RLF1-3014964-1