# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

July 5, 2006

**VIA E-FILING**

The Honorable Kent A. Jordan
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801-3570

      Re: *TV Guide Online et al. v. Tribune Media Services, Inc.*
           **Civil Action No. 05-725 KAJ**

Dear Judge Jordan:

      We represent TV Guide Online ("TV Guide") in the above-referenced action and we write in response to TMS's June 30, 2006 letter to Your Honor. D.I. 50.

      TV Guide respectfully submits that TMS's proposal to adjust the Scheduling Order so that TMS can "file an early summary judgment on non-infringement" is not appropriate. Discovery is ongoing and TMS's request is premature and is inconsistent with Rule 56, Fed. R. Civ. P.

      TV Guide was surprised by TMS's request in light of the recent June 21, 2006 "meet and confer" between the parties concerning discovery issues. During that conference, the parties discussed the status of TMS's production of documents -- particularly, documents related to the technical details of TMS's accused Zap2it.com website. TV Guide had previously noticed for June 20, 2006 a Rule 30(b)(6) deposition of TMS. The noticed topics for that deposition included the structure and operation of TMS's accused website. Without production of the requested documents, however, it was necessary for TV Guide to postpone that deposition.

      During the June 21 meet and confer, TMS agreed to look into the status of its remaining production of documents directed to its Zap2it.com website. TMS advised TV Guide that it expected to produce additional documents during the week of June 26. TV Guide, however, did not receive any additional documents at that time.

      In view of the incomplete nature of TMS's document production (and TV Guide's resulting inability to have begun taking depositions), summary judgment motion practice on

infringement issues do not make sense at this time. Such motion practice would simply result in requests for discovery that TMS has not yet provided under Rule 56(f), Fed. R. Civ. P.

Moreover, the question of infringement/non-infringement invariably implicates issues of claim construction. TMS has not yet provided TV Guide with its proposed construction of the claim terms at issue because, of course, the Court's Scheduling Order does not provide for an exchange of such contentions until October 9, 2006. Accordingly, any summary judgment motion on questions of infringement/non-infringement would be premature.

TV Guide agrees with TMS's observation that the issues in this case are straightforward and not complicated. TV Guide is willing to continue to work with TMS and the Court to ensure that the case is brought to resolution in an efficient and economical fashion.

To that end, TV Guide believes that the best course at this time would be for TMS to promptly come forward with its production of requested documents. TV Guide can then proceed with depositions on the issues of direct infringement, contributory infringement and inducement of infringement. Once TV Guide has had a fair opportunity to take the necessary discovery and to understand TMS's proposed claim construction, TMS may bring any motion it believes is warranted under the current Scheduling Order.[1]

Respectfully,

Frederick L. Cottrell, III

FLC:jab
cc: Richard K. Herrmann, Esquire (via e-file and hand-delivery)
    Mark A. Pals, P.C., Esquire (via Federal Express)
    Christopher J. Harnett, Esquire (via e-mail)

---

[1] TMS's letter to the Court came as a surprise in light of TMS's comments to the Court during the June 27, 2006 technology tutorial. When the Court asked the parties if there were any outstanding issues that would affect the schedule, TMS responded that there were not.

RLF1-3033679-1