IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND<br>TV GUIDE ONLINE, LLC,<br><br>           Plaintiffs,<br><br>    v.<br><br>TRIBUNE MEDIA SERVICES, INC.<br><br>           Defendant. | C. A. No.: 05-CV-725-KAJ |

**TRIBUNE MEDIA SERVICES' NOTICE OF DEPOSITION OF TV GUIDE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

TO:  Robert C. Morgan　　　　　　　　　Frederick L Cottrell, III
　　　 Christopher J. Harnett　　　　　　　Jeffrey L. Moyer
　　　 Stuart W. Yothers　　　　　　　　　Steven J. Fineman
　　　 FISH & NEAVE IP GROUP　　　　Richards, Layton & Finger PA
　　　 ROPES & GRAY LLP　　　　　　　One Rodney Square
　　　 1252 Avenue of the Americas　　　920 North King Street
　　　 New York, New York 10020　　　Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Tribune Media Services, Inc. ("TMS") will take the deposition upon oral examination of TV Guide Online, Inc. and TV Guide Online, LLC (collectively "TV Guide") on the topics set forth in the attached Schedule A, through one or more of TV Guide's officers, directors, or managing agents, or other persons who consent to testify on TV Guide's behalf, commencing on August 24, 2006 at 9:30 a.m. TMS requests that TV Guide identify in writing at least five (5) business days in advance of the deposition the person(s) designated by TV Guide, the job title of each such person(s), and the topic(s) on which each such person(s) will testify.

The deposition will take place at the offices of Morris James Hitchens & Williams, 222 Delaware Avenue, 10th floor, Wilmington, Delaware 19801 beginning on the date and time specified above, or at such other time and place as may be agreed to by counsel. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed.

You are invited to attend.

Dated: July 26, 2006

By: _____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Attorneys for Defendant Tribune Media Services, Inc.*

2

## TOPICS

1. TV Guide's and its Predecessors' earliest knowledge of www.zap2it.com.

2. TV Guide's and its Predecessors' knowledge of www.zap2it.com from the launch of www.zap2it.com to the present day.

3. TV Guide's and its Predecessors' knowledge of www.clicktv.com.

4. TV Guide's and its Predecessors' knowledge of www.ultimatetv.com.

5. Any consideration, examination, analysis, or test conducted on www.zap2it.com that relates in any way to determining whether www.zap2it.com infringes the '078 Patent.

6. Any communication between TV Guide and TMS referring or relating to the '078 Patent, www.zap2it.com, television programming information and/or licensing of intellectual property.

7. The circumstances under which and reasons why Index Systems, Inc. assigned the '078 Patent to TV Guide Online LLC.

8. The decision not to assert the '078 Patent against TMS from November 23, 1999 until October 12, 2005.

9. The decision to assert the '078 Patent against TMS on October 12, 2005.

10. The identity and location of all documents and things concerning the foregoing topics.

11. The identity and location of all persons knowledgeable about the foregoing topics.

3

## DEFINITIONS

For purposes of this deposition notice, the following terms shall have the meaning set forth below:

A.  "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their officers, directors, current and former employees, counsel, agents, consultants, representatives and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

B.  "TMS" refers to Tribune Media Services, Inc. itself, and its officers, directors, current and former employees, counsel, agents, consultants, representatives and any other persons acting on behalf of any of the foregoing, and includes TMS's affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by TMS, and all predecessors and successors in interest to such entities.

C.  " '078 Patent" refers to U.S. Patent No. 5,988,078.

D. "Document" means all material defined in Federal Rule of Civil Procedure 34 that is or has been at any time under TV Guide's possession, custody or control, referring, relating or pertaining in any way to the subject matter to which the interrogatories refer and includes, without limitation, originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not, in any form, including documents stored electronically, any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including, but without limitation, notes, memoranda, correspondence, letters, reports, studies, E-mail, telegrams, publications, contracts, manuals, business plans, proposals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, advertisements, promotional materials, periodicals, prior art, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, film, video tape, audio recordings, tapes, databases, electronic files, software, source code, transcriptions of recordings, computer data, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, maps, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks, floppy disks, CD ROMs, back-up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

E. The terms "concerning," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in

any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

      F.    "Communication" means any transmission, exchange or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

      G.    "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

      H.    "Any" or "each" should be understood to include and encompass "all."

      I.    The singular shall include the plural and the masculine gender shall include the feminine and the gender neutral.

      J.    "Predecessors" means TV Guide's predecessors in interest to the '078 Patent.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2006, I electronically filed the foregoing document, **TRIBUNE MEDIA SERVICES' NOTICE OF DEPOSITION OF TV GUIDE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

Additionally, I hereby certify that on the 26th day of July, 2006, the foregoing document was served email and via hand delivery on the above referenced attorneys and via email and Federal Express on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Attorneys for Defendant*
*Tribune Media Services, Inc.*