IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND<br>TV GUIDE ONLINE, LLC,<br><br>                    Plaintiffs,<br><br>        v.<br><br>TRIBUNE MEDIA SERVICES, INC.<br><br>                    Defendant. | )<br>)<br>)<br>)  C. A. No.: 05-CV-725-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TRIBUNE MEDIA SERVICES, INC.'S NOTICE OF DEPOSITION OF
TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

TO:    Robert C. Morgan                Frederick L Cottrell, III
       Christopher J. Harnett          Jeffrey L. Moyer
       Stuart W. Yothers               Steven J. Fineman
       FISH & NEAVE IP GROUP           Richards, Layton & Finger PA
       ROPES & GRAY LLP                One Rodney Square
       1251 Avenue of the Americas     920 North King Street
       New York, New York 10020        Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Tribune Media Services, Inc. ("TMS") will take the deposition upon oral examination of TV Guide Online, Inc. and TV Guide Online, LLC (collectively "TV Guide") on the topics set forth in the attached Schedule A, through one or more of TV Guide's officers, directors, or managing agents, or other persons who consent to testify on TV Guide's behalf, commencing on August 22, 2006 at 9:30 a.m. TMS requests that TV Guide identify in writing at least five (5) business days in advance of the deposition the person(s) designated by TV Guide, the job title of each such person(s), and the topic(s) on which each such person(s) will testify.

The deposition will take place at the offices of Morris James Hitchens & Williams, 222 Delaware Avenue, 10th floor, Wilmington, Delaware 19801 beginning on the date and time specified above, or at such other time and place as may be agreed to by counsel. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and videographic means as well as by the instant visual display of testimony. The deposition will continue from day to day until completed.

You are invited to attend.

Dated: July 28, 2006

By: *[signature]*
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Attorneys for Defendant*
*Tribune Media Services, Inc.*

## SCHEDULE A

### TOPICS

1. The identity or scope of IPG technology or other technology that can be used as a substitute for, or that otherwise competes with, your IPG technology.

2. The identity, number, or characteristics of any actual or potential licensor, seller, or supplier of IPG technology or other technology that can be used as a substitute for, or that otherwise competes with, your IPG technology.

3. The identity, number, or characteristics of any actual or potential licensee, purchaser, or user of IPG technology or other technology that can be used as a substitute for, or that otherwise competes with, your IPG technology.

4. The geographic area(s) in which actual or potential licensors, sellers, or suppliers of IPG technology or other technology that can be used as a substitute for, or that otherwise competes with, your IPG technology are located.

5. The geographic area(s) in which actual or potential licensees, purchasers, or users of IPG technology or other technology that can be used as a substitute for, or that otherwise competes with, your IPG technology are located.

6. The geographic area(s) in which IPG technology or other technology that can be used as a substitute for, or that otherwise competes with, your IPG technology is offered, marketed, licensed, sold, or used.

7. The supply, demand, market conditions, or competition for licensing IPG technology.

8. TV Guide's business, strategic, advertising, or marketing plans or analyses relating to the acquisition, sale, and licensing of IPG technology.

9. The market share or market power of any licensor, seller, or supplier of IPG technology or other technology that can be used as a substitute for, or that otherwise competes with, your IPG technology, including the market share or market power of TV Guide.

10. Any barrier to entering any market for developing or licensing IPG technology.

11. The scope of or need to license TV Guide's IPG technology.

12. The identity of persons who may practice but are not, or were not, licensees of TV Guide's IPG technology.

13. Communications notifying persons of patent infringement, cease and desist communications, threats of litigation, or communications in anticipation of litigation relating to TV Guide's IPG technology.

14. The effect of any term or condition in TV Guide's licensing agreements on the incentives or ability to develop IPG technology or the incentive or ability of competitors to license IPG technology (such as grantbacks, covenants not to sue, non-assertion provisions, or any exclusive dealing or volume incentive provisions).

15. The cost to develop, acquire, market, and license IPG technology.

16. TV Guide's ability to increase the price of licensing IPG technology.

17. Royalties collected from each licensee of TV Guide's IPG technology.

18. Any market(s) for licensing IPG technology and TV Guide's market power in any such markets.

19. The corporate structure of TV Guide, including the relationship between TV Guide Online, LLC and TV Guide Online, Inc. to their parent companies, sister companies, and affiliated companies.

20. The identity and description of each and every entity that has, or ever has had, any right to license, sublicense or enforce the '078 patent, including a description of the documents, terms, and conditions underlying that right, and/or the conveyance of that right.

21. The identity and description of all agreements, including the terms and conditions of such agreements, that license any rights whatsoever relating to the '078 patent.

22. Negotiations with licensees or prospective licensees of the '078 patent, including negotiations with TMS.

23. The identity and description of all license agreements for IPG technology that contain a covenant not to sue, non-assertion clause, or grantback clause.

24. Negotiations with licensees or prospective licensees of TV Guide's IPG technology regarding covenants not to sue, non-assertion clauses, or grantback clauses.

25. The reasons for and effects of covenants not to sue, non-assertion clauses, and grantback clauses in TV Guide's licensing agreements.

26. The identity and description of all TV Guide products or services that practice the '078 patent.

Case 1:05-cv-00725-SLR-LPS    Document 74    Filed 07/28/2006    Page 6 of 9

27. The identity of all current and former employees, officers, directors, agents, and anyone else purporting to act on TV Guide's behalf who have, or have had, any responsibility for developing TV Guide's licensing policies, licensing strategies, or licensing terms and conditions, including covenants not to sue, non-assertion clauses, or grantback clauses.

**DEFINITIONS**

For purposes of this deposition notice only, the following terms shall have the meaning set forth below:

1. "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their current and former officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar-TV Guide Interactive, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

2. "TMS" refers to Tribune Media Services, Inc. itself, and its current and former officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and includes TMS's affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TMS, and all predecessors and successors in interest to such entities.

3.  "You," "your," or "Plaintiff" means TV Guide, as previously defined.

4.  "Person" or "persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization, or entity, including all governmental entities, agencies, officers, and departments.

5.  "IPG product" means an interactive program guide, interactive electronic program guide, interactive viewing guide, or interactive electronic viewing guide product or service and any release, version, component, part or function thereof, including but not limited to associated features and functions.

6.  "IPG technology" means any and all intellectual property used or that could be used in the design, development, production, or provision of IPG products or services, including without limitation technology that is the subject matter of any patent or patent application. Topics that refer to the "licensing of IPG technology" seek information relating to the licensing of IPG-related patents or unpatented technology, and information relating to licenses to products that imply a license to IPG-related patents or unpatented technology.

7.  The terms "concerning," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

8.  "Communication" means any transmission, exchange, or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

9.  "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these topics any information that would otherwise not be brought within their scope.

10. "Including" means including but not limited to.

11. "Any" or "each" should be understood to include and encompass "all."

12. The singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the feminine and the gender neutral and vice versa.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2006, I electronically filed the foregoing document, **TRIBUNE MEDIA SERVICES' NOTICE OF DEPOSITION OF TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

Additionally, I hereby certify that on the 27th day of July, 2006, the foregoing document was served email and via hand delivery on the above referenced attorneys and via email and Federal Express on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Attorneys for Defendant
Tribune Media Services, Inc.*

9