**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TV GUIDE ONLINE, INC. and | ) | |
| TV GUIDE ONLINE, LLC, | ) | |
|           Plaintiffs, | ) | C.A. No. 05-725 KAJ |
| | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| TRIBUNE MEDIA SERVICES, INC., | ) | |
|           Defendant. | ) | |
| | ) | |

## <u>NOTICE OF SERVICE OF SUBPOENAS</u>

NOTICE IS HEREBY GIVEN that, in accordance with Rule 45 of the Federal Rules of

Civil Procedure, defendant Tribune Media Services, Inc. ("TMS") intends to serve the attached

Subpoenas in a Civil Case for production of documents as indicated on the following:

      (1)      Mark Allen, Esq.;

      (2)      Peter C. Boylan III;

      (3)      Jonathan B. Orlick, Esq.; and

      (4)      Henry C. Yuen.

Dated: July 31, 2006

                                      */s/ Mary B. Matterer*
                                        Richard K. Herrmann (I.D. No. 405)
                                        Mary B. Matterer (I.D. No. 2696)
                                        MORRIS JAMES HITCHENS & WILLIAMS
                                        222 Delaware Avenue, 10th Floor
                                        Wilmington, Delaware 19801
                                        302.888.6800
                                        mmatterer@morrisjames.com

Mark A. Pals
Linda S. DeBruin
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
312.861.2000

Tina Hernandez
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017-5800
213.680.8400

*Attorneys for Defendant*
*Tribune Media Services, Inc.*

# TAB 1

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____ Northern _____ DISTRICT OF Oklahoma _____

TV Guide Online, Inc. and TV Guide
Online, LLC

**SUBPOENA IN A CIVIL CASE**

v.

Tribune Media Services, Inc.

Case Number: [1] 05-725-KAJ
District of Delaware

TO:  Mark Allen, Esq.

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hotel Ambassador<br>1324 South Main Street, Tulsa, OK 74119 | September 8, 2006, 9:00 am |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Bryan Smith & Associates<br>1732 Southwest Blvd<br>Tulsa, OK 74107, (918) 582-5353 | August 25, 2006, 5:00 pm |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant | July 31, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Corey Watson, Kirkland & Ellis LLP
777 South Figueroa Street, Los Angeles, CA 90017, (213)680-8400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                    SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DEFINITIONS**

For purposes of this subpoena only, the following terms shall have the meaning set forth below:

1.      "You" or "your" means you or your, personally, or any current and former partners, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of you or any of the foregoing, and includes affiliates, offices, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control any such entities, or are owned or controlled by you or any such entity, and all predecessors and successors in interest to such entities.

2.      "Person" or "persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization, or entity, including all governmental entities, agencies, officers, and departments.

3.      "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their current and former officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

4.      For purposes of these requests, "IPG product" means an interactive program guide, interactive electronic program guide, interactive viewing guide, or interactive electronic

viewing guide product or service and any release, version, component, part or function thereof, including but not limited to associated features and functions.

5.    For purposes of theses requests, "IPG technology" means any and all intellectual property used or that could be used in the design, development, production, or provision of IPG products or services, including without limitation technology that is the subject matter of any patent or patent application. Requests that refer to the "licensing of IPG technology" seek documents relating to the licensing of IPG-related patents or unpatented technology, and licenses to products that imply a license to IPG-related patents or unpatented technology.

6.    "Document" means all material and things defined in Federal Rule of Civil Procedure 34 that are or have been at any time under Law Firm's possession, custody or control, referring, relating, or pertaining in any way to the subject matter to which the requests for production refer and includes, without limitation, originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not, in any form, including documents stored electronically, any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including, but without limitation, notes, memoranda, correspondence, letters, reports, studies, e-mail, telegrams, publications, contracts, manuals, business plans, proposals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, advertisements, promotional materials, periodicals, prior art, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, film, video tape, audio recordings, tapes, databases, electronic files, software, source code, transcriptions of recordings, computer data, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, maps, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks,

floppy disks, CD ROMs, back-up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

7.    The terms "relating to" or "regarding" mean in whole or in any part alluding to, responding to, concerning, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

8.    "Communication" means any transmission, exchange, or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

9.    "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these requests for production any information that would otherwise not be brought within their scope.

10.    "Including" means including but not limited to.

11.    "Any" or "each" should be understood to include and encompass "all."

12.    The singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the feminine and the gender neutral and vice versa.

## INSTRUCTIONS

1.    The requests herein shall be deemed to include any and all documents within your possession, custody, or control, including without limitation documents located in the files of any and all past and present partners, agents, representatives, employees, and attorneys.

