IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and <br> TV GUIDE ONLINE, LLC, <br><br> Plaintiffs and Counterclaim Defendants, <br> v. <br><br> TRIBUNE MEDIA SERVICES, INC., <br><br> Defendant and Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 05-725 KAJ <br> ) <br> ) PUBLIC VERSION <br> ) <br> ) <br> ) |

**TMS'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**FILED UNDER SEAL**

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Attorneys for Defendant
Tribune Media Services, Inc.*

Dated: July 24, 2006
Redacted Version: July 31, 2006

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | NATURE AND STAGE OF PROCEEDINGS | 2 |
| III. | SUMMARY OF ARGUMENT | 3 |
| IV. | STATEMENT OF FACTS | 3 |
| V. | ARGUMENT | 5 |
| | A. Leave To Amend Should Be Freely Granted. | 5 |
| | B. Adding Plaintiffs' Affiliates As Defendants To the Patent Misuse Counterclaim Will Conform the Pleadings to Recently-Produced Evidence. | 7 |
| | C. No Party Will Be Prejudiced By The Addition of The Gemstar Entities as Counterclaim Defendants. | 8 |
| VI. | CONCLUSION | 10 |

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

## TABLE OF AUTHORITIES

**Cases**

*Boileau v. O'Hare, et al.,*
    730 F.2d 929 (3d Cir. 1984) ................................................................................................ 6

*Commodity Futures Trading Commission v. American Metal Exchange Corp.,*
    693 F. Supp. 168 (D.N.J. 1988) ....................................................................................... 6, 9

*Foman v. Davis,*
    371 U.S. 178 (1962) ............................................................................................................ 6

*In the Matter of Certain Set-Top Boxes and Components Thereof,*
    2002 WL 31556392, at *91 ................................................................................................. 4

*Lockett v. General Finance Loan Company of Downtown,*
    623 F.2d 1128 (5th Cir. 1980) .......................................................................................... 10

*Morton Salt Co. v. G.S. Suppiger Co.,*
    314 U.S. 488 (1942) ............................................................................................................ 7

*Sanders v. Clemco Ind.,*
    823 F.2d 214 (8th Cir. 1987) .............................................................................................. 6

*Satellite Fin. Planning Corp. v. First National Bank of Wilmington,*
    Civ. A. No. 85-463 CMW, 1987 WL 7189, at * 1-2 (D. Del. Feb. 5, 1987) ....................... 5

*Senza-Gel Corp. v. Seiffhart,*
    803 F.2d 661 (Fed. Cir. 1986) ............................................................................................ 7

*Windsurfing Int'l, Inc. v. AMF, Inc.,*
    782 F.2d 995 (Fed. Cir. 1986) ............................................................................................ 7

**Other Authorities**

3 James Wm. Moore et al., Moore's Federal Practice
    ¶ 15.14[1] (3d ed. 2006) ..................................................................................................... 6

**Rules**

Federal Rule of Civil Procedure 13(h) ................................................................................. 5, 6

Federal Rule of Civil Procedure 15 ..................................................................................... 2, 6

Federal Rule of Civil Procedure 15(a) ..................................................................................... 6

Federal Rule of Civil Procedure 15(b) ..................................................................................... 6

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

Federal Rule of Civil Procedure 19 .................................................................................... 5

Federal Rule of Civil Procedure 20 .................................................................................. 5, 6

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

I.  **INTRODUCTION**

By this motion, Tribune Media Services, Inc. ("TMS") seeks to add two corporate affiliates of Plaintiffs—Gemstar-TV Guide International, Inc. and Gemstar-TV Guide Interactive, Inc. (together, "Plaintiffs' Affiliates")—as defendants to its counterclaim for patent misuse.[1] TMS's counterclaim and first affirmative defense allege that Plaintiffs have misused the patent-in-suit, U.S. Patent No. 5,988,078 (the "'078 patent"), by conditioning licenses on the licensees' agreement to a covenant not to sue, non-assertion, or grantback clause that gives Gemstar[2] and all of Gemstar's licensees the right to use a licensee's intellectual property for free, thereby deterring innovation.

TMS seeks this technical amendment based on Plaintiffs' production just 10 days ago of three licensing agreements.



Plaintiffs' Affiliates are proper defendants to TMS's patent misuse counterclaim and should be bound by the judgment on that claim.

---

[1]  TMS also seeks leave to reference Plaintiffs' Affiliates in its first affirmative defense based on patent misuse.

[2]  "Gemstar" is used herein to refer to Gemstar-TV Guide International, Inc., Gemstar-TV Guide Interactive, Inc., Plaintiffs, and their related companies who have rights to license interactive program guide technology.

