# EXHIBIT   C

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   D

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   E

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT  F

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT  G

10-Q 1 form10q.htm

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION

Washington, D.C. 20549

———————————

# FORM 10-Q

**(Mark One)**

☒ QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the quarterly period ended March 31, 2006

or

☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from    to

Commission file number 0-24218

## GEMSTAR-TV GUIDE INTERNATIONAL, INC.
(Exact name of registrant as specified in its charter)

| **Delaware** | **95-4782077** |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification No.) |

**6922 Hollywood Boulevard, 12th Floor, Los Angeles, California 90028**
(Address of principal executive offices including zip code)

**(323) 817-4600**
(Registrant's telephone number, including area code)

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.  Yes ☒  No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of 'accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer ☒ Accelerated filer ☐ Non-accelerated filer ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).Yes ☐ No ☒

As of April 26, 2006, there were 426,184,693 shares outstanding of the registrant's Common Stock, par value $0.01 per share.

# California Business Portal

### Secretary of State BRUCE McPHERSON

**DISCLAIMER:** The information displayed here is current as of JUL 21, 2006 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| GEMSTAR-TV GUIDE INTERNATIONAL, INC. | | |
| **Number:** C2454367 | **Date Filed:** 12/31/2002 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 6922 HOLLYWOOD BLVD 12TH FLOOR | | |
| LOS ANGELES, CA 90028 | | |
| **Agent for Service of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852-6036 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT   H

