# EXHIBIT N

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1987 WL 7189 (D.Del.)
(Cite as: Not Reported in F.Supp.)

Page 1

**H**
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
SATELLITE FINANCIAL PLANNING
CORPORATION, et al., Plaintiffs,
v.
FIRST NATIONAL BANK OF WILMINGTON, et al., Defendants.
Civ. A. No. 85-463 CMW.

February 5, 1987.

James F. Harker of Herlihy & Wier, Wilmington (Robert W. Steele, Roger C. Simmons, James R. Myers and W. James McKay of Steele, Simmons & Fornaciari, Washington, D.C.; and William F. Jones, Esquire of Jones & Mack, Annapolis, Maryland; and Edward J. Glusing, Jr. of Baltimore, Maryland, of counsel), for plaintiffs.
Walter L. Pepperman, II, William H. Sudell, Jr. and David A. Jenkins of Morris, Nichols, Arsht & Tunnell, Wilmington, for Defendant First National Bank of Wilmington.
E. Norman Veasey and Robert W. Whetzel of Richards, Layton & Finger, Wilmington (James R. Eyler, Jefferson V. Wright and J. Steven Lovejoy of Miles & Stockbridge, Baltimore, Maryland, of counsel), for Defendants, Commercial Credit Corporation and Control Data Corporation.

OPINION
WRIGHT, Senior Judge.
*1 Defendant First National Bank of Wilmington Delaware has filed a motion to amend its counterclaims to assert further counterclaims, and to add new parties.[FN1] The plaintiffs are Satellite Financial Planning Corporation-Maryland ('Satellite-Maryland') and Satellite Earth Station Protection Company. Proposed third-party defendants are Satellite Financial Planning Corporation-Delaware ('Satellite-Delaware'), and Security Associates Insurance Corporation ('Security'). For the reasons stated below, First National's motion will be granted.

After defendant filed this motion, this Court granted in part plaintiffs' motion to amend the complaint. Plaintiffs subsequently filed an amended complaint on October 30, 1986. In First National's reply brief on the instant motion and in a letter dated November 13, 1986, First National asserted that because plaintiffs had filed an amended complaint, First National could now assert the amended counterclaim and new counterclaims as a matter of right.[FN2] Defendants are correct that they have a renewed right to file counterclaims after plaintiffs amended their complaint. See, *Joseph Bancroft & Sons, Co. v. B. Lowenstein & Sons, Inc.*, 50 F.R.D. 415 (D.Del. 1970). An amended complaint supercedes the pre-existing complaint. First National is therefore obligated to respond to the amended complaint and should be able to respond as it sees fit.

The remaining question is whether or not this right to amend includes the right to add new parties.[FN3] Under Fed.R.Civ.P. 13(h), additional persons not parties to the action may be made parties to a counterclaim pursuant to the provisions of Fed.R.Civ.P. 19 and 20. First National seeks to join Security and Satellite-Delaware pursuant to Rule 20. Adding these new parties would be an amendment to the counterclaim under Fed.R.Civ.P. 15(a).

First National's proposed joinder of Satellite-Delaware and Security satisfies Rule 20. The counterclaim contains seven counts, six of which are asserted against the plaintiffs and both proposed third-party defendants. The other is alleged only against Security but is based upon the same agreements and facts as are the other counts.[FN4] Because the claims against the new parties arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and there are questions of law and fact common to plaintiffs and third-party defendants, joinder is proper. Fed.R.Civ.P. 20.

Plaintiffs contend that First National should not be able to amend its counterclaim to add the new parties because such an amendment is prejudicial, unduly dilatory, and, with respect to Security, futile. Leave to amend a pleading 'shall be freely given when justice so requires. Motions to amend should be liberally granted.' See, e.g., *Foman v. Davis*, 371 U.S. 178 (1962); *Boileau v. Bethlehem*, 730 F.2d 929 (3d Cir. 1984), cert. denied, 469 U.S. 871 (1984); *Heyl & Patterson Intern., Inc. v. F. D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, cert. denied, 455 U.S. 1018 (1982). 'The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party. . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1987 WL 7189 (D.Del.)
(Cite as: Not Reported in F.Supp.)

