IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND <br> TV GUIDE ONLINE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC. <br><br> Defendant. | C.A. No.: 05-CV-725-KAJ |

**TV GUIDE ONLINE'S NOTICE OF DEPOSITION OF TMS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

To: Mark A. Pals, P.C.                          Richard K. Herrmann, Esq.
    Linda S. DeBruin                            Mary B. Matterer
    Michael A. Parks                            MORRIS JAMES HITCHENS & WILLIAMS
    Laura A. Hepburn                            222 Delaware Avenue, 10th Floor
    Meredith Zinanni                            Wilmington, DE 19801
    KIRKLAND & ELLIS LLP
    200 E. Randolph Drive
    Chicago, IL 60601

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6), Fed. R. Civ. P., plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC (collectively "TV Guide Online") will take the deposition upon oral examination of defendant Tribune Media Services, Inc. ("TMS") on the topics set forth in the attached Schedule A, through one or more of its officers, directors, or managing agents, or other persons who consent to testify on TMS's behalf, commencing on August 31, 2006 at 9:30 a.m. TV Guide Online requests that TMS identify in writing at least five (5) business days in advance of the deposition the person(s) designated by

1

TMS, the job title of each such person(s), and the topic(s) on which each such person(s) will testify.

The deposition will take place at the offices of Ropes & Gray, 1251 Avenue of the Americas, New York, New York 10020 beginning on the date and time specified above, or at such other time and place as may be agreed to by counsel. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed.

At least five (5) business days in advance of the scheduled deposition or 30 days from service of this Notice, whichever is earlier, TMS is requested to produce all documents and things referenced in or related to the topics in Schedule A to the extent not previously produced.

You are invited to attend.

OF COUNSEL:

Robert C. Morgan
Christopher J. Harnett
Ching-Lee Fukuda
Stuart W. Yothers
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Ronald E. Naves, Jr.
Sr. Vice President
Legal Affairs and Litigation
Gemstar-TV Guide International, Inc.
6922 Hollywood Boulevard
Hollywood, California 90028
(323) 817-4600

Dated: August 7, 2006

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
RICHARDS, LAYTON & FINGER PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
cottrell@rlf.com
moyer@rlf.com
fineman@rlf.com

Attorneys for Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC

3

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

A. "TMS" and "Defendant" mean Tribune Media Services, Inc. and includes all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the direction or control of any of the foregoing.

B. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including documents in electronic form, and physical objects and things within the meaning of that Rule, such as research and development samples, prototypes, production samples and the like. A draft or non-identical copy is a separate document within the meaning of this term.

C. The term "thing" refers to any physical specimen or tangible item in the possession, custody, or control of TMS.

D. The term "concerning" means relating to, referring to, regarding, discussing, describing, evidencing, constituting, supporting, or refuting.

E. "The '078 patent" or "the patent-in-suit" means United States Patent No. 5,988,078.

F. "TMS's Accused Product" means and includes www.Zap2It.com.

G. "Person" and the derivative forms thereof, including the plural and possessive forms, refers to any natural person or any entity, including any business, corporation, partnership, limited partnership, firm, association, organization, club, joint venture, unincorporated entity, government unit or entity, or any other legal entity, and any officers, agents, representatives, employees, directors, or attorneys of any such person.

        H.     The terms "refer to," "relating to," "related to," and "that relate(s) to" mean, without limitation, constituting, comprising, containing, discussing, embodying, reflecting, evidencing, identifying, mentioning, stating, or referring to the particular subject matter identified.

        I.     The term "including" does not limit the scope of a request. It is to be construed as meaning all such documents including, but not limited to those types of documents specifically identified.

        J.     The singular shall include the plural and the plural shall include the singular.

        K.     All documents related to the topics in Schedule A shall be produced to TV Guide Online in the same file or organizational environment in which they were maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or other grouping responsive to said request, in the same order or manner of arrangement as the original. A document that is stapled, clipped or otherwise bound should be produced in the same manner as the original.

        L.     The request for documents and things related to the topics in Schedule A shall be deemed to be continuing and, in accordance with Fed. R. Civ. P. 26(e), if, after responding to the request, TMS acquires knowledge or information regarding additional information responsive to the request, TMS shall provide TV Guide Online with a statement of such additional information.

5

## **TOPICS**

1. Revenues (on a yearly, monthly, quarterly or other convenient periodic basis) generated by TMS's Accused Product and identification of the sources of revenues, including but not limited to, advertising revenues and subscription revenues.

2. TMS's profit and loss statements (showing gross and net revenue and gross and net profits) and balance sheets, containing data concerning TMS's Accused Product and the profitability of TMS's Accused Product, including but not limited to gross, net, operating and marginal profits.

3. Revenue projections associated with TMS's Accused Product.

4. TMS's costs, including fixed and variable costs, associated with TMS's Accused Product.

5. TMS's marketing, marketing studies, and market analyses related to competitive threats and competition generally concerning TMS's Accused Product, the market share of TMS's Accused Product, and/or the geographic market in which TMS's Accused Product is offered.

6. Marketing studies, analyses, and surveys related to customer and/or end user usage of TMS's Accused Products.

7. All decisions to set advertising rates and rates for all other sources of revenues associated with TMS's Accused Product.

8. Advertising, business plans, promotions, credits, and warranties concerning TMS's Accused Product.

9. All competitive reports, lost business reports and salesman or customer education or training documents for TMS's Accused Product.

10. Information concerning alleged non-infringing alternatives to TMS's Accused Product, if any.

11. TMS's costs, including fixed and variable costs, incurred as a result of design changes, if any, made to TMS's Accused Product.

12. The market and demand, from 1996 to the present, for electronic television program listings generally, and for TMS's Accused Product specifically, including, but not limited to, any market analyses or market studies carried out by or on behalf of TMS or in TMS's possession, custody or control.

13. TMS's projections and forecasts concerning the market in which TMS's Accused Product is offered including, but not limited to, forecasts of market size, market share, and a description of how such forecasting was and is done and was and is used in TMS's business.

14. Any communications with actual and potential customers both past and present concerning electronic television program listings or TMS's Accused Product.

15. TMS's patent licensing practices and patent license agreements to which TMS is a party.

16. The royalty TV Guide Online and TMS would have agreed to at a hypothetical licensing negotiation concerning TMS's Accused Product, the date such a negotiation would have taken place, the people who would have participated in such a negotiation, all other factors that would have influenced the royalty to which the parties would have agreed, and all documents relating thereto.

17. The identity, location and detailed explanation of all documents and things concerning the foregoing topics.

18. The identity and location of persons knowledgeable about the foregoing topics.

RLF1-3045541-1

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2006 I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard K. Herrmann, Esquire
Mary B. Matterer, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19899-0951

I hereby certify that on August 7, 2006, I have sent by Federal Express, the foregoing document to the following non-registered participants:

Mark A. Pals, P.C., Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL  60601

Steven J. Fineman (#4025)