# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

August 17, 2006

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

**REDACTED--
PUBLIC VERSION**

Re:   TV Guide Online, Inc., et al. v. Tribune Media Services, Inc.,
      C.A. No. 05-725-KAJ

Dear Judge Jordan:

      We represent TV Guide Online ("TV Guide") in the above-referenced action against Tribune Media Services ("TMS") for infringement of U.S. Patent No. 5,988,078 (the '078 patent). In anticipation of the August 21 teleconference, we write to address problems with the progress of discovery, which commenced more than four months ago on March 2, 2006.

      Discovery from TMS has been largely unproductive because TMS has delayed in providing (or, in some instances, failed to provide) fundamental discovery on the details of its accused service -- the www.Zap2it.com website. TMS has, instead, sought to pursue unbridled, burdensome discovery under the guise of its patent misuse counterclaim and defense. That discovery has no purpose other than to multiply the costs and complexity of this action involving a single patent that TV Guide has never previously asserted. TMS's patent misuse allegations are the subject of TV Guide's motion to dismiss that is currently pending before the Court (D.I. 11).

      TV Guide seeks an Order from the Court that will: (1) allow the parties to proceed with resolution of the central issues of infringement, validity and damages; and (2) sever and stay TMS's misuse allegations and its unrestrained "misuse discovery," in the event the Court decides not to grant TV Guide's pending motion to dismiss. On the issues of infringement, validity and damages, TMS has produced about 34,000 pages of documents and TV Guide has produced about 145,000 pages of documents.

**REDACTED**

      Many of the documents that TMS seeks include privileged and/or third-party confidential information. TMS's fishing expedition, therefore, will result in enormous and unnecessary expenditures of resources and will serve only to overwhelm the central issues presented in this case.

      On June 27, 2006, the parties appeared before the Court for a technology tutorial. The patented technology, which was developed during the early days of the Internet, allows a television viewer to access television listings for his or her particular viewing location using a computer. During the tutorial, TMS stated that it had no scheduling issues to address with the Court (D.I. 51). Just two days later, however, TMS wrote to the Court seeking permission to file an early summary judgment motion on the

issue of non-infringement. TMS's articulated reason for its request was the straightforward nature of the technology (D.I. 50). In response, TV Guide advised the Court that TMS had not yet provided fundamental discovery on the question of infringement and, therefore, TMS's summary judgment proposal did not make sense (D.I. 52). Specifically, TV Guide explained that on May 17, 2006, TV Guide noticed for June 20 a Rule 30(b)(6) deposition with topics that included the use, structure and operation of TMS's accused website. Because TMS produced few, if any, related documents, it was necessary for TV Guide to postpone that deposition.

The parties subsequently met and conferred on several occasions in late June and early July concerning the status of discovery. Despite repeated assurances that TMS would promptly produce its technical documents, TMS continued to delay (Ex. A). TMS did not produce a Rule 30(b)(6) witness until August 9 and, even then, TMS's witness was utterly unprepared to give knowledgeable testimony (Ex. B). TMS has not yet agreed to produce a knowledgeable witness. Moreover, TMS has refused to produce the source code underlying its accused website unless TV Guide agrees to TMS's unreasonable conditions restricting access to the code by TV Guide's technical expert. Just two days ago, TMS indicated for the first time a willingness to abandon some of those conditions, but TMS has yet to produce the source code (Ex. C).

While TMS was resisting production of fundamental infringement discovery, TMS was also indiscriminately pursuing discovery that is supposedly related to its patent misuse claims. For example, TMS has sought millions of pages of documents: (1) from government agency investigations concerning the merger of TV Guide and Gemstar; and (2) from past litigations where the '078 patent was not even asserted. The TMS document requests at issue in this regard include request nos. 29-31, 74-76, 82-84 and 92, which are attached as Exhibit D.[1]

On April 10, 2006, TV Guide objected to TMS's document requests as being unreasonably overbroad, burdensome and prejudicial. At that time, TV Guide invited TMS to narrow those requests (Ex. E). For more than two months, TMS simply ignored that invitation. Then, at a June 21 meet and confer, TMS asserted that its requests were entirely proper but agreed to "consider" whether they could be narrowed. After three more weeks, TMS wrote to TV Guide on July 12 setting forth some supposedly "narrowed" requests (Ex. F). Unfortunately, those requests did not reduce in any meaningful way the vast number of irrelevant documents that TMS is seeking. For purposes of illustration, the supposedly "narrowed" versions of TMS's request nos. 31 and 82 are reproduced below:

