# EXHIBIT A

# ROPES & GRAY

FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Christopher J. Harnett
212-596-9125
212-596-9090 fax
Christopher.Harnett@ropesgray.com

July 17, 2006

**BY FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

I write in connection with your July 12, 2006 letter to me and further to the June 21, 2006 meet and confer between the parties.

We are troubled by TMS's continuing delay in producing documents (and/or TMS's refusal to produce documents) relating to fundamental technical details of TMS's accused website. On May 11, 2006, TV Guide noticed for June 20 a Rule 30(b)(6) deposition of TMS. The noticed topics for that deposition included the structure and operation of TMS's accused website. Because TMS has produced few, if any, technical documents, it was necessary for TV Guide to postpone that Rule 30(b)(6) deposition.

During the June 21 meet and confer, TMS agreed to accelerate its production of the requested technical documents. Indeed, TMS stated that it expected to produce such documents later in that week. We, however, did not receive any such documents. In your July 12 letter, you stated that TMS "expects to produce additional" technical documents later in that week. Again, however, we did not receive any such documents from TMS at that time. Instead, we received just this morning about 4,500 pages of documents -- many of which concern TV Guide. This appears to be a far cry from a complete production of TMS's technical documents.

On July 7, 2006, I wrote to your colleague, Tina Hernandez, in connection with TMS's agreement to produce technical documents relating to the topics identified in TV Guide's May 17, 2006 Rule 30(b)(6) notice. Specifically, I stated "[W]e would greatly appreciate it if you could: (1) let us know when TMS will be completing its document production with respect to the topics identified in TV Guide's May 17, 2006 Rule 30(b)(6) notice; and (2) propose some

ROPES & GRAY LLP

Meredith Zinanni, Esq.                              - 2 -                              July 17, 2006

potential dates to begin the deposition." We are troubled that your July 12 letter *does not even mention that long-outstanding Rule 30(b)(6) notice.*

Your position on the computer code issue is also troubling. TV Guide's March 2, 2006 requests for production of documents -- including requests nos. 4 and 5 -- plainly call for computer code relating to the operation of the Zap2it.com website. During the June 21, 2006 meet and confer, I made crystal clear that TV Guide was seeking production of that computer code. Both you and Ms. Hernandez said that you understood. Now, however, TMS argues for the first time that the Protective Order does not provide adequate protection for the production of computer code. TMS also argues that TV Guide's request for production of computer code needs to be "narrowed" to code relating to "the television listings search feature." Neither of TMS's arguments makes any sense.

The Protective Order provides that documents designated as confidential *must not be kept in any offices owned or used by a party.* As such, there is no possibility of unauthorized disclosure of the computer code. In any event, to avoid unnecessary delay and disagreement, TV Guide confirms its request that TMS produce the computer code as it relates to the television listings search, retrieval and display features of the Zap2it.com website. TV Guide will agree that, in the first instance, only TV Guide's outside counsel and outside technical experts who are qualified under the Protective Order to see TMS's confidential information will have access to that computer code.

In view of the foregoing, we request prompt confirmation of: (1) a date certain (which is no later than the end of this week), when TMS will be producing its remaining technical documents relating to the outstanding Rule 30(b)(6) deposition notice concerning the accused website; (2) the availability of TMS's Rule 30(b)(6) witness for commencement of the Rule 30(b)(6) deposition on August 9, 10 or 11; and (3) TMS's agreement to produce the requested computer code no later than July 28. If TMS will not provide such confirmation, we request a meet and confer either tomorrow (July 18) at 2:00 p.m. Eastern time or Wednesday, July 19, at 11:00 a.m. Eastern time so that we can try to resolve the issues without Court intervention.

On the subject of TMS's document requests, we explained to you during the June 21, 2006 meet and confer (and in TMS's April 10, 2006 responses and objections) that many of TMS's requests that are supposedly directed to TMS's improperly-pled "patent misuse" defense are hopelessly overbroad, burdensome and prejudicial to TV Guide. These include request nos. 22, 29-31, 74-76, 81-84, 86-88 and 92.

