# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TV GUIDE ONLINE, INC. and | ) | |
| TV GUIDE ONLINE, LLC, | ) | |
| Plaintiffs, | ) | C.A. No. 05-725-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| TRIBUNE MEDIA SERVICES, INC., | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS (Nos. 1-94)

Defendant Tribune Media Services, Inc., pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Plaintiffs TV Guide Online, LLC and TV Guide Online, Inc. produce for inspection and copying the following documents and things within 30 days from receipt hereof, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

### REQUESTS FOR PRODUCTION

1.      All documents and things identified, mentioned, referenced in, reviewed or relied upon in responding to Defendant's First Set of Interrogatories to Plaintiffs.

2.      All documents and things referring to, relating to or concerning U.S. Patent No. 5,988,078 ("the '078 patent").

3.      All documents and things constituting, referring or relating to any Related Application of the '078 patent and any Related Patent.

4.      All documents and things constituting, referring or relating to the prosecution history of the '078 patent, including from the patent prosecution attorneys, from TV Guide and its attorneys, from Michael R. Levine and his attorneys, from Smart VCR Limited and its

1

attorneys, and from any other Person involved in the filing and/or prosecution of the '078 patent application.

5.    All documents and things constituting, referring or relating to the prosecution history of any Related Application of the '078 patent, including from the patent prosecution attorneys, from TV Guide and its attorneys, from Michael R. Levine and his attorneys, from Smart VCR Limited and its attorneys, and from any other Person involved in the filing and/or prosecution of the '078 patent application.

6.    All documents and things evidencing, referring or relating to the novelty, patentability, validity, or enforceability of the '078 patent or any Related Application.

7.    All articles or papers authored by the named inventor of the '078 patent, including internal technical memoranda.

8.    All documents and things referring or relating to the named inventor of the '078 patent, including notes, notebooks, journals, reports, e-mails, technical files, diaries, appointment calendars, trip reports, employment agreements and records of compensation.

9.    All documents and things constituting, evidencing, referring or relating to the conception, research, testing, design, reduction to practice, or other development of each alleged invention claimed in the '078 patent, including all documents and things corroborating the alleged date of conception and the alleged date of any actual reduction to practice of each alleged invention claimed in the '078 patent.

10.    All documents and things evidencing, referring or relating to the contribution of any Person, in any way, to the conception, research, testing, design, reduction to practice, or other development of each alleged invention claimed in the '078 patent.

2

11.    All documents and things constituting, evidencing, referring or relating to any of the following activities with regard to the claimed subject matter of the '078 patent:

(i)     first written description and/or drawing of such subject matter;

(ii)    first publication of such subject matter;

(iii)   first promotion of such subject matter;

(iv)    first advertisement of such subject matter;

(v)     first manufacture of such subject matter;

(vi)    first use of such subject matter;

(vii)   first offer for sale of such subject matter;

(viii)  first sale of such subject matter;

(ix)    first availability to the public of knowledge of such subject matter; and

(x)     first public use of such subject matter.

12.    All documents and things evidencing, referring or relating to TV Guide's or its licensees' use of the technology claimed in the '078 patent.

13.    Documents sufficient to show each product (including websites) made, used, offered for sale, sold, or provided by TV Guide or its licensees that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

14.    All documents and things evidencing, referring or relating to the dates on which TV Guide and its licensees marked with the '078 patent number any product (including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the inventions claimed in the '078 patent.

15.    All documents and things evidencing, referring or relating to the features, functions, operation or performance of any product (including websites) made, used, offered for

3

sale, sold, provided, or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

16.    All documents and things evidencing, referring or relating to persons who participated in the design or development of any product (including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

17.    All documents and things constituting, evidencing, referring or relating to any communication between TV Guide and any customer, potential customer, user, distributor, manufacturer or other third-party relating to any product (including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

18.    All documents and things evidencing, referring or relating to any contacts between TV Guide, or anyone acting or purporting to act on TV Guide's behalf, and any party other than TV Guide, regarding the '078 patent, the alleged inventions claimed therein or this litigation.

19.    All documents and things evidencing, referring or relating to the field of art for the '078 patent and to the level of ordinary skill in such art.

20.    All items known to, made known to or considered by any Person involved in the prosecution of the '078 patent as prior art or potential prior art to part or all of the claimed subject matter of the '078 patent or any Related Application.

