# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC. <br><br> Defendant. | C.A. No.: 05-CV-725-KAJ <br><br> **JURY TRIAL DEMANDED** <br><br> **CONFIDENTIAL** |

## PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS (NOS. 1-94)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs TV Guide Online, LLC and TV Guide Online, Inc. (collectively, "Plaintiffs") respond to Defendant Tribune Media Services, Inc.'s ("Defendant") First Set of Requests for the Production of Documents and Things to Plaintiffs (Nos. 1-94) as follows:

## GENERAL OBJECTIONS

Each of Plaintiffs' responses to Defendant's First Set of Requests for the Production of Documents and Things is subject to, and incorporates, the following General Objections. Plaintiffs specifically incorporate each of these General Objections into its specific responses to each of Defendant's requests, whether or not each such General Objection is expressly referred to in a specific response. Plaintiffs' responses are made without waiving any of these General Objections.

1.      Plaintiffs object to Defendant's requests to the extent they seek to impose requirements or obligations on Plaintiffs in addition to, beyond the scope of, or

different from those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the District of Delaware.

2.      Plaintiffs object to these requests to the extent they call for production of confidential information prior to issuance of a suitable protective order. Until a protective order is issued, Plaintiffs will produce documents and things on "outside counsel of record only" basis as set forth by Local Rule 26.2.

3.      Plaintiffs object to these requests as unduly burdensome, overly broad and oppressive to the extent they are not reasonably calculated to lead to the discovery of admissible evidence, or seek documents that are not relevant to or are outside the scope of the claims, counterclaims or defenses of any party.

4.      Plaintiffs object to these requests as overly broad and unduly burdensome to the extent they seek production of documents and things that are not in the possession, custody or control of Plaintiffs, and therefore, exceed the proper scope of discovery. Plaintiffs will produce documents in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Delaware, located as the result of a reasonable search.

5.      Plaintiffs object to these requests to the extent they seek discovery of information subject to the attorney-client privilege, the attorney work product immunity and/or any other privileges or exemptions from production. Plaintiffs will exchange with Defendant a Schedule of Withheld Documents at a time agreed to by counsel. Further, to the extent any privileged document is inadvertently produced, Plaintiffs reserve all of their privileges with respect to such document, their right to object to inspection and copying of the document, their right to request that such document be returned, and their right to object to the admissibility of such document.

2

6.    Plaintiffs object to those requests that seek "all" information or documents that refer or relate to a particular subject to the extent it purports to require Plaintiffs to seek information or documents from each individual within Plaintiffs' organizations. Plaintiffs object to conducting a search of this breadth on the grounds of undue burden and expense and not being reasonably calculated to lead to the discovery of admissible evidence. In searching for pertinent information and documents, Plaintiffs will make an inquiry of all persons who are reasonably likely to have such information or documents.

7.    Plaintiffs object to these requests as vague and ambiguous to the extent they include terms that are undefined. Plaintiffs in their response will identify any terms they believe are vague and ambiguous and will assume a reasonable meaning for each such term.

8.    Plaintiffs object to these requests to the extent they call for confidential information of third parties that cannot be disclosed by Plaintiffs because of contractual obligation. If any such documents are identified, Plaintiffs will seek permission of the third party to produce the documents subject to a mutually acceptable protective order and will inform Defendant as to whether or not such permission is granted.

9.    Plaintiffs object to these requests to the extent that they seek publicly available information that is equally accessible to Defendant as it is to Plaintiffs.

10.    Plaintiffs object to these requests to the extent that they seek production of documents generated, created or dated after a reasonable cut-off date as per discussions between counsel.

3

11.     Plaintiffs object to these requests to the extent that they seek documents pertaining to activity outside of the United States.

12.     Plaintiffs object to each request that is substantially duplicative of another request.

13.     Plaintiffs expressly reserve the right to supplement these responses under Rule 26(e)(2), Fed. R. Civ. P., as necessary when discovery has further progressed.

14.     Plaintiffs object to these requests as being overly broad, unduly burdensome and oppressive to the extent they are unlimited in time.

15.     Plaintiffs object to producing documents without a place or time identified in Defendant's requests. Plaintiffs will produce documents at a time and place to be agreed to by counsel.

16.     Plaintiffs object to Defendant's Definition and Instruction A as vague and overly broad to the extent that it includes any corporation, business or entity other than the named Plaintiffs in this action.

17.     Plaintiffs object to Defendant's Instruction F as unduly burdensome and oppressive to the extent it seeks to impose any requirement or obligation on Plaintiffs beyond the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules, or this Court's Scheduling Order in this action.

18.     Plaintiffs object to these requests as being burdensome, harassing, and irrelevant to the extent they are directed to activities in the past that are unrelated to issues in this case and that took place under management that is no longer affiliated with Plaintiffs.

4

## RESPONSES TO PRODUCTION REQUESTS

### REQUEST NO. 1

All documents and things identified, mentioned, referenced in, reviewed or relied upon in responding to Defendant's First Set of Interrogatories to Plaintiffs.

### RESPONSE TO REQUEST NO. 1

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

### REQUEST NO. 2

All documents and things referring to, relating to or concerning U.S. Patent No. 5,988,078 ("the '078 patent").

### RESPONSE TO REQUEST NO. 2

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the

5

extent that it seeks production of patents or published patent applications that are publicly available.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 3

All documents and things constituting, referring or relating to any Related Application of the '078 patent and any Related Patent.

