IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br><br>    Plaintiffs and Counterclaim Defendants,<br>                              v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>    Defendant and Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>) C.A. No.: 05-725 KAJ<br>)<br>) PUBLIC VERSION<br>)<br>)<br>) |

LETTER TO THE HONORABLE KENT A. JORDAN IN PREPARATION FOR
AUGUST 21, 2006 DISCOVERY DISPUTE TELECONFERENCE

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Attorneys for Defendant
Tribune Media Services, Inc.*

Original filed: August 17, 2006
Public version filed: August 25, 2006

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

August 17, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan                **PUBLIC VERSION**
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801-3570

      Re:    *TV Guide Online, Inc. et al v. Tribune Media Services, Inc.*
            **Civil Action No.: 05-725 KAJ**

Your Honor:

On July 19, 2006, Tribune Media Services, Inc. ("TMS") requested a conference to resolve certain discovery disputes. The conference has been set for August 21, 2006. TMS asks the Court to issue (i) an order compelling TV Guide Online, Inc. and TV Guide Online, LLC to produce documents in response to the requests discussed below; and (ii) an order instructing TV Guide to refrain from interfering with TMS's third party subpoenas.

    **A.**    **TV Guide Has Refused to Produce Documents That Go To the Heart of TMS's Patent Misuse Defense and Counterclaim.**

TMS has alleged, and intends to prove, that TV Guide[1] has misused the patent-in-suit, U.S. Patent No. 5,988,078 (the "'078 patent"), by obtaining from licensees a covenant not to sue, non-assertion, or grantback clause that gives TV Guide *and all of TV Guide's licensees*—and there are many—the right to use a licensee's intellectual property for free, thereby deterring innovation. The scope of the covenant not to sue or grantback and whether the licensor has market power are important factors to this claim. *See, e.g.,* DOJ Antitrust Guidelines for the Licensing of Intellectual Property, § 5.6 (Ex. A).

TV Guide has been a party to prior litigation on these issues. For example, TV Guide was a party to an International Trade Commission investigation in which Judge Luckern, after a multi-week evidentiary hearing, concluded that TV Guide had market power in a market for licensing interactive program guide ("IPG") technology; that TV Guide had obtained covenants not to sue and grantbacks from many of its licensees; and that these provisions were anticompetitive. *See In the Matter of Certain Set-Top Boxes and Components Thereof,* ITC Inv. No. 337-TA-454 (the "ITC Action").[2] TV

---

[1] TV Guide is used herein to refer to Plaintiffs, Gemstar-TV Guide International, Inc., Gemstar-TV Guide Interactive, Inc., and/or related companies that have rights to interactive program guide technology.
[2] The ITC adopted Judge Luckern's finding of non-infringement of TV Guide's patents and, because the non-infringement ruling disposed of the case, took no position on the affirmative defense of patent misuse.

August 17, 2006,  **MORRIS, JAMES, HITCHENS & WILLIAMS LLP**
Page 2

Guide also was a party to MDL proceedings involving antitrust and patent misuse claims relating to TV Guide's market power, the scope of TV Guide's covenant not to sue and grantback provisions, and the anticompetitive impact of these provisions. *See In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.) (the "MDL Action").[3] Documents and testimony were produced by parties and third parties in the ITC and MDL Actions that are directly probative of issues in this case.

TMS has served document requests seeking information on issues central to its patent misuse claim. For example:

(i) Request No. 30 (as revised, *see* Ex. B, p. 2) asks for hearing and deposition transcripts; expert reports; dispositive motions and post-hearing briefs; the parties' proposed findings of fact and conclusions of law; Judge Luckern's Final Initial Determination, findings of fact, and conclusions of law; and the exhibits and evidence referenced in these documents—relating to patent misuse and/or antitrust defenses or claims in the ITC Action and the MDL Action.

(ii) Request Nos. 74-76 (as revised, *see* Ex. B, pp. 2-3) ask for TV Guide IPG technology licenses that contain a covenant not to sue or grantback; communications with actual or prospective licensees about IPG technology licenses that contain such provisions; and communications within TV Guide relating to IPG technology licenses that contain such provisions. Because covenant not to sue/grantback clauses for an '078 patent license would allow TV Guide—and *all of TV Guide's licensees*—to practice a licensee's IPG technology, TMS is entitled to discover license agreements showing who TV Guide's licensees are. TMS also is entitled to negotiation communications and internal TV Guide communications to prove TV Guide's practice of requiring a covenant not to sue/grantback in its licensing agreements.

