# EXHIBIT E

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, California 90017

Tina Hernandez
To Call Writer Directly:
213 680-8662
thernandez@kirkland.com

213 680-8400

www.kirkland.com

Facsimile:
213 680-8500

August 4, 2006

**VIA FACSIMILE**

Christopher J. Harnett
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Re:    *TV Guide Online v. Tribune Media Services*

Dear Christopher:

I am writing to follow up on the issues raised in my July 26, 2006 letter regarding TMS's third-party subpoenas seeking documents related to its patent misuse affirmative defense and counterclaim. As I said, we are not interested in unnecessarily burdening third parties for documents that TV Guide has in its possession, custody, or control. TMS asked TV Guide months ago for the documents requested in TMS's subpoenas to law firms that represented TV Guide in the matters of *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and/or *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454,[1] but TV Guide has not produced the documents. Again, despite our inquiries, we do not know whether TV Guide does not have the requested documents or is simply unwilling to produce them. We note, for example, that TV Guide itself may not have certain categories of documents requested by these subpoenas because the protective order in the ITC case limited access to confidential information to outside counsel for the parties to the investigation.

In a further effort to understand the facts, we ask that TV Guide do the following: (i) if TV Guide has in its possession, custody, or control *all* documents requested in our third-party subpoenas to the law firms retained by TV Guide in prior litigation involving patent misuse claims (i.e., none of the documents requested have been lost or destroyed and all of the

---

[1]    The law firms that represented TV Guide in these matters include O'Melveny & Myers LLP; Fish & Richardson P.C.; Christie, Parker & Hale, LLP; Stroock & Stroock & Lavan LLP; Hogan & Hartson LLP; Sutherland Asbill & Brennan LLP; and Townsend and Townsend and Crew, LLP.

Chicago          London          Munich          New York          San Francisco          Washington, D.C.

08/04/2006 14:38 FAX 213 680 8500          KIRKLAND&ELLIS LLP                                    Ø003/003

# KIRKLAND & ELLIS LLP

Christopher J. Harnett
August 4, 2006
Page 2

documents requested are within TV Guide's power to produce), please say so in writing by
Monday, August 7 and (ii) if TV Guide has *all* responsive documents in its possession, custody,
or control, please confirm in your letter that TV Guide will immediately produce those
documents assuming they are being withheld based on TV Guide's objections and the Court
resolves any such objections in TMS's favor.

Sincerely,

Tina Hernandez

Tina Hernandez

cc:     Frederick L. Cottrell, III
        Richard K. Herrmann
        Michael A. Parks
        Corey C. Watson

# EXHIBIT   F

08-07-08    17:28    From-ROPES & GRAY LLP                T-289    P:002/008    F-102



FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS    NEW YORK, NY 10020-1104    212-596-9000    F 212-596-9090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Christopher J. Harnett
212-596-9125
212-596-9090 fax
Christopher.Harnett@ropesgray.com

August 7, 2006

**BY FACSIMILE**

Tina Rae Hernandez, Esq.
Kirkland & Ellis LLP
777 South Figueroa Street
Los Angeles, CA 90017

*TV Guide Online v. Tribune Media Services*
C. A. No. 05-CV-725-KAJ

Dear Tina:

I write in response to your August 4, 2006 letter concerning the sixteen third-party subpoenas that TMS has delivered in the past few weeks. You state that TMS is "not interested in unnecessarily burdening third parties." We find it curious that TMS elected to shoot first and ask questions later.

Your after-the-fact inquiry as to whether TV Guide is in possession of "all documents requested in our third-party subpoenas" highlights the objectionable nature of TMS's oppressively overbroad document demands. To respond to your inquiry, TV Guide would be required to review potentially millions of pages of documents that do not relate to the '078 patent-in-suit. Your inquiry also puts TV Guide in the impossible position of affirmatively confirming a negative proposition — we cannot possibly say that we have every single document that someone else might have. That, of course, cannot justify TMS's burdensome third-party discovery fishing expedition.

Very truly yours,

Christopher J. Harnett

CJH:epb
cc:    Frederick L. Cottrell, III, Esq.
       Richard K. Hermann, Esq.

