**RICHARDS, LAYTON & FINGER**

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

August 18, 2006

**VIA E-FILING**

The Honorable Kent A. Jordan               **REDACTED - PUBLIC VERSION**
United States District Court
844 King Street
Wilmington, DE 91361

RE: *TV Guide Online v. Tribune Media Services* (C. A. No. 05-CV-725-KAJ)

Dear Judge Jordan:

On behalf of TV Guide, we write in response to the August 17, 2006 letter submitted to the Court by counsel for TMS. That letter serves only to confirm that the overbroad and oppressive discovery TMS wishes to pursue on one issue would unnecessarily divert attention and resources from the straightforward issues of patent infringement presented in this case.

REDACTED

Moreover, TMS's own characterization of its document demands at issue confirms that they call for vast numbers of documents that are unrelated to the '078 patent. Specifically, TMS acknowledges that it is seeking production of: (1) documents from prior legal proceedings both in the ITC and in a multi-district litigation where the '078 patent was not at issue; (2) documents concerning Department of Justice investigations into the Gemstar merger which, of course, were not directed to the '078 patent; (3) documents concerning all of Gemstar/TV Guide's licensing activities, regardless of whether the resulting license conveys rights to the '078 patent; and (4) all "transcripts and minutes of any conference calls and communications TV Guide has had with any third parties" relating broadly to any market conditions concerning any "interactive program guide."

Remarkably, TMS argues, on one hand, that this overbroad discovery is "central to its patent misuse claim" and complains, on the other hand, that TV Guide "will not produce any documents other than those expressly related to the '078 patent." As a matter of law, TMS's patent misuse claim here *must be expressly related to misuse of the '078 patent* -- the only patent in suit. TMS cannot pursue some amorphous theory of patent misuse "in the air." *Kolene Corp.*

*v. Motor City Metal Treating, Inc.*, 440 F.2d 77, 84-85 (6th Cir. 1971).[1] The extreme overbreadth of TMS's discovery efforts confirm that TMS's "misuse" theory is not, in reality, directed to the '078 patent and is, therefore, improper.

The overbroad discovery that TMS is seeking from TV Guide and from sixteen third parties would multiply the burden and cost of discovery many times over. TMS's discovery efforts are particularly troubling in view of the practical realities of this case.

As TV Guide explained in the briefing on its pending motion to dismiss, prior to service of the complaint in this action, TV Guide sought to engage TMS in licensing negotiations with respect to the '078 patent. TV Guide offered a license to TMS on reasonable commercial terms (D.I. 13, Ex. B). TMS, however, rejected TV Guide's reasonable offer and, instead, elected to litigate.

REDACTED

Therefore, in the event that the Court does not grant TV Guide's motion to dismiss, the interests of judicial economy will be served by severing and staying TMS's patent misuse allegations and TMS's unrestrained discovery efforts relating to those allegations pending resolution of the central issues in this case (infringement, validity and damages).

In its August 17 letter, TMS also alleges that TV Guide has somehow interfered with the subpoenas that TMS served on the sixteen third parties -- eight law firms and eight companies that do business with TV Guide. TMS's allegations of "interference" have no basis in fact. Moreover, TMS fails to advise the Court about the relevant events leading up to TMS's third-party fishing expedition.

On March 8, 2006, TMS served TV Guide with the document requests at issue here. On April 10, 2006, TV Guide objected to TMS's document requests as being hopelessly overboard, burdensome and oppressive and as not being reasonably calculated to lead to the discovery of

---

[1] In its August 17 letter, TMS persists in characterizing its patent misuse allegations as being related to ALJ's initial determination in an earlier ITC proceeding *that involved a different TV Guide company*. TMS's assertions about the ITC proceeding are entirely irrelevant. The '078 patent-in-suit was not at issue in that proceeding. In fact, the '078 patent has never previously been asserted in any litigation. Beyond that, the ITC took the affirmative step of announcing that it decided to "take no position" on the ALJ's misuse findings -- thereby ensuring that the findings were not adopted by the Commission. It is not surprising, therefore, that TMS's patent misuse pleading with respect to the '078 patent is not -- and cannot be -- based on some unarticulated link to the earlier ITC proceeding. Instead, TMS's misuse pleading is premised strictly on a theory of "conditioning" which, as TV Guide explained in its pending motion to dismiss, is fatally flawed as a matter of fact and as an established matter of law under *Zenith Radio Corp. v. Hazeltine Research Inc.*, 395 U.S. 100, 135 (1985).

Honorable Kent A. Jordan
August 18, 2006
Page 3

admissible evidence. At that time, TV Guide explicitly invited TMS to narrow those requests to a more reasonable scope. TMS then sat on its hands for nearly three months -- *TMS did not respond to TV Guide's invitation to narrow the requests and TMS did not raise the issue with the Court.* Instead, TMS did nothing until July 12, when TMS wrote to TV Guide setting forth some supposedly "narrowed" requests. Unfortunately, those requests did not reduce in any meaningful way the vast number of irrelevant documents that TMS is seeking. TV Guide then promptly advised TMS that TV Guide would seek an Order from the Court precluding or deferring such discovery by TMS.[2]

TMS then proceeded with its efforts to seek production of many of the same types of irrelevant documents from third parties through subpoenas issued from various district courts around the country. TMS's efforts reflect: (1) an attempt by TMS to circumvent TV Guide's legitimate discovery objections; (2) an attempt by TMS to impose unreasonable costs and burdens on third parties that do business with TV Guide or that have provided legal representation to TV Guide; and (3) most troublingly, an attempt by TMS to divest this Court of control over discovery in this action by forcing discovery from third parties before this Court had an opportunity to hear the issues on August 21.

In light of the foregoing, it was entirely appropriate for TV Guide to contact the third parties to advise them about the nature of the discovery issues that had arisen in this case and to let them know that a conference with the Court had already been scheduled for August 21 to address the propriety of the discovery that TMS was seeking from them.

Respectfully,

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III

FLC, III/jab

cc: Christopher J. Harnett, Esq.
Ronald E. Naves, Jr., Sr. Vice President, Legal Affairs and Litigation
Richard K. Herrmann, Esq.
Michael A. Parks, Esq.

---

[2] In this regard, the assertion in the first sentence of TMS's letter that TMS requested the upcoming conference with the Court is inaccurate. TV Guide suggested that the parties jointly approach the Court to schedule the conference -- which is what happened.

RLF1-3049610-1