IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br><br>        Plaintiffs and Counterclaim-Defendants,<br><br>        v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>        Defendant and Counterclaim-Plaintiff. | )<br>)<br>)<br>)  C.A. No. 05-725-KAJ<br>)<br>)  PUBLIC VERSION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

LETTER TO THE HONORABLE KENT A. JORDAN IN RESPONSE TO
PLAINTIFFS' AUGUST 17, 2006 LETTER (DI NO. 91)

Richard K. Herrmann (ID No. 405)
Mary B. Matterer (ID No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Attorneys for Defendant*
*Tribune Media Services, Inc.*

Original Date: August 18, 2006
Redacted Date: August 25, 2006

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

August 18, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street                                                **PUBLIC VERSION**
Wilmington, Delaware 19801-3570

Re:   *TV Guide Online, Inc. et al v. Tribune Media Services, Inc.*
      Civil Action No.: 05-725 KAJ

Your Honor:

This letter responds to TV Guide's August 17, 2006 letter to the Court, which seeks three types of relief: (1) an order compelling TMS to produce source code; (2) an order compelling TMS to produce an additional 30(b)(6) witness; and (3) an order to "sever and stay" TMS's patent misuse claim. The first two issues are manufactured disputes that require no court intervention. As for the third issue, TV Guide's request by letter for an order to "sever and stay" the patent misuse defense and counterclaim is procedurally improper and rests on material misrepresentations regarding TMS's attempts to obtain discovery on this claim -- discovery that has been completely stymied by TV Guide.

A.   **TMS Has Agreed to Produce Source Code In Response to TV Guide's Requests.**

TMS has not refused to produce its source code despite its belief that the source code is irrelevant to TV Guide's claim of infringement.[1] Given the competitively sensitive nature of TMS's source code, however, TMS has asked that a protocol be implemented to control the disclosure of this information. Most recently, TMS offered to produce its highly confidential source code through an escrow agent in Texas. *See* Ex. B. Just hours after submitting its August 17 letter to the Court accusing TMS of refusing to produce source code, TV Guide agreed with TMS's proposal in principle. Ex. C. There is no dispute over this issue.[2]

---

[1] The '078 patent involves a simple process, executed by an end user inputting geographical information into a computer situated at the user's television viewing location. The source code used by TMS is not related to any issue in the case.

[2] We note that TV Guide's effort to characterize TMS as dragging its feet in discovery relative to TV Guide is not credible. At page 1 of TV Guide's letter, TV Guide states that "[o]n the issues of infringement, validity and damages, TMS has produced about 34,000 pages of documents and TV Guide has produced about 145,000 pages of documents." What TV Guide fails to disclose is that it produced about 85,000 pages of documents on August 16, 2006 -- less than 24 hours before TV Guide submitted its letter to the Court and six weeks prior to the current fact discovery cut-off. Ex. A.

August 18, 2006                                                                 MORRIS, JAMES, HITCHENS & WILLIAMS LLP
Page 2

**B.     TMS Has Agreed to Produce An Additional 30(b)(6) Witness.**

TMS has not refused to produce additional witnesses, as TV Guide suggests. Although TMS's 30(b)(6) witnesses spent substantial time preparing for deposition and were fully prepared to testify, TV Guide claims that TMS's witnesses were not adequately prepared on certain topics. During an August 16 meet and confer, TMS explained it was willing to offer an additional witness so long as TV Guide provided the list of topics for additional examination. At that time, TV Guide identified the topics for which it wanted the additional witness. After TV Guide filed its August 17 letter complaining to the Court, TV Guide identified an additional topic for which it wanted another witness. Ex. D. Although TMS continues to maintain that its first witnesses were prepared, TMS has agreed to provide additional witnesses. Ex. E. Again, TV Guide claims a dispute where none exists.

**C.     TV Guide's Letter-Request for Severance and Stay Is Procedurally Improper.**

TV Guide laces its August 17 letter with rhetoric in an effort to portray TMS's patent misuse defense and counterclaim as an unnecessary distraction that should be severed and stayed. Setting aside the misrepresentations on which this request is based (discussed below), TV Guide cannot use a discovery conference letter to request an order to "sever and stay."[3]

Paragraph 3(e) of the March 12, 2006 Scheduling Order does not authorize TV Guide's letter-request. Paragraph 3(e) applies to discovery disputes, not motions to sever or to stay. Rather, Local Rules 7.1.2 and 7.1.3 set forth the rules for the form and content of opening briefs, along with rules for the form, content, and timing of answering briefs. Local Rule 7.1.1, expressly adopted in paragraph 15 of the Court's Scheduling Order, also requires counsel for the moving party to make a reasonable effort to reach agreement with the opposing party on the matters set forth in the motion. Here, TV Guide never consulted with TMS before requesting severance and stay of the patent misuse claim, and TV Guide has not filed a proper motion. TMS certainly is entitled to more than 24 hours and a short letter to respond. For this reason alone, TV Guide's letter-request should be denied.

