IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br><br>      Plaintiffs and Counterclaim Defendants,<br><br>               v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>      Defendant and Counterclaim Plaintiff. | C.A. No.: 05-725 KAJ<br><br>PUBLIC VERSION |

**TMS'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Attorneys for Defendant
Tribune Media Services, Inc.*

Original dated: August 21, 2006
Public version dated: August 28, 2006

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................2

I.      TMS's Motion For Leave To Amend Should Be Granted. ................................................2

          A.      Plaintiffs' Affiliates Are Proper Parties To TMS's Patent Misuse Counterclaim. ...............................................................................................2

          B.      TV Guide Has Not Established That Any Party Will Be Prejudiced By The Addition Of Plaintiffs' Affiliates As Counterclaim Defendants............................4

          C.      TMS's Motion For Leave To Amend Is Timely. .....................................................5

          D.      TV Guide's Prior "Motion To Dismiss" Is Nothing Short of a Flawed Motion for Summary Judgment Which In No Way Renders Leave to Amend Futile. .........................................................................................................6

II.     TV Guide's Attempt To Mischaracterize TMS's Discovery Requests Is Improper............8

CONCLUSION ................................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Foman v. Davis*,
  371 U.S. 178 (1962) .................................................................................................. 6

*In the Matter of Certain Set-Top Boxes and Components Thereof*,
  ITC Inv. No. 337-TA-454 (the "ITC Action"), 2002 WL 31556392 ................................ 8

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1993) ........................................................................................... 7

*Satellite Fin. Planning Corp. v. First National Bank of Wilmington*,
  Civ. A. No. 85-463 CMW, 1987 WL 7189 (D. Del. Feb. 5, 1987) ................................. 3

**Rules**

Federal Rule of Civil Procedure 12(b) .................................................................................. 7

Federal Rule of Civil Procedure 13(h) .................................................................................. 3

Federal Rule of Civil Procedure 15 ...................................................................................... 3

Federal Rule of Civil Procedure 15(a) .................................................................................. 4

Federal Rule of Civil Procedure 15(b) .................................................................................. 4

Federal Rule of Civil Procedure 19 ...................................................................................... 3

Federal Rule of Civil Procedure 20 ...................................................................................... 3

## INTRODUCTION

This is a simple motion for leave to amend

**REDACTED**

The law is not disputed: leave to amend should be freely given—particularly to conform a pleading to the evidence—unless the party opposing leave meets its burden of proving that the amendment would cause undue prejudice. TV Guide does not even try to make a case of undue prejudice. It cannot. TV Guide already confirmed that it has been collecting documents from Plaintiffs' Affiliates, and TV Guide has identified employees of Plaintiffs' Affiliates as knowledgeable witnesses in this case. In short, Plaintiffs' Affiliates have known about and participated in this case. This technical amendment is no surprise.

TV Guide asserts that Plaintiffs' Affiliates are not "necessary" parties because non-parties would need to honor a judgment of patent misuse in this case. (D.I. 88, Opp'n at 7, 12.) But the argument rests on a false premise: TMS need not prove that Plaintiffs' Affiliates are "necessary" or indispensable parties to prevail on this motion for leave to amend. The only question is whether Plaintiffs' Affiliates are *proper* parties. Plaintiffs' Affiliates—

**REDACTED**

—are undoubtedly proper parties to a counterclaim of patent misuse.

**REDACTED**

1

**REDACTED** Thus, although TMS welcomes TV Guide's assurances that all of its corporate entities will abide by a judgment in this case, TMS need not rely on TV Guide's word.

TV Guide also uses its opposition brief as a vehicle for re-hashing its prior "motion to dismiss" on the theory that it renders leave to amend "futile" here. TV Guide's regurgitated "motion to dismiss," however, is not a Rule 12 motion at all because it relies on a witness declaration attaching 50 pages of cherry-picked documents, the centerpiece of which is a self-serving letter that TV Guide wrote *after* this litigation began. TV Guide's lopsided argument based on selective evidence was not a proper motion to dismiss at all, much less a basis for finding futile the addition of Plaintiffs' Affiliates as counterclaim defendants.

Unable to give any reason why leave to amend should be denied, TV Guide devotes a good portion of its opposition to portraying TMS's patent misuse discovery as unnecessary and abusive. In anticipation of the Court's August 21, 2006 discovery conference, however, TMS has systematically outlined in letters to the Court the discovery it seeks; the relevance of the discovery to core legal issues; and TV Guide's utter refusal to cooperate. These issues have nothing to do with leave to amend at all. TV Guide's attempt to change the subject only underscores the strength of this motion.

