# EXHIBIT A

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

~~ORIGINAL~~

1  PATRICK LYNCH (S.B.) #39749)
   MARK A. SAMUELS (S.B.) #107026)
2  PAUL G. McNAMARA (S.B.) #106080)
   STEVEN H. BERGMAN (S.B.) #180542)
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, California 90071-2899
   Telephone: (213) 430-6000
5  Facsimile: (213) 430-6407

6  RICHARD G. PARKER (S.B.) #62356)
   IAN SIMMONS (admitted *pro hac vice*)
7  O'MELVENY & MYERS LLP
   1625 Eye Street, N.W.
8  Washington, D.C. 20006-4001
   Telephone: (202) 383-5300
9  Facsimile: (202) 383-5414

10 Attorneys for Defendants
   GEMSTAR-TV GUIDE INTERNATIONAL, INC.,
11 GEMSTAR DEVELOPMENT CORPORATION and
   STARSIGHT TELECAST, INC.
12

**FILED**
LOS ANGELES SUPERIOR COURT
JAN 15 2004
JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY _____
D. GILES, DEPUTY

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                      COUNTY OF LOS ANGELES

15 PIONEER DIGITAL TECHNOLOGIES,          Case No. BC 240444
   INC.,
16                                        Assigned for all purposes to the
                Plaintiff,                Hon. Alexander H. Williams III – Dept. 35
17
        v.                                NOTICE OF MOTION AND MOTION
18                                        FOR SUMMARY JUDGMENT #1, OR IN
   GEMSTAR-TV GUIDE                       THE ALTERNATIVE SUMMARY
19 INTERNATIONAL, INC.; GEMSTAR          ADJUDICATION; MEMORANDUM OF
   DEVELOPMENT CORPORATION; and          POINTS AND AUTHORITIES;;
20 STARSIGHT TELECAST, INC.,             DECLARATION OF STEVEN H.
                                          BERGMAN
21              Defendants.
                                          [Statement of Undisputed Material Facts
22                                        and [Proposed] Order filed concurrently
                                          herewith]
23
                                          Date:           April 1, 2004
24                                        Time:           9:00 a.m.
                                          Place:          Dept. 35
25
                                          Discovery Cut-Off:   August 20, 2004
26                                        Motion Cut-Off:      August 20, 2004
                                          Trial Date:          September 20, 2004
27                                        Date Action Filed:   November 17, 2000

28 **REDACTED PURSUANT TO PROTECTIVE ORDER ENTERED AUGUST 14, 2001**

L A2:704317.1

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT #1/SUMMARY ADJUDICATION

**CONFIDENTIAL ████INESS INFORMATION – SUBJE█ TO PROTECTIVE ORDER**

TO PLAINTIFF PIONEER DIGITAL TECHNOLOGIES, INC. AND ITS ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE THAT, on April 1, 2004, at 9:00 a.m., or as soon

thereafter as the matter may be heard, in Department 35 of the above-entitled court, located at 111

North Hill Street, Los Angeles, California, defendants Gemstar-TV Guide International, Inc.,

Gemstar Development Corporation and StarSight Telecast, Inc. (collectively "Gemstar" or

"defendants") will and do hereby move the Court for an order granting Gemstar summary

judgment against plaintiff Pioneer Digital Technologies, Inc. ("PDT"), and for costs of suit

herein, on the following grounds:

(1)    PDT's First Cause of Action against defendants has no merit because the

defendants are not parties to the agreements which PDT contends violate the Cartwright Act (Cal.

Bus. & Prof. Code § 16720 *et seq.*) and thus defendants are not parties to a trust in violation of the

Cartwright Act; and

(2)    PDT's Second Cause of Action against defendants has no merit because

PDT cannot establish that the defendants, who are not parties to the agreements which PDT

contends violate the Unfair Competition Act (Cal. Bus. & Prof. Code § 17200 *et seq.*), engage in,

have engaged in or propose to engage in unlawful, unfair or fraudulent business practices or acts.

The motion is brought pursuant to Cal. Civ. Proc. Code §437c and is made on the

ground that there is no triable issue of material fact as to the summary judgment, and that

defendants are therefore entitled to summary judgment as a matter of law.  This motion is also

brought in the alternative, pursuant to Cal. Civ. Proc. Code § 437(f)(2), for summary adjudication

as to each defendant and cause of action on the grounds set forth above.

