# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND <br> TV GUIDE ONLINE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC. <br><br> Defendant. | C. A. No.: 05-CV-725-KAJ |

**TRIBUNE MEDIA SERVICES' NOTICE OF DEPOSITION OF TV GUIDE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

TO:  Robert C. Morgan            Frederick L Cottrell, III
     Christopher J. Harnett      Jeffrey L. Moyer
     Stuart W. Yothers           Steven J. Fineman
     FISH & NEAVE IP GROUP       RICHARDS, LAYTON & FINGER PA
     ROPES & GRAY LLP            One Rodney Square
     1252 Avenue of the Americas 920 North King Street
     New York, New York 10020    Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Tribune Media Services, Inc. ("TMS") will take the deposition upon oral examination of TV Guide Online, Inc. and TV Guide Online, LLC (collectively "TV Guide") on the topics set forth in the attached Schedule A, through one or more of TV Guide's officers, directors, or managing agents, or other persons who consent to testify on TV Guide's behalf, commencing on September 22, 2006 at 9:30 a.m.  TMS requests that TV Guide identify in writing at least five (5) business days in advance of the deposition the person(s) designated by TV Guide, the job title of each such person(s), and the topic(s) on which each such person(s) will testify.

The deposition will take place at the offices of Morris James Hitchens & Williams, 222 Delaware Avenue, 10th floor, Wilmington, Delaware 19801 beginning on the date and time specified above, or at such other time and place as may be agreed to by counsel. The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed.

You are invited to attend.

Dated: September 6, 2006

      /s/ Richard K. Herrmann
Richard K. Herrmann (No. 405)
Mary B. Matterer (No. 2969)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Attorneys for Defendant Tribune Media Services, Inc.*

## TOPICS

1. Revenues (on a yearly, monthly, quarterly or other convenient periodic basis) generated by www.tvguide.com, and identification of the sources of revenues, including but not limited to advertising revenues and subscription revenues.

2. TV Guide's profit and loss statements (showing gross and net revenue and gross and net profits) and balance sheets, containing data concerning www.tvguide.com and the profitability of www.tvguide.com, including but not limited to gross, net, operating and marginal profits, and the methods and calculations for determining these figures.

3. Revenue projections associated with www.tvguide.com.

4. TV Guide's costs, including fixed and variable costs, associated with www.tvguide.com.

5. Advertising, business plans, and promotions concerning www.tvguide.com, including but not limited to advertising in the television listings search feature of www.tvguide.com and the rates for advertising on www.tvguide.com.

6. The identity of products that compete with www.tvguide.com.

7. The market and demand for www.tvguide.com, including, but not limited to, the market share of www.tvguide.com, the reasons for any increase or decrease in the market share of www.tvguide.com in the last six years, any market analyses or market studies regarding competitive threats and competition to www.tvguide.com, and any analyses or studies related to the usage of www.tvguide.com or any of its features.

8. TV Guide's projections and forecasts concerning the market in which www.tvguide.com is offered including, but not limited to, forecasts of market size, market share,

and a description of how such forecasting was and is done and was and is used in TV Guide's business.

9. TV Guide's patent licensing policies, practices, and procedures.

10. The identity of all licensees of the '078 patent and all entities to which TV Guide or its Predecessors has offered a license under the '078 patent.

11. All negotiations between TV Guide or its Predecessors and any other party regarding any and all offers to license the '078 patent.

12. Royalties and any other revenue received by TV Guide, on a per-license and annual basis, associated with licenses of the '078 patent.

13. Financial projections and estimates of future revenue associated with licenses of the '078 patent.

14. All patent license agreements to which TV Guide is a party and which license a patent or patents practiced by www.tvguide.com or a user of www.tvguide.com.

15. The identity, location and detailed explanation of all documents and things concerning the foregoing topics.

16. The identity and location of persons knowledgeable about the foregoing topics.

**DEFINITIONS**

For purposes of this deposition notice, the following terms shall have the meaning set forth below:

A.     "TV Guide" refers to TV Guide Online, LLC and TV Guide Online, Inc. themselves, and their officers, directors, current and former employees, counsel, agents, consultants, representatives and any other persons acting on behalf of any of the foregoing, and includes TV Guide Online, LLC's and TV Guide Online, Inc.'s affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TV Guide Online, LLC and TV Guide Online, Inc., and all predecessors and successors in interest to such entities, and specifically includes Gemstar-TV Guide International, Inc., Gemstar International Group Limited, Gemstar Development Corporation, Index Systems Inc., TV Guide, Inc., United Video Properties, Inc., United Video Satellite Group, Inc., and Prevue Interactive, Inc.

B.     "TMS" refers to Tribune Media Services, Inc. itself, and its officers, directors, current and former employees, counsel, agents, consultants, representatives and any other persons acting on behalf of any of the foregoing, and includes TMS's affiliates, parents, divisions, subsidiaries, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that own or control, or are owned or controlled by, TMS, and all predecessors and successors in interest to such entities.

C.     "'078 Patent" refers to U.S. Patent No. 5,988,078.

D.     "Document" means all material defined in Federal Rule of Civil Procedure 34 that is or has been at any time under TV Guide's possession, custody or control, referring, relating or

5

pertaining in any way to the subject matter to which the interrogatories refer and includes, without limitation, originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not, in any form, including documents stored electronically, any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including, but without limitation, notes, memoranda, correspondence, letters, reports, studies, E-mail, telegrams, publications, contracts, manuals, business plans, proposals, licenses, charts, drawings, designs, data sheets, laboratory notebooks, diaries, logs, journals, specifications, brochures, product or service descriptions, advertisements, promotional materials, periodicals, prior art, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, film, video tape, audio recordings, tapes, databases, electronic files, software, source code, transcriptions of recordings, computer data, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, maps, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. The term "thing" includes, without limitation, models, molds, prototypes, software disks, hard disks, floppy disks, CD ROMs, back-up tapes or disks, electronic database files, electronic files, and samples of any device, apparatus, or program.

  E. The terms "concerning," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" mean in whole or in any part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing,

describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

F. "Communication" means any transmission, exchange or transfer of information by any means, including, but not limited to, letters, numbers, images, symbols, data, photographs and sound.

G. "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these interrogatories any information that would otherwise not be brought within their scope.

H. "Any" or "each" should be understood to include and encompass "all."

I. The singular shall include the plural and the masculine gender shall include the feminine and the gender neutral.

J. "Predecessors" means TV Guide's predecessors in interest to the '078 Patent.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of September, 2006, I electronically filed the foregoing document, **TRIBUNE MEDIA SERVICES' NOTICE OF DEPOSITION OF TV GUIDE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

Additionally, I hereby certify that on the 6th day of September, 2006, the foregoing document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

**VIA EMAIL**

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000

   /s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com
*Attorneys for Defendant*
   *Tribune Media Services, Inc.*