N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE INC. AND<br>TV GUIDE ONLINE, LLC,<br><br>    Plaintiff and Counterclaim-defendants,<br><br>    v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>    Defendant and Counterclaim-plaintiff. | C.A. No. 05-725-KAJ |

## TMS' MOTION FOR A PROTECTIVE ORDER QUASHING THE DEPOSITION OF DENNIS FITZSIMONS

Pursuant to Federal Rule of Civil Procedure 26(c), defendant Tribune Media Services, Inc. ("TMS") seeks a Protective Order to prevent Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC (collectively, "TV Guide") from taking the deposition of third-party Tribune Company's Chairman and CEO, Dennis FitzSimons. Mr. FitzSimons has no relevant knowledge, let alone unique or superior knowledge, that would make his deposition necessary. TV Guide's strategy is calculated to harass Mr. FitzSimons and appears to be a "tit-for-tat" response to TMS' notice of Gemstar-TV Guide International's CEO, Richard Battista — who, in contrast to Mr. FitzSimons, is believed (by both parties) to have relevant, unique and superior knowledge regarding the issues in this case. Courts around the country have routinely refused depositions for these very reasons, and accordingly, TMS respectfully requests an order quashing the Notice of Deposition of Dennis FitzSimons.

## BACKGROUND

TV Guide brought this case alleging infringement of U.S. Patent No. 5,988,078 ("the '078 patent") by the television listings lookup feature of TMS' website www.zap2it.com. TMS asserted an affirmative defense and counterclaim of patent misuse by TV Guide and related entities. Currently pending before the Court is TMS' motion for leave to amend its answer and counterclaims to add Gemstar-TV Guide International, Inc. and Gemstar-TV Guide Interactive, Inc. to the case, for reasons related to the patent misuse claim. On September 12, 2006, TMS noticed the deposition of Richard Battista, the CEO of Gemstar-TV Guide International ("Gemstar"). Mr. Battista is believed to have unique and superior knowledge regarding issues germane to TMS' defenses and patent misuse counterclaim. For instance, Gemstar is the entity with which TMS conducted discussions regarding the '078 patent. The documents TV Guide has produced also indicate that Mr. Battista played a role in TV Guide's decision to sue TMS. TV Guide did not object to the notice of deposition of Mr. Battista.

In response to TMS' notice of deposition of Mr. Battista, TV Guide noticed the deposition of Dennis FitzSimons on September 19, 2006. Mr. FitzSimons is the top executive of Tribune Company, TMS' parent company and a third-party to this dispute. He did not participate in the development of www.zap2it.com or in the decision to launch the site, and has no current involvement with the operation of the site. Mr. FitzSimons did not participate in TMS' discussions with Gemstar relating to the '078 patent, nor does he oversee the day-to-day operations of TMS. In short, Mr. FitzSimons has no knowledge relevant to any issue in this case.

In a letter dated September 20, 2006, TMS asked TV Guide for its basis for noticing the deposition of Mr. FitzSimons. Ex. A, Sept. 20, 2006 letter from L. DeBruin to R. Morgan. TV Guide responded that it "d[id] not understand TMS's objections to this notice in light of TMS's

notice of deposition of Richard Battista, CEO of Gemstar-TV Guide International, Inc." Ex. B, Sept. 21, 2006 letter from C.L. Fukuda to C. Almand. TV Guide did not identify any substantive reason for noticing Mr. FitzSimons' deposition, and did not point to any document or deposition testimony that would indicate that Mr. FitzSimons has knowledge relevant to this case. On September 22, 2006, TMS reiterated that Mr. FitzSimons has no knowledge relevant to any issue raised by this action, and requested that TV Guide voluntarily withdraw its notice of deposition of Mr. FitzSimons. Ex. C, Sept. 22, 2006 letter from M. Zinanni to C.L. Fukuda. TV Guide agreed to withdraw the notice of deposition of Mr. FitzSimons if TMS agreed to withdraw the notice of deposition of Mr. Battista. Ex. D, Sept. 25, 2006 letter from C.L. Fukuda to M. Zinanni. TMS agreed to withdraw the notice of deposition of Mr. Battista provided that TV Guide stipulate that Mr. Battista would not be called as a witness at trial. TMS confirmed that Mr. FitzSimons would not be called as a witness. Ex. E, Sept. 27, 2006 letter from M. Zinanni to C.L. Fukuda. TV Guide will not stipulate that Mr. Battista will not be called as a witness at trial, and thus will not voluntarily withdraw its notice of deposition of Mr. FitzSimons. Ex. F, Sept. 28, 2006 letter from S. Yothers to M. Zinanni. TMS now requests a protective order to quash the notice of deposition of Mr. FitzSimons.

