**EXHIBIT B**

Not Reported in A.2d                                                                                                         Page 1
Not Reported in A.2d, 1993 WL 133068 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

**H**
Siegman v. Columbia Pictures Entertainment, Inc.Del.Ch.,1993.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION CHECK COURT RULES BEFORE CITING.
Court of Chancery of Delaware, New Castle County.
In re SIEGMAN
v.
Columbia Pictures Entertainment, Inc., et al.
**Civ. A. No. 11,152.**

Subbmitted: March 5, 1993.
Decided: April 14, 1993.

On Plaintiff's Motion to Compel: Granted.
On Plaintiff's Motion for Commission: Granted in Part
On Defendants' Motion for Separate Trials and to Stay Discovery: Denied
On Defendants' Motion for a Protective Order: Granted in Part.

William Prickett, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington for
Anthony W. Clark, Skadden, Arps, Slate, Meagher & Flom, Wilmington for
HARTNETT, Vice-Chancellor.
*1 In this litigation, plaintiff Joseph Siegman, a former shareholder of defendant Columbia Pictures Entertainment, Inc. ("Columbia"), claims that Columbia's 1989 merger with Sony USA Inc. ("Sony") violated the Delaware Takeover Statute, 8 *Del C.* § 203. This Court recently denied the parties' cross-motions for summary judgment. *Siegman v. Columbia Pictures Entertainment, Inc,* Del.Ch., C.A. No. 11,152-NC, Hartnett, V.C. (Jan. 12, 1993). Plaintiff now seeks additional discovery related to the issue of damages. In response, defendants have moved for separate trials on liability and damages, to stay discovery on damages and for a protective order to prevent plaintiff from redeposing witnesses who have already been deposed.

On the present record, it appears that a bifurcated trial, or separate trials, are not justified. Defendants' motion for separate trials on liability and damages must therefore be denied. Plaintiff is therefore entitled to conduct discovery on the issue of damages without further delay and defendants' motion to stay damages discovery must be denied. Some of plaintiff's requests to redepose witnesses are justified but others are not. Therefore, both plaintiff's motion for commissions and defendants' motion for a protective order are granted in part.

I

The relevant facts are outlined in this Court's previous two opinions. *Siegman v. Columbia Pictures Entertainment, Inc.,* Del.Ch., 576 A.2d 625 (1989) ("*Siegman* I") (denying plaintiff's motion for a preliminary injunction against the Sony-Columbia merger); *Siegman v. Columbia Pictures Entertainment, Inc.,* Del.Ch., C.A. No. 11,152-NC, Hartnett, V.C. (Jan. 12, 1993) ("*Siegman* II") (denying cross-motions for summary judgment).

Plaintiff alleges that Sony acquired an option to buy Coca-Cola's 49% interest in Columbia, thereby becoming an interested shareholder within the meaning of the Delaware Takeover Statute, before Columbia's board approved the terms of the proposed merger. Assuming, arguendo, that those allegations are true, under the terms of the Delaware Takeover Statute, Sony would have been prohibited from entering into a merger with Columbia for a three-year period because none of the "safe harbors" in the statute were available. More than three years have passed since the merger took place.

Defendants have previously argued that the price paid by Sony for Columbia was higher than Columbia's value and therefore plaintiff could not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

have been injured even if the Delaware Takeover Statute was violated. Plaintiffs have responded by asserting a "greater fool" theory of damages. They argue that even if Sony paid a higher price than Columbia's value at the time of the merger, the grant of the Coca-Cola option in alleged violation of the statute had the effect of "locking-up" Columbia and foreclosing other potential offers in which a higher price may have been available.

Plaintiff has moved to compel further deposition testimony from Herbert Allen, president of Allen & Company, Inc., and a Columbia and Coca-Cola director. Plaintiff also seeks to redepose Victor A. Kaufman, former president and CEO of Columbia. At their previous depositions, both Allen and Kaufman declined to answer questions regarding feelers which Coca-Cola and Columbia had received from third parties with regard to the potential acquisition of Columbia or Coca-Cola's stake in Columbia. Allen and Kaufman declined to answer the questions on the grounds that they owed obligations of confidentiality to third parties.

*2 The information sought by plaintiffs is relevant to their theory of damages and is discoverable. Therefore, plaintiff's motion to compel is granted. Because defendants have legitimate concerns about confidentiality, they are entitled to an appropriate protective order pursuant to Chancery Rule 26(c).

II

In addition to redeposing Allen and Kaufman, plaintiff also seeks to redepose: (1) Enrique Senior, a managing director of Allen & Co.; (2) Michael P. Schulhof, a Sony director and officer; (3) Donald R. Keough, former chairman of Columbia and president, chief operating officer and a director of Coca-Cola. Plaintiff also seeks to depose Roberto Goizueta, the CEO of Coca-Cola.

