IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TV GUIDE ONLINE INC. AND <br> TV GUIDE ONLINE, LLC, <br><br> Plaintiff and Counterclaim-defendants, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC., <br><br> Defendant and Counterclaim-plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-725-KAJ |

## TMS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER QUASHING THE DEPOSITION OF DENNIS FITZSIMONS

TV Guide has failed to demonstrate that Dennis FitzSimons has any unique or superior knowledge regarding any issue germane to this case.  According to TV Guide, Mr. FitzSimons, "as the Chairman and CEO of Tribune Company, has knowledge and information concerning the value of www.zap2it.com to the overall business strategy of the Tribune Company," which TV Guide alleges is relevant to its damages analysis in this action.  Before deposing an "apex" employee such as Mr. FitzSimons regarding this topic, however, TV Guide has a duty to demonstrate that Mr. FitzSimons possesses unique or superior knowledge relevant to the topic. *See, e.g., Devlin v. Chemed Corp.*, No. 04-CV-74192-DT, 2005 WL 2313859, at *2 (E.D. Mich. Sept. 21, 2005) ("When a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute."); *Liberty Mutual Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1287 (Cal. Ct. App. 1992) ("We conclude it amounts to an abuse of discretion to withhold a protective order when a plaintiff

seeks to depose a corporate president, or corporate officer at the apex of the corporate hierarchy, absent a reasonable indication of the officer's personal knowledge of the case."). Here, as the Chairman and CEO of a company with operating revenues of $5.6 billion in 2005, it makes no sense to suggest that Mr. FitzSimons has any unique or superior knowledge regarding the www.zap2it.com website, which is just one of numerous websites owned and operated by a Tribune Company subsidiary.

Even if the value of www.zap2it.com to Tribune Company was somehow relevant to TV Guide's damages analysis — which TMS does not concede — Mr. FitzSimons is not the only Tribune Company employee who would have knowledge and information concerning this topic, and TV Guide has not demonstrated that Mr. FitzSimons' knowledge on this topic is unique and superior to the knowledge of another Tribune Company or TMS employee. Furthermore, TV Guide has made no effort to get this information from any other source that would be more convenient and less burdensome than deposing Mr. FitzSimons. For example, in its Rule 30(b)(6) deposition notice related to damages, TV Guide did not include any topic regarding the value of www.zap2it.com to Tribune Company. Federal Rule of Civil Procedure 26 vests this Court with broad discretion to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and to bar discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b) and (c). It is clear that TV Guide has noticed Mr. FitzSimons' deposition for the sole purpose of harassment. TMS respectfully requests that this Court exercise its discretion and grant a Protective Order quashing the notice of deposition of Dennis FitzSimons.

Dated: October 19, 2006        */s/ Richard K. Herrmann*
       Richard K. Herrmann (I.D. No. 405)
       Mary B. Matterer (I.D. No. 2696)
       MORRIS JAMES HITCHENS & WILLIAMS
       222 Delaware Avenue, 10th Floor
       Wilmington, Delaware 19801
       302.888.6800
       rherrmann@morrisjames.com

       *Attorneys for Defendant*
       *Tribune Media Services, Inc.*

**Of Counsel:**
Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2006, I electronically filed the foregoing document, **TMS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER QUASHING THE DEPOSITION OF DENNIS FITZSIMONS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Steven J. Fineman
Richards, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

Additionally, I hereby certify that on the 19th day of October, 2006, the foregoing document was served email and via hand delivery on the above referenced attorneys and via email and Federal Express on the following non-registered participants:

Robert C. Morgan
Christopher J. Harnett
Stuart W. Yothers
Fish & Neave IP Group
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
212.596.9000

>             */s/ Richard K. Herrmann*
> Richard K. Herrmann (I.D. No. 405)
> Mary B. Matterer (I.D. No. 2696)
> MORRIS JAMES HITCHENS & WILLIAMS
> 222 Delaware Avenue, 10th Floor
> Wilmington, Delaware 19801
> 302.888.6800
> rherrmann@morrisjames.com
>
> *Attorneys for Defendant*
> *Tribune Media Services, Inc.*