IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. AND<br>TV GUIDE ONLINE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>TRIBUNE MEDIA SERVICES, INC.<br><br>Defendant. | Civil Action No. 05-725-KAJ<br><br>**REDACTED - PUBLIC VERSION** |

**PLAINTIFFS TV GUIDE ONLINE, INC. AND TV GUIDE ONLINE, LLC'S
ANSWERING MEMORANDUM IN OPPOSITION TO TMS'S MOTION
<u>TO DISMISS PLAINTIFF TV GUIDE ONLINE, INC.</u>**

Robert C. Morgan
Christopher J. Harnett
Ching-Lee Fukuda
Stuart W. Yothers
Danielle C. Schillinger
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Ronald E. Naves, Jr.
Sr. Vice President
Legal Affairs and Litigation
Gemstar-TV Guide International, Inc.
6922 Hollywood Boulevard
Hollywood, California 90028
(323) 817-4600

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
RICHARDS, LAYTON & FINGER PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
fineman@rlf.com

Attorneys for Plaintiffs TV Guide Online, Inc.
and TV Guide Online, LLC

December 5, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

BACKGROUND ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

I.   Patent Licensees That Possess The Exclusive Right To License A Patent Have Standing To Sue On That Patent ................................................................... 2

II.  TV Guide Online, Inc. Is The Exclusive Licensee To The '078 Patent And A Proper Party To This Suit ........................................................................................ 4

CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*Intuitive Surgical, Inc. v. Computer Motion, Inc.*,
214 F. Supp. 2d 433 (D. Del. 2002) ........................................................................... 2, 3, 5

*Ortho Pharm. Corp. v. Genetics Inst., Inc.*,
52 F.3d 1026 (Fed. Cir. 1995) ...................................................................................... 2, 3

*Rite-Hite Corp. v. Kelley Co.*,
56 F.3d 1538 (Fed. Cir. 1995) ...................................................................................... 4, 5

*Solarex Corp. v. ARCO Solar, Inc.*,
805 F. Supp. 252 (D. Del. 1992) .................................................................................. 3, 5

*Textile Prods., Inc. v. Mead Corp.*,
134 F.3d 1481 (Fed. Cir. 1998) ......................................................................................... 3

## OTHER AUTHORITIES

8 Donald S. Chisum, Patents § 21.03[2][c] (2006) ............................................................. 3

RLF1-3089615-1

Tribune Media Services, Inc.'s ("TMS") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction should be denied, as TV Guide Online, Inc. is the exclusive licensee of U.S. Patent No. 5,988,078 ("'078 patent") and a proper party to this action.

## BACKGROUND

Plaintiff TV Guide Online, LLC ("TV Guide Online, LLC") is the owner by assignment of U.S. Patent No. 5,988,078 ("'078 patent"). Plaintiff TV Guide Online, Inc. ("TV Guide Online, Inc.") is the exclusive licensee of the '078 patent.







## ARGUMENT

The controlling authorities establish that an exclusive licensee may join in a suit with a patent owner to recover for injury sustained at the hands of an infringer. TV Guide Online, Inc. is the exclusive licensee of the '078 patent. REDACTED  The right to license and the right to enforce the patent are the hallmarks of an exclusive license. TMS's motion to dismiss should be denied.

### I. Patent Licensees That Possess The Exclusive Right To License A Patent Have Standing To Sue On That Patent.

An exclusive licensee has standing to sue for patent infringement. While an exclusive licensee possesses fewer rights than an assignee to the patent, it still has standing to sue third parties as a co-plaintiff with the patentee. *See Intuitive Surgical, Inc. v. Computer Motion, Inc.,*

---

[1] The Declaration of Samir B. Armaly in Support of TV Guide's Opposition to TMS's Motion to Dismiss TV Guide Online, Inc. is being filed contemporaneously herewith.

214 F. Supp. 2d 433, 439 (D. Del. 2002). As explained in *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995), "[t]o have co-plaintiff standing in an infringement suit, a licensee must hold some of the proprietary sticks from the bundle of patent rights." It is the "right to prevent others from making, using or selling the patented technology that provides the foundation" for an exclusive license and co-plaintiff standing. *Id.* at 1032. In determining whether a license is exclusive, the intent of the parties to the license controls; the Court must examine the agreement to determine the substance of what was granted. *Intuitive Surgical*, 214 F. Supp. 2d at 439; *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998) (*citing Ortho Pharm.*, 52 F.3d at 1033-34).

