IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br><br>  Plaintiffs and Counterclaim Defendants,<br>  v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>  Defendant and Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>) Case No.: 05-725 KAJ<br>)<br>) PUBLIC VERSION<br>)<br>)<br>) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT TRIBUNE MEDIA SERVICES, INC.'S
MOTION TO DISMISS PLAINTIFF TV GUIDE ONLINE, INC.**

Richard K. Hermann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2969)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

Dated: December 19, 2006
Redacted Date: December 20, 2006

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 2

I.    Gemstar, Not TVGO Inc., Licensed The '078 Patent To Yahoo!. ................... 2
      A.    TVGO Inc. Is Not A Party To The Yahoo! Agreement ........................... 3
      B.    TVGO Inc. Did Not Control The Licensing Of The '078 Patent To
           Yahoo! ..................................................................................................... 4

II.    Plaintiffs' Cited Cases Are Inapposite Because TVGO Inc. Does Not Have Sole
     Control Over Licensing The '078 Patent. ......................................................... 6

CONCLUSION ................................................................................................................. 7

## Table of Authorities

**Cases**

*DStorino v. Borough of Point Pleasant Beach*
    322 F.3d 293, 296 (3rd Cir. 2003) ............................................................................. 3

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
    944 F.2d 870, 874, 873-76 (Fed.Cir.1991). ............................................................... 6

*Solarex Corp. v. Arco Solar, Inc.*,,
    805 F.Supp. 252, 258 (D. Del. 1992) ........................................................................ 6

## INTRODUCTION

There are currently two plaintiffs in this action. The issue here is whether one of them — TV Guide Online, Inc. ("TVGO Inc.") — has standing to be a party. TVGO Inc. has the burden of proving it has standing.[1] TMS moved to dismiss TVGO Inc. for lack of standing because:

1. TVGO Inc. is a non-exclusive licensee of the '078 patent, not the owner or exclusive licensee with control over further licensing of the patent.

2. As a non-exclusive licensee, TVGO Inc. lacks standing to sue.

In its opening brief, TMS cited

**REDACTED** as confirmation that TVGO Inc. is a non-exclusive licensee and that Gemstar controls licensing of the '078 patent. TMS explained that because Gemstar is still licensing the '078 patent to third parties, TVGO, Inc. cannot be the exclusive licensee with standing to sue. Thus, TVGO Inc. should be dismissed as a party.

In response, plaintiffs argue that

**REDACTED**

This is the only argument plaintiffs make to attempt to ward off a dismissal of TVGO, Inc. However, unless plaintiffs can *prove* that TVGO Inc. — and not Gemstar — **REDACTED** TVGO Inc. must be dismissed. Plaintiffs have not met their burden of proof, because

---

[1] This is not an academic question. Plaintiffs' claim for lost profits damages is contingent upon TVGO Inc. remaining a party to this action.

# REDACTED

Because TVGO, Inc. is not the owner of the '078 patent or the exclusive licensee with control over further licensing of the patent, it should be dismissed as a party.

## ARGUMENT

The parties agree that TVGO, Inc. does not own the '078 patent. The parties also agree that to have standing, TVGO Inc. must be the exclusive licensee under the '078 patent. And the parties agree, as stated by plaintiffs, that "[b]y definition, in an exclusive license it is the licensee, rather than the patent owner, that has the right to grant further licenses." Opp. Br. at 3. But TVGO Inc. does not, as plaintiffs claim, have the exclusive right to grant further licenses — a third party, Gemstar, also has this right, **REDACTED**. Thus, TVGO Inc. is not the exclusive licensee.

TVGO Inc. bears the burden of proving it has standing in this case. *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3rd Cir. 2003). TVGO Inc. has failed to carry its burden, as it has failed to prove that TVGO Inc., and not Gemstar,

**REDACTED**

and thus TVGO Inc. is not the exclusive licensee and lacks standing to be a plaintiff in this case.

**I.   Gemstar, Not TVGO Inc., Licensed The '078 Patent**

Plaintiffs claim that " **REDACTED** Opp. Br. at 6. However, the only arguments plaintiffs offer in support of

their position are unsupported by the plain language  and the deposition testimony of plaintiffs' own witnesses.

A.  **TVGO Inc. Is Not A Party To The**

Plaintiffs claim that

# REDACTED

Opp. Br. at 6 (internal citations omitted).  Contrary to plaintiffs' assertions, however,

# REDACTED

3



In sum, plaintiffs' claim that TVGO Inc. is                              is

contradicted by the plain language                and by the deposition testimony of

## REDACTED

**B.    TVGO Inc. Did Not Control The Licensing Of The '078 Patent**

## REDACTED

REDACTED

# REDACTED

## II. Plaintiffs' Cited Cases Are Inapposite Because TVGO Inc. Does Not Have Sole Control Over Licensing The '078 Patent.

Although it is true that **REDACTED**

mere words are not enough to make this an exclusive license. As the Federal Circuit has explained, it is "the substance of what was granted" that determines exclusivity. *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 874, 873-76 (Fed.Cir.1991). Gemstar's control of

**REDACTED** . was insubstantial,

and demonstrates the kind of complete control over licensing, by third party Gemstar, that directly contradicts TVGO Inc.'s claim of exclusivity.

Plaintiffs rely on this Court's holding in *Solarex Corp. v. Arco Solar, Inc.* that "[i]f the patent owner is precluded from granting further licenses after the date of the license, then the license is exclusive." *Solarex Corp. v. Arco Solar, Inc.*, 805 F.Supp. 252, 258 (D. Del. 1992). But plaintiffs miss a key point: in *Solarex*, the licensee had *sole control* of licensing regarding the disputed patent. *Id.* at 259. Here, Gemstar — not the patent owner TVGO LLC or the alleged exclusive licensee TVGO Inc. — has and always has had control over the licensing of the '078 patent. Unlike in *Solarex*, TVGO LLC could not ensure that other licenses were not and would not be granted, because Gemstar, not TVGO LLC, had that control.

Put another way, plaintiffs attempt to persuade this Court that TVGO Inc. is an exclusive licensee because its license says so, yet completely ignore and fail to explain the simple fact that TVGO Inc. has little or no control over the licensing of the patent to which it claims to have been

exclusively licensed. The facts speak louder than words. If another entity controls the licensing of the '078 patent — and here Gemstar does — then TVGO Inc. cannot be the exclusive licensee and lacks standing to be a plaintiff.

## CONCLUSION

When viewed in whole, the conclusion is simple: TVGO Inc. has not met its burden to prove it has standing in this case, because it cannot show that it has exclusive control over the licensing of the '078 patent. Gemstar is a large corporation with many subsidiaries, some of which own or hold licenses to patents, TVGO Inc. included. Gemstar manages its subsidiaries' patents just as it manages the subsidiaries themselves—wholly and exclusively. Regardless of which of its many subsidiaries holds paper title to the '078 patent, Gemstar alone has always controlled and does now continue to control the licensing of that patent. **REDACTED**

Because TVGO Inc. is not the exclusive licensee or owner of the '078 patent, it has no standing to bring this suit and should be dismissed as a plaintiff in this action.

Dated: December 19, 2006

　　　　　　　　　　　　　　　　/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2969)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000
*Counsel for Defendant Tribune Media Services, Inc.*

# EXHIBIT 1

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# EXHIBIT REDACTED IN ITS ENTIRETY