IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 05-725-***<br>)<br>)<br>) |

## TV GUIDE'S NOTICE OF DEPOSITION OF MICHAEL H. CHASE

To:  Mark A. Pals, P.C.　　　　　　Richard K. Herrmann
　　　Linda S. DeBruin　　　　　　　Mary B. Matterer
　　　Michael A. Parks　　　　　　　MORRIS JAMES HITCHENS & WILLIAMS
　　　Laura A. Hepburn　　　　　　550 Delaware Ave., Suite 1500
　　　Meredith Zinanni　　　　　　　Wilmington, DE  19801-1494
　　　KIRKLAND & ELLIS LLP
　　　200 E. Randolph Drive
　　　Chicago, IL  60601

　　　PLEASE TAKE NOTICE that pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, plaintiffs TV Guide Online, Inc. and TV Guide Online, LLC (collectively "TV Guide Online") will take the deposition upon oral examination of Michael H. Chase, commencing on June 13, 2007 at 9:00 a.m., at the offices of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, or at a place and time mutually agreed upon by counsel for the parties.

　　　The deposition will be taken before an officer authorized to administer oaths by the laws of the United States and will be recorded by stenographic and/or videographic means. The deposition will continue from day to day until completed.

　　　PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, TV Guide Online hereby requests that Michael H. Chase produce all

documents and things in his possession, custody or control that are responsive to the specific requests listed in Attachment A to the Subpoena attached hereto. TV Guide Online requests that production be made at the offices of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, no later than June 1, 2007.

                                      /s/ *signature*
                                      Frederick L. Cottrell, III (#2555)
                                      Jeffrey L. Moyer (#3309)

OF COUNSEL:  
                                      Steven J. Fineman (#4025)
                                      Richards, Layton & Finger PA

Robert C. Morgan                      One Rodney Square
Christopher J. Harnett               920 North King Street
Ching-Lee Fukuda                   Wilmington, Delaware 19801
Stuart W. Yothers                     (302) 651-7700
FISH & NEAVE IP GROUP         cottrell@rlf.com
ROPES & GRAY LLP                 moyer@rlf.com
1251 Avenue of the Americas      fineman@rlf.com
New York, New York 10020
(212) 596-9000                        Attorneys for Plaintiffs TV Guide Online, Inc.
                                      and TV Guide Online, LLC

Ronald E. Naves, Jr.
Jeffrey A. Fehervari
Vladamir V. Radovanov
Gemstar-TV Guide International, Inc.
6922 Hollywood Boulevard
Hollywood, California 90028
(323) 817-4600

Dated: May 25, 2007

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TV Guide Online, Inc. and TV Guide Online, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>Tribune Media Services, Inc.,<br><br>    Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No. 05-725-***<br>(D. Delaware) |

TO: Michael H. Chase
5445 Corporate Drive Suite 340
Troy, MI 48098

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be ☒ transcribed; ☒ video taped; ☒ audio recorded.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ropes & Gray LLP<br>1211 Avenue of the Americas, New York, NY 10036 | June 13, 2007 9:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection, copying, testing or sampling of the following documents, electronically stored information or objects at the place, date, and time specified below (list documents, electronically stored information or objects): SEE SCHEDULE A ATTACHED HERETO

| PLACE | DATE AND TIME |
|---|---|
| Ropes & Gray LLP<br>1211 Avenue of the Americas, New York, NY 10036 | June 4, 2007 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFFS OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Plaintiffs | Date 5/25/07 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
|---|---|
| Ching-Lee Fukuda, Ropes & Gray LLP<br>1211 Avenue of the Americas, New York, NY 10036-8704 | (212) 596-9000 |

|  | DATE | PLACE |
|---|---|---|
| SERVED | Date | Place |

SERVED ON (PRINT NAME)                MANNER OF SERVICE

SERVED BY (PRINT NAME)                TITLE

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
                  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## ATTACHMENT A

## DEFINITIONS

1. The terms "You" and "Your" shall mean Michael H. Chase, whether functioning as an individual or in a professional capacity while employed with, or retained by, any entity.

2. The terms "TMS" and "Defendant" mean Tribune Media Services, Inc. and include all parent, subsidiary, sister, predecessor, or successor companies, corporations, partnerships, or other business entities, and the officers, directors, agents, employees, partners, and all other persons acting or purporting to act on behalf of or who are subject to the direction or control of any of the foregoing.

3. "The '078 patent" or "the patent-in-suit" means United States Patent No. 5,988,078.

4. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including documents in electronic form, and physical objects and things within the meaning of that Rule, such as research and development samples, prototypes, production samples and the like. A draft or non-identical copy is a separate document within the meaning of this term.

5. The term "thing" refers to any physical specimen or tangible item in the possession, custody, or control of TMS.

6. "Person" and the derivative forms thereof, including the plural and possessive forms, refers to any natural person or any entity, including any business, corporation, partnership, limited partnership, firm, association, organization, club, joint venture, unincorporated entity, government unit or entity, or any other legal entity, and

any officers, agents, representatives, employees, directors, or attorneys of any such person.

7. The terms "refer to," "relating to," "related to," and "that relate(s) to" mean, without limitation, constituting, comprising, containing, discussing, embodying, reflecting, evidencing, identifying, mentioning, stating, or referring to the particular subject matter identified.

8. The term "and" shall be construed to include "or" and vice versa, and shall be the logical equivalent of "and/or."

9. The singular shall include the plural and the plural shall include the singular.

10. All documents related to the topics in Attachment A shall be produced to TV Guide Online in the same file or organizational environment in which they were maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or other grouping responsive to said request, in the same order or manner of arrangement as the original. A document that is stapled, clipped or otherwise bound should be produced in the same manner as the original.

11. The request for documents and things related to the topics in Attachment A shall be deemed to be continuing and, in accordance with Fed. R. Civ. P. 26(e), if, after responding to the request, Michael H. Chase acquires knowledge or information regarding additional information responsive to the request, Michael H. Chase shall provide TV Guide Online with a statement of such additional information.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents or other materials considered by You in formulating your opinions in this case, regardless of whether You relied upon such documents or other materials.

### REQUEST FOR PRODUCTION NO. 2:

All documents and things that constitute or refer to communications between You and TMS related to Your opinions in this case, regardless of whether You relied upon such documents and things.

### REQUEST FOR PRODUCTION NO. 3:

All transcripts or other records of any prior testimony given by you as an expert in any legal proceeding, whether by declaration, deposition, or at trial.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard K. Herrmann, Esquire
Morris James, LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801-1494

I hereby certify that on May 25, 2007, I have sent by Federal Express, the foregoing document to the following non-registered participant:

Mark A. Pals, P.C., Esquire
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com