IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br><br>    Plaintiffs and Counterclaim Defendants,<br>        v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>    Defendant and Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)  C.A. No.: 05-725-***<br>)<br>)<br>)<br>)<br>) |

**TRIBUNE MEDIA SERVICES, INC.'S MOTION FOR
SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 5,988,078**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Tribune Media Services, Inc. ("TMS") moves for judgment as a matter of law that:

1. TMS does not directly infringe any asserted claim of U.S. Patent No. 5,988,078 (the "'078 patent");

2. TMS does not induce anyone to infringe any asserted claim of the '078 patent;

3. TMS does not contributorily infringe any asserted claim of the '078 patent; and

4. Use of TMS's accused website, Zap2it.com, does not infringe any asserted claim of the '078 patent.

*First*, as TMS explains in its accompanying memorandum in support of this motion, TMS does not make, use, sell, or offer for sale the components necessary to infringe any asserted claim of the '078 patent, and thus cannot be a direct infringer as a matter of law. *Second*, each asserted claim is specific as to the location and configuration of the components necessary to infringe the claim, but TMS does not induce anyone to configure and locate the components as required by the asserted claims and therefore cannot induce infringement as a matter of law. *Third*, a substantial number of Zap2it.com's users access the website from their place of

employment as opposed to their home, which means TMS does not contribute to any infringement of the '078 patent as a matter of law. *Fourth,* during prosecution of the '078 patent, the named inventor repeatedly emphasized that each of the patent's claims requires that television programming information be saved to the user's computer such that the user would be able to manipulate the information on their local computer. Users of TMS's accused Zap2it.com website, however, cannot manipulate on their local computer television programming information accessed through Zap2it.com, and there is no evidence in the record to the contrary. That further demonstrates that use of Zap2it.com cannot infringe the '078 patent as a matter of law.

For these reasons and the additional grounds set forth in TMS's accompanying memorandum in support of this motion, the undisputed facts demonstrate there is no infringement of the '078 patent and TMS's motion for judgment as a matter of law of non-infringement should be granted.

Dated: October 5, 2007

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*