2.    Documents should be produced for inspection as they are kept in the ordinary course of business, or organized and labeled to correspond to the categories in the requests. Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.  Each request for production seeks

production of each document in its entirety, including all attachments or other matters attached thereto.

## DOCUMENTS REQUESTED

1.     All deposition transcripts and exhibits identified therein, including deposition transcripts of your testimony, relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

2.     All hearing transcripts and exhibits identified therein, including transcripts of your testimony, relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

3.     All expert reports and exhibits and evidence referenced therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

4.     All dispositive motions, post-hearing briefs, related declarations or affidavits, and exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

5.     The Final Initial Determination, findings of fact, and conclusions of law of Judge Luckern and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

6.     The Complainants' and Respondents' proposed findings of fact, conclusions of law, and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

7.    All documents relating to any communications or negotiations involving TV Guide relating to IPG technology or the licensing of IPG technology.

8.    All documents relating to communications or negotiations involving TV Guide regarding covenants-not-to-sue, grantback clauses, non-assertion provisions, or cross-licensing provisions relating to IPG technology.

9.    All documents relating to the effect, if any, of TV Guide's IPG technology, patent portfolio, litigation, threats of litigation, licensing practices, or licensing terms on competition or the ability to compete in any market for licensing IPG technology.

10.    All documents relating to TV Guide's practices, policies or strategy for licensing IPG technology, including documents relating to TV Guide's practices, policies or strategy for including a covenant-not-to-sue, grantback clause, non-assertion provision, or cross-licensing provision in licenses for IPG technology.

11.    All documents relating to TV Guide's market share or market power in any market for licensing IPG technology, including documents relating to the scope of TV Guide's IPG technology and/or the need to license TV Guide's IPG technology.

12.    All documents relating to United States Patent No. 5,988,078, including but not limited to the scope of the patent, products that practice the patent, communications regarding the patent, and actual or potential licenses for the patent.

# TAB   2

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Northern__   DISTRICT OF __Oklahoma__

TV Guide Online, Inc. and TV Guide
Online, LLC

### SUBPOENA IN A CIVIL CASE

v.

Tribune Media Services, Inc.

Case Number: [1] 05-725-KAJ
District of Delaware

TO:  Peter C. Boylan III

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Hotel Ambassador<br>1324 South Main Street, Tulsa, OK 74119 | DATE AND TIME<br>September 7, 2006, 9:00 am |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE<br>Bryan Smith & Associates<br>1732 Southwest Blvd<br>Tulsa, OK 74107, (918) 582-5353 | DATE AND TIME<br>August 24, 2006, 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant | DATE<br>July 31, 2006 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Corey Watson, Kirkland & Ellis LLP
777 South Figueroa Street, Los Angeles, CA 90017, (213)680-8400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

For purposes of this subpoena only, the following terms shall have the meaning set forth below:

1.      "You" or "your" means you or your, personally, or any current and former partners, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of you or any of the foregoing, and includes affiliates, offices, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control any such entities, or are owned or controlled by you or any such entity, and all predecessors and successors in interest to such entities.

2.      "Person" or "persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization, or entity, including all governmental entities, agencies, officers, and departments.

3.      "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their current and former officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

4.      For purposes of these requests, "IPG product" means an interactive program guide, interactive electronic program guide, interactive viewing guide, or interactive electronic

viewing guide product or service and any release, version, component, part or function thereof, including but not limited to associated features and functions.

5.     For purposes of theses requests, "IPG technology" means any and all intellectual property used or that could be used in the design, development, production, or provision of IPG products or services, including without limitation technology that is the subject matter of any patent or patent application.  Requests that refer to the "licensing of IPG technology" seek documents relating to the licensing of IPG-related patents or unpatented technology, and licenses to products that imply a license to IPG-related patents or unpatented technology.

6.     "Document" means all material and things defined in Federal Rule of Civil Procedure 34 that are or have been at any time under Law Firm's possession, custody or control, referring, relating, or pertaining in any way to the subject matter to which the requests for production refer and includes, without limitation, originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not, in any form, including documents stored electronically, any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including, but without limitation, notes, memoranda, correspondence, letters, reports, studies, e-mail, telegrams, publications, contracts, manuals, business plans, proposals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, advertisements, promotional materials, periodicals, prior art, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, film, video tape, audio recordings, tapes, databases, electronic files, software, source code, transcriptions of recordings, computer data, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, maps, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records.  The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks,

floppy disks, CD ROMs, back-up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

7.     The terms "relating to" or "regarding" mean in whole or in any part alluding to, responding to, concerning, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

8.     "Communication" means any transmission, exchange, or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

9.     "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these requests for production any information that would otherwise not be brought within their scope.