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

TMS's motion for leave to amend should be freely granted under Federal Rule of Civil Procedure 15 because it will not unduly prejudice Plaintiffs or Plaintiffs' Affiliates. The addition of Plaintiffs' Affiliates, for example, should come as no surprise given that Plaintiffs themselves have identified several employees of Plaintiffs' Affiliates as persons with knowledge of the facts in this case. Plaintiffs also have stated that they have been searching for documents from related corporate entities, including Plaintiffs' Affiliates. Considering that the principal place of business of Plaintiffs' Affiliates is identical to that of Plaintiffs, adding Plaintiffs' Affiliates as defendants will not inconvenience or significantly increase discovery costs.

In short, TMS has timely filed this motion just 10 days after evidence was produced REDACTED just 3 days after Plaintiffs refused to stipulate to the amendment; and within the time provided by the Court's scheduling order to seek amendment of the pleadings. Given the very lenient threshold for allowing leave to amend to conform pleadings to the evidence under Rule 15 and the fact that the proposed amendment will not unduly prejudice anyone, TMS's motion should be granted.[3]

## II.   NATURE AND STAGE OF PROCEEDINGS

Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC filed their Complaint for patent infringement against TMS on October 12, 2005. D.I. 1. Plaintiffs served the Complaint nearly three months later, on January 10, 2006. D.I. 4. TMS filed its Answer, Affirmative Defenses and Counterclaims on February 1, 2006. D.I. 6. The Court's scheduling order allows the parties to file motions to join other parties and to amend or supplement the pleadings through July 24, 2006. D.I. 27 at 1.

---

[3]   TMS's proposed First Amended Answer, Affirmative Defenses and Counterclaims is attached as Exhibit A. A redlined document showing the changes made from the original Answer, Affirmative Defenses and Counterclaims is attached as Exhibit B.

2

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

## III. SUMMARY OF ARGUMENT

1. Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). An amendment designed to conform the pleadings to the evidence—as here— "may be made upon motion of any party at any time, even after judgment." Fed. R. Civ. P. 15(b). Leave to amend should be granted where the non-moving parties will not be unduly prejudiced. Neither Plaintiffs nor Plaintiffs' Affiliates can make that showing.

2. The technical amendment TMS seeks is based on Plaintiffs' production just 10 days ago REDACTED Plaintiffs' Affiliates are thus proper defendants to TMS's patent misuse counterclaim and should be bound by the judgment on that claim.

3. Neither Plaintiffs nor Plaintiffs' Affiliates will be prejudiced by the addition of Plaintiffs' Affiliates as counterclaim defendants because (i) Plaintiffs already have stated that they have collected and will produce documents responsive to TMS's requests that are in the possession, custody or control of related corporate entities, including Plaintiffs' Affiliates; (ii) continuing to respond to discovery will not be difficult because Plaintiffs and Plaintiffs' Affiliates maintain their principal places of business at the same address; and (iii) Plaintiffs have stated that they intend to rely on the testimony of employees of Plaintiffs' Affiliates, thus indicating that Plaintiffs and Plaintiffs' Affiliates fully expected to participate in this litigation.

## IV. STATEMENT OF FACTS

TMS's original Answer, Affirmative Defenses and Counterclaims asserts an affirmative defense against Plaintiffs based on patent misuse and a counterclaim for declaratory judgment of patent misuse. D.I. 6 at 10-11, 13-14. TMS alleges that Plaintiffs misused the '078 patent by

conditioning its licensing proposal to TMS on a covenant not to sue and/or grantback that was unlawful. *Id.* at 10-11, 13. TMS also alleges that Plaintiffs misused the patent by insisting on covenants not to sue and/or grantbacks with other licensees. In fact, TMS alleged that the Administrative Law Judge in the matter of *In re Certain Set-Top Boxes and Components Thereof*, Investigation Number 337-TA-454 in the International Trade Commission, found that Gemstar's use of a covenant not to sue and/or grantback in licensing agreements for IPG technology constituted patent misuse. *Id.* at 10, 13; *see also In the Matter of Certain Set-Top Boxes and Components Thereof*, 2002 WL 31556392, at *91. Among other things, the Administrative Law Judge reasoned that Gemstar's covenants-not-to-sue and grantback provisions created a "free rider" problem that deterred innovation. *Id.*

On March 2, 2006, TMS served document requests calling for, among other things, all licensing agreements containing a covenant not to sue or grantback provision. Ex. C, Declaration of Meredith Zinanni in Support of TMS's Motion For Leave to Amend Its Answer, Affirmative Defenses and Counterclaims at ¶ 2.