RECEIVED

MAR 18 2006

RICHARD K. HERRMANN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
                                        )
TV GUIDE ONLINE, INC. AND               )
TV GUIDE ONLINE, LLC                    )
                                        )   Civil Action No. 05-725-KAJ
          Plaintiffs,                   )
                                        )
                                        )
     v.                                 )
                                        )   JURY TRIAL DEMANDED
TRIBUNE MEDIA SERVICES, INC.            )
                                        )
          Defendant.                    )
                                        )
                                        )
```

## PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's March 10, 2006 Scheduling Order ("Order"), TV Guide Online, Inc. and TV Guide Online, LLC (collectively "Plaintiffs") submit the following initial disclosures to Tribune Media Services, Inc. ("Defendant"). These disclosures are based on information now reasonably available to Plaintiffs, and represent a good faith effort to identify information Plaintiffs reasonably believe to be required by the Federal Rules and the Court's Order. Plaintiffs reserve the right to amend or supplement these disclosures, use documents not described herein, and rely on witnesses not identified herein, if necessary, based on their continuing investigations and discovery.

In making these disclosures, Plaintiffs do not represent that they are producing every document, or identifying every tangible thing or witness possibly relevant to this action. Nor do Plaintiffs waive their rights to object: (a) to the production of any document or tangible thing disclosed on the basis of privilege, work product

immunity, relevancy, competency, materiality, hearsay, undue burden or any other proper ground of objection; (b) to the use of any such information, for any purpose, in whole or in part, in any proceeding in this action or in any other action; or (c) on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of this disclosure in any proceeding in this action or in any other action.

**A.    Individuals Likely To Have Discoverable Information**

Fed. R. Civ. P. 26(a)(1)(A) requires the parties to disclose:

the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses.

Based on Plaintiffs' current information, the individuals identified below may have discoverable factual information that may be used to support Plaintiffs' claims and defenses to counterclaims.   The address for each individual, where known, is provided based on current information.   Plaintiffs do not consent to or authorize Defendant or its counsel to communicate with any of Plaintiffs' current or former employees.   *Any such individual should be contacted only through Plaintiffs' undersigned attorneys.*

In making these disclosures, Plaintiffs do not waive their right to object, pursuant to the applicable Federal and Local Rules, to discovery of information from any of the individuals listed below, including without limitation by deposition, based on the attorney-client privilege, work product immunity, or both.   Plaintiffs reserve the right to identify additional individuals as appropriate and based on their continuing investigations and discovery.

2

Subject to the foregoing, Plaintiffs identify the following subject areas and individuals knowledgeable of each of these subject areas.

*Individuals with knowledge of U.S. patent No. 5,988,078 ("the patent-in-suit").* The following individuals are likely to have discoverable information concerning the events relating to the development of the inventions disclosed and/or claimed in the patent-in-suit, and the state of the art of the patent-in-suit:

> Michael R. Levine
> 2122 Northwest 60th Circle
> Boca Raton, FL 33496
> (561) 994-4711
>
> Allen M. Krass
> John G. Posa
> Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.
> 2701 Troy Center Drive, Suite 330
> Post Office Box 7021
> Troy, MI 48007
> (248) 647-6000

*Individuals with knowledge of Defendant's products and Plaintiffs' related claims.* The following individuals are likely to have discoverable information relating to the structure, operation and function of Defendant's products as they relate to Plaintiffs' claims:

> Samir B. Armaly
> Senior Vice President, Intellectual Property & Licensing
> Gemstar - TV Guide International, Inc.
> 6922 Hollywood Blvd.
> Hollywood, CA 90028
> (323) 817-4600

3

One or more as yet unidentified employees or
agents of Defendant.

One or more as yet unidentified expert
witnesses.

*Individuals with knowledge of facts relevant to Plaintiffs' damages
claim.* The following individuals are likely to have discoverable information relating to

Plaintiffs' claim for damages:

Richard Cusick
Sr. Vice President and General Manager,
Digital Media
Gemstar - TV Guide International, Inc.
6922 Hollywood Blvd.
Hollywood, CA 90028
(323) 817-4600

Samir B. Armaly
Senior Vice President, Intellectual
Property & Licensing
Gemstar - TV Guide International, Inc.
6922 Hollywood Blvd.
Hollywood, CA 90028
(323) 817-4600

Marcelino Ford-Levine
former Sr. Director Business
Development
Gemstar-TV Guide International, Inc.

One or more as yet unidentified
employees or agents of Plaintiffs.

4

*Individuals with knowledge of facts relevant to Defendant's misuse claim and Plaintiffs' defense.*  The following individuals are likely to have discoverable information relating to the licensing negotiations that Defendant asserts to be the basis of its patent misuse claim:

> Richard Cusick
> Sr. Vice President and General Manager,
> Digital Media
> Gemstar - TV Guide International, Inc.
> 6922 Hollywood Blvd.
> Hollywood, CA  90028
> (323) 817-4600
>
> Samir B. Armaly
> Senior Vice President, Intellectual
> Property & Licensing
> Gemstar - TV Guide International, Inc.
> 6922 Hollywood Blvd.
> Hollywood, CA  90028
> (323) 817-4600
>
> Mike McKee
> Chief Operating Officer & President, IPG
> Gemstar - TV Guide International, Inc.
> 6922 Hollywood Blvd.
> Hollywood, CA  90028
> (323) 817-4600
>
> Marcelino Ford-Levine
> former Sr. Director Business
> Development
> Gemstar-TV Guide International, Inc.
>
> Barbara Needleman
> former VP Entertainment Products
> Tribune Media Services