*2 Plaintiffs and third-party defendants have failed to demonstrate that they will suffer undue prejudice if leave to amend is granted. All but one of the counterclaims First National is asserting against the proposed third-party defendants are already being asserted against the plaintiffs in response to plaintiffs' amended complaint. The new count asserted only against Security arises from the identical factual situation.

Adding Security and Satellite-Delaware as defendants to these counts will not unduly complicate this litigation. It will make little difference to the course of this litigation if Satellite-Delaware and Security are parties, because of the close relationship among the plaintiffs and the proposed third-party defendants. All four companies are principally owned and controlled by William Young. The Court is not concerned that Security or Satellite-Delaware has not had any direct involvement in the lawsuit up until this point because Mr. Young has been involved since the outset of the lawsuit. The factual basis for the claims against all the companies are the same; plaintiffs and proposed third-party defendants have not presented anything to the Court to the contrary. Courts have considered the relationship between pre-existing and newly proposed parties in ruling on motions to add new parties. 3 Moore's Federal Practice ¶ 15.08[5] at 15-89. Given the close relationship existing in the instant case, joinder will not result in undue prejudice.

Despite the fact that this case has been in Court for over a year, the factual and legal direction the litigation will take is still being shaped. Just as plaintiffs have recently attempted to revive some common law claims in their amended complaint, so too should First National be able to amend its counterclaim. The time delay involved is not of a sufficient magnitude to bar the amendment.

Plaintiffs' final argument is that the Court should deny the motion to amend with respect to Security because this Court lacks personal jurisdiction over Security. If the Court lacked jurisdiction, joining Security as a party would be futile because the Court would dismiss Security as a party soon after they were joined. When a motion to amend is futile, it should be denied. Satellite Financial Planning v. First National Bank, 646 F.Supp. 118 (D.Del. 1986).

motives, truly undue or unexplained delay, repeated failures to cure deficiency by amendments previously allowed or futility of amendment.' Id. at 425 (citations omitted).

If the Court lacks jurisdiction over Security, then First National should not be able to amend the counterclaim to join Security.

In response, First National argued that the Court has jurisdiction over Security. Under the Delaware Long-Arm Statute, a court can exercise jurisdiction over any person who 'contracts to insure or act as surety, for, or on any contract, obligation or agreement . . . to be performed within the state.' 10 Del.C. § 3104(a)(6). Security was the guarantor of the agreements at issue in this case. The company apparently falls into the above-quoted provision of the Delaware statute. Also, defendants note several occasions on which Security transacted business within Delaware, thus apparently providing jurisdiction under 10 Del.C. § 3104(1). It cannot be said, then, that permitting First National to join Security as a third-party defendant is futile.[FN5]

*3 Because the plaintiffs and third-party defendants have failed to show any prejudice, undue delay, or futility in First National's motion to amend, the Court will grant First National's motion.

An Order will enter in conformity with this Opinion.

> FN1 The other defendants in this case are Commercial Credit Corporation and Control Data Corporation. Determination of this motion had been stayed pending determination of the Plaintiffs' Motion to Disqualify First National's counsel.
>
> FN2 This letter was sent to the Court in conjunction with First National's filing of an Amended Answer and Counterclaim.
>
> FN3 First National does not contend that it can amend its counterclaims to add the new parties as a matter of right.
>
> FN4 The amended counterclaim counts are the following: Court I, Fraud; Count II, Breach of Express Contract; Count III, Breach of Implied Contract; Count IV, Breach of Contract; Count V, Tortious Interference With Contractual Relationships; Count VI, Tortious Interference With Prospective Business Relationships; Count VII, Punitive Damages. County IV is only alleged against Security; the other counts are alleged against both plaintiffs and both third-party defendants.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1987 WL 7189 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 3

FN5 In the briefs on this motion, neither side extensively briefed this personal jurisdiction question. At least for purposes of a motion to amend, it appears that the Court will be able to exercise jurisdiction over Security.

D.Del., 1987.
Satellite Financial Planning Corp. v. First Nat. Bank of Wilmington
Not Reported in F.Supp., 1987 WL 7189 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.