---

[1] TMS's patent misuse pleading is premised on a theory of "conditioning." (D.I. 6). As TV Guide explained in its motion to dismiss, TMS has not pled and cannot plead the legal requirements of a "conditioning" claim as set forth by the U.S. Supreme Court in *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 135 (1985) (D.I. 11). In response, TMS argued that it was *really* pursuing a "broader" theory based on the "overall licensing practices supported by TV Guide and Gemstar" that is supposedly based on the decision of the ALJ in an earlier ITC proceeding (D.I. 22). TMS's vague "broader" theory is fatally flawed because: (1) TMS never pled it; (2) the ALJ's decision was not directed to the '078 patent; (3) the ITC expressly declined to adopt the ALJ's findings; and (4) when an Article III Court ultimately addressed the same patent misuse allegations, the Court's ruling made plain that there could be no patent misuse. *In re Gemstar Dev. Corp. Patent Litig.*, No. MDL-1274-WBH (N.D. Ga. March 24, 2004). TMS's allegations, therefore, amount to an assertion of "patent misuse in the air" which is insufficient as a matter of law. *Kolene Corp. v. Motor City Metal Treating, Inc.* 440 F. 2d. 77, 84-85 (6th Cir. 1971). TMS should not be permitted to pursue oppressive discovery in the hopes of rescuing its legally-flawed pleading.

**Document Request No. 31.** All documents produced or generated in connection with the Department of Justice investigation into the merger of Gemstar and TV Guide relating to actual or potential suppliers, purchasers, licensees, licensors, market conditions, competition, market share, market power, or the actual or potential effect of the proposed merger on any market for interactive program guides or interactive program guide technology; **Document Request No. 82.** All communications, testimony, and correspondence between TV Guide and the Department of Justice, or any other government agency, relating to, referring to actual or potential suppliers, purchasers, licensees, licensors, market conditions, competition, market share, market power, or actual or potential anticompetitive behavior or antitrust violations relating to interactive program guide technology or the licensing of interactive program guide technology.

To make matters worse, the very next day, TMS delivered third-party subpoenas to eight law firms that previously represented TV Guide's parent company seeking an enormous volume of documents from earlier litigations. According to TMS, those documents supposedly relate to its patent misuse allegations even though the '078 patent was not asserted in any of those litigations. On July 19, TMS served *eight more* third-party subpoenas on companies that do business with TV Guide seeking the same type of documents. Then, on July 24, 2006, TMS filed a motion to add TV Guide's parent company and one of its sister companies as parties to TMS' patent misuse counterclaim -- even though neither of those companies owns the '078 patent in suit (D.I. 60).

TMS's third-party subpoenas -- and its attempt to add two additional parties -- represent an improper effort by TMS to circumvent TV Guide's legitimate objections to TMS' burdensome discovery requests. TMS's strategy in this regard is readily apparent. TMS wishes to divert the focus of this litigation away from the issue of TMS's infringement of a single asserted patent and, instead, pursue a fishing expedition hoping to find some evidence of unrelated past legal problems encountered by TV Guide's parent company.

With respect to TMS's demand for information concerning Department of Justice investigations (which, of course, did not involve the '078 patent), it is a matter of public record that certain individuals who formerly had management responsibilities at Gemstar faced prosecution under the securities laws. Those individuals are no longer associated with Gemstar-TV Guide. For almost three years now, Gemstar-TV Guide has had an entirely new management team in place. Indeed, the SEC has explicitly commented on the "significant cooperation and remediation following a change in senior management and restructuring of its corporate governance" at Gemstar-TV Guide (Ex. G).

**REDACTED**

Those documents will undoubtedly include enormous amounts of privileged information and third-party information that TV Guide is contractually obligated to maintain as confidential. Responding to these discovery demands will multiply the costs associated with this litigation many times over. TV Guide therefore, respectfully submits that, in the event that the Court does not grant TV Guide's pending motion to dismiss, the Court should issue an Order severing and staying discovery on TMS's "patent misuse" assertions pending resolution of the central infringement and validity issues in this case. Proceeding in that fashion would not in any way prejudice TMS and would be consistent with judicial economy. Finally, TV Guide also requests an Order directing TMS to promptly produce its computer source code and to provide a knowledgeable witness in response to TV Guide's May 17 Rule 30(b)(6) notice.

The Honorable Kent A. Jordan
August 17, 2006
Page 4

Respectfully,

*[signature]*

Frederick L. Cottrell, III (#2555)

FLC,III/afg
Attachments (Exhibits)

cc:   Christopher J. Harnett, Esquire (via e-mail)
     Richard K. Herrmann, Esquire (via hand delivery and e-mail)
     Michael A. Parks, Esquire (via e-mail)
     Mr. Ronald E. Naves, Jr. (via e-mail)

RLF1-3049052-2