In your July 12, 2006 letter, you state that TMS is "unable" to narrow requests nos. 22, 29, 81 and 86-88 "any further." In that letter, you purport to have "narrowed" requests nos. 30, 31, 74, 75, 76, 82, 83, 84 and 92. The TMS document requests -- those that are "narrowed" and those that are reasserted in original form -- remain overly broad, burdensome

ROPES & GRAY LLP

Meredith Zinanni, Esq.                           - 3 -                          July 17, 2006

and prejudicial. This is particularly so in view of TMS's assertion that, even with respect to the supposedly "narrowed" requests, TMS "reserve[s] the right to compel responses to the requests as propounded." This simply confirms that TMS is on a fishing expedition in the hope of finding some evidence to support its legally unsound assertions of "patent misuse in the air."

        In that regard, we were troubled to learn about the subpoenas that TMS sent last week to eight third-party law firms that previously represented Gemstar. Those third-party subpoenas are simply an attempt by TMS to circumvent TV Guide's properly-interposed objections. Please confirm immediately that TMS will withdraw those subpoenas. If we do not receive such confirmation, we will seek appropriate relief in the Courts from which those subpoenas issued, and we will bring the issue to Judge Jordan's attention.

        On July 5, 2006, TMS also served document and deposition subpoenas on Michael Levine and on the Gifford Krass law firm. TMS will be receiving objections to those subpoenas later this week. We understand that Mr. Levine is presently out of the country. When Mr. Levine returns, we will contact you to discuss logistics (including scheduling and location) for his deposition and the deposition of the Gifford Krass firm.

        Finally, certain aspects of your July 12, 2006 letter purporting to memorialize the substance of our meet and confer are not entirely accurate. As I told you and Ms. Hernandez (and several of your other colleagues), we do not want discovery in this case to devolve into a letter writing campaign where the parties go back and forth correcting inaccurately recited "agreements." I will discuss our apparent misunderstandings next time we speak.

        Very truly yours,

        Christopher J. Harnett

CJH:eb

cc:    Frederick L. Cottrell, III, Esq.
       Richard K. Herrmann, Esq.
       Tina Rae Hernandez, Esq.
       Michael A. Parks, Esq.
       Corey C. Watson, Esq.

07/19/06  11:52 FAX 312 861 2200 4    KIRKLAND & ELLIS LLP    ☑002/003

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax (312) 660-8036

July 19, 2006

**Via Facsimile**

Christopher J. Harnett
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Dear Chris:

I write in response to your letter of July 17, 2006.

TV Guide continues to question TMS's production of "technical documents" related to the zap2it.com website. But TMS cannot produce documents that do not exist. TMS has conducted a thorough search of its files and is performing a final "belt and suspenders" check this week to confirm all responsive technical documents have been produced. Should any additional technical documents be located as a result of this check, TMS will produce such documents by July 31, 2006. TMS is currently working to complete its electronic discovery, and will prioritize this discovery so that technical documents regarding www.zap2it.com — should any exist — are produced first.

TMS will make its Rule 30(b)(6) designated witness available for deposition at our offices in Chicago on August 9, 2006.

TMS does not agree that the source code for www.zap2it.com is required for TV Guide to complete its infringement analysis. As TV Guide itself stated at the technology tutorial, this is very simple, easy to understand technology. However, TMS will agree to produce the source code for www.zap2it.com, subject to the following conditions:

• Source code will be made available in paper form only, and will be marked as CONFIDENTIAL - SOURCE CODE, TV Guide Online v. TMS, C.A. No. 05-725 (KAJ). All provisions of the protective order as relate to the treatment of confidential information will apply, except that under no circumstances will the designated in-house attorneys of the parties be given access to the source code. The source code will be seen only by outside counsel and outside technical experts who have been qualified to view confidential information under the protective order.