21.    All documents or things constituting, referring or relating to, or obtained as a result of, any patentability, validity, enforceability or prior art search, study, report, opinion or

4

analysis relating to the subject matter claimed or disclosed in the '078 patent or any Related Application, including any prior art identified through such search, study, or analysis.

22.    For each interactive program guide made, used, sold, offered for sale, provided or licensed by TV Guide (as defined herein) before 1993, all documents and things evidencing, referring, or relating to how the user received local program schedule information, including whether any geographical location information was entered during the initialization routine.

23.    All documents and things evidencing, referring, or relating to how cable operators and direct broadcast satellite providers received local program schedule information from TV Guide (as defined herein) before 1993.

24.    All documents and things evidencing, referring, or relating to ownership and assignment of any rights in or to the '078 patent, including but not limited to all such agreements involving Michael Levine, Smart VCR Limited Partnership, Index Systems Inc., Gemstar Development Corporation, Gemstar-TV Guide International, Inc., or TV Guide Online, LLC, and including all documents and things relating to TV Guide's allegation that "The predecessor in ownership of the '078 patent, a company now associated with TV Guide Online, and its affiliated companies, recognized the importance and value of Mr. Levine's invention and acquired the patent application that resulted in the '078 patent."

25.    All documents and things referring or relating to any of TMS's products (including websites) that TV Guide contends infringe the '078 patent.

26.    All documents and things constituting, referring or relating to each study, report, test, opinion, or other evaluation that TV Guide has received, conducted, or prepared, or had conducted or prepared, concerning any of TMS's products (including websites).

5

27.    All documents identifying the actual product(s) (including websites) inspected, analyzed, and/or tested by or for TV Guide that formed the basis of the infringement allegations in TV Guide's Complaint in this litigation.

28.    All documents and things constituting, referring or relating to any communications between TV Guide and TMS regarding the '078 patent or any communications between TV Guide and TMS regarding any product (including websites) made, used, offered for sale, sold or provided by TMS that TV Guide contends infringes the '078 patent.

29.    All prior art, all sworn statements, all transcripts, all expert reports, all discovery responses, all dispositive motions and related filings, and all decisions from any lawsuit or other legal proceeding before any court or agency to which TV Guide is or was a party, whether pending or settled, involving interactive program guide technology, including but not limited to: (1) *Gemstar Development Corp. v. StarSight Telecast Inc.*, 93-CV-6903 (C.D. Cal) transferred to *Starsight Telecast, Inc. v. Gemstar Development Corp. and Michael C. Levine*, 93-CV-20777 (N.D. Cal.), (2) *Prevue Interactive, Inc. and United Video Satellite Group, Inc. v. Starsight Telecast, Inc.*, 93-CV-934 (N.D. Okla.), *Gemstar Development Corp. and StarSight Telecast, Inc. v. Prevue Networks Inc. and Telecast Inc.*, 98-CV-20778 (N.D. Cal.) transferred to *Gemstar Development Corp., Superguide, Inc. and StarSight Telecast, Inc. v. Prevue Networks, Inc.*, 99-CV-127 (N.D. Okla.), (3) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), (4) *Superguide Corp. v. DirecTV Enterprises, Inc.*, No. 1:00CV144 (W.D.N.C.), (5) *Starsight Telecast, Inc. v. TiVo, Inc.*, C 00-00186 and 00-CV-20133 (N.D. Cal.), and (6) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

30.    All sworn statements, all transcripts, all expert reports, all discovery responses, **all** dispositive motions and related filings, and all decisions from any lawsuit or other legal proceeding before any court or agency to which TV Guide is or was a party, whether pending or settled, involving patent misuse and/or antitrust defenses or claims, including but not limited to: (1) *Gemstar Development Corp. v. StarSight Telecast Inc.*, 93-CV-6903 (C.D. Cal) transferred to *Starsight Telecast, Inc. v. Gemstar Development Corp. and Michael C. Levine*, 93-CV-20777 (N.D. Cal.), (2) *Prevue Interactive, Inc. and United Video Satellite Group, Inc. v. Starsight Telecast, Inc.*, 93-CV-934 (N.D. Okla.), *Gemstar Development Corp. and StarSight Telecast, Inc. v. Prevue Networks Inc. and Telecast Inc.*, 98-CV-20778 (N.D. Cal.) transferred to *Gemstar Development Corp., Superguide, Inc. and StarSight Telecast, Inc. v. Prevue Networks, Inc.*, 99-CV-127 (N.D. Okla.), (3) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (4) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

31.    All documents referring or relating to the Department of Justice investigation into the merger of Gemstar and TV Guide.