## RESPONSE TO REQUEST NO. 3

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent that it seeks production of patents or published patent applications that are publicly available.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 4

All documents and things constituting, referring or relating to the prosecution history of the '078 patent, including from the patent prosecution attorneys, from TV Guide and its attorneys, from Michael R. Levine and his attorneys, from Smart VCR Limited and its attorneys, and from any other Person involved in the filing and/or prosecution of the '078 patent application.

6

## RESPONSE TO REQUEST NO. 4

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 5

All documents and things constituting, referring or relating to the prosecution history of any Related Application of the '078 patent, including from the patent prosecution attorneys, from TV Guide and its attorneys, from Michael R. Levine and his attorneys, from Smart VCR Limited and its attorneys, and from any other Person involved in the filing and/or prosecution of the '078 patent application.

## RESPONSE TO REQUEST NO. 5

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the

7

extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 6

All documents and things evidencing, referring or relating to the novelty, patentability, validity, or enforceability of the '078 patent or any Related Application.

## RESPONSE TO REQUEST NO. 6

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent it is directed to pending patent applications. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 7

All articles or papers authored by the named inventor of the '078 patent, including internal technical memoranda.

## RESPONSE TO REQUEST NO. 7

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or

8

defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs. Plaintiffs further object to this request to the extent it seeks production of documents and things that are publicly available.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 8

All documents and things referring or relating to the named inventor of the '078 patent, including notes, notebooks, journals, reports, e-mails, technical files, diaries, appointment calendars, trip reports, employment agreements and records of compensation.

## RESPONSE TO REQUEST NO. 8

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs. Plaintiffs also object to this request on the ground that it seeks proprietary and confidential information that has no bearing in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

9

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 9

All documents and things constituting, evidencing, referring or relating to the conception, research, testing, design, reduction to practice, or other development of each alleged invention claimed in the '078 patent, including all documents and things corroborating the alleged date of conception and the alleged date of any actual reduction to practice of each alleged invention claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 9

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 10

All documents and things evidencing, referring or relating to the contribution of any Person, in any way, to the conception, research, testing, design, reduction to practice, or other development of each alleged invention claimed in the '078 patent.

10

## RESPONSE TO REQUEST NO. 10

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 11

All documents and things constituting, evidencing, referring or relating to any of the following activities with regard to the claimed subject matter of the '078 patent:

(i)    first written description and/or drawing of such subject matter;

(ii)   first publication of such subject matter;

(iii)  first promotion of such subject matter;

(iv)   first advertisement of such subject matter;

(v)    first manufacture of such subject matter;

(vi)   first use of such subject matter;

(vii)  first offer for sale of such subject matter;

(viii) first sale of such subject matter;

(ix)   first availability to the public of knowledge of such subject matter;

and

11

(x) .   first public use of such subject matter.

## RESPONSE TO REQUEST NO. 11

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 12

All documents and things evidencing, referring or relating to TV Guide's or its licensees' use of the technology claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 12

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 4. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this

12

request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 13

Documents sufficient to show each product (including websites) made, used, offered for sale, sold, or provided by TV Guide or its licensees that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 13

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 14

All documents and things evidencing, referring or relating to the dates on which TV Guide and its licensees marked with the '078 patent number any product

13

(including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 14

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 15

All documents and things evidencing, referring or relating to the features, functions, operation or performance of any product (including websites) made, used, offered for sale, sold, provided, or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 15

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 4. Plaintiffs further object to this request to the extent that

14

it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 16

All documents and things evidencing, referring or relating to persons who participated in the design or development of any product (including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 16

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 4. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential

15

information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 17

All documents and things constituting, evidencing, referring or relating to any communication between TV Guide and any customer, potential customer, user, distributor, manufacturer or other third-party relating to any product (including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 17

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 4. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 18

All documents and things evidencing, referring or relating to any contacts between TV Guide, or anyone acting or purporting to act on TV Guide's behalf, and any party other than TV Guide, regarding the '078 patent, the alleged inventions claimed therein or this litigation.

RLF1-3001557-1

## RESPONSE TO REQUEST NO. 18

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 19

All documents and things evidencing, referring or relating to the field of art for the '078 patent and to the level of ordinary skill in such art.

## RESPONSE TO REQUEST NO. 19

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

17

REQUEST NO. 20

All items known to, made known to or considered by any Person involved in the prosecution of the '078 patent as prior art or potential prior art to part or all of the claimed subject matter of the '078 patent or any Related Application.

RESPONSE TO REQUEST NO. 20

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

REQUEST NO. 21

All documents or things constituting, referring or relating to, or obtained as a result of, any patentability, validity, enforceability or prior art search, study, report, opinion or analysis relating to the subject matter claimed or disclosed in the '078 patent or any Related Application, including any prior art identified through such search, study, or analysis.

RESPONSE TO REQUEST NO. 21

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 22

For each interactive program guide made, used, sold, offered for sale, provided or licensed by TV Guide (as defined herein) before 1993, all documents and things evidencing, referring, or relating to how the user received local program schedule information, including whether any geographical location information was entered during the initialization routine.

## RESPONSE TO REQUEST NO. 22

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 8. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 23

All documents and things evidencing, referring, or relating to how cable operators and direct broadcast satellite providers received local program schedule information from TV Guide (as defined herein) before 1993.