(iii) Request No. 31 (as revised, *see* Ex. B, p. 2) asks for documents in connection with the Department of Justice ("DOJ") investigation into the merger of Gemstar and TV Guide relating to actual or potential suppliers, purchasers, licensees, licensors, market conditions, competition, market share, market power, or the actual or potential effect of the proposed merger on any market for IPGs or IPG technology. Request Nos. 82-84 (as revised, *see* Ex. B, p. 3) also ask for communications, testimony, and correspondence with government agencies on these subjects. Again, these requests are addressed to central issues of market definition, market power, and competitive effect.

(iv) Request No. 92 (as revised, *see* Ex. B, p. 3) asks for transcripts or minutes of any conference calls or communications TV Guide has had with any third party analysts, investors, shareholders, or media personnel relating to actual or potential suppliers, purchasers, licensees, licensors, market conditions, competition, market share, market power, TV Guide's position within a market, potential or actual threats of litigation, or potential or actual anticompetitive behavior or antitrust violations relating to IPG technology or the licensing of IPG technology. TMS is entitled to these documents because TV Guide's market power is derived, in part, by public statements about the alleged strength of its patent portfolio and the need to take a license.

---

[3] TV Guide did not move for summary judgment on the allegations of patent misuse and antitrust pertaining to TV Guide's covenants not to sue and grantbacks. Thus, those claims survived the summary judgment phase before the case settled. Any contention by TV Guide that the MDL disposition is inconsistent with Judge Luckern's findings is incorrect.

August 17, 2006,  **MORRIS, JAMES, HITCHENS & WILLIAMS LLP**
Page 3

      TV Guide has refused to produce documents in response to each one of these requests. Instead, TV Guide maintains that it will not produce any documents other than those expressly related to the '078 patent. TV Guide labels everything else a "fishing expedition." This position ignores the central issues relating to TMS's patent misuse case. Without the requested documents, TMS will be severely prejudiced in its effort to prove patent misuse.

      **B.    TV Guide Has Encouraged Third Parties to Object to TMS's Subpoenas.**

      TMS has served Rule 45 subpoenas on law firms that represented TV Guide in the ITC Action and the MDL Action. TMS has also served Rule 45 subpoenas on companies that provided patent misuse-related evidence in these prior cases. Each of these subpoenas is tailored to request documents that will help TMS establish TV Guide's market power and the scope and anticompetitive impact of its covenant not to sue and grantback clauses. *See, e.g.*, Exs. C-D.

      TV Guide asserts that TMS is using these subpoenas to circumvent TV Guide's objections to TMS's document requests. That is not true. To this day, TMS does not know if TV Guide has all—or any—of the documents requested above. In any event, when TV Guide complained about these subpoenas, TMS asked TV Guide to confirm two points: (i) that TV Guide had all documents requested by the Rule 45 subpoenas in its possession, custody, or control; and (ii) that TV Guide would produce these documents immediately if ordered to do so. (*See* Ex. E.) TV Guide responded that it was too burdensome to answer either question. (*See* Ex. F.) TMS has had no alternative but to seek responsive documents from any known source.

      In the meantime, *TV Guide contacted* at least some of the companies and law firms subpoenaed. Counsel for TMS has been told that TV Guide sent letters attaching sample objections to at least some of these third parties. **REDACTED** Many of these objections are nearly identical in form and substance. (*Compare, e.g.*, Ex. H to Ex. I.) TMS promptly advised TV Guide that the apparent interference with TMS's subpoenas was improper and asked it to stop. *See* Ex. J.

      TMS's efforts to obtain party and third party discovery on its patent misuse defense and counterclaim has been completely thwarted. TMS, therefore, asks the Court to intervene.

      Respectfully,

      Richard K. Herrmann, I.D. No. 405
      rherrmann@morrisjames.com

cc:    Frederick L. Cottrell, III (via hand delivery)
       Christopher J. Harnett (via email)