# EXHIBIT G

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT   H

**REGARDING A SUBPOENA ISSUED THROUGH
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
IN CONNECTION WITH:**

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC. <br><br> Defendant. | C.A. No.: 05-CV-725-KAJ (D.Del.) |

**OBJECTIONS TO TMS'S SUBPOENA
OF SUTHERLAND ASBILL & BRENNAN LLP**

Pursuant to Rule 45(c)(2)(B), Fed.R.Civ.P., Sutherland Asbill & Brennan LLP ("Sutherland") hereby objects to the non-party subpoena dated July 13, 2006 served by Kirkland & Ellis LLP, which is said to be representing Tribune Media Systems, Inc. ("TMS") in the above-captioned litigation ("the TMS action").

## OBJECTIONS TO DEFINITIONS

1.      Sutherland objects to the Definitions and Instructions to the extent they purport to impose any obligations beyond what is required, and seek information beyond what is discoverable, under the Federal Rules of Civil Procedure and applicable law.

2.      Sutherland objects to the definition of "Law Firm" to the extent it includes any partner, member, shareholder, agent, business, attorney, or any other entity or person other than Sutherland Asbill & Brennan LLP, and to the extent that the definition includes persons no longer affiliated with the firm or who are otherwise not under its control.

3.      Sutherland objects to the definition of "You" or "your" to the extent it includes any partner, member, shareholder, agent, business, attorney, or any other entity or person other than Sutherland Asbill & Brennan LLP, and to the extent that the definition includes persons no longer affiliated with the firm or who are otherwise not under its control.

## GENERAL OBJECTIONS

1.      Sutherland objects to the subpoena as harassing, unduly burdensome, vague, and ambiguous, to the extent that it is directed to matters that are not reasonably calculated to lead to the discovery of admissible evidence.

2

2.    Sutherland objects to the subpoena to the extent it seeks documents and things that are subject to the attorney-client privilege, constitute attorneys' work product, or are otherwise privileged and/or immune from discovery.

3.    Sutherland objects to the subpoena to the extent it seeks documents which may not be disclosed pursuant to a protective order.  The subpoena therefore imposes an undue burden by attempting to compel Sutherland to negotiate the terms of disclosure of protected documents containing confidential information belonging to multiple parties who are not participants in the instant litigation, or risk being held in contempt.

4.    Sutherland objects to the subpoena as unduly burdensome and cumulative to the extent that it seeks information already known to TMS.

5.    Sutherland objects to the subpoena to the extent it places an undue burden on Sutherland by requiring an excessive expenditure of time and money and fails to contain an undertaking by the party serving the subpoena to compensate Sutherland for its costs and the time taken by its employees, and its attorneys, to search for, locate, collect, and process responsive documents, and otherwise to comply with the subpoena.  Sutherland should not be required to respond to this subpoena unless it is compensated at its regular hourly rates and for any expenses it incurs.

3

6.    Sutherland objects to the subpoena to the extent it seeks information beyond that which is discoverable under the Federal Rules of Civil Procedure.

7.    Sutherland objects to the subpoena to the extent it is vague, overbroad, unduly burdensome, impractical, and oppressive, particularly in the demand for "all" documents and other items concerning multiple broadly stated topics, and in the demand that Sutherland review documents to determine whether they relate to certain claims or defenses raised by various parties in prior litigation.

8.    Sutherland objects to the subpoena to the extent it purports to require Sutherland to search for and produce documents which are not within its possession, custody or control.

9.    Sutherland objects to the subpoena to the extent it seeks documents that already have been produced in these proceedings, or any other related proceeding.

10.    Sutherland objects to the subpoena to the extent it calls for confidential information of third parties that cannot be disclosed by Sutherland because of contractual obligation.

11.    Sutherland objects to the production of documents at the time and place identified in TMS's requests.

4

12.    The foregoing General Objections apply to each request for production of documents, and Sutherland specifically incorporates each of these General Objections into its specific objections, whether or not each such General Objection is expressly referred to in a specific objection.

The objections made herein are made without waiving any other objections. Sutherland expressly reserves the right to alter, amend, update and/or supplement its objections at a later time.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1

All deposition transcripts and exhibits identified therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

### RESPONSE TO DOCUMENT REQUEST NO. 1

Sutherland objects to this request as vague, overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Sutherland also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Sutherland. Sutherland also objects to this

request to the extent that it seeks documents subject to a protective order.
Sutherland also objects to this request to the extent it calls for confidential
information of third parties that cannot be disclosed by Sutherland because of
contractual obligation.