**D.     TV Guide's Request for Severance and Stay Is Littered With Misrepresentations About the State of Discovery Between the Parties.**

Rather than request any legitimate relief, TV Guide's August 17 letter relies on a series of misrepresentations designed to portray TMS's patent misuse claim as an unnecessary gadfly unworthy of discovery and to paint TMS's patent misuse discovery as unprincipled and abusive. TV Guide's rhetoric only makes the issues more difficult to understand.[4] These are the facts:

- TMS's letter to the Court of August 17, 2006 identifies six document requests (as revised) for which TV Guide has refused to produce documents. In that letter, we systematically discuss each request and explain its relevance to TMS's patent misuse claim. Contrary to TV Guide's unfounded rhetoric, this is not a "fishing expedition"; it is not "unbridled, burdensome

---

[3] We are not even certain what TV Guide is requesting. "Severing" a case would split it into two independent actions. 4 James Wm. Moore et al., Moore's Federal Practice ¶¶ 21.02-21.06 (3d ed. 2006).

[4] Footnote 1 of TV Guide's August 17 letter attempts to revive TV Guide's earlier improper "motion to dismiss." The most obvious problem with the motion is that it relies on evidence extraneous to the pleadings presented in a declaration attaching cherry-picked documents. This "motion to dismiss" is not a proper Rule 12 motion at all, but an attempt to argue facts based on a one-sided presentation of evidence.

August 18, 2006                                                  MORRIS, JAMES, HITCHENS & WILLIAMS LLP
Page 3

discovery"; it is not "discovery that has no purpose other than to multiply costs and complexity of this action"; and it is not discovery intended to "overwhelm the central issues" in the case -- whatever those might be. TMS is simply trying to obtain evidence to prove its claim.

- TV Guide's assertion of burden and expense is overstated. Many of the documents that are the subject of TMS's requests are a subset of documents that were already collected, reviewed, bates labeled, and produced in prior litigation before the International Trade Commission (the "ITC Action") and prior MDL litigation in the Northern District of Georgia (the "MDL Action"). Although some categories of information in the prior production must be supplemented, this is a far cry from inventing the wheel.

- Contrary to TV Guide's rhetoric, TMS is not interested in discovery related to the *accounting irregularities* that were the subject of the *SEC's* prior investigation of TV Guide executives. Instead, as explained in our August 17 letter, TMS has served document requests seeking information regarding market definition and market power produced to the Department of Justice when that agency studied the effects of the proposed merger between Gemstar and TV Guide. The market power resulting from that merger is directly probative of the patent misuse claim at issue here.

- TMS has served third party subpoenas on law firms and certain companies who produced documents and testimony in the ITC Action and the MDL Action relating to patent misuse and antitrust claims. The information sought through these subpoenas is directly relevant to market definition, market power, and the anticompetitive impact of the covenant not to sue/grantback. Again, most of the information sought through the subpoenas was previously collected, reviewed, bates labeled, and produced in the ITC Action, the MDL Action, or both. TV Guide's interference with these subpoenas is addressed in TMS's August 17 letter to the Court.

In sum, TMS's patent misuse claim and defense based on TV Guide's use of an unlawful covenant not to sue/grantback is bona fide. Judge Luckern of the ITC, after a multiple-week evidentiary hearing, found that TV Guide's use of these provisions in more than 100 license agreements was anticompetitive and deterred competition. Moreover, a claim under Section 1 of the Sherman Act based on TV Guide's use of its covenant not to sue/grantback in licensing agreements survived the summary judgment phase of the MDL Action before that case settled. Make no mistake: TV Guide's strategy here is to try to choke TMS's claim by cutting off clearly legitimate discovery rather than face the merits. That strategy has deprived TMS of access to important documents and undermined its ability to schedule, let alone take, depositions. Accordingly, we respectfully ask the Court to intervene and issue the orders requested in TMS's August 17, 2006 letter. TV Guide's request to "sever and stay" should be denied.

Respectfully,

Richard K. Herrmann, I.D. No. 405
rherrmann@morrisjames.com

cc: Frederick L. Cottrell, III (via hand delivery)
    Christopher J. Harnett (via email)

# EXHIBIT A

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT B

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8036

August 16, 2006

**Via Facsimile**
646-728-2957

Stuart W. Yothers
Fish & Neave IP Group of Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

Re:    *TV Guide Online v. Tribune Media Services*

Dear Stuart:

I write in response to your letter dated August 11, 2006 regarding the production of source code. It appears the only remaining dispute between the parties is the location where the laptop computer on which the source code has been loaded will be maintained. TMS cannot agree to the maintenance of this computer at the offices of Mr. Cole. However, in an effort to compromise, TMS will agree to place the laptop in the hands of an escrow agent located in Austin, Texas, for Mr. Cole's convenience. TMS is working now to identify such an escrow agent. Please let us know if this is an acceptable compromise to TV Guide.