## ARGUMENT

I.  **TMS's Motion For Leave To Amend Should Be Granted.**

   A.  **Plaintiffs' Affiliates Are Proper Parties To TMS's Patent Misuse Counterclaim.**

   Plaintiffs' Affiliates are proper counterclaim defendants **REDACTED**

2

**REDACTED**

TMS is entitled to conform the pleadings to the evidence and to obtain a declaratory judgment on its patent misuse claim **REDACTED**

TV Guide does not rebut the fact that Plaintiffs' Affiliates are *proper* parties. Rather, TV Guide argues that Plaintiffs' Affiliates are not *necessary* parties because, according to TV Guide, a declaration of patent misuse would apply to everyone—whether a party to this case or not. (*See, e.g.*, D.I. 88, Opp'n at 4.) But TV Guide applies the wrong legal standard. The question on this motion is *not* whether Plaintiffs' Affiliates are *necessary* or *indispensable* defendants to TMS's counterclaim. That is a different motion. *See* Fed. R. Civ. P. 19. Rather, the only question here is whether Plaintiffs' Affiliates are *proper* parties such that leave to amend should be granted. Fed. R. Civ. P. 13(h), 15, 20; *Satellite Fin. Planning Corp. v. First National Bank of Wilmington*, Civ. A. No. 85-463 CMW, 1987 WL 7189, at * 1-2 (D. Del. Feb. 5, 1987) (allowing a new party to be added to a counterclaim under Rules 13(h), 15, and 20 because the opposing parties failed to demonstrate that they will suffer undue prejudice if leave to amend is granted) (D.I. 60, Br. at Ex. N). That point cannot be disputed: **REDACTED**

3

**REDACTED**

**REDACTED**

TV Guide cannot have it both ways. Regardless of which version of TV Guide's story one believes (i.e. whether Plaintiffs' Affiliates are necessary defendants or not), Plaintiffs' Affiliates are undoubtedly *proper* defendants to TMS's counterclaim.

    **B.**    **TV Guide Has Not Established That Any Party Will Be Prejudiced By The Addition Of Plaintiffs' Affiliates As Counterclaim Defendants.**

TMS explained in its opening brief that Rule 15(a) reflects a general presumption favoring leave to amend; that amending to conform pleadings to the evidence may be made at

4

any time under Rule 15(b); that leave to amend should be freely given absent a showing of undue prejudice; and that the party *opposing* leave to amend (here, TV Guide) carries the burden of demonstrating undue prejudice. (D.I. 60, Br. at 5-6.)  These authorities are unrebutted. TV Guide does not even attempt to meet its burden. TV Guide's brief contains no explanation of how or why amending the pleadings to add Plaintiffs' Affiliates as counterclaim defendants will cause undue prejudice. This is understandable, especially given the indisputable facts that (i) Plaintiffs have expressly told TMS that they have collected and will produce documents responsive to TMS's requests that are in the possession, custody or control of related corporate entities, including Plaintiffs' Affiliates (*see* D.I. 60, Br. at Ex. C at ¶ 6); (ii) gathering any additional evidence and producing any additional witnesses will not be difficult given that Plaintiffs and Plaintiffs' Affiliates maintain their principal places of business at the same address (*see* D.I. 1 ¶¶ 1-2; D.I. 60, Br. at Ex. F at 1; Ex. G); and (iii) Plaintiffs already have stated that they intend to rely on the testimony of employees of Plaintiffs' Affiliates (*see* D.I. 60, Br. at Ex. H at 3-5; Ex. I at 3-5, 16). TV Guide's silence on these points effectively concedes that there is *no* prejudice—let alone *undue* prejudice—in adding Plaintiffs' Affiliates as patent misuse counterclaim defendants.

    C.    **TMS's Motion For Leave To Amend Is Timely.**

TMS brought this motion *seven days* after receiving TV Guide's July 14, 2006 production **REDACTED** ; *three days* after Plaintiffs refused to stipulate to the amendment; and within the time provided by the Court's scheduling order to seek amendment of the pleadings. TMS, therefore, acted promptly in response to information that TV Guide only recently produced.

5

**REDACTED**

In short, TV Guide does not even come close to demonstrating "bad faith" or "dilatory motive," let alone undue prejudice resulting from any delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

    **D.**    **TV Guide's Prior "Motion To Dismiss" Is Nothing Short of a Flawed Motion for Summary Judgment Which In No Way Renders Leave to Amend Futile.**

TV Guide tries to resuscitate its prior "motion to dismiss" TMS's patent misuse claims on the far-fetched theory that it renders leave to amend "futile" here. (D.I. 88, Opp'n at 8-9.) By way of review, TV Guide's motion to dismiss relies on the Declaration of Samir B. Armaly (a Gemstar-TV Guide International, Inc. in-house lawyer), which attaches 50 pages of cherry-picked documents, including a self-serving letter that TV Guide wrote to TMS *after* TMS

asserted its patent misuse claim **REDACTED**

Based upon this skewed "evidence," TV Guide argues that, *contrary to TMS's pleadings*, TMS cannot *prove* that TV Guide "conditioned" a license to the '078 patent on an unlawful covenant not to sue.