This motion is based upon this Notice of Motion and Motion and the

accompanying Memorandum of Points and Authorities and Declaration of Steven H. Bergman,

upon the Statement of Undisputed Material Facts filed concurrently herewith, upon all papers,

L A2:704317.1

- 1 -

**CONFIDENTIAL ●SINESS INFORMATION – SUBJE●T TO PROTECTIVE ORDER**

1  records and pleadings on file in this action, and upon such argument and other and further matter

2  as the Court shall receive or entertain at the time of the hearing on this Motion.

3  Dated: January 14, 2004

4                                PATRICK LYNCH
                                 MARK A. SAMUELS
5                                PAUL G. McNAMARA
                                 STEVEN H. BERGMAN
6                                O'MELVENY & MYERS LLP

7

8  By _Steve H Bergman_
                                 Steven H. Bergman

9  Attorneys for Defendants
10  GEMSTAR-TV GUIDE
    INTERNATIONAL, INC., GEMSTAR
11  DEVELOPMENT CORPORATION and
    STARSIGHT TELECAST, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:704317.1
                                 - 2 -

CONFIDENTIAL BUSINESS INFORMATION -- SUBJECT TO PROTECTIVE ORDER

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 3

      A.    PDT's Cannot Establish Its Cartwright Act Claims Against Any
            Defendant .............................................................................................. 3

      B.    PDT Cannot Establish Its Unfair Competition Act Claim Against
            Any Defendant ...................................................................................... 4

III.  CONCLUSION .................................................................................................. 4

**CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER**

## TABLE OF AUTHORITIES

**STATUTES**

Cal. Bus, & Prof. Code § 16720 ................................................................. 1

Cal. Bus. & Prof. Code § 17200 .............................................................. 1, 4

Cal. Civ. Proc. Code § 437c(p)(2) ............................................................. 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Gemstar-TV Guide International, Inc., Gemstar Development Corporation and StarSight Telecast, Inc. (collectively "defendants") respectfully submit this Memorandum of Points and Authorities and the accompanying Declaration of Steven H. Bergman ("Bergman Dec.") in support of their Motion for Summary Judgment #1, or in the Alternative Summary Adjudication.

## I.    INTRODUCTION

In this lawsuit, plaintiff Pioneer Digital Technologies, Inc. ("PDT") complains that defendants have substantially foreclosed competition through alleged exclusive dealing agreements relating to interactive program guides ("IPGs").[1]  Defendants are Gemstar-TV Guide International, Inc. and two of its subsidiaries, Gemstar Development Corporation and StarSight Telecast, Inc. (collectively, "Gemstar").  PDT's first cause of action is brought under California's antitrust law, known as the Cartwright Act, Cal. Bus, & Prof. Code § 16720 *et seq.*  Its second cause of action is brought under the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 *et seq.*

The facts relevant to this motion are not in dispute.  PDT's claims in this action are based on alleged exclusive dealing agreements that they allege defendants have entered into with cable television system operators.  *See* First Amended Complaint ¶ 1 ("In furtherance of Defendants' combination, conspiracy and agreement, . . ., Defendants have abused their market power *by entering into exclusive dealing agreements with others that foreclose substantial lines of commerce.*") (emphasis added); ¶ 12 (alleging Defendants have "combined, conspired and agreed with others, and continue[] to combine, conspire and agree with others, to restrain trade in the market for EPGs *by entering into exclusive dealing agreements with others that foreclose the market to competitors and would-be competitors.*") (emphasis added); ¶ 18 ("In furtherance of Defendants' combination, conspiracy and agreements, *Defendants have entered into exclusive*

---

[1]    In its First Amended Complaint, PDT refers to these guides as electronic program guides, or "EPGs," while at other times in this case, PDT has referred to them as interactive program guides, or "IPGs."  Whether termed "EPGs" or "IPGs," we understand PDT to be referring to the same thing, and for purposes of this motion, the terms are used synonymously.