## ARGUMENT

Federal Rule of Civil Procedure 26 vests this Court with broad discretion to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and to bar discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b) and (c). In particular, courts routinely prohibit depositions of those at the pinnacle or apex of the corporate structure, recognizing the capacity for abuse and harassment of those individuals. *See State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 610, n.1 (Mo. 2002) (recognizing the

3

"tremendous potential for discovery abuse and harassment" associated with depositions of "apex" employees); *Consolidated Rail Corp. v. Primary Ind. Corp.*, Nos. 92-Civ.-4927 and 92-Civ.-6313, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) ("permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation"); *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 365-366 (D.R.I. 1985) (prohibiting the deposition of then Chrysler Chairman Lee Iococca, observing that "he is a singularly unique and important individual who [could] be easily subjected to unwarranted harassment and abuse. He has a right to be protected, and the courts have a duty to recognize his vulnerability.").

The legal authority is "fairly unequivocal" in holding that before a deposition of an "apex" employee may proceed, the party seeking the employee's deposition must demonstrate that the employee possesses unique or superior knowledge relevant to the issues in dispute. *See Devlin v. Chemed Corp.*, No. 04-CV-74192-DT, 2005 WL 2313859, at *2 (E.D. Mich. Sept. 21, 2005) ("When a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute."); *Liberty Mutual Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1287 (Cal. Ct. App. 1992) ("We conclude it amounts to an abuse of discretion to withhold a protective order when a plaintiff seeks to depose a corporate president, or corporate officer at the apex of the corporate hierarchy, absent a reasonable indication of the officer's personal knowledge of the case."); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991) (denying deposition of top Buick executive where "[i]t has also not been demonstrated that [the executive] has any superior or unique personal knowledge" of the issues in the case).

The risk of abuse and harassment is clear here. Mr. FitzSimons is the Chairman and CEO of Tribune Company — TMS' parent company and an entity not a party to this suit. After multiple requests, TV Guide could not identify a single substantive basis for requesting Mr. FitzSimons' deposition. It is not surprising that TV Guide could not identify a basis for deposing Mr. FitzSimons. Mr. FitzSimons is Chairman and CEO of Tribune Company, TMS' parent company, a third-party to this dispute, and a company with approximately 50 subsidiaries or other related companies spanning a range of industries. Mr. FitzSimons did not participate in, direct, or control any part of the development and launch of www.zap2it.com, nor did he participate in, direct, or control TMS' discussions with Gemstar relating to the '078 patent. And Mr. FitzSimons did and does not currently participate in, direct, or control any decisions regarding the operation of www.zap2it.com. Mr. FitzSimons has no knowledge, let alone unique and superior knowledge, regarding any issues relevant to this case.[1]

TV Guide has offered TMS' notice of deposition of Gemstar-TV Guide International's CEO, Mr. Battista, as the sole basis for its notice of deposition of Mr. FitzSimons. But in contrast to Mr. FitzSimons, Mr. Battista has relevant knowledge regarding the issues in this case. This is evidenced both by the documents produced in the case and by the fact that TV Guide will not agree to stipulate that Mr. Battista will not be called as a witness at trial, despite TMS' offer to so stipulate with regard to Mr. FitzSimons in an effort to resolve this dispute.

TV Guide's notice of deposition of Mr. FitzSimons appears to be a mere "tit for tat" litigation tactic, designed to annoy and harass Mr. FitzSimons and TMS. Such tactics should not

---

[1] Due to the emergency basis of this motion and his travel schedule, Dennis FitzSimons was unable to sign a declaration in support of these statements today. TMS will file Mr. FitzSimons' declaration in support of this motion as a supplement to this motion.

be rewarded by allowing the deposition of Mr. FitzSimons, a "singularly unique and important individual" whose deposition would disrupt the business of Tribune Company and its many related entities, to go forward, unless TV Guide makes a clear showing that Mr. FitzSimons has unique and superior knowledge regarding an issue in dispute in this case. TV Guide has made no such showing, and TMS has affirmatively demonstrated Mr. FitzSimons' lack of unique and superior knowledge regarding any issue in dispute in this case. With no basis for requesting Mr. FitzSimons' deposition other than to annoy and harass him, TMS, its parent company, and related entities, TV Guide should be barred from taking the deposition of Mr. FitzSimons.

## CONCLUSION

For the foregoing reasons, TMS respectfully requests this Court grant a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) quashing the notice of deposition of Dennis FitzSimons.

Dated: September 29, 2006

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Attorneys for Defendant
Tribune Media Services, Inc.*

**Of Counsel:**
Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

## RULE 7.1.1 CERTIFICATE

The undersigned certifies that movants have made reasonable efforts to reach an agreement with opposing counsel on the matters set forth in this Motion but to no avail.

_____
Richard K. Herrmann (#405)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2006, I electronically filed the foregoing document, **TMS' MOTION FOR A PROTECTIVE ORDER QUASHING THE DEPOSITION OF DENNIS FITZSIMONS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

Additionally, I hereby certify that on the 29th day of September, 2006, the foregoing document was served via email and via hand delivery on the above referenced attorneys and also via email and via Federal Express on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

*Attorneys for Defendant*
*Tribune Media Services, Inc.*