While defendants do not oppose plaintiff's deposing Goizueta on the issue of liability, they seek a protective order prohibiting all of the redepositions on the grounds that Chancery Rule 26(b)(1) prohibits discovery that is "unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought...."

Plaintiff opposes the motion for a protective order against redepositions on the grounds that some of the depositions were taken in the context of expedited discovery for the preliminary injunction hearing and that others were taken before plaintiff was aware of a luncheon meeting between representatives of Coca-Cola, Columbia and Sony on the day before Columbia's board voted on the merger agreement.

Although there are no specific limitations on the number of times a person can be deposed, repeat depositions are disfavored. *Graebner v. James River Corp.*, N.D.Cal., 130 F.R.D. 440, 441 (1989). Repeat depositions, however, may be allowed where the complaint is amended to add a new theory or where new evidence is discovered. *Id.*

Allen and Schulhof were deposed during expedited discovery before the luncheon meeting came to light. Therefore, they may be deposed on the circumstances surrounding the luncheon meeting.

Keough was deposed almost eight months after the preliminary injunction hearing and has already testified with regard to the luncheon meeting. Plaintiff has not offered any reason why he should be redeposed. Therefore, defendants' motion for a protective order is granted as to Keough.

Kaufman was deposed after Keough. Therefore, his redeposition will be limited to the damages issue.

Plaintiff has also moved to redepose Senior in connection with a *subpoena duces tecum* for records related to discussions with other potential offerors for Columbia. While ideally plaintiff would have conducted this discovery in conjunction with his initial deposition of Senior, plaintiff is entitled to damages discovery. Therefore, this motion for a commission will be granted subject to the provision that the deposition be confined to damages discovery.

III

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Defendants have also moved for separate trials on the issues of liability and damages. They argue that separation of trials will save this Court and the parties from a needless expenditure of resources if defendants prevail on the issue of liability. Defendants also state that there is no overlap between damages and liability.

*3 Chancery Rule 42(b) gives this Court the discretion to sever any separate issue for trial "in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy ...". This Court has previously held that severance of issues for separate trials is an extraordinary device that should be used sparingly. *Delaware Chemicals, Inc. v. Reichhold Chemicals, Inc.*, Del.Ch., 124 A.2d 553 (1956); *American Home Products Corp. v. Norden Laboratories, Inc.*, Del.Ch., C.A. No. 11,615-NC, Hartnett, V.C. (Dec. 9, 1992), slip op. at 16.

A variety of factors may be considered in deciding whether issues should be tried separately. These include the possibility of duplication of testimony, whether the facts and issues are distinctly complicated, whether discovery on certain claims would delay a single trial, whether different counsel would try the various issues if they were severed, whether prejudice would result from separate trials and whether one of the issues is pending before another court. *American Home Products*, slip op. at 16-18.

These factors, when applied to the circumstances in this action, weigh against severance. While damages discovery may slightly delay trial of the liability issue, an examination of the other factors suggest that severance should not be granted.

The same counsel will try both the liability and damages issues. None of the issues is pending before another court. Severance is not necessary to avoid prejudice since there will be a bench trial.

Trial of the damages issue should not be as complicated as that for an appraisal action under 8 *Del.C.* § 262. The damages theory espoused by plaintiff up to this point has been based not on the underlying value of Columbia but on the premise that someone else was willing to pay more. The documents requested by the *subpoena duces tecum* in plaintiff's motion for commissions reflect this theory of damages. Furthermore, unlike a § 262 appraisal action, where this Court is always required to make a specific determination of the value of the acquired corporation, this Court will be required to make such a determination only if plaintiff prevails on the liability issue and establishes that Columbia's value exceeded the acquisition price or that a third party was willing and able to pay more.

Finally, defendants' best argument in favor of separate trials is the desirability of avoiding the expense of damages discovery should it prevail. Yet if separate, or bifurcated, trials are granted and plaintiffs prevail, damages discovery would have to take place after the first hearing. It has been three-and-a-half years since the events that gave rise to this action took place. There is the risk that if damages discovery is further delayed that memories would fade and documentary evidence would be more difficult to obtain. This potential prejudice to plaintiff therefore also weighs in favor of denying severance.

*4 Based on the consideration of all these factors, the Court in its discretion denies defendants' motion for separate trials and their related motion to stay damages discovery. The issue of a bifurcated trial can, if necessary, be reconsidered before trial.

The parties are to confer in good faith and agree on a proposed form of order in accordance with this opinion.

Del.Ch.,1993.
Siegman v. Columbia Pictures Entertainment, Inc.
Not Reported in A.2d, 1993 WL 133068 (Del.Ch.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works