Pre-existing non-exclusive licenses do not make an exclusive license grant non-exclusive. *Solarex Corp. v. ARCO Solar, Inc.*, 805 F. Supp. 252, 259 (D. Del. 1992). A license "may be exclusive even though the owner had granted a non-exclusive license prior to the exclusive license" and the licensee has standing to sue. *Id.* at 258-59 (finding an exclusive license despite the specific inclusion of pre-existing non-exclusive licenses from the patentee to the federal government); *see Intuitive Surgical*, 214 F. Supp. 2d at 436 n.4, 440 (finding that a license grant was exclusive despite the twenty-four non-exclusive licenses previously granted by the patent assignee and the licensee therefore had standing to sue); 8 Donald S. Chisum, Patents § 21.03[2][c] (2006) (stating that "[t]he issue should be whether the patent owner is precluded after the date of the instrument from granting further licenses within the stated area given to the licensee. Thus, a license may still be exclusive even though the patent owner had previously granted nonexclusive licenses in the area" and the licensee has standing to sue.) By definition, in an exclusive license it is the licensee, rather than the patent owner, that has the right to grant further licenses. TV Guide Online, Inc. has that right.

3

## II. TV Guide Online, Inc. Is The Exclusive Licensee To The '078 Patent And A Proper Party To This Suit.

A patent license is made exclusive by the patentee or assignee's promise that only the licensee may grant future licenses to the patent.



*Rite-Hite* states that "[t]o be an exclusive licensee for standing purposes, a party must have received, not only the right to practice the invention within a given territory, but also the patentee's express or implied promise that others shall be excluded from practicing the invention within that territory as well." *Id.* at 1552.

The *Rite-Hite* statement is consistent with the case law cited by both TMS and Plaintiffs, that once a patent owner enters into an exclusive license, he is barred from granting any other licenses to the patent.[2]

---

[2] *Rite-Hite* is also factually inapplicable. In *Rite-Hite*, the patentee distributed all of its products through wholly-owned and operated sales organizations and independent sales organizations (ISOs) who each controlled an exclusive sales territory. The ISOs moved to intervene in the patentee's infringement suit, claiming that they were exclusive licensees by virtue of their "Sales Representative Agreements" with the patentee. The agreements were amended prior to their intervention to explicitly permit the sale of products covered by the patent-in-suit. Yet the Federal Circuit noted that the ISOs still were not exclusive licensees, as their contracts only permitted the ISOs to solicit and make sales of the patentee's products in a particular territory. "[A]ny 'exclusivity' related only to sales territories, not to patent rights . . .





*See Solarex*, 805 F. Supp. at 259 (stating that "[t]he fact that [the exclusive licensee] Solarex's exclusive rights were subject to the rights of pre-existing non-exclusive licenses is not surprising; [the patent owner] RCA could not transfer that which it did not own. Nor are the pre-existing non-exclusive licenses fatal to Solarex's status as an exclusive licensee."); *Intuitive Surgical*, 214 F. Supp. 2d at 436 n.4, 440 (finding that Intuitive received an exclusive license to IBM's patents subject to twenty-four prior licenses granted by IBM).



---

[3] the ISOs had no right under the agreements to exclude anyone from making, using, or selling the claimed invention." *Rite-Hite*, 56 F.3d at 1553.

REDACTED

REDACTED

REDACTED

6

RLF1-3089615-1

## **CONCLUSION**

TV Guide Online, Inc. is the exclusive licensee of the '078 patent.



TMS's motion to dismiss TV Guide Online, Inc. should be denied.

OF COUNSEL:

Robert C. Morgan
Christopher J. Harnett
Ching-Lee Fukuda
Stuart W. Yothers
Danielle C. Schillinger
FISH & NEAVE IP GROUP
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Ronald E. Naves, Jr.
Sr. Vice President
Legal Affairs and Litigation
Gemstar-TV Guide International, Inc.
6922 Hollywood Boulevard
Hollywood, California 90028
(323) 817-4600

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
RICHARDS, LAYTON & FINGER PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
fineman@rlf.com

Attorneys for Plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC

Dated: December 5, 2006

7

RLF1-3089615-1

# EXHIBITS 1-4
# REDACTED

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Richard K. Herrmann, Esquire
> Morris James Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE 19801

I hereby certify that on December 5, 2006, I have sent by Electronic Mail, the foregoing document to the following non-registered participants:

> Mark A. Pals, P.C., Esquire
> Kirkland & Ellis, LLP
> 200 East Randolph Drive
> Chicago, IL 60601

> /s/ Steven J. Fineman
> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> fineman@rlf.com

RLF1-2978403-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard K. Herrmann, Esquire
Morris James, LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801-1494

I hereby certify that on December 12, 2006, I have sent by Electronic Mail, the foregoing document to the following non-registered participants:

Mark A. Pals, P.C., Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com

RLF1-2978403-1