10.     "Including" means including but not limited to.

11.     "Any" or "each" should be understood to include and encompass "all."

12.     The singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the feminine and the gender neutral and vice versa.

## INSTRUCTIONS

1.     The requests herein shall be deemed to include any and all documents within your possession, custody, or control, including without limitation documents located in the files of any and all past and present partners, agents, representatives, employees, and attorneys.

2.     Documents should be produced for inspection as they are kept in the ordinary course of business, or organized and labeled to correspond to the categories in the requests. Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.  Each request for production seeks

3

production of each document in its entirety, including all attachments or other matters attached thereto.

## DOCUMENTS REQUESTED

1.      All deposition transcripts and exhibits identified therein, including deposition transcripts of your testimony, relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

2.      All hearing transcripts and exhibits identified therein, including transcripts of your testimony, relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

3.      All expert reports and exhibits and evidence referenced therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

4.      All dispositive motions, post-hearing briefs, related declarations or affidavits, and exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

5.      The Final Initial Determination, findings of fact, and conclusions of law of Judge Luckern and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

6.      The Complainants' and Respondents' proposed findings of fact, conclusions of law, and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

4

7.    All documents relating to any communications or negotiations involving TV Guide relating to IPG technology or the licensing of IPG technology.

8.    All documents relating to communications or negotiations involving TV Guide regarding covenants-not-to-sue, grantback clauses, non-assertion provisions, or cross-licensing provisions relating to IPG technology.

9.    All documents relating to the effect, if any, of TV Guide's IPG technology, patent portfolio, litigation, threats of litigation, licensing practices, or licensing terms on competition or the ability to compete in any market for licensing IPG technology.

10.    All documents relating to TV Guide's practices, policies or strategy for licensing IPG technology, including documents relating to TV Guide's practices, policies or strategy for including a covenant-not-to-sue, grantback clause, non-assertion provision, or cross-licensing provision in licenses for IPG technology.

11.    All documents relating to TV Guide's market share or market power in any market for licensing IPG technology, including documents relating to the scope of TV Guide's IPG technology and/or the need to license TV Guide's IPG technology.

12.    All documents relating to United States Patent No. 5,988,078, including but not limited to the scope of the patent, products that practice the patent, communications regarding the patent, and actual or potential licenses for the patent.

# TAB  3

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____ Central _____ DISTRICT OF _____ California _____

TV Guide Online, Inc. and TV Guide
Online, LLC

**SUBPOENA IN A CIVIL CASE**

v.

Tribune Media Services, Inc.

Case Number: [1] 05-725-KAJ
District of Delaware

TO:  Jonathan B. Orlick, Esq.

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION<br>Kirkland & Ellis LLP<br>777 South Figueroa Street,Los Angeles, CA 90017 | DATE AND TIME<br>September 6, 2006, 9:00<br>am |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
See Exhibit A.

| PLACE<br>Kirkland & Ellis LLP<br>777 South Figueroa Street, Suite 3700<br>Los Angeles, CA 90017 | DATE AND TIME<br>August 23, 2006, 5:00<br>pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Corey C. Watson_<br>Attorney for Defendant | July 31, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Corey Watson, Kirkland & Ellis LLP
777 South Figueroa Street, Los Angeles, CA 90017, (213)680-8400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| | | | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

For purposes of this subpoena only, the following terms shall have the meaning set forth below:

1.      "You" or "your" means you or your, personally, or any current and former partners, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of you or any of the foregoing, and includes affiliates, offices, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control any such entities, or are owned or controlled by you or any such entity, and all predecessors and successors in interest to such entities.

2.      "Person" or "persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization, or entity, including all governmental entities, agencies, officers, and departments.

3.      "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their current and former officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

4.      For purposes of these requests, "IPG product" means an interactive program guide, interactive electronic program guide, interactive viewing guide, or interactive electronic

viewing guide product or service and any release, version, component, part or function thereof, including but not limited to associated features and functions.

5.     For purposes of theses requests, "IPG technology" means any and all intellectual property used or that could be used in the design, development, production, or provision of IPG products or services, including without limitation technology that is the subject matter of any patent or patent application.  Requests that refer to the "licensing of IPG technology" seek documents relating to the licensing of IPG-related patents or unpatented technology, and licenses to products that imply a license to IPG-related patents or unpatented technology.