**REDACTED**

*Id.* Nevertheless, Plaintiffs have refused to produce the agreements requested (thus requiring TMS to seek a discovery conference with the Court on this issue, currently scheduled for August 21, 2006). *Id.*

The only license agreements that Plaintiffs have volunteered are those granting "rights in fields of use for which the subject matter of the '078 patent could reasonably be expected to be included," and even then, Plaintiffs did not produce any licensing agreements until July 14, 2006. *Id.* at ¶¶ 2-4. On that day—for the first time—Plaintiffs produced three license agreements— REDACTED

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

REDACTED

REDACTED

## V. ARGUMENT

### A. Leave To Amend Should Be Freely Granted.

A party may amend its pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).[4] Federal

---

[4] TMS's joinder of additional parties to the counterclaim is proper under Rule 13(h) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 13(h) ("Persons other than those made parties to the original action may be made parties to a counterclaim . . . in accordance with the provisions of Rules 19 and 20). Plaintiffs' Affiliates and Plaintiffs are all part of the same Gemstar effort to reap illegal, anticompetitive gains through their IPG technology licensing. Thus, common factual and legal questions arise from the same transaction, occurrence, or series of transactions, making this an easy case for joinder under Rule 20. *See, e.g., Satellite Fin. Planning Corp. v. First National Bank of Wilmington*, Civ. A. No. 85-463 CMW, 1987 WL 7189, at * 1-2 (D. Del. Feb. 5, 1987)

Rule of Civil Procedure 15(a) "reflects a general presumption in favor of allowing a party to amend its pleadings." *Commodity Futures Trading Commission v. American Metal Exchange Corp.*, 693 F. Supp. 168, 189 (D.N.J. 1988) (citing *Boileau v. O'Hare, et al.*, 730 F.2d 929 (3d Cir. 1984)); *see also* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.14[1] (3d ed. 2006) ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). An amendment designed to conform the pleadings to the evidence—as here—"may be made upon motion of any party at any time, even after judgment." Fed. R. Civ. P. 15(b).

The decision whether to grant leave to amend a complaint is an exercise of the discretion of the district court. 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.14[1] (3d ed. 2006). But "[t]he policy that a court should freely grant amendments limits a court's ability to deny leave to amend, and in a proper case, may warrant a finding of abuse of discretion in denying leave." *Id.* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The burden is on the non-moving party to show that it would be unduly prejudiced by the amendment. *Sanders v. Clemco Ind.*, 823 F.2d 214, 217 (8th Cir. 1987). Neither Plaintiffs nor the Gemstar entities can make that showing.

---

(allowing a new party to be added to a counterclaim under Rules 13(h), 15, and 20 because the opposing parties failed to demonstrate that they will suffer undue prejudice if leave to amend is granted).

### B. Adding Plaintiffs' Affiliates As Defendants To the Patent Misuse Counterclaim Will Conform the Pleadings to Recently-Produced Evidence.

Patent misuse is the impermissible broadening of the physical or temporal scope of the patent grant with anticompetitive effect. *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986). In this case, TMS intends to prove that (i) Gemstar has acquired a large patent portfolio relating to IPG technology; (ii) Gemstar has wielded its market power to force anyone who wants to make, sell or use an IPG to take a license to Gemstar's patent portfolio; (iii) as a result, Gemstar has many licensees; (iv) many of Gemstar's licensing agreements—including the agreement proposed to TMS—contain broad covenant not to sue, non-assertion, and/or grantback clauses allowing not only Gemstar but *all of Gemstar's licensees* to practice a licensee's IPG technology for free; and (v) the effect of such a provision when used by a licensor with substantial market power—like Gemstar—is to allow the licensor (and, in this case, all of the other licensees) to use a licensee's invention without compensation to the inventor (the "free rider" problem), which deters innovation in the first place. Thus, TMS will prove that Gemstar has impermissibly broadened the scope of its patent grant by leveraging its patent to obtain rights to use its licensees' intellectual property with anticompetitive effect.[5]

If TMS prevails, it is entitled to a declaratory judgment of patent misuse against anyone who has the right to license the '078 patent. REDACTED

---

[5] Because the public policy is to deter patent misuse generally, the law is clear that the party asserting patent misuse does not need to be a victim of the misuse in any way. *Morton Salt Co. v. G.S. Suppiger Co.*, 314 U.S. 488, 494 (1942); *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 668, n.10 (Fed. Cir. 1986). Thus, TMS need not be a party to the licensing agreements containing the covenants not to sue. If a patent is being misused through a licensing agreement, a non-party to the agreement is entitled to assert patent misuse.

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

REDACTED

Accordingly, TMS seeks to conform its patent misuse counterclaim to the evidence produced so that it can obtain the full relief to which it is entitled.