>
> Jay Fehnel
> VP Entertainment Products
> Tribune Media Services
> Suite 1300
> 435 N. Michigan Ave.
> Chicago, IL 60611

5

One or more as yet unidentified
employees or agents of the defendant.


**B.     Relevant Documents**

Fed. R. Civ. P. 26(a)(1)(B) requires the parties to exchange documents and
things "that are in the possession, custody, or control of the party and that the disclosing
party may use to support its claims or defenses." Categories of materials to be produced
include documents and things related to the patent-in-suit, the file history of the patent-in-
suit, the cited prior art, licensing negotiations between Plaintiffs and Defendant,
Defendant's website, licenses, if any, covering the patent-in-suit, and www.tvguide.com.
These documents are located in one or more of Plaintiffs' offices, including 6922
Hollywood Blvd., Hollywood, CA 90028 and 1211 Avenue of the Americas, New York,
NY 10036.

Simultaneous with the service of these disclosures, Plaintiffs are making a
preliminary production of documents in their possession, custody, or control that are not
privileged and that support their claim that Defendant is infringing the patent-in-suit.
Plaintiffs are in the process of collecting and reviewing additional documents that will be
produced in response to Defendant's requests under Fed. R. Civ. P. 34. In due course,
Plaintiffs will provide Defendant with a privilege log for documents that Plaintiffs are
withholding on the bases of attorney-client privilege, work-product immunity or any
other privileges or immunities in due course and at a date agreed to by the parties.

6

**C.    Computation of Damages**

Fed. R. Civ. P. 26(a)(1)(C) requires "a computation of any category of damages claimed by the disclosing party." Because discovery with respect to damages has not begun, Plaintiffs cannot compute their damages with certainty at this time. Pursuant to 35 U.S.C. § 284, Plaintiffs seek damages adequate to compensate them for Defendant's infringement, not less than a reasonable royalty, together with pre-judgment interest, post-judgment interest, and costs. Pursuant to 35 U.S.C. §§ 284 and 285, Plaintiffs also seek an award of treble damages and their reasonable attorneys' fees.

**D.    Insurance Agreement**

Fed. R. Civ. P. 26(a)(1)(D) requires the parties to identify:

> any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

As currently advised, Plaintiffs are unaware of any pertinent insurance agreement(s). Plaintiffs reserve the right to supplement this disclosure if any pertinent insurance agreement(s) are later identified.

RLF1-2992773-1

OF COUNSEL:
Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Ronald E. Naves, Jr.
Sr. Vice President
Legal Affairs and Litigation
Gemstar - TV Guide International, Inc.
6922 Hollywood Blvd. 4th floor
Hollywood, CA  90028
(323) 817-4600


Dated: March 17, 2006

Frederick J. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
RICHARDS, LAYTON & FINGER PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
fineman@rlf.com

Attorneys for Plaintiffs TV Guide Online,
Inc. and TV Guide Online, LLC

8

RLF1-2992773-1

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006 true and correct copies of the foregoing were

caused to be served on counsel of record at the following address as indicated:

**BY HAND DELIVERY**
Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

**BY FEDERAL EXPRESS**
Mark A. Pals, P.C., Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

Steven J. Fineman (#4025)

# EXHIBIT  I

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT   J

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael A. Parks
To Call Writer Directly:
312-861-3211
mparks@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

Dir. Fax: 312-660-9781

July 19, 2006

**VIA FACSIMILE**

Christopher Harnett, Esq.
Ropes & Gray LLP
Fish & Neave IP Group
1251 Avenue of the Americas
New York, NY 10020-1104

Re:    *TV Guide v. Tribune Media Services*

Dear Chris:

TMS intends to amend its Answer, Affirmative Defenses and Counterclaims to add Gemstar-TV Guide International, Inc. as a party to TMS' patent misuse counterclaim. Please let me know by Friday, July 21, whether your clients have any objection to the amendment.

Very truly yours,

Michael A. Parks

MAP/amr

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

# EXHIBIT   K

# KIRKLAND & ELLIS LLP

#### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael A. Parks
To Call Writer Directly:
312-861-3211
mparks@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

Dir. Fax: 312-660-9781

July 20, 2006

**VIA FACSIMILE**

Christopher Harnett, Esq.
Ropes & Gray LLP
Fish & Neave IP Group
1251 Avenue of the Americas
New York, NY 10020-1104

Re:    *TV Guide v. Tribune Media Services*

Dear Chris:

As a follow-up to my letter of yesterday, TMS also intends to amend its Answer, Affirmative Defenses and Counterclaims to add Gemstar-TV Guide Interactive, Inc. as a party to TMS' patent misuse counterclaim, in addition to Gemstar-TV Guide International, Inc. Please let me know by Friday, July 21, whether your clients have any objection to the amendment.

Very truly yours,

Michael A. Parks

Michael A. Parks

MAP/amr

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

# EXHIBIT   L

Jul-21-06   13:52   From-ROPES & GRAY LLP                    +                    T-593   P.002/002   F-643

 **FISH & NEAVE IP GROUP**

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS      NEW YORK, NY 10020-1104      212-596-9000      F 212-596-9090
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC      www.ropesgray.com

Stuart W. Yothers
212-596-9176
Stuart.Yothers@ropesgray.com

July 21, 2006

**BY FACSIMILE**

Michael A. Parks, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Michael:

I write in response to your July 19 and July 20 letters to Chris Harnett. TV Guide Online objects to an amendment adding Gemstar – TV Guide International, Inc. and Gemstar – TV Guide Interactive, Inc. as parties to TMS's patent misuse counterclaim. TV Guide Online, LLC is the owner of the patent-in-suit, and Gemstar – TV Guide International, Inc. and Gemstar – TV Guide Interactive, Inc. are not appropriate parties to TMS's patent misuse counterclaim.

Sincerely yours,

Stuart W. Yothers

SWY:kce