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

07/19/06  11:52 FAX 312 861 2200 4          KIRKLAND & ELLIS LLP                          ☒003/003



Christopher J. Harnett
July 19, 2006
Page 2

- TV Guide will produce the source code for all portions of the www.tvguide.com website that TV Guide claims practice the '078 patent. If the zap2it.com source code is required to determine infringement, the tvguide.com source code is required to determine if and how TV Guide is practicing the patent.

- TMS will produce source code only for the TV listings lookup feature of the www.zap2it.com website. TV Guide has stated in its response to Interrogatory No. 1 that "infringement is demonstrated by comparing the plain and ordinary English language meaning of the claims to the features of Defendant's accused service." Under the plain and ordinary meaning of the claims of the '078 patent, the patent covers television programming information only. If TV Guide contends that the movie showtime listings fall within the scope of the '078 patent claims, as suggested by Exhibit A to TV Guide's Responses to TMS's Interrogatories, please set forth the basis for that contention, and TMS will consider producing the source code relating to the movie showtime lookup feature of www.zap2it.com.

Please let us know if these terms are acceptable to TV Guide, and we will prepare the source code for production. If not, we propose the parties schedule a meet and confer for Thursday, July 20, 2006, any time between 2 and 5 PM Central time.

TV Guide raised for the first time on our meet and confer yesterday its challenge to TMS's objection to TV Guide's Interrogatory No. 4 regarding the proper time period for which TMS provide revenue information. TMS maintains that its objection is proper. Nonetheless, TMS will provide a revenue summary for the period 1999-2005 for www.zap2it.com, which may be found at production number TMS 0021252.

Finally, Mr. Levine's absence from the country should not affect the availability of the Gifford Krass firm to complete its document production and make itself available for the requested deposition. Please provide the date by which the Gifford Krass firm will complete its production and the dates on which its designee would be available for deposition. Please also let us know when Mr. Levine plans to return to the U.S. so we can lock in his deposition date now.

Sincerely,

Meredith Zinanni

cc:    Frederick L. Cottrell, III
       Richard K. Hermann

# ROPES & GRAY

## FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS   NEW YORK, NY 10020-1104   212-596-9000   F 212-596-9090
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

August 10, 2006

**VIA FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

On July 31, 2006, TV Guide Online produced 41,822 pages of .tif images to TMS, completing the majority of its production in this case. We will be producing a final set of electronic documents shortly.

As we are having a teleconference tomorrow to discuss the scheduling of depositions, please let us know the status or TMS's document production. On July 28, 2006, we agreed to produce electronic documents as .tifs. To date, we have not received any .tif electronic image files from TMS.

Sincerely yours,

Stuart W. Yothers

SWY:sj

cc:    Frederick L. Cottrell, III, Esq.
       Richard K. Herrmann, Esq.
       Michael A. Parks, Esq.
       Tina Rae Hernandez, Esq.

# **EXHIBIT B**

# **REDACTED**

# EXHIBIT C

## ROPES & GRAY

FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Christopher J. Harnett
212-596-9125
212-596-9090 fax
Christopher.Harnett@ropesgray.com

July 17, 2006

**BY FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

I write in connection with your July 12, 2006 letter to me and further to the June 21, 2006 meet and confer between the parties.

We are troubled by TMS's continuing delay in producing documents (and/or TMS's refusal to produce documents) relating to fundamental technical details of TMS's accused website. On May 11, 2006, TV Guide noticed for June 20 a Rule 30(b)(6) deposition of TMS. The noticed topics for that deposition included the structure and operation of TMS's accused website. Because TMS has produced few, if any, technical documents, it was necessary for TV Guide to postpone that Rule 30(b)(6) deposition.

During the June 21 meet and confer, TMS agreed to accelerate its production of the requested technical documents. Indeed, TMS stated that it expected to produce such documents later in that week. We, however, did not receive any such documents. In your July 12 letter, you stated that TMS "expects to produce additional" technical documents later in that week. Again, however, we did not receive any such documents from TMS at that time. Instead, we received just this morning about 4,500 pages of documents -- many of which concern TV Guide. This appears to be a far cry from a complete production of TMS's technical documents.