32.    All documents and things constituting, relating or referring to any investigation, charge, claim, or allegation of patent infringement under the '078 patent made by or on behalf of TV Guide.

33.    All documents and things constituting, relating or referring to any contention by any person or entity regarding:

    (i)    the construction of the claims of the '078 patent;

    (ii)    infringement or noninfringement of the '078 patent;

    (iii)    validity or invalidity of the '078 patent; and/or

    (iv)    enforceability or unenforceability of the '078 patent.

7

34.    All documents and things constituting, memorializing, referring or relating to any sworn statements, including affidavits, declarations, and hearing, deposition or trial testimony, of:

(i)    the named inventor of the '078 patent;

(ii)    any person involved in the prosecution of the '078 patent; and/or

(iii)    any person whom TV Guide expects to call as a witness (including as an expert witness) at trial.

35.    All documents and things constituting, relating or referring to any communications regarding the '078 patent, including, but not limited to, communications:

(i)    with licensees and potential licensees to the '078 patent;

(ii)    with the named inventor of the '078 patent;

(iii)    regarding the scope of the claims of the '078 patent;

(iv)    regarding alleged infringement of the '078 patent;

(v)    regarding the validity of the '078 patent; and/or

(vi)    regarding the enforceability of the '078 patent.

36.    All documents and things constituting, referring or relating to any objective evidence of non-obviousness that TV Guide contends relates to the validity or invalidity of the '078 patent.

37.    All documents and things evidencing, referring or relating to the date and circumstances upon which TV Guide first had knowledge of www.Zap2It.com, first investigated whether TMS was allegedly infringing the '078 patent, first became aware that TMS was allegedly infringing the '078 patent, first gave notice to TMS of the '078 patent, and first communicated to TMS a specific charge of infringement by www.Zap2It.com.

38.    All documents and things evidencing, referring or relating to the decision and decision-making process engaged in by TV Guide to bring this action.

8

39. All documents and things evidencing, referring or relating to TV Guide's knowledge of www.Zap2It.com prior to issuance of the '078 patent, whether generated before or after issuance.

40. All documents and things constituting, evidencing, referring to, relating to or concerning any internal TV Guide communications regarding www.Zap2It.com.

41. All documents and things constituting, evidencing, referring to, relating to or concerning any communications between TV Guide and another regarding www.Zap2It.com.

42. All documents and things referring to, relating to or concerning the structure, features, functions, operation or performance of www.Zap2It.com.

43. All documents and things constituting, evidencing, referring to, relating to or concerning each study, report, test, opinion, or other evaluation that TV Guide has received, conducted, or prepared, or had conducted or prepared, concerning www.Zap2It.com.

44. All documents and things constituting, evidencing, referring to, relating to or concerning a comparison between the disclosure or claims of the '078 patent and any product, including but not limited to any TV Guide or TMS product (including websites).

45. All documents and things constituting, evidencing, referring to, relating to or concerning a comparison between any product (including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the inventions claimed in the '078 patent, including but not limited to www.tvguide.com/listings/, and any other product, including but not limited to any TV Guide or TMS product (including websites).

46. All documents and things constituting, evidencing, referring to, relating to or concerning a comparison between www.tvguide.com/listings/ and www.Zap2It.com.

9

47.     All documents and things constituting, evidencing, referring to or relating to any of the following activities with regard to www.tvguide.com/listings/, including any predecessor products:

(i)     first publication;

(ii)    first promotion;

(iii)   first advertisement;

(iv)    first manufacture;

(v)     first use;

(vi)    first offer for sale;

(vii)   first sale;

(viii)  first availability to the public of knowledge of www.tvguide.com/listings/; and

(ix)    first public use.

48.     Documents and things sufficient to show the persons who participated in the conception, design or development of www.tvguide.com/listings/.

49.     All documents and things referring or relating to the promotion, marketing, advertisement, license or sale of any product (including websites) allegedly covered by the claims of the '078 patent, including but not limited to, press releases, price lists, pamphlets, brochures, specification sheets, and catalogs.