19

## RESPONSE TO REQUEST NO. 23

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 9.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 24

All documents and things evidencing, referring, or relating to ownership and assignment of any rights in or to the '078 patent, including but not limited to all such agreements involving Michael Levine, Smart VCR Limited Partnership, Index Systems Inc., Gemstar Development Corporation, Gemstar-TV Guide International, Inc., or TV Guide Online, LLC, and including all documents and things relating to TV Guide's allegation that "The predecessor in ownership of the '078 patent, a company now associated with TV Guide Online, and its affiliated companies, recognized the importance and value of Mr. Levine's invention and acquired the patent application that resulted in the '078 patent."

## RESPONSE TO REQUEST NO. 24

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the

20

extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

### REQUEST NO. 25

All documents and things referring or relating to any of TMS's products (including websites) that TV Guide contends infringe the '078 patent.

### RESPONSE TO REQUEST NO. 25

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents if any, that are responsive to this request.

### REQUEST NO. 26

All documents and things constituting, referring or relating to each study, report, test, opinion, or other evaluation that TV Guide has received, conducted, or prepared, or had conducted or prepared, concerning any of TMS's products (including websites).

### RESPONSE TO REQUEST NO. 26

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or

21

defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 27

All documents identifying the actual product(s) (including websites) inspected, analyzed, and/or tested by or for TV Guide that formed the basis of the infringement allegations in TV Guide's Complaint in this litigation.

## RESPONSE TO REQUEST NO. 27

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 28

All documents and things constituting, referring or relating to any communications between TV Guide and TMS regarding the '078 patent or any communications between TV Guide and TMS regarding any product (including websites) made, used, offered for sale, sold or provided by TMS that TV Guide contends infringes the '078 patent.

## RESPONSE TO REQUEST NO. 28

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 29

All prior art, all sworn statements, all transcripts, all expert reports, all discovery responses, all dispositive motions and related filings, and all decisions from any lawsuit or other legal proceeding before any court or agency to which TV Guide is or was a party, whether pending or settled, involving interactive program guide technology, including but not limited to: (1) Gemstar Development Corp. v. StarSight Telecast Inc., 93-CV-6903 (CD. Cal) transferred to Starsight Telecast, Inc. v. Gemstar Development Corp. and Michael C. Levine, 93-CV-20777 (N.D. Cal.), (2) Prevue Interactive, Inc. and United Video Satellite Group, Inc. v. Starsight Telecast, Inc., 93-CV-934 (N.D. Okla.), Gemstar Development Corp. and StarSight Telecast, Inc. v. Prevue Networks Inc. and Telecast Inc., 98-CV-20778 (N.D. Cal.) transferred to Gemstar Development Corp., Superguide, Inc. and StarSight Telecast, Inc. v. Prevue Networks, Inc., 99-CV-127 (N.D. Okla.), (3) In re Gemstar Development Corporation Patent Litigation, MDL-1274-WBH (N.D. Ga.), (4) Superguide Corp. v. DirecTV Enterprises, Inc., No. 1-.00CV144 (W.D.N.C.), (5) Starsight Telecast, Inc. v. TiVo, Inc., C 00-00186 and 00-CV-20133 (N.D. Cal.), and (6) In the Matter of Certain Set-Top Boxes and Components Thereof, ITC Investigation No. 337-TA-454.

## RESPONSE TO REQUEST NO. 29

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the

23

production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs also object to these requests to the extent that they seek publicly available information that is as equally accessible to Defendant as it is to Plaintiffs. Plaintiffs further object to these requests to the extent that they seek third party confidential information on which Plaintiffs owe a contractual duty to the third parties not to disclose such information. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations.

The overbreadth of this request amounts to nothing more than a fishing expedition, which is not the purpose of discovery under the Federal Rules which require that discovery focuses on actual claims and defenses in the case. If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 30

All sworn statements, all transcripts, all expert reports, all discovery responses, all dispositive motions and related filings, and all decisions from any lawsuit or other legal proceeding before any court or agency to which TV Guide is or was a party, whether pending or settled, involving patent misuse and/or antitrust defenses or claims, including but not limited to: (1) Gemstar Development Corp. v. StarSight Telecast Inc., 93-CV-6903 (CD. Cal) transferred to Starsight Telecast, Inc. v. Gemstar Development Corp. and Michael C. Levine, 93-CV-20777 (N.D. Cal.), (2) Prevue Interactive, Inc. and United Video Satellite Group, Inc. v. Starsight Telecast, Inc., 93-CV-934 (N.D. Okla.), Gemstar Development Corp. and StarSight Telecast, Inc. v. Prevue Networks Inc. and Telecast Inc., 98-CV-20778 (N.D. Cal.) transferred to Gemstar Development Corp., Superguide, Inc. and StarSight Telecast, Inc. v. Prevue Networks, Inc., 99-CV-127 (N.D. Okla.), (3) In re Gemstar Development Corporation Patent Litigation, MDL-1274-WBH (N.D. Ga.), and (4) In the Matter of Certain Set-Top Boxes and Components Thereof, ITC Investigation No. 337-TA-454.

## RESPONSE TO REQUEST NO. 30

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or

24

defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs also object to these requests to the extent that they seek publicly available information that is as equally accessible to Defendant as it is to Plaintiffs. Plaintiffs further object to these requests to the extent that they seek third party confidential information on which Plaintiffs owe a contractual duty to the third parties not to disclose such information.