## DOCUMENT REQUEST NO. 2

All hearing transcripts and exhibits identified therein relating to patent
misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and
Components Thereof*, ITC Investigation No. 337-TA-454.

## RESPONSE TO DOCUMENT REQUEST NO. 2

Sutherland objects to this request as vague, overly broad, unduly
burdensome and as calling for documents and things that are neither relevant to the
claims, counterclaims or defenses in the TMS action nor reasonably likely to lead
to the discovery of admissible evidence. Sutherland also objects to this request to
the extent that it seeks production of documents and things that are not in the
possession, custody or control of Sutherland. Sutherland also objects to this
request on the grounds that it seeks documents subject to a protective order.
Sutherland also objects to this request to the extent it calls for confidential
information of third parties that cannot be disclosed by Sutherland because of
contractual obligation.

6

## DOCUMENT REQUEST NO. 3

All expert reports and exhibits and evidence referenced therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

## RESPONSE TO DOCUMENT REQUEST NO. 3

Sutherland objects to this request as vague, overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Sutherland also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Sutherland. Sutherland also objects to this request on the grounds that it seeks documents subject to a protective order. Sutherland also objects to this request to the extent it calls for confidential information of third parties that cannot be disclosed by Sutherland because of contractual obligation.

## DOCUMENT REQUEST NO. 4

All dispositive motions, post-hearing briefs, related declarations or affidavits, and exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

7

### RESPONSE TO DOCUMENT REQUEST NO. 4

Sutherland objects to this request as vague, overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Sutherland also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Sutherland. Sutherland also objects to this request on the grounds that it seeks documents subject to a protective order. Sutherland also objects to this request to the extent it calls for confidential information of third parties that cannot be disclosed by Sutherland because of contractual obligation.

### DOCUMENT REQUEST NO. 5

The Final Initial Determination, findings of fact, and conclusions of law of Judge Luckern and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

### RESPONSE TO DOCUMENT REQUEST NO. 5

Sutherland objects to this request as vague, overly broad, unduly burdensome and as calling for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead

to the discovery of admissible evidence.  Sutherland also objects to this request to

the extent that it seeks production of documents and things that are not in the

possession, custody or control of Sutherland.  Sutherland also objects to this

request on the grounds that it seeks documents that are as equally available to TMS

as to Sutherland.

## DOCUMENT REQUEST NO. 6

The Complainants' and Respondents' proposed findings of fact, conclusions
of law, and the exhibits and evidence referenced therein relating to patent misuse
defenses or claims from *In the Matter of Certain Set-Top Boxes and Components
Thereof*, ITC Investigation No. 337-TA-454.

## RESPONSE TO DOCUMENT REQUEST NO. 6

Sutherland objects to this request as vague, overly broad, unduly

burdensome and as calling for documents and things that are neither relevant to the

claims, counterclaims or defenses in the TMS action nor reasonably likely to lead

to the discovery of admissible evidence.  Sutherland also objects to this request to

the extent that it seeks production of documents and things that are not in the

possession, custody or control of Sutherland.  Sutherland also objects to this

request on the grounds that it seeks documents subject to a protective order.

Sutherland also objects to this request to the extent it calls for confidential

information of third parties that cannot be disclosed by Sutherland because of contractual obligation.

Dated:  July 27, 2006

ANN G. FORT
Ga. Bar No. 269995
Sutherland Asbill & Brennan LLP
999 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-853-8000
Facsimile:  404-853-8806

Counsel to
Sutherland Asbill & Brennan LLP

10

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTIONS TO TMS'S SUBPOENA OF SUTHERLAND ASBILL & BRENNAN LLP** on the following attorneys of record as designated below:

### VIA FACSIMILE & U.S. MAIL

Tina Hernandez, Esq.                    Stuart W. Yothers
KIRKLAND & ELLIS LLP                    Fish & Neave IP Group
777 South Figueroa Street               Ropes & Gray LLP
Los Angeles, CA 90017                   1251 Avenue of the Americas
                                        New York, NY 10020

Dated:  July 27, 2006

ANN G. FORT
Ga. Bar No. 269995
Sutherland Asbill & Brennan LLP
999 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-853-8000
Facsimile:  404-853-8806

Counsel to
Sutherland Asbill & Brennan LLP

11

# EXHIBIT I

REGARDING A SUBPOENA ISSUED THROUGH
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
IN CONNECTION WITH:

|  |  |
|---|---|
| TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| TRIBUNE MEDIA SERVICES, INC. | ) ) ) |
| Defendant. | ) ) ) ) |

C.A. No.: 05-CV-725-KAJ (D.Del.)