Sincerely,

Meredith Zinanni /SLM

Meredith Zinanni

cc:    Frederick I. Cottrell, III, Esq.
       Richard K. Herrmann, Esq.

08/15/2006 14:02 FAX 312 861 2200 2        KIRKLAND AND ELLIS LLP                           ☒001

```
                        ************************
                        ***    TX REPORT     ***
                        ************************

     TRANSMISSION OK

     TX/RX NO               2458
     CONNECTION TEL         675#0001513026517701
     SUBADDRESS
     CONNECTION ID
     ST. TIME               08/15 14:01
     USAGE T                00'29
     PGS. SENT              2
     RESULT                 OK
```

# KIRKLAND & ELLIS LLP
### Fax Transmittal

200 East Randolph Drive
Chicago, Illinois 60601
Phone: 312 861-2000
Fax: 312 861-2200

---

Please notify us immediately if any pages are not received.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE NOTIFY US IMMEDIATELY AT:
312 861-2356.

| To: | Company: | Fax #: | Direct #: |
|---|---|---|---|
| Stuart Yothers | Fish & Neave/Ropes & Gray | 212.596.9090 | 212.596.9176 |
| Frederick Cottrell, III | Richards, Layton & Finger | 302.651.7701 | 302.651.7700 |
| Richard Herrmann | Morris, James, Hitchens & Williams | 302.571.1750 | 302.888.6816 |
| From: | Date: | Pages w/cover: | Fax #: | Direct #: |
| Meredith Zinanni | August 16, 2006 | 2 | 312.861.2200 | 312.861.2010 |

Message:

# EXHIBIT C

**ROPES & GRAY**

FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS   NEW YORK, NY 10020-1104   212-596-9000   F 212 596-9090
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

August 17, 2006

**VIA FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

I write in response to your proposal of August 16, 2006.

TV Guide Online agrees that placing the laptop in the hands of an escrow agent in Austin, Texas will be an acceptable resolution to the remaining disputed term of TMS's source code production provided that the escrow agent does not unreasonably limit access by TV Guide's expert. Because so many letters have changed hands in the past several weeks, TV Guide Online would like to confirm the terms of production as we understand them.

- TMS will load a single copy of the complete source code for www.zap2it.com onto a laptop computer. The laptop computer will be maintained at the offices of an escrow agent in Austin, Texas to be agreed upon by the parties. In the event of depositions or court proceedings for which the source code is required, counsel for TV Guide shall notify Kirkland & Ellis of the need to have the source code available, and arrangements will be made to transport the laptop computer to the location where the deposition or court proceeding is to occur.

- The laptop computer will include software utilities – including an editor and the appropriate compiler – that will enable viewing, searching, and analysis of the source code. For example, the utilities must allow the user to view, search, and line-number any source file, search for text, and compare two files to display their differences.

- No copies of the entire source code may be made, except to the extent copies of the source code are made on the laptop computer during the examination of the code, nor

**ROPES & GRAY LLP**

Meredith Zinanni, Esq.                    - 2 -                    August 17, 2006

may the source code be connected or downloaded to a portable medium of any kind. This does not preclude TV Guide or its expert from including limited excerpts of the source code in, for example, court filings (submitted under seal), the reports of TV Guide Online's technical expert, and demonstrative exhibits used at trial.

- At no time shall the laptop computer on which the source code is loaded be connected to the internet, a local area network, or any other computer or network.
- No in-house personnel, including the in-house counsel designated to receive confidential information under the Protective Order, shall have access to the source code. Only outside counsel and experts designated to receive confidential information under the Protective Order shall have access to the source code.
- At the conclusion of the case, the laptop computer shall be returned to TMS.
- All other provisions of the Protective Order regarding the treatment of confidential information shall be applicable.

TV Guide Online is prepared to produce the source code for www.tvguide.com pursuant to the same terms. Please let me know if our understanding is correct and if we have an agreement. Additionally, please let me know by what date certain TMS will produce the source code for www.zap2it.com.

Sincerely yours,

Stuart W. Yothers

SWY:sj

cc:  Frederick L. Cottrell, III, Esq.
     Richard K. Herrmann, Esq.
     Michael A. Parks, Esq.
     Tina Rae Hernandez, Esq.