As explained in TMS's opposition to TV Guide's motion to dismiss, the motion is completely meritless. For example:

- TV Guide's motion relies entirely on evidence extraneous to the pleadings, which black-letter law prohibits on a Rule 12 motion to dismiss. Fed. R. Civ. P. 12(b) (If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."). TV Guide's motion *ignores* TMS's allegations and instead seeks to *introduce selective evidence* in an attempt to prove the allegations wrong. That is not the function of a Rule 12 motion. *Id.*; *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) ("We therefore accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom.").

- In any event, TV Guide's story that it did not condition its licensing proposal to TMS on a covenant not to sue is counter-factual and will be hotly contested when the time comes to present evidence.

- TV Guide's attempted characterization of TMS's patent misuse claim as "patent misuse in the air" is nothing more than rhetoric designed to obfuscate the facts. TMS's patent misuse claim includes allegations that TV Guide's licensing proposals to TMS were conditioned on including an unlawful covenant not to sue. **REDACTED**

(D.I. 6, Counterclaim ¶¶ 8-12.) TMS

7

alleges that Judge Luckern of the International Trade Commission, after a multi-week evidentiary hearing, concluded that the covenant not to sue that TV Guide uses **REDACTED** was anticompetitive, deterred innovation, and constituted patent misuse. *Id.*; *see In the Matter of Certain Set-Top Boxes and Components Thereof*, ITC Inv. No. 337-TA-454 (the "ITC Action"), 2002 WL 31556392, at *91 (D.I. 60, Br. at Ex. M).[1]

- TV Guide argues that the United States District Court for the Northern District of Georgia *rejected* the claim of patent misuse premised on TV Guide/Gemstar's covenant not to sue and grantback clauses. *That is false.* That court did *not*, as TV Guide states, "ultimately address[] the same patent misuse allegations" at issue in the ITC and make "plain that there could be no patent misuse." (D.I. 88, Opp'n at 1.) In fact, TV Guide/Gemstar did not even move for summary judgment on the allegations of patent misuse and antitrust violations pertaining to TV Guide's covenants not to sue and grantbacks. *The patent misuse and antitrust claims premised on TV Guide's covenants not to sue and grantbacks actually survived the summary judgment phase* of the case before the case settled.

II. **TV Guide's Attempt To Mischaracterize TMS's Discovery Requests Is Improper.**

TMS's reply brief could stop here because TV Guide has presented no argument which would justify denial of TMS's motion for leave to amend. TV Guide, however, has chosen to use its opposition brief to try to "poison the well" on other, unrelated issues. For example, TV Guide goes on for pages with a distorted version of TMS's discovery efforts relating to patent

---

[1]   TV Guide's opposition argues that the International Trade Commission rejected the Administrative Law Judge's finding of patent misuse. (D.I. 88, Opp'n at 1, 9.) That is not true. Because the ITC adopted Judge Luckern's finding of non-infringement of TV Guide's patents, thus disposing of TV Guide's case, it did not need to address the question of misuse and thus took "no position" on Judge Luckern's finding that TV Guide's covenants not to sue constituted patent misuse.

misuse. Thus, TV Guide accuses TMS of using the patent misuse theory to "cloud the issues"; to pursue "unbridled, burdensome discovery"; and to engage in "fishing expeditions" designed to "throw mud" at TV Guide. (D.I. 88, Opp'n at 5, 10-11.) The apparent objective is to portray TV Guide's patent misuse claim as a mere distraction not worthy of discovery.

Rather than allow itself to be baited into a discussion about discovery so as to distract from the motion for leave to amend at issue here, TMS simply notes that (i) TV Guide has attempted to choke the patent misuse claim by refusing to respond to 9 document requests that seek information pertaining to the most basic elements of the claim; and (ii) TMS has explained in letters to the Court dated August 17 and 18 precisely why it is entitled to this discovery and why Court intervention is necessary. We expect that these issues will be resolved during an August 21, 2006 teleconference with the Court. Again, none of the discovery issues have any bearing on TMS's motion for leave to amend.

## CONCLUSION

Plaintiffs' Affiliates       **REDACTED**

have known about and participated in discovery in this case. Nobody will be unduly prejudiced by their addition as counterclaim defendants       **REDACTED**

Accordingly, leave to amend should be freely granted.

Dated: August 21, 2006

/s/ Mary Matterer
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2969)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Attorneys for Defendant*
*Tribune Media Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing document, **PUBLIC VERSION OF TMS'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

Additionally, I hereby certify that on the 28th day of August, 2006, the foregoing document was served email and via hand delivery on the above referenced attorneys and via email and Federal Express on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000

/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Attorneys for Defendant*
*Tribune Media Services, Inc.*