**CONFIDENTIAL ●SINESS INFORMATION – SUBJ●● TO PROTECTIVE ORDER**

1   *deals with AT&T, over 100 MSOs, and others.*") (emphasis added).   In both of its causes of

2   action, PDT alleges no other conduct by defendants that it contends violates either the Cartwright

3   Act or the Unfair Competition Act.

4   PDT has also represented to the Court that this action is solely about alleged

5   exclusive dealing agreements.  Last April, in opposition to defendants' Motion to Stay, PDT

6   stated that it "alleges in this case that [Defendants'] long-term exclusive dealing contracts have

7   foreclosed PDT from selling its EPG to many MSOs in the marketplace in violation of the

8   Cartwright Act and the California unfair competition statute."  PDT's Opp'n to Motion to Stay

9   dated April 11, 2003 ("PDT Opp'n") at 2:12-15.  In the same filing, PDT said that "this case

10  involves a California plaintiff who has sued three California residents for entering into long-term

11  exclusive licensing agreements with cable MSOs" (*id.* at 5:10-12) and that "in this case [PDT]

12  claims that [Defendants have] entered into long-term exclusive license agreements with MSOs

13  that foreclose PDT from licensing Passport to those companies." *Id.* at 10:20-21.

14  In response to these allegations and representations, defendants have sought

15  discovery from PDT about its exclusive dealing claims in this case.  For example, in February of

16  last year, defendant Gemstar-TV Guide International, Inc. propounded its Second Set of Special

17  Interrogatories upon PDT.  Interrogatory No. 14 asked PDT as follows:

18  With reference to the allegations in paragraph 12 of the First Amended

19  Complaint, identify with specificity each of the "exclusive dealing

20  agreements with others that foreclose the market to competitors and

21  would-be competitors" about which YOU complain in this lawsuit.

22

23

24  **REDACTED**

25

26  The agreements in question are between various cable television system operators

27  on the one hand and

28  *See* SUMF ¶¶ 3-150.  These contracting parties are not named as

LA2:704317.1

MEM. OF P&A RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT #1/SUMMARY ADJUDICATION

CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER

1   defendants in this action, and are separate corporate entities from the named defendants.  None of

2   the named defendants in this action is a party to any of the agreements upon which PDT's

3   accusations are predicated.[2]

4   **II.   ARGUMENT.**

5          A defendant is entitled to summary judgment if it is shown that plaintiff cannot

6   establish an essential element of its claims.  *See* Cal. Civ. Proc. Code § 437c(p)(2).  Defendants

7   are entitled to summary judgment here because none of the defendants are a party to *any* of the

8   allegedly unlawful agreements upon which PDT's claims are based.

9

10         **A.   PDT's Cannot Establish Its Cartwright Act Claims Against Any Defendant**

11         PDT's First Cause of Action is for violation of the Cartwright Act.  In alleging that

12  defendants have violated the Cartwright Act, the only conduct that PDT points to is that

13  defendants allegedly entered into exclusive dealing agreements with others.  *See* First Amended

14  Complaint, ¶¶ 16-22.  Furthermore, PDT has identified the agreements that it contends are the

15  exclusive dealing agreements that defendants entered into.  *See* SUMF ¶¶1-2.  But, it is

16  indisputable on the face of the agreements themselves that none of the named defendants is a

17  party to any of the identified agreements.  *See* SUMF ¶¶ 3-150.   Because defendants did not enter

18  into any of the exclusive dealing agreements that PDT has identified as being at issue in this

19  litigation, PDT's First Cause of Action for violation of the Cartwright Act must fail, as entry into

20  the alleged exclusive dealing agreements is the sole conduct upon which PDT's Cartwright Act

21  claims is based.  Therefore, defendants are entitled to summary judgment, or in the alternative

22  summary adjudication, against PDT on PDT's First Cause of Action.

23

24

25                                      **REDACTED**

26

27  _____
2.

28

CONFIDENTIAL  USINESS INFORMATION – SUBJ●T TO PROTECTIVE ORDER

**B.     PDT Cannot Establish Its Unfair Competition Act Claim Against Any Defendant**

Plaintiff's Second Cause of Action, for violation of the Unfair Competition Act, is, like PDT's First Cause of Action, predicated solely on the defendants' entry into the alleged exclusive dealing agreements. *See* First Amended Complaint, ¶¶ 23-26.  But, as noted above, none of the defendants are parties to the 148 agreements that PDT contends violate the Unfair Competition Act. *See* SUMF ¶¶ 151-300.  PDT therefore cannot demonstrate that any of the defendants have committed an unlawful, unfair or fraudulent business practice vis-à-vis the allegedly improper exclusive dealing arrangements, as is required to establish a cause of action under the Unfair Competition Act. *See* Cal. Bus. & Prof. Code § 17200.  Thus, PDT cannot establish an essential element of its Unfair Competition Act claim against the defendants, and defendants are entitled to summary judgment, or in the alternative summary adjudication, in their favor and against PDT on PDT's Second Cause of Action.