6.     "Document" means all material and things defined in Federal Rule of Civil Procedure 34 that are or have been at any time under Law Firm's possession, custody or control, referring, relating, or pertaining in any way to the subject matter to which the requests for production refer and includes, without limitation, originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not, in any form, including documents stored electronically, any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including, but without limitation, notes, memoranda, correspondence, letters, reports, studies, e-mail, telegrams, publications, contracts, manuals, business plans, proposals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, advertisements, promotional materials, periodicals, prior art, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, film, video tape, audio recordings, tapes, databases, electronic files, software, source code, transcriptions of recordings, computer data, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, maps, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records.  The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks,

2

floppy disks, CD ROMs, back-up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

      7.      The terms "relating to" or "regarding" mean in whole or in any part alluding to, responding to, concerning, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

      8.      "Communication" means any transmission, exchange, or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

      9.      "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these requests for production any information that would otherwise not be brought within their scope.

      10.      "Including" means including but not limited to.

      11.      "Any" or "each" should be understood to include and encompass "all."

      12.      The singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the feminine and the gender neutral and vice versa.

## INSTRUCTIONS

      1.      The requests herein shall be deemed to include any and all documents within your possession, custody, or control, including without limitation documents located in the files of any and all past and present partners, agents, representatives, employees, and attorneys.

      2.      Documents should be produced for inspection as they are kept in the ordinary course of business, or organized and labeled to correspond to the categories in the requests. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original. Each request for production seeks

production of each document in its entirety, including all attachments or other matters attached thereto.

## DOCUMENTS REQUESTED

1.     All deposition transcripts and exhibits identified therein, including deposition transcripts of your testimony, relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

2.     All hearing transcripts and exhibits identified therein, including transcripts of your testimony, relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

3.     All expert reports and exhibits and evidence referenced therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

4.     All dispositive motions, post-hearing briefs, related declarations or affidavits, and exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

5.     The Final Initial Determination, findings of fact, and conclusions of law of Judge Luckern and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

6.     The Complainants' and Respondents' proposed findings of fact, conclusions of law, and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

4

7.    All documents relating to any communications or negotiations involving TV Guide relating to IPG technology or the licensing of IPG technology.

8.    All documents relating to communications or negotiations involving TV Guide regarding covenants-not-to-sue, grantback clauses, non-assertion provisions, or cross-licensing provisions relating to IPG technology.

9.    All documents relating to the effect, if any, of TV Guide's IPG technology, patent portfolio, litigation, threats of litigation, licensing practices, or licensing terms on competition or the ability to compete in any market for licensing IPG technology.

10.    All documents relating to TV Guide's practices, policies or strategy for licensing IPG technology, including documents relating to TV Guide's practices, policies or strategy for including a covenant-not-to-sue, grantback clause, non-assertion provision, or cross-licensing provision in licenses for IPG technology.

11.    All documents relating to TV Guide's market share or market power in any market for licensing IPG technology, including documents relating to the scope of TV Guide's IPG technology and/or the need to license TV Guide's IPG technology.

12.    All documents relating to United States Patent No. 5,988,078, including but not limited to the scope of the patent, products that practice the patent, communications regarding the patent, and actual or potential licenses for the patent.

# TAB   4

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____ Central _____ DISTRICT OF _____ California _____

TV Guide Online, Inc. and TV Guide
Online, LLC

**SUBPOENA IN A CIVIL CASE**

v.

Tribune Media Services, Inc.

Case Number: [1] 05-725-KAJ
District of Delaware

TO:  Henry C. Yuen

[ ]  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Kirkland & Ellis LLP<br>777 South Figueroa Street, Los Angeles, CA 90017 | DATE AND TIME<br>September 5, 2006, 9:00 am |
|---|---|

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE<br>Kirkland & Ellis LLP<br>777 South Figueroa Street, Suite 3700<br>Los Angeles, CA 90017 | DATE AND TIME<br>August 22, 2006, 5:00 pm |
|---|---|

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant | DATE<br>July 31, 2006 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Corey Watson, Kirkland & Ellis LLP
777 South Figueroa Street, Los Angeles, CA 90017, (213)680-8400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                              SIGNATURE OF SERVER

                                                                 _____
                                                                 ADDRESS OF SERVER

                                                                 _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

For purposes of this subpoena only, the following terms shall have the meaning set forth below:

1. "You" or "your" means you or your, personally, or any current and former partners, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of you or any of the foregoing, and includes affiliates, offices, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control any such entities, or are owned or controlled by you or any such entity, and all predecessors and successors in interest to such entities.

2. "Person" or "persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization, or entity, including all governmental entities, agencies, officers, and departments.