### C. No Party Will Be Prejudiced By The Addition of The Gemstar Entities as Counterclaim Defendants.

Neither Plaintiffs nor Plaintiffs' Affiliates will be prejudiced by TMS's proposed amendment. Plaintiffs cannot dispute the fact that Plaintiffs' Affiliates have been, and will continue to be, active participants in discovery.

*First*, Plaintiffs have expressly told TMS that they have collected and will produce documents responsive to TMS's requests that are in the possession, custody or control of related corporate entities, including Plaintiffs' Affiliates. *See* Ex. C at ¶ 6. Moreover, gathering any additional evidence and producing any additional witnesses should not be difficult. Plaintiffs and Plaintiffs' Affiliates maintain their principal places of business at the same address—6922 Hollywood Boulevard, Los Angeles, California 90028. *See* D.I. 1 ¶¶ 1-2; Ex. F at 1; Ex. G.

*Second*, Plaintiffs have stated that they intend to rely on the testimony of employees of Plaintiffs' Affiliates. In their Initial Disclosures, for example, Plaintiffs do not name a single witness from TV Guide Online, LLC or TV Guide Online, Inc. Rather, Plaintiffs identify four current and former Gemstar-TV Guide International, Inc. executives as having knowledge about "Defendant's products and Plaintiffs' related claims," "facts relevant to Plaintiffs' damages claim," and "facts relevant to Defendant's misuse claim and Plaintiffs' defense." Ex. H at 3-5.

 Given that Plaintiffs' Affiliates have been included in Plaintiffs' document sweeps to date and that Plaintiffs

8

CONFIDENTIAL—TV GUIDE ONLINE v. TMS, C.A. No. 05-725 (KAJ)

have identified employees of Plaintiffs' Affiliates as being knowledgeable about the facts of this case, there is *no* prejudice—let alone *undue* prejudice— in adding Plaintiffs' Affiliates as patent misuse counterclaim defendants.

*Third*, this request for leave to amend is timely. Despite TMS having served document requests calling for Plaintiffs' licenses on March 2, 2006, Plaintiffs first produced the three licensing agreements REDACTED TMS asked Plaintiffs to consent to adding Plaintiffs' Affiliates on July 19 and July 20. Exs. J-K. Plaintiffs refused to stipulate to the amendment on July 21, and TMS filed this motion on July 24, 2006. Ex. L. As noted above, the Court's Scheduling Order permits parties to seek leave to amend through July 24, 2006. D.I. 27 at 1.

There is no question that leave to amend should be freely granted under these circumstances. In *Commodity Futures Trading Commission*, for example, the court granted the plaintiffs' request to amend their complaint to add several parties. *Commodity Futures Trading Commission*, 693 F. Supp. at 189-90. The court reasoned that the plaintiffs did not behave "in a dilatory manner," allowing the amendment would not "unduly prejudice" the new defendants, and the record supported the "assertion of a colorable claim." *Id.* The court also noted that "[o]nly six months have lapsed since the filing of the original complaint in this matter" and "defendants' relationship with AME, an original defendant in this action, and the existence of an awareness on the part of at least some of these new defendants of the ongoing investigation support a finding that these parties have not been unduly prejudiced nor surprised by the intervening six month period during which they were not named as defendants." *Id.* Moreover, in *Lockett v. General Finance Loan Company of Downtown*, the court of appeals held that it was an abuse of discretion to deny leave to amend to add a parent company as a party defendant

where the parent could show no prejudice. *Lockett v. General Finance Loan Company of Downtown*, 623 F.2d 1128, 1131-32 (5th Cir. 1980).

## VI. CONCLUSION

Naming Plaintiffs' Affiliates as counterclaim defendants is necessary to conform the pleadings to the evidence and to ensure that a finding of misuse binds every entity that has a right to license the patent-in-suit. Because neither Plaintiffs nor Plaintiffs' Affiliates will be prejudiced by TMS's timely request to name parties that are already, and will continue to be, actively involved in this case, TMS respectfully requests that the Court grant it leave to file the attached First Amended Answer, Affirmative Defenses and Counterclaims.

Dated: July 24, 2006

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Attorneys for Defendant
Tribune Media Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July, 2006, I electronically filed the foregoing document, **[REDACTED] TMS' BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

Additionally, I hereby certify that the foregoing document was served by email on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000

                                                                 */s/ Richard K. Herrmann*
                                                            Richard K. Herrmann (I.D. No. 405)
                                                            Mary B. Matterer (I.D. No. 2696)
                                                            MORRIS JAMES HITCHENS & WILLIAMS
                                                            222 Delaware Avenue, 10th Floor
                                                            Wilmington, Delaware 19801
                                                            302.888.6800
                                                            rherrmann@morrisjames.com
                                                            *Attorneys for Defendant*
                                                            *Tribune Media Services, Inc.*