On July 7, 2006, I wrote to your colleague, Tina Hernandez, in connection with TMS's agreement to produce technical documents relating to the topics identified in TV Guide's May 17, 2006 Rule 30(b)(6) notice. Specifically, I stated "[W]e would greatly appreciate it if you could: (1) let us know when TMS will be completing its document production with respect to the topics identified in TV Guide's May 17, 2006 Rule 30(b)(6) notice; and (2) propose some

ROPES & GRAY LLP

Meredith Zinanni, Esq.                           - 2 -                           July 17, 2006

potential dates to begin the deposition." We are troubled that your July 12 letter *does not even mention that long-outstanding Rule 30(b)(6) notice.*

Your position on the computer code issue is also troubling. TV Guide's March 2, 2006 requests for production of documents -- including requests nos. 4 and 5 -- plainly call for computer code relating to the operation of the Zap2it.com website. During the June 21, 2006 meet and confer, I made crystal clear that TV Guide was seeking production of that computer code. Both you and Ms. Hernandez said that you understood. Now, however, TMS argues for the first time that the Protective Order does not provide adequate protection for the production of computer code. TMS also argues that TV Guide's request for production of computer code needs to be "narrowed" to code relating to "the television listings search feature." Neither of TMS's arguments makes any sense.

The Protective Order provides that documents designated as confidential *must not be kept in any offices owned or used by a party.* As such, there is no possibility of unauthorized disclosure of the computer code. In any event, to avoid unnecessary delay and disagreement, TV Guide confirms its request that TMS produce the computer code as it relates to the television listings search, retrieval and display features of the Zap2it.com website. TV Guide will agree that, in the first instance, only TV Guide's outside counsel and outside technical experts who are qualified under the Protective Order to see TMS's confidential information will have access to that computer code.

In view of the foregoing, we request prompt confirmation of: (1) a date certain (which is no later than the end of this week), when TMS will be producing its remaining technical documents relating to the outstanding Rule 30(b)(6) deposition notice concerning the accused website; (2) the availability of TMS's Rule 30(b)(6) witness for commencement of the Rule 30(b)(6) deposition on August 9, 10 or 11; and (3) TMS's agreement to produce the requested computer code no later than July 28. If TMS will not provide such confirmation, we request a meet and confer either tomorrow (July 18) at 2:00 p.m. Eastern time or Wednesday, July 19, at 11:00 a.m. Eastern time so that we can try to resolve the issues without Court intervention.

On the subject of TMS's document requests, we explained to you during the June 21, 2006 meet and confer (and in TMS's April 10, 2006 responses and objections) that many of TMS's requests that are supposedly directed to TMS's improperly-pled "patent misuse" defense are hopelessly overbroad, burdensome and prejudicial to TV Guide. These include request nos. 22, 29-31, 74-76, 81-84, 86-88 and 92.

In your July 12, 2006 letter, you state that TMS is "unable" to narrow requests nos. 22, 29, 81 and 86-88 "any further." In that letter, you purport to have "narrowed" requests nos. 30, 31, 74, 75, 76, 82, 83, 84 and 92. The TMS document requests -- those that are "narrowed" and those that are reasserted in original form -- remain overly broad, burdensome

ROPES & GRAY LLP

Meredith Zinanni, Esq.                        - 3 -                        July 17, 2006

and prejudicial. This is particularly so in view of TMS's assertion that, even with respect to the supposedly "narrowed" requests, TMS "reserve[s] the right to compel responses to the requests as propounded." This simply confirms that TMS is on a fishing expedition in the hope of finding some evidence to support its legally unsound assertions of "patent misuse in the air."

In that regard, we were troubled to learn about the subpoenas that TMS sent last week to eight third-party law firms that previously represented Gemstar. Those third-party subpoenas are simply an attempt by TMS to circumvent TV Guide's properly-interposed objections. Please confirm immediately that TMS will withdraw those subpoenas. If we do not receive such confirmation, we will seek appropriate relief in the Courts from which those subpoenas issued, and we will bring the issue to Judge Jordan's attention.