50.     All documents and things referring or relating to the promotion, marketing, or sale of advertisements for www.tvguide.com/listings/, including but not limited to press releases, price lists, pamphlets, brochures, specification sheets, and catalogs.

51.     All documents and things referring or relating to TV Guide's allegation that "TV Guide Online, Inc. generates advertising revenue through the operation of www.tvguide.com," including but not limited to agreements with others regarding advertising on www.tvguide.com,

documents sufficient to show the gross and net revenues generated from advertisements on www.tvguide.com, and the monthly unique visitors to www.tvguide.com from the date www.tvguide.com was first made publicly available to the present day.

52.     All documents and things referring or relating to marketability, market surveys, market reports, or customer surveys concerning any product (including websites) sold or offered by or for TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

53.     All documents referring or relating to any offer to license, requests for or negotiations relating to a license, cross-license, offer to sell, permission, waiver, immunity, or forbearance referring or relating to the '078 patent, any Related Patent, any Related Application, any foreign counterpart, or any product TV Guide contends embodies or practices the alleged invention(s) claimed in the '078 patent, including but not limited to documents sufficient to show the identity of each former and current licensee and the identity of outside counsel, agents or representatives involved in the licensing or negotiations.

54.     All documents referring or relating to TV Guide's request for damages under the '078 patent or any Related Patent.

55.     Copies of all TV Guide annual reports, required financial filings, and other financial statements including statements of operations, balance sheets, statements of changes in retained earnings and notes thereto, whether prepared for internal or external purposes, from 1998 to present.

56.     All documents referring or relating to the revenues, sales, projected sales, and/or market share of any TV Guide products (including websites) that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

11

57.    All documents referring or relating to the amount of profit made or loss incurred by TV Guide on any product (including websites) sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

58.    All documents referring or relating to TV Guide's contentions as to the amount of profit attributable to any claimed feature of the '078 patent that TV Guide made on products (including websites) sold, provided or licensed by TV Guide that embody or practice the alleged inventions claimed in the '078 patent.

59.    All documents and things concerning the revenues, profitability, objectives, goals, royalties, licensing fees, income or other benefits realized by TV Guide's patent-enforcement or patent-licensing programs involving the '078 patent and/or Related Patents or Related Applications or foreign counterparts thereto.

60.    All documents constituting, referring or relating to any financial statements or other summaries that identify the gross and/or net profit or loss TV Guide has obtained from the sale, license, or other use of the '078 patent and/or any products (including websites) that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

61.    All documents referring or relating to the costs attributable to the '078 patent or any product TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent, including standard manufacturing costs (material, labor and overhead), research and development efforts and costs, actual total cost or variances from standard costs, bills of materials and/or overhead rates, total costs, fixed costs, variable costs, and/or marginal costs.

62.    All documents and things concerning any of TV Guide's contentions regarding the presence or absence of non-infringing substitutes for the alleged inventions embodied in the '078 patent.

12

63.    All documents and things referring or relating to TV Guide's policies for licensing intellectual property rights to or from others.

64.    All documents referring or relating to royalty rates and royalty bases which TV Guide contends should apply to any revenues generated from products (including websites) found to infringe the '078 patent.

65.    All documents referring or relating to any lost profits or lost sales that TV Guide contends have resulted, or which TV Guide believes will result, from TMS's alleged infringement.

66.    A current organizational chart for Gemstar-TV Guide International, Inc., or if none exists, documents sufficient to determine the organizational structure of Gemstar-TV Guide International, Inc.

67.    Pre-merger organizational charts for both Gemstar International Group Limited and TV Guide, Inc., or if none exist, documents sufficient to determine the pre-merger organizational structure of both Gemstar International Group Limited and TV Guide, Inc.

68.    All documents and things exchanged between TV Guide and any person from whom TV Guide expects to offer testimony (including experts) in this action.

69.    All documents and things, including any statements or reports, provided to or received from any expert witness who has offered any opinion or who has been designated to offer any opinion concerning the '078 patent at any time.

70.    All documents and things TV Guide may use as exhibits at trial, at any hearing or at any deposition in this action.

71.    All documents and things TV Guide may rely upon in support of any claims made or in response to any defenses asserted in this action.

72. All documents referring or relating to any TV Guide policy regarding the retention and/or destruction of paper, electronic, and/or e-mail documents, or any document in any other medium.

73. All documents and things referring or relating to TV Guide's allegation that "TMS's infringement of the '078 patent is, has been, and continues to be willful and deliberate."