The overbreadth of this request amounts to nothing more than a fishing expedition, which is not the purpose of discovery under the Federal Rules which require that discovery focuses on actual claims and defenses in the case. If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 31

All documents referring or relating to the Department of Justice investigation into the merger of Gemstar and TV Guide.

## RESPONSE TO REQUEST NO. 31

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

The overbreadth of this request amounts to nothing more than a fishing expedition, which is not the purpose of discovery under the Federal Rules which require

25

that discovery focuses on actual claims and defenses in the case. If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 32

All documents and things constituting, relating or referring to any investigation, charge, claim, or allegation of patent infringement under the '078 patent made by or on behalf of TV Guide.

## RESPONSE TO REQUEST NO. 32

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 33

All documents and things constituting, relating or referring to any contention by any person or entity regarding:

(i)     the construction of the claims of the '078 patent;

(ii)    infringement or noninfringement of the '078 patent;

(iii)   validity or invalidity of the '078 patent; and/or

(iv)    enforceability or unenforceability of the '078 patent.

26

## RESPONSE TO REQUEST NO. 33

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs also object to these requests to the extent that the phrase "any contention by any person or entity" is vague and ambiguous.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 34

All documents and things constituting, memorializing, referring or relating to any sworn statements, including affidavits, declarations, and hearing, deposition or trial testimony, of:

(i)     the named inventor of the '078 patent;

(ii)    any person involved in the prosecution of the '078 patent; and/or

(iii)   any person whom TV Guide expects to call as a witness (including as an expert witness) at trial.

## RESPONSE TO REQUEST NO. 34

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the

27

extent it seeks documents and things that are not in the possession, custody or control of Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents reasonably related to the subject matter of this litigation that are responsive to this request.

## REQUEST NO. 35

All documents and things constituting, relating or referring to any communications regarding the '078 patent, including, but not limited to, communications:

      (i)     with licensees and potential licensees to the '078 patent;

      (ii)    with the named inventor of the '078 patent;

      (iii)   regarding the scope of the claims of the '078 patent;

      (iv)   regarding alleged infringement of the '078 patent;

      (v)    regarding the validity of the '078 patent; and/or

      (vi)   regarding the enforceability of the '078 patent.

## RESPONSE TO REQUEST NO. 35

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to these requests to the extent that they seek third party confidential information on which Plaintiffs owe a contractual duty to the third parties not to disclose such information.

28

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 36

All documents and things constituting, referring or relating to any objective evidence of non-obviousness that TV Guide contends relates to the validity or invalidity of the '078 patent.

## RESPONSE TO REQUEST NO. 36

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs also object to this request to the extent that it seeks production of documents that are publicly available and equally available to Defendant.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 37

All documents and things evidencing, referring or relating to the date and circumstances upon which TV Guide first had knowledge of www.Zap2It.com, first investigated whether TMS was allegedly infringing the '078 patent, first became aware that TMS was allegedly infringing the '078 patent, first gave notice to TMS of the '078 patent, and first communicated to TMS a specific charge of infringement by www.Zap2It.com.

29

RESPONSE TO REQUEST NO. 37

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to the extent documents are already in Defendant's possession.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

REQUEST NO. 38

All documents and things evidencing, referring or relating to the decision and decision-making process engaged in by TV Guide to bring this action.

RESPONSE TO REQUEST NO. 38

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

30

RLF1-3001557-1

## REQUEST NO. 39

All documents and things evidencing, referring or relating to TV Guide's knowledge of www.Zap2It.com prior to issuance of the '078 patent, whether generated before or after issuance.

## RESPONSE TO REQUEST NO. 39

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 40

All documents and things constituting, evidencing, referring to, relating to or concerning any internal TV Guide communications regarding www.Zap2It.com.

## RESPONSE TO REQUEST NO. 40

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

31

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 41

All documents and things constituting, evidencing, referring to, relating to or concerning any communications between TV Guide and another regarding www.Zap2It.com.

## RESPONSE TO REQUEST NO. 41

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 42

All documents and things referring to, relating to or concerning the structure, features, functions, operation or performance of www.Zap2It.com.

## RESPONSE TO REQUEST NO. 42

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client

privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests documents and things that are as equally available to Defendant as to Plaintiffs.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 43

All documents and things constituting, evidencing, referring to, relating to or concerning each study, report, test, opinion, or other evaluation that TV Guide has received, conducted, or prepared, or had conducted or prepared, concerning www.Zap2It.com.

## RESPONSE TO REQUEST NO. 43

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 44

All documents and things constituting, evidencing, referring to, relating to or concerning a comparison between the disclosure or claims of the '078 patent and any product, including but not limited to any TV Guide or TMS product (including websites).

33

RESPONSE TO REQUEST NO. 44

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

REQUEST NO. 45

All documents and things constituting, evidencing, referring to, relating to or concerning a comparison between any product (including websites) made, used, offered for sale, sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the inventions claimed in the '078 patent, including but not limited to www.tvguide.com/listings/, and any other product, including but not limited to any TV Guide or TMS product (including websites).

RESPONSE TO REQUEST NO. 45

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 4. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

34

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 46

All documents and things constituting, evidencing, referring to, relating to or concerning a comparison between www.tvguide.com/listings/ and www.Zap2It.com.