## MORRISON & FOERSTER'S OBJECTIONS TO TRIBUNE MEDIA'S SUBPOENA

Pursuant to Rule 45(c)(2)(B), Fed.R.Civ.P., Morrison & Foerster hereby objects to the non-party subpoena dated July 13, 2006, served by counsel for Tribune Media Systems, Inc. ("TMS") in the above-captioned litigation ("the TMS action").

## OBJECTIONS TO DEFINITIONS

1.    Morrison & Foerster objects to the Definitions and Instructions to the extent they purport to impose any obligations beyond what is required, and seek information beyond what is discoverable, under the Federal Rules of Civil Procedure and applicable law.

2.    Morrison & Foerster objects to the definition of "Law Firm" to the extent it includes any partner, agent, business, attorney, or any other entity or person other than Morrison & Foerster.

sd-327790

3.    Morrison & Foerster objects to the definition of "You" or "your" to the extent it includes any partner, agent, business, attorney, or any other entity or person other than Morrison & Foerster.

## GENERAL OBJECTIONS

1.    Morrison & Foerster objects to the subpoena as harassing, unduly burdensome, vague, and ambiguous, to the extent that it is directed to matters that are not reasonably calculated to lead to the discovery of admissible evidence.

2.    Morrison & Foerster objects to the subpoena to the extent it seeks documents and things that are subject to the attorney-client privilege, constitute attorneys' work product, or are otherwise privileged and/or immune from discovery.

3.    Morrison & Foerster objects to the subpoena to the extent it may seek documents which may not be disclosed pursuant to a protective order. The subpoena therefore imposes an undue burden by attempting to compel Morrison & Foerster to negotiate the terms of disclosure of protected documents.

4.    Morrison & Foerster objects to the subpoena as unduly burdensome and cumulative to the extent that it seeks information already known to TMS or its counsel.

5.    Morrison & Foerster objects to the subpoena to the extent it places an undue burden on Morrison & Foerster by requiring an excessive expenditure of time and money and fails to contain an undertaking by the party serving the subpoena to compensate Morrison & Foerster for its costs and the time taken by its employees, and its attorneys, to search for, locate, collect, and process responsive documents, and otherwise to comply with the subpoena. Morrison & Foerster should not be required to respond to this subpoena unless it is compensated by TMS at its regular hourly rates and for any expenses it incurs.

sd-327790

6.    Morrison & Foerster objects to the subpoena to the extent it seeks information beyond that which is discoverable under the Federal Rules of Civil Procedure.

7.    Morrison & Foerster objects to the subpoena to the extent it is overbroad, unduly burdensome, impractical, and oppressive, particularly in the demand for "all" documents and other items concerning multiple broadly stated topics.

8.    Morrison & Foerster objects to the subpoena to the extent it purports to require Morrison & Foerster to search for and produce documents which are not within its possession, custody or control.

9.    Morrison & Foerster objects to the subpoena to the extent it seeks documents that already have been produced in these proceedings, or any other related proceeding.

10.    Morrison & Foerster objects to the subpoena to the extent it calls for confidential information of third parties that cannot be disclosed by Morrison & Foerster because of contractual obligation.

11.    Morrison & Foerster objects to the production of documents at the time and place identified in TMS's requests.

12.    The foregoing General Objections apply to each request for production of documents, and Morrison & Foerster specifically incorporates each of these General Objections into its specific objections, whether or not each such General Objection is expressly referred to in a specific objection.

The objections made herein are made without waiving any other objections. Morrison & Foerster expressly reserves the right to alter, amend, update and/or supplement its objections at a later time.

sd-327790

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1

All deposition transcripts and exhibits identified therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

### RESPONSE TO DOCUMENT REQUEST NO. 1

Morrison & Foerster objects to this request as overly broad, unduly burdensome and to the extent the request calls for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Morrison & Foerster also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Morrison & Foerster. Morrison & Foerster also objects to this request to the extent that it seeks documents subject to protective orders which preclude Morrison & Foerster from disclosing confidential documents to third parties. Morrison & Foerster also objects to the extent the request calls for confidential information of third parties that cannot be disclosed by Morrison & Foerster because of contractual obligation. To the extent that documents called for by this Request are not prohibited from disclosure by protective orders by other courts or agreements with third parties, Morrison & Foerster objects to this request as seeking documents that are as available to TMS or its counsel as they are to Morrison & Foerster.