# EXHIBIT D

Aug-17-06   06:07pm   From-ROPES & GRAY LLP           +212 596 9096         T-923   P.001/002   F-103



# ROPES & GRAY

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS   NEW YORK, NY 10020-1104   212-596-9000   F 212-596-9090
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

## FAX TRANSMITTAL LETTER

IMPORTANT: PLEASE DELIVER THIS DOCUMENT IMMEDIATELY!
IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL: 212-596-9300
TOTAL NUMBER OF PAGES INCLUDING THIS TRANSMITTAL LETTER: 2

| | Name | Firm/Company | Fax Number | Phone Number |
|---|---|---|---|---|
| To: | Meredith Zinanni, Esq. | Kirkland & Ellis LLP | 312.660.8036 | 312.861.2010 |
| cc: | Frederick L. Cottrell, III, Esq. | Richards, Layton & Finger | 302.651.7701 | 302.651.7700 |
| | Richard K. Herrmann, Esq. | Morris, James, Hitchens & Williams LLP | 302.571.1750 | 302.888.6816 |
| | Michael A. Parks, Esq. | Kirkland & Ellis LLP | 312.861.2200 | 312.861.3211 |
| | Tina Rae Hernandez, Esq. | Kirkland & Ellis LLP | 213.680.8500 | 213.680.8662 |

From:   Stuart W. Yothers

Comments:
*TV Guide Online v. Tribune Media Services*
C.A. No. 05 CV-725-KAJ

---

### PLEASE COMPLETE WHEN SUBMITTING TO FAX DEPARTMENT

Date: August 17, 2006                    Time: 5:00PM
File Symbol: 003596.0250                 Personal ID Number:
Submitted By: Stuart W. Yothers          Phone: 212-596-9176

---

THIS FAX MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. IT IS INTENDED FOR USE ONLY BY THOSE TO WHOM IT IS ADDRESSED. IF THIS FAX IS NOT ADDRESSED TO YOU, OR IF YOU RECEIVED IT IN ERROR, YOU MAY NOT DISCLOSE, DISTRIBUTE, COPY OR USE THIS FAX OR ANY INFORMATION IN IT. INSTEAD, PLEASE CALL US COLLECT AT 212-596-9300 TO ARRANGE FOR ITS DESTRUCTION OR RETURN.

Aug-17-06   06:07pm   From-ROPES & GRAY LLP        +212 596 9096         T-923   P.002/002   F-103

**ROPES & GRAY**

FISH & NEAVE IP GROUP

ROPES & GRAY LLP
1251 AVENUE OF THE AMERICAS   NEW YORK, NY 10020-1104   212-596-9000   F 212-596-9090
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   WASHINGTON, DC   www.ropesgray.com

Stuart W. Yothers
212-596-9176
646-728-2957 fax
Stuart.Yothers@ropesgray.com

August 17, 2006

**VIA FACSIMILE**

Meredith Zinanni, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*TV Guide Online v. Tribune Media Services*
C.A. No. 05-CV-725-KAJ

Dear Meredith:

Further to our discussion and your letter, both yesterday, TV Guide Online requests again that TMS provide a prepared 30(b)(6) witness on topics 2, 3, 4, 6, 7, and 8 of TV Guide Online's May 17, 2006 Notice of Deposition that was served on TMS. Please be prepared to discuss the availability of this witness during our meet and confer scheduled for 11:00 am ET on Tuesday, August 22.

Furthermore, please be prepared to discuss the availability of Mr. McFall for continued deposition testimony on topic 1 of the same Notice. As Mr. Harnett stated during the depositions that took place on August 9, TV Guide Online needs more time to examine Mr. McFall on this topic.

Sincerely yours,

Stuart W. Yothers

SWY:sj

cc:   Frederick L. Cottrell, III, Esq.
      Richard K. Herrmann, Esq.
      Michael A. Parks, Esq.
      Tina Rae Hernandez, Esq.

# EXHIBIT E

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Meredith Zinanni
To Call Writer Directly:
(312) 861-2010
mzinanni@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: (312) 660-8036

August 18, 2006

**Via Facsimile**
646-728-2957

Stuart W. Yothers
Fish & Neave IP Group of Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

Re: *TV Guide Online v. Tribune Media Services*

Dear Stuart:

I write in response to your letter from yesterday regarding the topics TV Guide considers open from TV Guide's Rule 30(b)(6) deposition notice dated May 17, 2006. Although TMS believes its witnesses were prepared on August 9, 2006, TMS will designate witnesses for further testimony on Topics 1-4 and 6-8 of that notice. We will be prepared to discuss scheduling of those designees during the meet and confer scheduled for Tuesday, August 22, 2006. We expect that during that same meet and confer TV Guide will be able to identify by name TV Guide's designees on the topics of TMS's Rule 30(b)(6) notices for which TV Guide has agreed to present a witness and the scheduling of those witnesses.

Sincerely,

Meredith Zinanni

cc: Frederick I. Cottrell, III, Esq.
Richard K. Herrmann, Esq.

London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.