**III.     CONCLUSION**

PDT has named as defendants in this action entities that are not parties to the allegedly unlawful agreements on which PDT's claims are based, even though it has had the agreements in its possession for several years.  A review of the 148 agreements that PDT has identified as the exclusive dealing agreements that allegedly violate the Cartwright Act and Unfair Competition Act plainly show defendants Gemstar-TV Guide International, Inc., Gemstar Development Corporation and StarSight Telecast, Inc. are not parties to any of the agreements. Because the named defendants are not parties to any of the agreements that PDT complains about

**CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER**

1  in this litigation, none of the named defendants has engaged in activities proscribed by either the

2  Cartwright Act or the Unfair Competition Act, and each defendant is entitled to summary

3  judgment as a matter of law.

4

5  Dated:  January 14, 2004

O'MELVENY & MYERS LLP

7  By _Steven H Bergman_

8         Steven H. Bergman

9  Attorneys for Defendants
   GEMSTAR-TV GUIDE
10 INTERNATIONAL, INC., GEMSTAR
   DEVELOPMENT CORPORATION and
11 STARSIGHT TELECAST, INC.

LA2:704317.1

MEM. OF P&A RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT #1/SUMMARY ADJUDICATION

CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER

### DECLARATION OF STEVEN H. BERGMAN

I, STEVEN H. BERGMAN, declare and state as follows:

1.     I am an attorney licensed to practice law in the State of California, and am counsel with the law firm of O'Melveny & Myers LLP, attorneys for defendants in this action. I make this declaration in support of defendants Motion for Summary Judgment #1, or in the Alternative Summary Adjudication. All of the facts set forth in this Declaration are known to me personally, and if called as a witness I would testify competently to them.

2.     Attached hereto as Exhibit 1 is a true and correct copy of plaintiff's February 28, 2003 response to defendant Gemstar-TV Guide International, Inc.'s Special Interrogatory No. 14. Special Interrogatory No. 14 reads as follows:

> "With reference to the allegations in paragraph 12 of the First Amended Complaint, identify with specificity each of the 'exclusive dealing agreements with others that foreclose the market to competitors and would-be competitors" about which YOU complain in this lawsuit."

> **Paragraphs 3 and 4 and subparagraphs 1 through 148 to Paragraph 4 are redacted, along with Exhibits 1 through 150, are redacted pursuant to the Protective Order entered in this case on August 21, 2001**

5.     Gemstar produced numerous licensing agreements to PDT and others in the International Trade Commission proceeding, *In re Certain Set-Top Boxes and Components Thereof*, Investigation No. 337-TA-464 between May and November 2001. These licensing agreements have a Bates prefix of GLIC.

6.     Gemstar produced additional licensing agreements to PDT's affiliates and others in the MDL proceeding, *In re Gemstar Dev. Corp. Patent Litig.*, MDL No. 1274-WBH (N.D. Ga.) between May 2002 and April 2003. These licensing agreements have a Bates prefix

**CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER**

1   of GMDLS. All of the agreements that PDT has asserted are exclusive dealing agreements in this

2   litigation were produced to PDT prior to February 2003.

3       I declare under penalty of perjury that the foregoing is true and correct.

4       Executed this 14th day of January 2004 at Los Angeles, California.

5

6

7                             Steven H. Bergman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:704317.1

DECL. OF STEVEN H. BERGMAN RE MTN. FOR SUMMARY JUDGMENT #1/SUMMARY ADJUDICATION

## PROOF OF SERVICE BY PERSONAL DELIVERY

I, Susan White, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, CA 90071-2899. On January 14, 2004, I caused the within document(s):

**NOTICE OF LODGING RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN H. BERGMAN**

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN H. BERGMAN [REDACTED VERSION]**

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION [REDACTED VERSION]**

**[PROPOSED] ORDER**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Robert G. Krupka, Esq.
Alexander F. MacKinnon, Esq.
Corey C. Watson, Esq.
Tina Hernandez, Esq.
Kirkland & Ellis
777 South Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

LA2:688649.1

1

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

3

        Executed on January 14, 2004, at Los Angeles, California.