3. "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their current and former officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

4. For purposes of these requests, "IPG product" means an interactive program guide, interactive electronic program guide, interactive viewing guide, or interactive electronic

viewing guide product or service and any release, version, component, part or function thereof, including but not limited to associated features and functions.

5.    For purposes of theses requests, "IPG technology" means any and all intellectual property used or that could be used in the design, development, production, or provision of IPG products or services, including without limitation technology that is the subject matter of any patent or patent application.  Requests that refer to the "licensing of IPG technology" seek documents relating to the licensing of IPG-related patents or unpatented technology, and licenses to products that imply a license to IPG-related patents or unpatented technology.

6.    "Document" means all material and things defined in Federal Rule of Civil Procedure 34 that are or have been at any time under Law Firm's possession, custody or control, referring, relating, or pertaining in any way to the subject matter to which the requests for production refer and includes, without limitation, originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not, in any form, including documents stored electronically, any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including, but without limitation, notes, memoranda, correspondence, letters, reports, studies, e-mail, telegrams, publications, contracts, manuals, business plans, proposals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, advertisements, promotional materials, periodicals, prior art, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, film, video tape, audio recordings, tapes, databases, electronic files, software, source code, transcriptions of recordings, computer data, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, maps, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records.  The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks,

2

floppy disks, CD ROMs, back-up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

7. The terms "relating to" or "regarding" mean in whole or in any part alluding to, responding to, concerning, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

8. "Communication" means any transmission, exchange, or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

9. "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these requests for production any information that would otherwise not be brought within their scope.

10. "Including" means including but not limited to.

11. "Any" or "each" should be understood to include and encompass "all."

12. The singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the feminine and the gender neutral and vice versa.

## INSTRUCTIONS

1. The requests herein shall be deemed to include any and all documents within your possession, custody, or control, including without limitation documents located in the files of any and all past and present partners, agents, representatives, employees, and attorneys.

2. Documents should be produced for inspection as they are kept in the ordinary course of business, or organized and labeled to correspond to the categories in the requests. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original. Each request for production seeks

3

production of each document in its entirety, including all attachments or other matters attached thereto.

## DOCUMENTS REQUESTED

1.     All deposition transcripts and exhibits identified therein, including deposition transcripts of your testimony, relating to patent misuse and/or antitrust defenses or claims from the following proceedings:  (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

2.     All hearing transcripts and exhibits identified therein, including transcripts of your testimony, relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

3.     All expert reports and exhibits and evidence referenced therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings:  (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

4.     All dispositive motions, post-hearing briefs, related declarations or affidavits, and exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

5.     The Final Initial Determination, findings of fact, and conclusions of law of Judge Luckern and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

6.     The Complainants' and Respondents' proposed findings of fact, conclusions of law, and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

4

7.     All documents relating to any communications or negotiations involving TV Guide relating to IPG technology or the licensing of IPG technology.

8.     All documents relating to communications or negotiations involving TV Guide regarding covenants-not-to-sue, grantback clauses, non-assertion provisions, or cross-licensing provisions relating to IPG technology.

9.     All documents relating to the effect, if any, of TV Guide's IPG technology, patent portfolio, litigation, threats of litigation, licensing practices, or licensing terms on competition or the ability to compete in any market for licensing IPG technology.

10.    All documents relating to TV Guide's practices, policies or strategy for licensing IPG technology, including documents relating to TV Guide's practices, policies or strategy for including a covenant-not-to-sue, grantback clause, non-assertion provision, or cross-licensing provision in licenses for IPG technology.

11.    All documents relating to TV Guide's market share or market power in any market for licensing IPG technology, including documents relating to the scope of TV Guide's IPG technology and/or the need to license TV Guide's IPG technology.

12.    All documents relating to United States Patent No. 5,988,078, including but not limited to the scope of the patent, products that practice the patent, communications regarding the patent, and actual or potential licenses for the patent.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2006, I electronically filed the foregoing document, **NOTICE OF SERVICE OF SUBPOENAS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801


Additionally, I hereby certify that on the 31st day of July, 2006, the foregoing document was served email and via hand delivery on the above referenced attorneys and via email and Federal Express on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000


　　　　　　　　　　　　　/s/ Mary B. Matterer
　　　　　　　　　　　　Richard K. Herrmann (I.D. No. 405)
　　　　　　　　　　　　Mary B. Matterer (I.D. No. 2696)
　　　　　　　　　　　　MORRIS JAMES HITCHENS & WILLIAMS
　　　　　　　　　　　　222 Delaware Avenue, 10th Floor
　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　302.888.6800
　　　　　　　　　　　　mmatterer@morrisjames.com

　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　*Tribune Media Services, Inc.*

3