On July 5, 2006, TMS also served document and deposition subpoenas on Michael Levine and on the Gifford Krass law firm. TMS will be receiving objections to those subpoenas later this week. We understand that Mr. Levine is presently out of the country. When Mr. Levine returns, we will contact you to discuss logistics (including scheduling and location) for his deposition and the deposition of the Gifford Krass firm.

Finally, certain aspects of your July 12, 2006 letter purporting to memorialize the substance of our meet and confer are not entirely accurate. As I told you and Ms. Hernandez (and several of your other colleagues), we do not want discovery in this case to devolve into a letter writing campaign where the parties go back and forth correcting inaccurately recited "agreements." I will discuss our apparent misunderstandings next time we speak.

Very truly yours,

Christopher J. Harnett

CJH:eb

cc:    Frederick L. Cottrell, III, Esq.
       Richard K. Herrmann, Esq.
       Tina Rae Hernandez, Esq.
       Michael A. Parks, Esq.
       Corey C. Watson, Esq.

ROPES & GRAY LLP

Meredith Zinanni, Esq.                    - 4 -                         July 17, 2006


bcc:    Ronald E. Naves, Jr.
        Vladimir Radovanov, Esq.

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax (312) 660-8036

July 19, 2006

**Via Facsimile**

Christopher J. Harnett
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Dear Chris:

I write in response to your letter of July 17, 2006.

TV Guide continues to question TMS's production of "technical documents" related to the zap2it.com website. But TMS cannot produce documents that do not exist. TMS has conducted a thorough search of its files and is performing a final "belt and suspenders" check this week to confirm all responsive technical documents have been produced. Should any additional technical documents be located as a result of this check, TMS will produce such documents by July 31, 2006. TMS is currently working to complete its electronic discovery, and will prioritize this discovery so that technical documents regarding www.zap2it.com — should any exist — are produced first.

TMS will make its Rule 30(b)(6) designated witness available for deposition at our offices in Chicago on August 9, 2006.

TMS does not agree that the source code for www.zap2it.com is required for TV Guide to complete its infringement analysis. As TV Guide itself stated at the technology tutorial, this is very simple, easy to understand technology. However, TMS will agree to produce the source code for www.zap2it.com, subject to the following conditions:

- Source code will be made available in paper form only, and will be marked as CONFIDENTIAL - SOURCE CODE, TV Guide Online v. TMS, C.A. No. 05-725 (KAJ). All provisions of the protective order as relate to the treatment of confidential information will apply, except that under no circumstances will the designated in-house attorneys of the parties be given access to the source code. The source code will be seen only by outside counsel and outside technical experts who have been qualified to view confidential information under the protective order.

| ·ndon | Los Angeles | Munich | New York | San Francisco | Washington, D.C. |

Christopher J. Harnett
July 19, 2006
Page 2

- TV Guide will produce the source code for all portions of the www.tvguide.com website that TV Guide claims practice the '078 patent. If the zap2it.com source code is required to determine infringement, the tvguide.com source code is required to determine if and how TV Guide is practicing the patent.

- TMS will produce source code only for the TV listings lookup feature of the www.zap2it.com website. TV Guide has stated in its response to Interrogatory No. 1 that "infringement is demonstrated by comparing the plain and ordinary English language meaning of the claims to the features of Defendant's accused service." Under the plain and ordinary meaning of the claims of the '078 patent, the patent covers television programming information only. If TV Guide contends that the movie showtime listings fall within the scope of the '078 patent claims, as suggested by Exhibit A to TV Guide's Responses to TMS's Interrogatories, please set forth the basis for that contention, and TMS will consider producing the source code relating to the movie showtime lookup feature of www.zap2it.com.

Please let us know if these terms are acceptable to TV Guide, and we will prepare the source code for production. If not, we propose the parties schedule a meet and confer for Thursday, July 20, 2006, any time between 2 and 5 PM Central time.

     TV Guide raised for the first time on our meet and confer yesterday its challenge to TMS's objection to TV Guide's Interrogatory No. 4 regarding the proper time period for which TMS provide revenue information. TMS maintains that its objection is proper. Nonetheless, TMS will provide a revenue summary for the period 1999-2005 for www.zap2it.com, which may be found at production number TMS 0021252.

     Finally, Mr. Levine's absence from the country should not affect the availability of the Gifford Krass firm to complete its document production and make itself available for the requested deposition. Please provide the date by which the Gifford Krass firm will complete its production and the dates on which its designee would be available for deposition. Please also let us know when Mr. Levine plans to return to the U.S. so we can lock in his deposition date now.

                                        Sincerely,

                                        Meredith Zinanni

cc:    Frederick L. Cottrell, III
       Richard K. Hermann



FISH & NEAVE IP GROUP

ROPES & GRAY LLP

1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

July 25, 2006

**VIA FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

Further to our telephone discussion of July 24, 2006, we await your response to our proposal regarding the production of computer source code. In our discussion, we proposed that TMS place the complete source code for www.Zap2It.com on an external hard drive that can be connected to the USB port of a computer. That hard drive should include the necessary information and software for compiling and running the source code. If there is a version control system, relevant versions of the software should be extracted and placed on the hard drive in an accessible format. If you would like to discuss the terms of the source code production further, we remain available for further discussion. Due to the ongoing delay in the production of technical documentation, time has become of the essence with respect to the production of technical documentation. Please let us have your acceptance of these terms of source code

ROPES & GRAY LLP

Meredith Zinanni, Esq.                     - 2 -                          July 25, 2006

production no later than tomorrow and let us know by what date TMS will produce the complete
source code.

Sincerely yours,

Stuart W. Yothers

SWY:sj

cc:    Frederick L. Cottrell, III, Esq.
       Richard K. Herrmann, Esq.
       Michael A. Parks, Esq.
       Tina Rae Hernandez, Esq.



FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

July 28, 2006

**VIA FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

      I received your voicemail message yesterday agreeing to produce electronic documents as .tif images on CDs. TV Guide Online's future productions to TMS will be made in accordance with this agreement.

      We still await your response to our proposal for the production of TMS's source code for www.Zap2It.com, which was made to you in a telephone conference on July 24, 2006 and restated in a letter of July 25, 2006. Your ongoing delay in producing the source code continues to prejudice TV Guide Online. TV Guide Online has made a more than reasonable proposal to ensure the protection of the information contained in TMS's source code. Please let us have your agreement with our proposal and let us know by what date TMS will produce the complete source code by the close of business today. Otherwise, we will be forced to bring TMS's lack of cooperation in producing the source code to Judge Jordan's attention.

      Sincerely yours,

Stuart W. Yothers

SWY:sj

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax (312) 660-8036

July 28, 2006

**Via Facsimile**
646-728-2957

Stuart W. Yothers
Fish & Neave IP Group of Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

Re:    *TV Guide Online v. Tribune Media Services*

Dear Stuart:

I write in response to your letters of July 25, 2006 and today regarding the production of the source code for www.zap2it.com.

We do not agree that TV Guide's proposal for this production is "more than reasonable." TV Guide's proposal that the source code be provided on a portable hard drive simply does not provide sufficient protection for this proprietary information.

For example, TV Guide has not agreed to TMS' proposal, made in a letter from me to Chris Harnett on July 19, 2006, that source code will be treated at a higher level of confidentiality than documents designated Confidential under the protective order. TMS will not agree to any proposal to produce source code that allows in-house personnel, including the in-house attorneys designated under the protective order, to have access to this source code. Only outside counsel and outside technical experts authorized under the protective order may have access to the source code. Furthermore, TMS will not agree to any proposal that allows TV Guide Online to make copies of the source code, upload the source code to more than one computer, or connect a computer viewing or operating the source code to the internet.

Therefore, TMS proposes the parties exchange source code for their respective websites under the following conditions:

- Each party will load a single copy of the complete source code for the websites at issue — www.zap2it.com and www.tvguide.com — onto a laptop computer to be given to the other party's counsel.

London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.



Stuart W. Yothers
July 28, 2006
Page 2

- No copies of the source code may be made, except to the extent copies of the source code are made during the compilation and operation of the code, nor may the source code be connected or downloaded to a portable medium of any kind.

- The laptop computer shall be maintained at the offices of outside counsel — Ropes & Gray in New York and Kirkland & Ellis in Chicago — except in the event of depositions or court proceedings for which the source code is required, in which case the computer may be transported to the location where the deposition or court proceeding is to occur.

- At no time shall the laptop computer on which the source code is loaded be connected to the internet, a local area network, or any other computer or network.

- No in-house personnel, including the in-house counsel designated to receive confidential information under the Protective Order, shall have access to the source code. Only outside counsel and experts designated to receive confidential information under the Protective Order shall have access to the source code.

- At the conclusion of the case, the laptop computers shall be returned to the producing party. The parties will not have the option of certifying that the information has been destroyed under Paragraph 25 of the Protective Order.

- All other provisions of the Protective Order regarding the treatment of confidential information shall be applicable.

We are awaiting confirmation that this proposal is acceptable to our client, but we believe this proposal will address its concerns regarding protecting the source code's confidentiality, while providing TV Guide with the ability to use and analyze the source code as requested. Please let us know if TV Guide has any objections to this proposal, so that we may move towards resolving this issue.

Sincerely,

Meredith Zinanni

cc:    Frederick I. Cottrell, III, Esq.
       Christopher Harnett, Esq.
       Richard K. Hermann, Esq.

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Meredith Zinanni
To Call Writer Directly:
312 861-2010

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8036

August 8, 2006

**VIA FACSIMILE**

Stuart W. Yothers, Esq.
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Re:    *TV Guide Online v. Tribune Media Services*, C.A. No. 05-CV-725-KAJ

Dear Stuart:

To confirm our conversation of last Wednesday, August 2, 2006, TMS will agree to produce source code under the proposal made in my letter to you dated July 28, 2006, with the exception that the source code must be maintained at the party's counsel's office (i.e., the source code for zap2it.com will be maintained in Chicago at the offices of Kirkland & Ellis and the source code for tvguide.com will be maintained in New York at the offices of Ropes & Gray). However, as discussed during that call, the zap2it.com source code cannot be compiled and run unless it is connected to a web server and a database of television listings data. We are awaiting your response to this proposal.

Sincerely,

Meredith Zinanni

cc:    Frederick L. Cottrell, III, Esq.
Richard Herrmann, Esq.

London       Los Angeles       Munich       New York       San Francisco       Washington, D.C.

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8038

August 10, 2006

**Via Facsimile**
646-728-2957

Stuart W. Yothers
Fish & Neave IP Group of Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

    *Re:*   *TV Guide Online v. Tribune Media Services*

Dear Stuart:

    I write to confirm TMS's final proposal regarding the production of source code. Please note that, as previously indicated, the source code related to the television listings feature of www.zap2it.com cannot be compiled and run without being connected to a web server and a database of television listings data. TMS will agree to provide the source code for www.zap2it.com under the following conditions:

- TMS will load a single copy of the complete source code for www.zap2it.com onto a laptop computer. The laptop computer will be maintained at the offices of Kirkland & Ellis in New York. In the event of depositions or court proceedings for which the source code is required, counsel for TV Guide shall notify Kirkland & Ellis of the need to have the source code available, and arrangements will be made to transport the laptop computer to the location where the deposition or court proceeding is to occur.

- No copies of the source code may be made, except to the extent copies of the source code are made on the laptop computer during the examination of the code, nor may the source code be connected or downloaded to a portable medium of any kind.

- At no time shall the laptop computer on which the source code is loaded be connected to the internet, a local area network, or any other computer or network.

- No in-house personnel, including the in-house counsel designated to receive confidential information under the Protective Order, shall have access to the source code. Only outside counsel and experts designated to receive confidential information under the Protective Order shall have access to the source code.

London      Los Angeles      Munich      New York      San Francisco      Washington, D.C.

Stuart W. Yothers
August 10, 2006
Page 2

- All other provisions of the Protective Order regarding the treatment of confidential information shall be applicable.

TMS will agree to the same restrictions for the production of the source code for www.tvguide.com, but requests that TV Guide make the source code available for inspection at a Chicago location, if possible.

The source code for www.zap2it.com is highly confidential, proprietary and sensitive information, and TMS must take the necessary measures to protect such material — particularly in light of TV Guide's request for the complete code for the zap2it.com website, rather than just those portions of the code related to the functionality at issue in this case. TMS will have the source code available for inspection in Kirkland & Ellis' New York office within 5 business days of TV Guide's acceptance of this proposal.

Sincerely,

Meredith Zinanni

cc:    Frederick I. Cottrell, III, Esq.
       Richard K. Herrmann, Esq.



ROPES & GRAY

FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

August 11, 2006

**VIA FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

I write in response to your letters of August 10, 2006 and August 8, 2006 and in connection with our discussion of August 9, 2006. Your proposal to maintain source code at the office of the producing party's counsel is unacceptable. As I told you in our conversation on Wednesday, August 2, 2006, TV Guide Online believes that the source code's confidentiality and security would be more than adequately maintained in its expert's possession. Moreover, I explained that it was unreasonable for our expert to fly to your offices – whether in Chicago or New York – whenever he needs to work with the source code.

TV Guide Online has retained a reputable expert -- Mr. Cole -- who has years of experience handling parties' sensitive and highly confidential source code. Mr. Cole has undertaken to be bound by the terms of the protective order entered by Judge Jordan and has subjected himself to the jurisdiction of the Court. Providing TMS's source code to TV Guide Online's expert for study in his own office pursuant to the other terms you have proposed (e.g., not making copies of the source code, not connecting the device storing the source code to the Internet or any other network, etc.) will provide more than adequate security for TMS's source code. Accordingly, Mr. Parks' suggestion Wednesday that this arrangement would amount to TMS's source code "floating out there" is simply incorrect.

TV Guide Online is seeking the source code for zap2it.com in the most complete electronic form possible, and TMS's repeated presentation of unacceptable terms can be read as nothing more than evidence of TMS's unwillingness to produce the source code and cooperate in the discovery process. We have been around and around on the source code issue for several

ROPES & GRAY LLP

Meredith Zinanni, Esq.                    - 2 -                    August 11, 2006

weeks now.  Unfortunately, every time we seem to come close to an agreement, TMS presents new obstacles to the production of the source code -- information that TMS's own 30(b)(6) witness confirmed earlier this week was highly relevant.  We are obviously at an impasse and we intend to raise the issue with the Court in connection with the August 21 telephone conference.

Sincerely yours,

Stuart W. Yothers

SWY:sj

cc:    Frederick L. Cottrell, III, Esq.
       Richard K. Herrmann, Esq.
       Michael A. Parks, Esq.
       Tina Rae Hemandez, Esq.

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8036

August 16, 2006

**Via Facsimile**
646-728-2957

Stuart W. Yothers
Fish & Neave IP Group of Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

Re:    *TV Guide Online v. Tribune Media Services*

Dear Stuart:

I write in response to your letter dated August 11, 2006 regarding the production of source code. It appears the only remaining dispute between the parties is the location where the laptop computer on which the source code has been loaded will be maintained. TMS cannot agree to the maintenance of this computer at the offices of Mr. Cole. However, in an effort to compromise, TMS will agree to place the laptop in the hands of an escrow agent located in Austin, Texas, for Mr. Cole's convenience. TMS is working now to identify such an escrow agent. Please let us know if this is an acceptable compromise to TV Guide.

Sincerely,

*Meredith Zinanni* / SLM

Meredith Zinanni

cc:    Frederick I. Cottrell, III, Esq.
Richard K. Hermann, Esq.

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.