74. All TV Guide licenses and all other agreements that you contend permit or authorize any third party to practice any patent which TV Guide owns or for which TV Guide otherwise has the right to sue for patent infringement.

75. All documents constituting, referring to, or relating to communications between TV Guide and any licensee or prospective licensee to negotiate or otherwise discuss the terms of any TV Guide license or other agreement that you contend permits or authorizes any third party to practice any patent which TV Guide owns or for which TV Guide otherwise has the right to sue for patent infringement.

76. All documents constituting, referring to, or relating to communications among TV Guide's officers, directors, employees, contractors, or agents regarding the terms of any TV Guide license or other agreement that you contend permits or authorizes any third party to practice any patent which TV Guide owns or for which TV Guide otherwise has the right to sue for patent infringement.

77. All licenses and all other agreements that you contend permit or authorize any party to practice any alleged invention of the '078 patent or any Related Patent.

78. All documents constituting, referring to, or relating to communications between TV Guide and any licensee or prospective licensee to negotiate or otherwise discuss the terms of

14

any TV Guide license or other agreement that you contend permits or authorizes any third party to practice any alleged invention of the '078 patent or any Related Patent.

79.    All documents constituting, referring to, or relating to communications among TV Guide's officers, directors, employees, contractors, or agents regarding the terms of any TV Guide license or other agreement that you contend permits or authorizes any third party to practice any alleged invention of the '078 patent or any Related Patent.

80.    All licensing documents that relate to, refer to, or concern the '078 patent.

81.    All documents and things that comprise, relate to, refer to or concern licenses entered into or contemplated by TV Guide in the field of interactive program guide technology.

82.    All communications, testimony, and correspondence between TV Guide and the Department of Justice, or any other government agency, relating to, referring to, or concerning interactive program guide technology.

83.    All communications, testimony, and correspondence between TV Guide and the Department of Justice, or any other government agency, relating to, referring to, or concerning any future actions TV Guide would or would not take with respect to interactive program guide technology, including, without limitation, the '078 patent.

84.    All communications, testimony, and correspondence between TV Guide and the Department of Justice, or any other government agency, relating to, referring to, or concerning TV Guide's licensing of interactive program guide technology.

85.    All documents relating to, referring to or otherwise describing any policy of TV Guide with respect to taking or granting licenses to interactive program guide technology, including the '078 patent.

15

86.    All licenses relating to interactive program guide technology which contain a covenant not to sue, or non-assertion clause, grantback clause, or any other provisions that permit TV Guide and/or any TV Guide customer or licensee to practice technology not owned by TV Guide.

87.    All documents relating to any discussions, communications, or negotiations with licensees or prospective licensees of interactive program guide technology regarding a covenant not to sue, non-assertion clause, grantback clause, or any other provisions that permit TV Guide and/or any TV Guide customer or licensee to practice technology not owned by TV Guide.

88.    All documents referring to, relating to, or comprising communications among TV Guide's officers, directors, employees, contractors, or agents regarding a covenant not to sue, non-assertion clause, grantback clause, or any other provisions that permit TV Guide and/or any TV Guide customer or licensee to practice technology not owned by TV Guide.

89.    All documents constituting or relating to any agreements creating a covenant not to sue or assert patents against any third party relating to the '078 patent or any Related Patent and all documents relating to negotiations thereof.

90.    All documents evidencing, referring to or relating to any suggestion, argument or contention which has been asserted by any third party of patent misuse or antitrust violations relating to the '078 patent or any Related Patent.

91.    All documents that refer, relate to, or otherwise describe the inclusion of the '078 patent in TV Guide's intellectual property portfolio, including, but not limited to:

  (i)    any offered, requested, rejected, accepted or consummated assignments, licenses, sublicenses, releases, offers to license, requests to license, covenants not to sue, manufacturing rights or other grant of rights relating to the '078 patent, the patent application from which the '078 patent issued, and all foreign counterparts thereof, alone or in combination with other foreign counterparts thereof, alone or

16

in combination with other foreign or domestic patents, patent applications or other consideration;

(ii)     any value assigned to the '078 patent alone or together with other patents or consideration, including as part of an intellectual property portfolio for any acquisition, merger, divestiture, etc.;

(iii)    any license or other agreement between TV Guide and any individual named as an inventor on the '078 patent; any assignment, license, or sublicense of any rights thereunder, including, but not limited to, draft licenses, side letters, and prior, contemporaneous or subsequent correspondence;

(iv)    all documents constituting or referring to the assignment to TV Guide of the entire rights, titles and interests in the '078 patent.

92.    All transcripts or minutes of any conference calls, meeting, discussions, or communications that TV Guide has had with third party analysts, investors, shareholders, or media personnel, including, without limitation, transcripts of conference calls, meeting, discussions, or communications concerning patents, interactive program guide technology, market performance, competition, TMS, litigation, earnings, licensing, and related topics.

93.    All documents referring or relating to TV Data Technologies, including any agreements entered into with TV Data Technologies.

94.    All documents and things referring or relating to the National Association of Television Program Executives.

## APPENDIX A

### DEFINITIONS

For purposes of these interrogatories, the following terms shall have the meaning set forth below:

A.     "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their officers, directors, current and former employees, counsel, agents, consultants, representatives and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

B.     "TMS" refers to Tribune Media Services, Inc. itself, and its officers, directors, current and former employees, counsel, agents, consultants, representatives and any other persons acting on behalf of any of the foregoing, and includes TMS's affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TMS, and all predecessors and successors in interest to such entities.

C.     "You," "your," or "Plaintiff" means TV Guide, as previously defined.

18

D.     "Person" or "persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization or entity, including all governmental entities, agencies, officers and departments.

E.     "Document" means all material defined in Federal Rule of Civil Procedure 34 that is or has been at any time under TV Guide's possession, custody or control, referring, relating or pertaining in any way to the subject matter to which the interrogatories refer and includes, without limitation, originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not, in any form, including documents stored electronically, any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including, but without limitation, notes, memoranda, correspondence, letters, reports, studies, E-mail, telegrams, publications, contracts, manuals, business plans, proposals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, advertisements, promotional materials, periodicals, prior art, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, film, video tape, audio recordings, tapes, databases, electronic files, software, source code, transcriptions of recordings, computer data, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, maps, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records.  The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks, floppy disks, CD ROMs, back-

up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

F.    The terms "concerning," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

G.    "Communication" means any transmission, exchange or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

H.    "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

I.    "Including" means including but not limited to.

J.    "Any" or "each" should be understood to include and encompass "all."

K.    The singular shall include the plural and the masculine gender shall include the feminine and the gender neutral.

L.    "Prior art" means all documents and activities that constitute, describe or refer to part or all of the subject matter claimed in the '078 patent prior to the filing date of the patent, including any products and services (including websites) containing the same. By way of example, and without limitation, the term "prior art" includes the items described in 35 U.S.C. §§

102 and 103, including publications, patents, physical devices, prototypes, knowledge, uses, sales, and offers for sale and any document or thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date.

M.     "Related Application" means any application in the prosecution history of the '078 patent (including parent, grandparent and all other predecessor applications), and all applications related to the referenced patent, any continuations, continuations-in-part, divisions, interferences, reexaminations, reissues, parents, foreign counterpart applications, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the referenced patent, or claiming the benefit of the filing date of any application whose benefit is claimed in the referenced patent, whether or not abandoned and whether or not issued.

N.     "Related Patent" means any patent that issued from a "Related Application."

O.     "Foreign counterpart" means any and all non-U.S. patents corresponding to or claiming priority from the '078 patent, any application related to the '078 patent, or the subject matter of the '078 patent, regardless of whether such application is now abandoned.

## INSTRUCTIONS

A.     The requests herein shall be deemed to include any and all relevant documents within the possession, custody or control of TV Guide, including without limitation documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys and accountants of TV Guide.

B.     Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

C.     These requests are not limited as to time period unless so stated.

D.     These requests are continuing in nature.

21

E.    These requests seek both information which is in your possession and which is within your custody, control or obtainable by you.

F.    If you withhold production of any documents or things, or refuse to answer, on grounds of privilege, please timely provide a privilege log stating, for each document or thing withheld, (1) the number of pages, if applicable, (2) the author and all recipients (including by way of example, all recipients listed in the "To:" as well as the "CC:" and "BCC:" fields of an e-mail or memorandum), (3) the date of creation, (4) a description of the contents, and (5) the basis for withholding production, including any applicable privileges.

Dated: March 2, 2006

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Attorneys for Defendant*
*Tribune Media Services, Inc.*

23