## RESPONSE TO REQUEST NO. 46

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 47

All documents and things constituting, evidencing, referring to or relating to any of the following activities with regard to www.tvguide.com/listings/, including any predecessor products:

        (i)     first publication;

        (ii)    first promotion;

        (iii)   first advertisement;

        (iv)   first manufacture;

        (v)    first use;

35

RLF1-3001557-1

(vi)    first offer for sale;

(vii)    first sale;

(viii)    first    availability    to    the    public    of    knowledge    **of** www.tvguide.com/listings/; and

(ix)    first public use.

## RESPONSE TO REQUEST NO. 47

Plaintiffs object to this request as overly broad, unduly burdensome **and as** calling for documents and things that are neither relevant to the claims, counterclaims **or** defenses in the action nor reasonably likely to lead to the discovery **of admissible** evidence. Plaintiffs further object to this request to the extent **that it requires the** production of documents that are immune from discovery under the **attorney-client** privilege and/or work product immunity.

Subject to their general objections and the foregoing specific **objections,** Plaintiffs will produce non-privileged, non-immune documents that are responsive **to this** request.

## REQUEST NO. 48

Documents and things sufficient to show the persons who participated **in** the conception, design or development of www.tvguide.com/listings/.

## RESPONSE TO REQUEST NO. 48

Plaintiffs object to this request as overly broad, unduly burdensome **and as** calling for documents and things that are neither relevant to the claims, counterclaims **or** defenses in the action nor reasonably likely to lead to the discovery **of admissible** evidence. Plaintiffs further object to this request to the extent that it **requires the** production of documents that are immune from discovery under the **attorney-client**

36

privilege and/or work product immunity. Plaintiffs further object to this request to the

extent that the term "participated" is vague and ambiguous.

Subject to their general objections and the foregoing specific objections,

Plaintiffs will produce non-privileged, non-immune documents that are responsive to this

request.

### REQUEST NO. 49

All documents and things referring or relating to the promotion, marketing, advertisement, license or sale of any product (including websites) allegedly covered by the claims of the '078 patent, including but not limited to, press releases, price lists, pamphlets, brochures, specification sheets, and catalogs.

### RESPONSE TO REQUEST NO. 49

Plaintiffs object to this request as overly broad, unduly burdensome and as

calling for documents and things that are neither relevant to the claims, counterclaims or

defenses in the action nor reasonably likely to lead to the discovery of admissible

evidence. Plaintiffs further object to this request to the extent that it requires the

production of documents that are immune from discovery under the attorney-client

privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections,

Plaintiffs will produce non-privileged, non-immune documents that are responsive to this

request.

### REQUEST NO. 50

All documents and things referring or relating to the promotion, marketing, or sale of advertisements for www.tvguide.com/listings/, including but not limited to press releases, price lists, pamphlets, brochures, specification sheets, and catalogs.

37

## RESPONSE TO REQUEST NO. 50

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 51

All documents and things referring or relating to TV Guide's allegation that "TV Guide Online, Inc. generates advertising revenue through the operation of www.tvguide.com," including but not limited to agreements with others regarding advertising on www.tvguide.com, documents sufficient to show the gross and net revenues generated from advertisements on www.tvguide.com, and the monthly unique visitors to www.tvguide.com from the date www.tvguide.com was first made publicly available to the present day.

## RESPONSE TO REQUEST NO. 51

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

38

Subject to their general objections and the foregoing specific objections,

Plaintiffs will produce non-privileged, non-immune documents that are responsive to this

request.

## REQUEST NO. 52

All documents and things referring or relating to marketability, market
surveys, market reports, or customer surveys concerning any product (including websites)
sold or offered by or for TV Guide that TV Guide contends embodies or practices the
alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 52

Plaintiffs object to this request as overly broad, unduly burdensome and as

calling for documents and things that are neither relevant to the claims, counterclaims or

defenses in the action nor reasonably likely to lead to the discovery of admissible

evidence.   Plaintiffs further object to this request to the extent that it requires the

production of documents that are immune from discovery under the attorney-client

privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections,

Plaintiffs will produce non-privileged, non-immune documents that are responsive to this

request.

## REQUEST NO. 53

All documents referring or relating to any offer to license, requests for or
negotiations relating to a license, cross-license, offer to sell, permission, waiver,
immunity, or forbearance referring or relating to the '078 patent, any Related Patent, any
Related Application, any foreign counterpart, or any product TV Guide contends
embodies or practices the alleged invention(s) claimed in the '078 patent, including but
not limited to documents sufficient to show the identity of each former and current
licensee and the identity of outside counsel, agents or representatives involved in the
licensing or negotiations.

39

## RESPONSE TO REQUEST NO. 53

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to these requests to the extent that they seek information from third parties that is subject to confidentiality obligations.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 54

All documents referring or relating to TV Guide's request for damages under the '078 patent or any Related Patent.

## RESPONSE TO REQUEST NO. 54

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

40

Subject to their general objections and the foregoing specific objections,

Plaintiffs will produce non-privileged, non-immune documents that are responsive to this

request.

## REQUEST NO. 55

Copies of all TV Guide annual reports, required financial filings, and other
financial statements including statements of operations, balance sheets, statements of
changes in retained earnings and notes thereto, whether prepared for internal or external
purposes, from 1998 to present.

## RESPONSE TO REQUEST NO. 55

Plaintiffs object to this request as overly broad, unduly burdensome and as

calling for documents and things that are neither relevant to the claims, counterclaims or

defenses in the action nor reasonably likely to lead to the discovery of admissible

evidence.   Plaintiffs further object to this request to the extent that it requires the

production of documents that are immune from discovery under the attorney-client

privilege and/or work product immunity.   Plaintiffs also object to these requests to the

extent that they seek publicly available information that is as equally accessible to

Defendant as it is to Plaintiffs.

Subject to their general objections and the foregoing specific objections,

Plaintiffs will produce non-privileged, non-immune documents that are responsive to this

request.

## REQUEST NO. 56

All documents referring or relating to the revenues, sales, projected sales,
and/or market share of any TV Guide products (including websites) that TV Guide
contends embodies or practices the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 56

Plaintiffs object to this request as overly broad, unduly burdensome and as

calling for documents and things that are neither relevant to the claims, counterclaims or

41

RLF1-3001557-1

defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 57

All documents referring or relating to the amount of profit made or loss incurred by TV Guide on any product (including websites) sold, provided or licensed by TV Guide that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 57

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

42

## REQUEST NO. 58

All documents referring or relating to TV Guide's contentions as to the amount of profit attributable to any claimed feature of the '078 patent that TV Guide made on products (including websites) sold, provided or licensed by TV Guide that embody or practice the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 58

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 59

All documents and things concerning the revenues, profitability, objectives, goals, royalties, licensing fees, income or other benefits realized by TV Guide's patent-enforcement or patent-licensing programs involving the '078 patent and/or Related Patents or Related Applications or foreign counterparts thereto.

## RESPONSE TO REQUEST NO. 59

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible

43

evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to the terms "objectives," "goals," and "other benefits" to the extent that they are vague and ambiguous.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 60

All documents constituting, referring or relating to any financial statements or other summaries that identify the gross and/or net profit or loss TV Guide has obtained from the sale, license, or other use of the '078 patent and/or any products (including websites) that TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent.

## RESPONSE TO REQUEST NO. 60

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs also object to the term "other summaries" to the extent that it is vague and ambiguous.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

44

## REQUEST NO. 61

All documents referring or relating to the costs attributable to the '078 patent or any product TV Guide contends embodies or practices the alleged inventions claimed in the '078 patent, including standard manufacturing costs (material, labor and overhead), research and development efforts and costs, actual total cost or variances from standard costs, bills of materials and/or overhead rates, total costs, fixed costs, variable costs, and/or marginal costs.

## RESPONSE TO REQUEST NO. 61

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 62

All documents and things concerning any of TV Guide's contentions regarding the presence or absence of non-infringing substitutes for the alleged inventions embodied in the '078 patent.

## RESPONSE TO REQUEST NO. 62

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

45

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

### REQUEST NO. 63

All documents and things referring or relating to TV Guide's policies for licensing intellectual property rights to or from others.

### RESPONSE TO REQUEST NO. 63

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

### REQUEST NO. 64

All documents referring or relating to royalty rates and royalty bases which TV Guide contends should apply to any revenues generated from products (including websites) found to infringe the '078 patent.

### RESPONSE TO REQUEST NO. 64

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the

46

production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 65

All documents referring or relating to any lost profits or lost sales that TV Guide contends have resulted, or which TV Guide believes will result, from TMS's alleged infringement.

## RESPONSE TO REQUEST NO. 65

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 66

A current organizational chart for Gemstar-TV Guide International, Inc., or if none exists, documents sufficient to determine the organizational structure of Gemstar-TV Guide International, Inc.

## RESPONSE TO REQUEST NO. 66

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or

47

defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent that it calls for documents from and related to a non-party.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents to the extent that they relate to the parties in this lawsuit that are responsive to this request.

## REQUEST NO. 67

Pre-merger organizational charts for both Gemstar International Group Limited and TV Guide, Inc., or if none exist, documents sufficient to determine the pre-merger organizational structure of both Gemstar International Group Limited and TV Guide, Inc.

## RESPONSE TO REQUEST NO. 67

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent that it calls for documents from and related to a non-party.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents to the extent that they relate to the parties in this lawsuit that are responsive to this request.

48

## REQUEST NO. 68

All documents and things exchanged between TV Guide and any person from whom TV Guide expects to offer testimony (including experts) in this action.

## RESPONSE TO REQUEST NO. 68

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 69

All documents and things, including any statements or reports, provided to or received from any expert witness who has offered any opinion or who has been designated to offer any opinion concerning the '078 patent at any time.

## RESPONSE TO REQUEST NO. 69

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

49

RLF1-3001557-1

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request in accordance with the provisions of the Scheduling Order.

## REQUEST NO. 70

All documents and things TV Guide may use as exhibits at trial, at any hearing or at any deposition in this action.

## RESPONSE TO REQUEST NO. 70

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request in accordance with the provisions of the Scheduling Order.

## REQUEST NO. 71

All documents and things TV Guide may rely upon in support of any claims made or in response to any defenses asserted in this action.

## RESPONSE TO REQUEST NO. 71

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the

production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request in accordance with the provisions of the Scheduling Order.

## REQUEST NO. 72

All documents referring or relating to any TV Guide policy regarding the retention and/or destruction of paper, electronic, and/or e-mail documents, or any document in any other medium.

## RESPONSE TO REQUEST NO. 72

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 73

All documents and things referring or relating to TV Guide's allegation that "TMS's infringement of the '078 patent is, has been, and continues to be willful and deliberate."

## RESPONSE TO REQUEST NO. 73

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or

51

defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent that it calls for documents that are already in Defendant's possession.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 74

All TV Guide licenses and all other agreements that you contend permit or authorize any third party to practice any patent which TV Guide owns or for which TV Guide otherwise has the right to sue for patent infringement.

## RESPONSE TO REQUEST NO. 74

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information. If Defendant can narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 75

All documents constituting, referring to, or relating to communications between TV Guide and any licensee or prospective licensee to negotiate or otherwise discuss the terms of any TV Guide license or other agreement that you contend permits or

52

authorizes any third party to practice any patent which TV Guide owns or for which **TV** Guide otherwise has the right to sue for patent infringement.

## RESPONSE TO REQUEST NO. 75

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information. If Defendant can narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 76

All documents constituting, referring to, or relating to communications among TV Guide's officers, directors, employees, contractors, or agents regarding the terms of any TV Guide license or other agreement that you contend permits or authorizes any third party to practice any patent which TV Guide owns or for which TV Guide otherwise has the right to sue for patent infringement.

## RESPONSE TO REQUEST NO. 76

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty

53

not to disclose such information. If Defendant can narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 77

All licenses and all other agreements that you contend permit or authorize any party to practice any alleged invention of the '078 patent or any Related Patent.

## RESPONSE TO REQUEST NO. 77

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 18. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 78

All documents constituting, referring to, or relating to communications between TV Guide and any licensee or prospective licensee to negotiate or otherwise discuss the terms of any TV Guide license or other agreement that you contend permits or authorizes any third party to practice any alleged invention of the '078 patent or any Related Patent.

54

## RESPONSE TO REQUEST NO. 78

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs hereby incorporate by reference their objections and response to Defendant's Interrogatory No. 18. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 79

All documents constituting, referring to, or relating to communications among TV Guide's officers, directors, employees, contractors, or agents regarding the terms of any TV Guide license or other agreement that you contend permits or authorizes any third party to practice any alleged invention of the '078 patent or any Related Patent.

## RESPONSE TO REQUEST NO. 79

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs hereby incorporate by reference their

55

objections and response to Defendant's Interrogatory No. 18. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 80

All licensing documents that relate to, refer to, or concern the '078 patent.

## RESPONSE TO REQUEST NO. 80

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 81

All documents and things that comprise, relate to, refer to or concern licenses entered into or contemplated by TV Guide in the field of interactive program guide technology.

RLF1-3001557-1

## RESPONSE TO REQUEST NO. 81

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations.

If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 82

All communications, testimony, and correspondence between TV Guide and the Department of Justice, or any other government agency, relating to, referring to, or concerning interactive program guide technology.

## RESPONSE TO REQUEST NO. 82

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations.

57

The overbreadth of this request amounts to nothing more than a **fishing** expedition, which is not the purpose of discovery under the Federal Rules which **require** that discovery focuses on actual claims and defenses in the case. If Defendant can **clarify** its request and narrow this request to a reasonable scope, Plaintiffs will consider **this** request.

## REQUEST NO. 83

All communications, testimony, and correspondence between TV **Guide** and the Department of Justice, or any other government agency, relating to, referring **to,** or concerning any future actions TV Guide would or would not take with respect **to** interactive program guide technology, including, without limitation, the '078 patent.

## RESPONSE TO REQUEST NO. 83

Plaintiffs object to this request as overly broad, unduly burdensome **and as** calling for documents and things that are neither relevant to the claims, counterclaims **or** defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires **the** production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request **to the** extent that the term "interactive program guide" is vague and subject to **multiple** interpretations.

The overbreadth of this request amounts to nothing more **than a fishing** expedition, which is not the purpose of discovery under the Federal Rules which **require** that discovery focuses on actual claims and defenses in the case. If Defendant can **clarify** its request and narrow this request to a reasonable scope, Plaintiffs will consider **this** request.

58

## REQUEST NO. 84

All communications, testimony, and correspondence between TV Guide and the Department of Justice, or any other government agency, relating to, referring to, or concerning TV Guide's licensing of interactive program guide technology.

## RESPONSE TO REQUEST NO. 84

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations.

The overbreadth of this request amounts to nothing more than a fishing expedition, which is not the purpose of discovery under the Federal Rules which require that discovery focuses on actual claims and defenses in the case. If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 85

All documents relating to, referring to or otherwise describing any policy of TV Guide with respect to taking or granting licenses to interactive program guide technology, including the '078 patent.

## RESPONSE TO REQUEST NO. 85

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible

evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations.

Subject to its general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that relate to the '078 patent, if any, that are responsive to this request.

## REQUEST NO. 86

All licenses relating to interactive program guide technology which contain a covenant not to sue, or non-assertion clause, grantback clause, or any other provisions that permit TV Guide and/or any TV Guide customer or licensee to practice technology not owned by TV Guide.

## RESPONSE TO REQUEST NO. 86

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information. Plaintiffs

60

further object to this request to the extent that the phrase "to practice technology **not** owned by TV Guide" is vague, was not defined by Defendant, and is incomprehensible.

If Defendant can clarify its request and narrow this request to a **reasonable** scope, Plaintiffs will consider this request.

## REQUEST NO. 87

All documents relating to any discussions, communications, **or** negotiations with licensees or prospective licensees of interactive program **guide** technology regarding a covenant not to sue, non-assertion clause, grantback clause, **or** any other provisions that permit TV Guide and/or any TV Guide customer or licensee **to** practice technology not owned by TV Guide.

## RESPONSE TO REQUEST NO. 87

Plaintiffs object to this request as overly broad, unduly burdensome **and as** calling for documents and things that are neither relevant to the claims, counterclaims **or** defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires **the** production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request **to the** extent that the term "interactive program guide" is vague and subject to **multiple** interpretations. Plaintiffs further object to this request to the extent **it requests** confidential information of third parties for which Plaintiffs owe a duty not to **disclose** such information. Plaintiffs further object to this request to the extent that the phrase **"to** practice technology not owned by TV Guide" is vague, was not defined by **Defendant,** and is incomprehensible.

If Defendant can clarify its request and narrow this request to a **reasonable** scope, Plaintiffs will consider this request.

61

## REQUEST NO. 88

All documents referring to, relating to, or comprising communications among TV Guide's officers, directors, employees, contractors, or agents regarding a covenant not to sue, non-assertion clause, grantback clause, or any other provisions that permit TV Guide and/or any TV Guide customer or licensee to practice technology not owned by TV Guide.

## RESPONSE TO REQUEST NO. 88

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information. Plaintiffs further object to this request to the extent that the phrase "to practice technology not owned by TV Guide" is vague, was not defined by Defendant, and is incomprehensible.

If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 89

All documents constituting or relating to any agreements creating a covenant not to sue or assert patents against any third party relating to the '078 patent or any Related Patent and all documents relating to negotiations thereof.

## RESPONSE TO REQUEST NO. 89

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible

evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 90

All documents evidencing, referring to or relating to any suggestion, argument or contention which has been asserted by any third party of patent misuse or antitrust violations relating to the '078 patent or any Related Patent.

## RESPONSE TO REQUEST NO. 90

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 91

All documents that refer, relate to, or otherwise describe the inclusion of the '078 patent in TV Guide's intellectual property portfolio, including, but not limited to:

(i) any offered, requested, rejected, accepted or consummated assignments, licenses, sublicenses, releases, offers to license, requests to license, covenants not to sue, manufacturing rights or other grant of rights relating to the '078 patent, the patent application from which the '078 patent issued, and all foreign

63

counterparts thereof, alone or in combination with other foreign counterparts thereof, alone or in combination with other foreign or domestic patents, patent applications or other consideration;

(ii)     any value assigned to the '078 patent alone or together with other patents or consideration, including as part of an intellectual property portfolio for any acquisition, merger, divestiture, etc.;

(iii)     any license or other agreement between TV Guide and any individual named as an inventor on the '078 patent; any assignment, license, or sublicense of any rights thereunder, including, but not limited to, draft licenses, side letters, and prior, contemporaneous or subsequent correspondence;

(iv)     all documents constituting or referring to the assignment to TV Guide of the entire rights, titles and interests in the '078 patent.

## RESPONSE TO REQUEST NO. 91

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence.  Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.  Plaintiffs further object to this request to the extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 92

All transcripts or minutes of any conference calls, meeting, discussions, or communications that TV Guide has had with third party analysts, investors, shareholders, or media personnel, including, without limitation, transcripts of conference calls, meeting, discussions, or communications concerning patents, interactive program guide

64

technology, market performance, competition, TMS, litigation, earnings, licensing, and related topics.

## RESPONSE TO REQUEST NO. 92

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the extent that it seeks documents and things that are as equally available to Defendant as to Plaintiffs. Plaintiffs further object to this request to the extent that the term "interactive program guide" is vague and subject to multiple interpretations.

If Defendant can clarify its request and narrow this request to a reasonable scope, Plaintiffs will consider this request.

## REQUEST NO. 93

All documents referring or relating to TV Data Technologies, including any agreements entered into with TV Data Technologies.

## RESPONSE TO REQUEST NO. 93

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity. Plaintiffs further object to this request to the

65

extent it requests confidential information of third parties for which Plaintiffs owe a duty not to disclose such information.

Subject to their general objections and the foregoing specific objections, and subject to the rights of non-parties to object to production of confidential information, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

## REQUEST NO. 94

All documents and things referring or relating to the National Association of Television Program Executives.

## RESPONSE TO REQUEST NO. 94

Plaintiffs object to this request as overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the action nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further object to this request to the extent that it requires the production of documents that are immune from discovery under the attorney-client privilege and/or work product immunity.

Subject to their general objections and the foregoing specific objections, Plaintiffs will produce non-privileged, non-immune documents that are responsive to this request.

66

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
Richards, Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
cottrell@rlf.com
moyer@rlf.com
fineman@rlf.com
Attorneys for Plaintiffs TV Guide
Online, Inc. and TV Guide Online, LLC

OF COUNSEL:
Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Ronald E. Naves, Jr.
Sr. Vice President
Legal Affairs and Litigation
Gemstar-TV Guide International, Inc.
6922 Hollywood Boulevard
Hollywood, California 90028
(323) 817-4600

Dated: April 10, 2006

67