### DOCUMENT REQUEST NO. 2

All hearing transcripts and exhibits identified therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Morrison & Foerster objects to this request as overly broad, unduly burdensome and to the extent the request calls for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Morrison & Foerster also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Morrison & Foerster. Morrison & Foerster also objects to this request to the extent that it seeks documents subject to protective orders which preclude Morrison & Foerster from disclosing confidential documents to third parties. Morrison & Foerster also objects to the extent the request calls for confidential information of third parties that cannot be disclosed by Morrison & Foerster because of contractual obligation. To the extent that documents called for by this Request are not prohibited from disclosure by protective orders by other courts or agreements with third parties, Morrison & Foerster objects to this request as seeking documents that are as available to TMS or its counsel as they are to Morrison & Foerster.

**DOCUMENT REQUEST NO. 3**

All expert reports and exhibits and evidence referenced therein relating to patent misuse and/or antitrust defenses or claims from the following proceedings: (1) *In re Gemstar Development Corporation Patent Litigation*, MDL-1274-WBH (N.D. Ga.), and (2) *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Morrison & Foerster objects to this request as overly broad, unduly burdensome and to the extent the request calls for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Morrison & Foerster also objects to this request to the extent that it seeks

production of documents and things that are not in the possession, custody or control of Morrison & Foerster. Morrison & Foerster also objects to this request to the extent that it seeks documents subject to protective orders which preclude Morrison & Foerster from disclosing confidential documents to third parties. Morrison & Foerster also objects to the extent the request calls for confidential information of third parties that cannot be disclosed by Morrison & Foerster because of contractual obligation. To the extent that documents called for by this Request are not prohibited from disclosure by protective orders by other courts or agreements with third parties, Morrison & Foerster objects to this request as seeking documents that are as available to TMS or its counsel as they are to Morrison & Foerster.

## DOCUMENT REQUEST NO. 4

All dispositive motions, post-hearing briefs, related declarations or affidavits, and exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

## RESPONSE TO DOCUMENT REQUEST NO. 4

Morrison & Foerster objects to this request as overly broad, unduly burdensome and to the extent the request calls for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Morrison & Foerster also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Morrison & Foerster. Morrison & Foerster also objects to this request to the extent that it seeks documents subject to protective orders which preclude Morrison & Foerster from disclosing confidential documents to third parties. Morrison & Foerster also objects to the extent the request calls for confidential information of third parties that cannot be disclosed by Morrison & Foerster because

of contractual obligation. To the extent that documents called for by this Request are not prohibited from disclosure by protective orders by other courts or agreements with third parties, Morrison & Foerster objects to this request as seeking documents that are as available to TMS or its counsel as they are to Morrison & Foerster.

## DOCUMENT REQUEST NO. 5

The Final Initial Determination, findings of fact, and conclusions of law of Judge Luckern and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Investigation No. 337-TA-454.

## RESPONSE TO DOCUMENT REQUEST NO. 5

Morrison & Foerster objects to this request as overly broad, unduly burdensome and to the extent the request calls for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Morrison & Foerster also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Morrison & Foerster. Morrison & Foerster also objects to this request to the extent that it seeks documents subject to protective orders which preclude Morrison & Foerster from disclosing confidential documents to third parties. Morrison & Foerster also objects to the extent the request calls for confidential information of third parties that cannot be disclosed by Morrison & Foerster because of contractual obligation. To the extent that documents called for by this Request are not prohibited from disclosure by protective orders by other courts or agreements with third parties, Morrison & Foerster objects to this request as seeking documents that are as available to TMS or its counsel as they are to Morrison & Foerster.

sd-327790

**DOCUMENT REQUEST NO. 6**

The Complainants' and Respondents' proposed findings of fact, conclusions of law, and the exhibits and evidence referenced therein relating to patent misuse defenses or claims from *In the Matter of Certain Set-Top Boxes and Components Thereof,* ITC Investigation No. 337-TA-454.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

Morrison & Foerster objects to this request as overly broad, unduly burdensome and to the extent the request calls for documents and things that are neither relevant to the claims, counterclaims or defenses in the TMS action nor reasonably likely to lead to the discovery of admissible evidence. Morrison & Foerster also objects to this request to the extent that it seeks production of documents and things that are not in the possession, custody or control of Morrison & Foerster. Morrison & Foerster also objects to this request to the extent that it seeks documents subject to protective orders which preclude Morrison & Foerster from disclosing confidential documents to third parties. Morrison & Foerster also objects to the extent the request calls for confidential information of third parties that cannot be disclosed by Morrison & Foerster because of contractual obligation. To the extent that documents called for by this Request are not prohibited from disclosure by protective orders by other courts or agreements with third parties, Morrison & Foerster objects to this request as seeking documents that are as available to TMS or its counsel as they are to Morrison & Foerster.

Dated: July 27, 2006                          Respectfully submitted,

                                              MORRISON & FOERSTER LLP

By:

                                              Peter J. Davis
                                              MORRISON & FOERSTER LLP
                                              2000 Pennsylvania Ave., NW
                                              Suite 5500
                                              Washington, DC 20006-1888

sd-327790

# EXHIBIT   J

# KIRKLAND & ELLIS LLP

· AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, California 90017

Tina Hernandez
To Call Writer Directly:
213 680-8682
thernandez@kirkland.com

213 680-8400

· www.kirkland.com

Facsimile:
213 680-8500·

August 3, 2006

**VIA FACSIMILE**

Christopher J. Harnett
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020-1104

Dear Christopher:

In the last few days, it has become apparent that TV Guide has contacted third parties subpoenaed by TMS and encouraged them not to timely produce documents in response to the subpoenas. We have now received written objections to TMS's subpoenas from several third parties, many of which appear virtually identical in form and substance. Simultaneously with our receipt of the third party objections, we also received TV Guide's "Joinder" in the third party objections of several third parties.[1]

If we are correct based upon available information that TV Guide has contacted third parties and encouraged them to object or to delay production of documents in response to the subpoenas or otherwise has orchestrated third party objections, then TV Guide has acted improperly. *See In re Seagate Technology*, No. C-59-24936 (A)-VRW, 1993 WL 293008, at *2 (N.D. Cal. June 10, 1993) ("[T]he court hereby admonishes [the party] to refrain from interfering with the third-party discovery by coaching the ten investment banking firms to object to the subpoenas" because "[s]uch behavior is inappropriate and should cease"); *see also* Del. Prof. Cond. R. at 3.4(f) (prohibiting Delaware lawyers from "request[ing] a person other than a client to refrain from voluntarily giving relevant information to another party . . . ."); *id.* at 3.4(a).

---

[1]    "Objections" by parties to third party subpoenas are not even permitted under Rule 45. Rule 45 only states that "a person commanded to produce or permit inspection" may object to the subpoena. Fed. R. Civ. P. 45(c)(2)(B). TV Guide has no standing to "join" objections made by parties subject to the subpoena, or litigate all issues relating to the subpoena. *See, e.g., Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-35 (E.D. Pa. 2001) (party does not have standing to move to quash subpoena served on nonparty based on asserted confidentiality interest of nonparty).

---

Chicago        London        Munich        New York        San Francisco        Washington, D.C.

K&E 11271585.1

## KIRKLAND & ELLIS LLP

Christopher Harnett, Esq.
August 3, 2006
Page 2


If TV Guide believed that it had a valid legal basis for quashing or modifying TMS's subpoenas, its recourse under Rule 45 was to file a motion in the appropriate jurisdiction — not to contact the third parties and encourage them to object and/or refuse or delay production of responsive documents. *Thomas*, 202 F.R.D. at 434-35 (E.D. Pa. 2001); *see also* 9 James Wm. Moore et al., Moore's Federal Practice ¶ 45.50[3] (3d ed. 2006).

We ask that TV Guide immediately cease all efforts to interfere with TMS's Rule 45 subpoenas. We have served a request for production of documents to TV Guide calling for all documents relating to communications with third parties subject to TMS's Rule 45 subpoenas. We reiterate here the need for TV Guide and its counsel to preserve all responsive documents.


Sincerely,

Tina Hernandez


cc:    Frederick L. Cottrell, III
       Richard K. Herrmann
       Michael A. Parks
       Corey C. Watson