4

 _____
 Susan White

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:688649.1



ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT

JAN 1 5 2004

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY _____
D. GILES, DEPUTY

1   PATRICK LYNCH (S.B.) #39749)
    MARK A. SAMUELS (S.B.) #107026)
2   PAUL G. McNAMARA (S.B.) #106080)
    STEVEN H. BERGMAN (S.B.) #180542)
3   O'MELVENY & MYERS LLP
    400 South Hope Street
4   Los Angeles, California 90071-2899
    Telephone: (213) 430-6000
5   Facsimile: (213) 430-6407

6   RICHARD G. PARKER (S.B.) #62356)
    IAN SIMMONS (admitted pro hac vice)
7   O'MELVENY & MYERS LLP
    1625 Eye Street, N.W.
8   Washington, D.C. 20006-4001
    Telephone: (202) 383-5300
9   Facsimile: (202) 383-5414

10  Attorneys for Defendants
    GEMSTAR-TV GUIDE INTERNATIONAL, INC.,
11  GEMSTAR DEVELOPMENT CORPORATION and
    STARSIGHT TELECAST, INC.

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                      COUNTY OF LOS ANGELES

15  PIONEER DIGITAL TECHNOLOGIES,          Case No. BC 240444
    INC.,
16                                         Assigned for all purposes to the
                   Plaintiff,              Hon. Alexander H. Williams III – Dept. 35
17
            v.                             PROOF OF PERSONAL SERVICE
18
    GEMSTAR-TV GUIDE                        Date:          April 1, 2004
19  INTERNATIONAL, INC.; GEMSTAR           Time:          9:00 a.m.
    DEVELOPMENT CORPORATION; and           Place:         Dept. 35
20  STARSIGHT TELECAST, INC.,
                                           Discovery Cut-Off:   August 20, 2004
21                 Defendants.             Motion Cut-Off:      August 20, 2004
                                           Trial Date:          September 20, 2004
22                                         Date Action Filed:   November 17, 2000

23

24

25

26

27

28

# PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Time Machine Network, whose address is 132 S. Beaudry Ave., Los Angeles, CA 90012. I am over the age of eighteen years and not a party to the within action. On January 14, 2004, I personally served the following:

**NOTICE OF LODGING RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN H. BERGMAN**

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN H. BERGMAN [REDACTED VERSION]**

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT #1, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION [REDACTED VERSION]**

**[PROPOSED] ORDER**

by delivering a copy thereof to the office of the following, and either handing the copy to the person named below or leaving it with the receptionist or other person having charge of the office thereof:

Robert G. Krupka, Esq.
Alexander F. MacKinnon, Esq.
Corey C. Watson, Esq.
Tina Hernandez, Esq.
Kirkland & Ellis
777 South Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

LA2:688649.1

1

1        I declare under penalty of perjury under the laws of the State of California

2    that the above is true and correct.  Executed on January 14, 2004, at Los Angeles,

3    California.

4

5                                       Signature

6

7                Rebecca Snoonian

8                                    Print Name

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT   B

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY

# EXHIBIT   C

USPTO Assignments on the Web

Page 1 of 1



**United States Patent and Trademark Office**

**Assignments on the Web > Patent Query**

## Patent Assignment Details

Pages: 2

**NOTE::Results display only for issued patents and published applications. For pending or abandoned applications please consult USPTO staff.**

Reel/Frame: 016630/0391                    Recorded: 10/06/2005

Attorney Dkt #: 003596-0250

Conveyance: ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

Total properties: 1

| | | | | |
|---|---|---|---|---|
| 1 | Patent #: 5988078 | Issue Dt: 11/23/1999 | Application #: 08947950 | Filing Dt: 10/09/1997 |

Title: METHOD AND APPARATUS FOR RECEIVING CUSTOMIZED TELEVISION PROGRAMMING INFORMATION BY TRANSMITTING
GEOGRAPHIC LOCATION TO A SERVICE PROVIDER THROUGH A WIDE-AREA NETWORK

**Assignor**

1   INDEX SYSTEMS, INC.                                    Exec Dt: 10/06/2005

**Assignee**

1   TV GUIDE ONLINE, LLC
    6922 HOLLYWOOD BLVD.
    LOS ANGELES, CALIFORNIA 90028

**Correspondence name and address**
    FISH &.NEAVE IP GROUP
    1251 AVENUE OF THE AMERICAS
    STUART W. YOTHERS
    NEW YORK, NY 10020

Search Results as of: 08/17/2006 02:11 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 671-272-3350.
Web interface last modified: July 28, 2006 v.1.10

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT