## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br><br>        Plaintiffs and Counterclaim Defendants,<br>                            v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>        Defendant and Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)  Case No.: 05-725-***<br>)<br>)<br>)<br>)<br>) |

## TRIBUNE MEDIA SERVICES, INC.'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
## OF INVALIDITY OF U.S. PATENT NO. 5,988,078

*Of Counsel*

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, Delaware 19801
302.888.6800

*Counsel for Defendant Tribune*
*Media Services, Inc.*

Dated:  October 5, 2007

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDING...............................................2

III.    SUMMARY OF ARGUMENT .............................................................................2

IV.     STATEMENT OF UNDISPUTED FACTS ..........................................................3

        A.      The '078 Patent ..........................................................................................3

        B.      The "Service Provider":  The Prior Art CompuServe System.................4

        C.      CompuServe Is At The Center Of The Alleged Invention .......................5

        D.      The Young Patent .......................................................................................6

        E.      The Alleged Inventive Aspect Of The '078 Patent...................................7

        F.      The Person Of Ordinary Skill In The Art, Which Is The Level From
                Which Obviousness Is Determined.............................................................8

V.      ARGUMENT.......................................................................................................10

        A.      The Legal Standards For Summary Judgment.........................................10

        B.      The Legal Standards For Obviousness Of A Patent Claim.....................11

        C.      The '078 Patent Claims Would Have Been Obvious to a Person of
                Ordinary Skill in the Art. .......................................................................11

        D.      Young/CompuServe Also Render The Asserted '078 Patent Claims
                Obvious...................................................................................................15

        E.      TV Guide Cannot Distinguish Young/CompuServe From the Asserted
                Claims.....................................................................................................22

VI.     CONCLUSION....................................................................................................24

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Liberty Lobby Inc.,*
      477 U.S. 242 (1986)........................................................................................... 10

*Celotex Corp. v. Catrett,*
      477 U.S. 317, 325 (1986)................................................................................... 10

*Gemstar TV Guide Int'l, Inc. v. Int'l Trade Comm'n,*
      383 F.3d 1352 (Fed. Cir. 2004)........................................................................... 6

*KSR Int'l Co. v. Teleflex, Inc.,*
      127 S. Ct. 1727 (2007).............................................................................. passim

*Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.,*
      485 F.3d 1157 (Fed. Cir. 2007)......................................................................... 23

*Monsanto Co. v. Syngenta Seeds, Inc.,*
      __F.3d.__, 2007 WL 2874217 (Fed. Cir. Oct. 4, 2007)..................................... 16

*North American Vaccine, Inc. v. American Cyanamid Co.,*
      7 F.3d 1571 (Fed. Cir. 1993)............................................................................. 16

*Sinskey v. Pharmacia Ophthalmics, Inc.,*
      982 F.2d 494 (Fed. Cir. 1992)........................................................................... 10

*Telemac Cellular Corp. v. Topp Telecom, Inc.*
      247 F.3d 1316 (Fed. Cir. 2001)......................................................................... 10

**Statutes**

35 U.S.C. § 103..................................................................................................... 11

35 U.S.C. § 112..................................................................................................... 16

**Rules**

Fed. R. Civ. P. 56(c) ............................................................................................. 10

## I.     INTRODUCTION

The law prohibits enforcing patents that claim obvious subject matter as an invention.  It is a question of law for the court to decide whether a patent claim is obvious.  If the court concludes a patent claim is obvious, the court invalidates it.

In its recent, landmark decision in *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007), the Supreme Court emphasized that obviousness should be treated with an "expansive and flexible approach." *Id.* at 1739 (affirming district court's grant of summary judgment of obviousness).  The Supreme Court made clear that there are numerous ways to demonstrate a patent claim is obvious, including by showing it covers a predictable variation of an existing work, an ordinary advance in the art, an obvious solution to a known problem, subject matter that was obvious to try, or a combination of familiar elements according to known methods that produces predictable results. *Id.* at 1742-1744.

TV Guide's patent-in-suit, U.S. Patent No. 5,988,078, cannot survive invalidity scrutiny in light of *KSR*.  The '078 patent claims as its invention searching a commercial database such as CompuServe for television programming information for a specific geographic location.  The alleged invention has nothing to do with building or creating the database of information searched, nothing to do with any software for any database searching, and nothing to do with organizing or creating database information.  Rather, the "invention" is nothing more than the idea of a database search by geographic location using an existing commercial database.  TV Guide's expert admits searching a database by geography was known in the art too.

The undisputed, material facts of record, including the prior art discussed below, demonstrate that each asserted claim is obvious as a matter of law.  TMS therefore respectfully requests that this Court enter judgment as a matter of law that each asserted claim is invalid.

## II.    NATURE AND STAGE OF THE PROCEEDING

Plaintiffs TV Guide Online, LLC and TV Guide Online, Inc. (collectively, "TV Guide") filed this suit against defendant Tribune Media Services, Inc. ("TMS") on October 12, 2005, accusing TMS of infringing U.S. Patent No. 5,988,078 ("the '078 patent"). D.I. 1. TMS filed its Answer, Affirmative Defenses and Counterclaims on February 1, 2006, counterclaiming for patent misuse and a declarator judgment of noninfringement and invalidity. D.I. 6. TMS's counterclaim for patent misuse was severed and stayed by stipulation of the parties on October 10, 2006. D.I. 131. Fact discovery closed February 28, 2007, D.I. 187, and expert discovery closed August 17, 2007, D.I. 191. Pending since November 20, 2006 is TMS's motion to dismiss TV Guide Online, Inc. for lack of standing. D.I. 145.

## III.    SUMMARY OF ARGUMENT

1.    Each asserted '078 patent claim is obvious as a matter of law.

2.    There is nothing inventive about any asserted '078 patent claim. TV Guide's technical expert admits one of ordinary skill in the art would have known every aspect of the claims before TV Guide's alleged invention date. Indeed, the alleged inventive feature of the claims is nothing more than a known database search using an off-the-shelf third party prior art database.

3.    The Supreme Court's *KSR* decision mandates a flexible approach to obviousness, and sets forth numerous independent grounds for holding a patent claim obvious, such as showing it covers a predictable variation of an existing work, an ordinary advance in the art, an obvious solution to a known problem, subject matter that was obvious to try, or a combination of familiar elements according to known methods that produces predictable results.

4.      The prior art Young/CompuServe references confirm the asserted '078 patent claims are obvious.  Young/CompuServe expressly disclose, or at a minimum render obvious, each limitation of each asserted claim of the '078 patent.

5.      TV Guide has no basis to distinguish the prior art references relied on by TMS. No issues of material fact prevent this Court granting TMS judgment as a matter of law that the asserted '078 patent claims are invalid as obvious.

## IV.    STATEMENT OF UNDISPUTED FACTS

The following facts are undisputed:

### A.    The '078 Patent

1.      The '078 patent issued November 23, 1999, from an application filed October 9, 1997.  '078 patent at 1 (A1).

2.      TV Guide alleges a March 9, 1992 invention date for each asserted claim of the '078 patent.  TV Guide Supp. Interr. Resp. at 11-12 (A546-A547).

3.      The '078 patent claims a method and system for receiving television programming information for a specific geographic location from a service provider. The full text of each claim can be found at A7-A8.

4.      Each claim of the '078 patent requires the television programming information to be received from a "service provider."  Claim 1 is exemplary:

> In a television distribution arrangement wherein a plurality of geographically dispersed television viewing locations receive television programming from a source of such programming, a method of receiving information specific to the type of programming available to a particular one of the viewing locations, the method comprising the steps of:
>
> providing a computerized unit at the particular viewing location, the unit including an operator input and a modem;

3

establishing a connection to a wide-area network through the modem;

transmitting, from the computerized unit, information to a service provider through the wide-area network regarding the geographical location of the particular viewing location; and

and receiving, from the service provider, information specific to the type of programming available to the particular viewing location.

'078 patent at 6:37-55 (A7).

**B.    The "Service Provider": The Prior Art CompuServe System**

5.    The '078 patent specification explains the "service provider" required by each claim is a commercial service like CompuServe that has a database of television programming scheduling information: "In the preferred embodiment of the invention the schedule information is provided to the personal computer 18 from a remote database 40, which may constitute a database provider such as 'COMPUSERVE,' 'PRODIGY' or the like." '078 patent at 3:49 (A6).

6.    CompuServe had television program schedules available online since at least 1982 — 10 years before TV Guide's alleged invention date. CompuServe Information Today, July 1981, at TMS0001093-94 (A184-A185).    Barry Berkov, Executive Vice President of CompuServe Information Services from 1990-1995, confirmed at his deposition that CompuServe allowed users to transmit geographic information to receive television programming information for a specific geographic location. Berkov Dep. at 23:1-19, 26:9-17 (A627, A628).

7.    TV Guide's expert, J. Tipton Cole, admitted in his expert report that CompuServe implements the '078 patent claims:  "the patent describes the claimed method as being implemented, for example, by a service provider such as CompuServe." Cole Infring. Rpt. at 17 n.23 (A572); *see also* 08/25/06 Levine (named inventor) Dep. at 85:17-86:5 (A634-A635) ("it

4

has all the information necessary *to give me the part of the database located at CompuServe* and Prodigy that I desire, namely what I can watch on Channel 4 tonight right here.") (emphasis added**).**

### C.     CompuServe Is At The Center Of The Alleged Invention

8.     The '078 patent does not teach how to build or create a database of television programming information.  The '078 patent does not teach any software for any database searching.  The '078 patent does not teach anything about collecting or organizing television programming information.

9.     Instead, the '078 patent relies on a commercially available system like CompuServe to provide the television programming information required by each of the claims.

10.     TV Guide's expert Mr. Cole testified at his deposition that the '078 patent assumes anyone practicing the patent already has access to a database of television schedules, like CompuServe provided.  Cole Dep. at 181:2-15 (A609).

11.     An off-the-shelf, third party commercially available system such as CompuServe is the only thing disclosed in the '078 patent to support searching by geographical location, as required by the claims: "In the preferred embodiment of the invention the schedule information is provided to the personal computer 18 from a remote database 40, which may constitute a database provider such as 'COMPUSERVE,' 'PRODIGY' or the like.  This information may be customized for the cable service 38 available to the system through an initialization routine in which the computer operator keys in the postal ZIP code of his location and, if necessary, an identification of the cable service provider.  The head end database uses this information to provide the computer 18 with the schedule of programming for that service."  '078 patent at 3:46-56 (A6).  There are no other disclosures or teachings in the '078 patent specification relating to searching by specific geographic location.

5

12.    The '078 patent provides no indication that a commercially available CompuServe system in March 1992 (TV Guide's alleged invention date) would require any modifications or additional software to provide television programming information.

13.    The '078 patent provides no indication that a commercially available CompuServe system in March 1992 would require any modifications or additional software to provide television programming information for a specific geographic location.

14.    Before the '078 patent, CompuServe was used as the source of localized television programming schedules in other patents in the same field, including the prior art Young patent issued in 1987. *See* Young at 21:67-22:2 (A153).

**D.    The Young Patent**

15.    On November 10, 1987, U.S. Patent No. 4,706,121 issued, naming Patrick Young as inventor ("Young Patent"). Young patent at 1 (A130). The Young patent is now expired, but for years it was enforced extensively in litigation by TV Guide's parent company, Gemstar-TV Guide International, Inc. *See, e.g., Gemstar TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352 (Fed. Cir. 2004).

16.    The Young patent discloses a method and system for receiving television programming information specific to a geographic location from a service provider.

17.    Like the '078 patent, the Young patent expressly mentions using CompuServe as the service provider of television programming information for a specific geographic location. The Young patent specifies that "the [television programming] schedule information could be accessible with a personal computer through an information utility, such as CompuServe . . . and the user could . . . either make the selection inputs to the utility's mainframe for running a selection program on the mainframe and then download the selected program information, or

6

download the program schedule information for his or her locality." Young patent at 21:67-22:10 (A153).

18.    The Patent and Trademark Office ("PTO") rejected each pending '078 patent claim as obvious based on Young during prosecution of the '078 patent. 02/19/99 Office Action at 2-4 (A113-A115). The PTO did not cite any individual CompuServe references, but rather relied on Young's description of CompuServe, which is the same as the '078 patent's description.

19.    In response to the PTO's rejection, the applicant and his attorneys did not provide the PTO with any CompuServe references. Instead, they told the PTO that Young did not disclose "transmitting particular geographical location information." 05/20/99 Office Action Resp. at 2 (A118). More specifically, they argued that unlike the '078 patent claims, Young (including its CompuServe disclosure) did not allow a user to transmit "affirmative indications." 05/20/99 Office Action Resp. at 2 (A118) (emphasis added).

20.    TV Guide's technical expert Mr. Cole, who examined CompuServe references for his work in this case, concluded CompuServe does in fact allow a user to transmit an affirmative indication:

**Q:**    In the CompuServe system if a user selects something from a list and it is then transmitted, is that an affirmative indication by the user?

**A:**    I think so. It is an affirmative indication of his choice, yes.

Cole Dep. at 171:3-8 (A608); *see also id.* at 132:9-20 (A606) (testifying as to the specific CompuServe references he reviewed).

### E.    The Alleged Inventive Aspect Of The '078 Patent

21.    When asked at his deposition to explain the "inventive aspect of the '078 patent," Mr. Cole testified that "I guess the nub of the invention would be what shows up in all of the validity discussion in here for every one of the references is that the '078 patent addresses having

7

a user provide some geographic information that the service provider then employs to limit the universe of possible programming, television programming information to just that that is appropriate to that geographical information, or a viewing location that is associated with that geographic information." Cole Dep. at 126:1-18 (A605).

22.     As explained above, the off-the-shelf prior art CompuServe system is the service provider in the patent that performs the filtering function Mr. Cole argues is the nub of the invention. '078 patent at 3:46-56 (A6).

**F.    The Person Of Ordinary Skill In The Art, Which Is The Level From Which Obviousness Is Determined**

23.     Mr. Cole admitted that one of ordinary skill in the art in the 1991-1992 time frame would know about television programming information:

> **Q:**     Would a person of ordinary skill in the art in the 1991 and 1992 time frame as it relates to the '078 patent have an understanding of television programming schedule information in your opinion?
>
> **A:**     Yes, sir.

Cole Dep. at 68:13-18 (A600).

24.     Mr. Cole admitted that one of ordinary skill in the art in the 1991-1992 time frame would understand television programming schedules vary by geography:

> **Q:**     So you would agree in the 1991 and 1992 time frame one of ordinary skill in the art as it relates to the '078 patent would understand that television programming schedules vary by geography?
>
> **A:**     Yes.

Cole Dep. at 73:24-75:5 (A601-A602); *see also id.* at 71:22-72:6 (A601).

25.     Mr. Cole admitted one of ordinary skill in the art would know that zip codes (used by dependent claims 2 and 7 as a criteria for geographical location searching) represent geographic information. Cole Dep. at 68:19-69:9 (A600).

8

26.    Mr. Cole admitted that one of ordinary skill in the art in the 1991-1992 time frame would know about localized television programming schedule information (i.e., localized television listings):

> **Q:**    In the 1991 to 1992 time frame one of ordinary skill in the art as it relates to the '078 patent would know about localized television listings; correct?
>
> **A:**    I think so, yes.

Cole Dep. at 189:15-19 (A610).

27.    Mr. Cole admitted that one of ordinary skill in the art in the 1991-1992 time frame would know about database searching and database search queries.    Cole Dep. at 70:4-14 (A601).

28.    Mr. Cole admitted that one of ordinary skill in the art in the 1991-1992 time frame would know television programming information could be retrieved from databases:

> **Q:**    One of ordinary skill in the art who knew about database retrieval in the 1991 to 1992 time frame would in fact know that television listings could be retrieved from a database if there were a database that existed of television listings; correct?
>
> **A:**    Yes.

Cole Dep. at 180:8-180:14; *see also id.* at 179:22-180:7 (A609).

29.    In fact, Mr. Cole admitted one of ordinary skill in the art would know <u>any</u> information could be retrieved from a database if the information were loaded into that database:

> **Q:**    Would one of ordinary skill in the art who knew about database retrieval in the 1991 to 1992 time frame know you could retrieve any information from a database so long as that information was loaded in the database?
>
> **A:**    Yes, I think so.

Cole Dep. at 180:2-7 (A609).

9

## V.     ARGUMENT

### A.     The Legal Standards For Summary Judgment

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material only if it might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). The moving party satisfies its burden "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party in turn "may not rest upon the mere allegations or denials of [his] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e).

Invalidity should be found on summary judgment if the record reveals no genuine issue of material fact. *KSR*, 127 S. Ct. at 1745-46 ("Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate."; affirming summary judgment grant of obviousness); *Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316, 1327 (Fed. Cir. 2001) (affirming summary judgment of patent invalidity because no reasonable jury could find that the patent was not invalid). While invalidity must be proven by clear and convincing evidence, a patentee cannot simply rely upon the patent's presumption of validity to avoid summary judgment. Rather, a patentee must present material evidence to rebut a *prima facie* case of invalidity, or summary judgment should be granted. *See Sinskey v. Pharmacia Ophthalmics, Inc.*, 982 F.2d 494, 498 (Fed. Cir. 1992).

**B.     The Legal Standards For Obviousness Of A Patent Claim**

Obviousness is a question of law for the Court to decide. *KSR*, 127 S. Ct. at 1745 ("The ultimate judgment of obviousness is a legal determination."). A patent claim is obvious if the differences between the patent claim and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). For purposes of this motion, TMS will stipulate to TV Guide's proposed level of ordinary skill in the art, which is: high school training, some college training, a 2-year college degree, or a 4-year college degree; 2-3 years of programming, including database and network experience; and an understanding of television programming schedule information. Cole Infring. Rpt. at p. 14, ¶ 30 (A591).

**C.     The '078 Patent Claims Would Have Been Obvious to a Person of Ordinary Skill in the Art.**

In *KSR*, the Supreme Court expressly rejected a rigid approach to analyzing obviousness. *Id.* at 1739, 1741 ("The obviousness analysis cannot be confined by a formalistic conception of the words teaching suggestion, and motivation, or by overemphasis on the importance of published articles and the explicit content of issued patents."). The Court emphasized that obviousness should be treated with an "expansive and flexible approach." *Id.* at 1739. The Court identified numerous, independent grounds for holding a patent claim obvious. In this case, it is striking the sheer number of grounds under which the '078 patent is obvious in light of *KSR*.

***Ordinary Advance in the Art***: A claim is obvious if it reflects an ordinary advance in the art. *KSR*, 127 S. Ct. at 1741 ("Granting patent protection to advances that would occur in the ordinary course without real innovation retards progress and may, in the case of patents combining previously known elements, deprive prior inventions of their value or utility."). The '078 patent claims do not reflect anything more than an ordinary advance in the art. TV Guide's

11

expert Mr. Cole concedes one of ordinary skill in the art already knew every aspect of the '078 patent claims. *See* Undisputed Facts at ¶¶ 23-29. The sole function Mr. Cole identified as the "inventive aspect" of the claims – the filtering of information by the service provider, Cole Dep. at 126:2-18 (A605) – is disclosed by the '078 patent specification as being performed by an off-the-shelf prior art CompuServe system. '078 patent at 3:46-56 (A6). Indeed, Mr. Cole readily admits the prior art CompuServe system implements the '078 patent claims. Cole Rpt. at 17 n.23 (A572). Thus, TV Guide is claiming a patent on using a prior art database to conduct a search that also was known in the prior art.

    ***Obvious Solution to Known Problem***: A claim is obvious if it reflects an obvious solution to a known problem. *KSR*, 127 S. Ct. at 1742 ("one of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims."). The problem the '078 patent purports to solve is providing television programming information for a specific geographic location. Cole Dep. at 126:2-18 (A605). According to TV Guide's expert, the claimed solution is using an existing off-the-shelf, third party, pre-designed commercial database – namely CompuServe – to search for television programming information for a specific geographic location. However, that is nothing more than using a known database search in an existing commercially available database. Moreover, Mr. Cole admits one of ordinary skill in the art in the 1991-1992 time frame would know that television programming information varied by geography, would know that television programming information could be retrieved from databases, would know about database searches and database search queries, and would know zip codes reflect geographic information. *See* Undisputed Facts at ¶¶ 23-29. In sum, what the '078 patent claims is merely an obvious solution to a known problem.

***Obvious to Try***:  A claim is obvious if its subject matter was obvious to try.  *KSR*, 127 S. Ct at 1742 ("when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp.  If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense.  In that instance the fact that a combination was obvious to try might show that it was obvious under § 103.").  Here, television programming information inherently varies by geography.  Cole Dep. at 73:24-75:5, 71:22-72:6.  Thus, it could not be more obvious to try using geographic information, including zip codes, as a search criteria for television programming information. This is confirmed by Mr. Cole's admissions as to what one of ordinary skill in the art knew as of TV Guide's claimed invention date.  See Undisputed Facts at ¶¶ 23-29.  Moreover, the named inventor, Michael Levine, testified he knew about other prior art systems that allowed for the entry of geographic information to search for information that varies by geography.  Levine Dep. 116:11-14 (A636).

***Predictable Variation***:  A claim is obvious if it reflects a predictable variation of an existing work. *KSR*, 127 S. Ct. at 1740 ("If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability.").    Many searchable databases containing myriad types of information existed long before the '078 patent. For example, airline reservation systems were an admitted existing work.  At his deposition, the named inventor of the '078 patent, Michael Levine, testified: "Airline reservation system, you obviously enter in geographic information like where does your flight depart from, so geographic information was enterable on remote databases in 1992."  Levine Dep. 116:11-14 (A636).  Also, CompuServe allowed users to search for weather information by geographical location (A175).  The only

difference between the weather/airline reservation searches and searches for television programming information is the content of the information searched. But the content is not patentable, and does not create a patentable distinction for the '078 patent.

*Previously Improved Similar Device*: A claim is obvious if it reflects a technique previously used to improve a similar product or system. *KSR,* 127 S. Ct. at 1740 ("if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond is or her skill."). As far back as 1981, CompuServe included a "Find" feature that allowed a user to search for content on CompuServe. Berkov Dep. at 23:1-4. A CompuServe user could enter geographical information, such as a city name, and CompuServe would return a list of services or databases related to that city name. Berkov Dep. at 23:20-24:1. CompuServe also allowed geographic-based searches and searching by zip code (A178, A204, A199). Using the CompuServe technique in the '078 patent is not patentable subject matter.

*Combination of Familiar Elements*: A claim is obvious if it is a combination of familiar elements according to known methods that produces predictable results. *KSR,* 127 S. Ct. at 1739 ("The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results."). Here, Mr. Cole admits one of ordinary skill in the art already knew every aspect of the '078 patent claims. See Undisputed Facts at ¶¶ 23-29. For example, one of skill would have known that television programming information varies by geography, would have known that television programming information can be retrieved from databases, would have know about database searching and database search queries, and would have known zip codes reflect geographic information. *Id.* Thus, all the '078 patent does is combine known elements for their intended functions. Indeed, the so-called

14

inventive aspect of the claims – the filtering function – is performed by the existing, off-the-shelf prior art CompuServe system that existed at least 10 years before the '078 patent's alleged invention date. Cole Infring. Rpt. at 17 n.23 (A572). Nothing could be more predictable than using a known system for its current function.

For all the above reasons, the asserted '078 patent claims cannot survive obviousness scrutiny under *KSR*. The obviousness of the claims is equally apparent when the Young and CompuServe prior art references are applied against the claims, as demonstrated below.

### D.    Young/CompuServe Also Render The Asserted '078 Patent Claims Obvious.

Each asserted claim essentially requires the following steps:

- a user provides a computer at his/her particular television viewing location (the computer has an operator input and a modem);

- the user establishes a connection to a wide-area network through the modem;

- the user transmits from the computer, information to a service provider through the wide-area network regarding the geographic location of the user's particular television viewing location; and

- the user receives, from the service provider, information specific to the type of programming available to the user's particular television viewing location.

The full text of each asserted claim can be found at A7-A8.

The prior art Young patent issued in 1987 – five years before TV Guide's alleged invention date. See Undisputed Facts at ¶¶ 15. Young, like the '078 patent, uses the prior art CompuServe system as a source of television programming information.

TMS relies on four principal CompuServe prior art references in this motion[1]:

- B. Schepp and D. Schepp, The Complete Guide to CompuServe, Osborne McGraw-Hill (1990) (A159-A181)

- CompuServe Information Service Today, January 1982 (A182-A189)

- Alfred Glossbrenner's Master Guide to CompuServe, 1987 (A200-A215)

- Online Today, January 1985 (A198-A199)

There is no indication anywhere in the '078 patent that a commercially available CompuServe system in March 1992 would require any modifications or additional software to provide television programming information by specific geographic location.[2]  If TV Guide contends any modifications or additional software is required, because the '078 patent specification discloses no such thing, it would mean the asserted claims are invalid for lack of enablement.  35 U.S.C. § 112; *Monsanto Co. v. Syngenta Seeds, Inc.*, __ F.3d.__, 2007 WL 2874217 (Fed. Cir. Oct. 4, 2007) ("To be enabling, the specification of the patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation affirming summary judgment of no enablement) (citations and internal quotations omitted);  *see also North American Vaccine, Inc. v. American Cyanamid Co.*, 7 F.3d 1571, 1577 (Fed. Cir. 1993) ("A patent applicant cannot disclose and claim an invention narrowly and then, in the course of an infringement suit, argue effectively that the claims should be construed to cover that which is neither described nor enabled in the patent.").

---

[1] TV Guide's technical expert acknowledges CompuServe practices the '078 patent claims.  Cole Rpt. at 17 n.23 (A572).

[2]  The named inventor, Michael Levine, testified any software required to provide television programming for a specific geographic location was "trivial."  Levine Dep. at 86:17-20 (A635).

As explained below, Young/CompuServe render each asserted claim obvious. The arguments below are further demonstrated and summarized by the claim charts attached to the Declaration of Gary S. Tjaden submitted herewith at A653-A674.

Each of the four independent claim limitations listed on page 15 is addressed in turn, followed by an analysis of the dependent claims.

### 1.   Young/CompuServe Teach Limitation 1:   a computer at the particular viewing location (the computer has an operator input and a modem).

Young teaches providing a computerized unit: "the schedule information could be accessible with a personal computer through an information utility, such as CompuServe or The Source." Young at 21:67-22:2 (A153).

Young also teaches that this computerized unit is located at a particular viewing location: "[t]he television set and VCR could then be controlled as peripherals of the personal computer." Young at 22:9-10 (A153). Young teaches that this computerized unit includes an operator input, because the user of the personal computer could make "selection inputs." Young at 22:2-5 (A153).

Young teaches that this computerized unit includes a modem, because a user accesses schedule information "with a personal computer through an information utility, such as CompuServe or The Source." Young at 21:67-22:2 (A153). CompuServe was accessed using a modem. Berkov Dep. at 16:22-17:8 (A625); Schepp at 25 (A167) ("Your PC has a modem and communications software"); id. at 38-39 (A168-A169) ("MS-DOS machines require the following hardware: An IBM or IBM-compatible PC, A color or monochrome monitor (no graphics necessary), A hard disk and one floppy drive, MS-DOS 2.0 or higher, A serial port/Hayes-compatible modem.").

**TV Guide's technical expert does not contest that Young/CompuServe teach this limitation.** Cole Validity Rpt. at 13 (A590).

2.    **Young/CompuServe Teach Limitation 2: establishing the connection.**

Young teaches establishing a connection to a wide-area network through the modem because it teaches that "the schedule information could be accessible with a personal computer through an information utility, such as CompuServe or The Source." Young at 21:67-22:2 (A153). CompuServe was accessed by connecting to a wide-area network through a modem. Berkov Dep. at 17:13-18:19 (A625-A626); Schepp at 4 (A161) ("CompuServe's success is rooted in its telecommunications network. As of this writing, the network has 1,800 communication nodes that service about 400 U.S. cities."); *id.* at 20 (A164) ("Your computer needs three items to communicate with other computers. It needs a modem to transmit and receive data over standard telephone wires. It needs communications software to give your computer instructions for operating the modem. Finally, it needs access to a telephone line.")

**TV Guide's technical expert does not contest that Young/CompuServe teach this limitation.** Cole Validity Rpt. at 13 (A590).

3.    **Young/CompuServe Teach Limitation 3:    transmitting geographic information.**

Young inherently teaches transmitting geographical information from a computerized unit to a service provider through a wide-area network: "the schedule information could be accessible with a personal computer through an information utility, such as CompuServe or The Source, and the user could either make the selection inputs to the utility's mainframe for running a selection program on the mainframe and then download the selected program information *for his or her locality.*" Young at 21:67-22:6 (A153) (emphasis added). It is common sense that one of ordinary skill in the art would have understood that in order for a service provider to

18

locate information for a particular locality, the service provider would need to know that locality, and thus Young inherently teaches this limitation. Said another way, a system would not know how to provide localized information without being told the locality to which the information relates. *KSR*, 127 S. Ct. at 1742-43 ("Regard preventive rules that deny fact finders recourse to common sense…are neither necessary under our case law or consistent with it.").

Additionally, Young teaches this limitation because "the schedule information could be accessible with a personal computer through an information utility, such as CompuServe or The Source." Young at 21:67-22:2 (A153). CompuServe allowed a user to transmit information to it regarding geographical location: CompuServe included a "Find" command, which allowed users to search CompuServe based on a keyword typed into their computer, such as a city or state name. Berkov Dep. at 23:1-19 (A627). Using this "Find" feature, users could transmit geographical information to CompuServe for the purpose of receiving television programming information. *Is*. at 26:9-17 (A628).

TV Guide's technical expert also admits CompuServe teaches the transmission of geographic information. Cole Dep. at 192:20-23 (A611).

### 4. Young/CompuServe Teach Limitation 4: receiving television programming information

Young teaches receiving information specific to the programming available to the particular viewing location from the service provider: "the user could either make the selection inputs to the utility's mainframe for running a selection program on the mainframe and then download the selected program information for his or her locality" Young at 22:2-9 (A153).

TV Guide's expert admits Young/CompuServe teach this limitation:

**Q:** Young teaches in column 22, receiving program schedule information for a user's locality, correct?

**A:** Yes.

**Q:** A user's locality is a user's viewing location, correct?

**A:** I think that is a reasonable reading at this point, yes.

Cole Dep. at 187:13-20 (A610).

Accordingly, as explained above and in Dr. Tjaden's declaration, Young/CompuServe teach each limitation of each independent claim of the '078 patent.

### 5.    Young/CompuServe also teach the dependent '078 patent claims.

TV Guide also asserts six dependent claims of the '078 patent – claims 2, 3, 4, 5, 7, and 10. Young/CompuServe also teach each limitation of each asserted dependent claim.

- **Claims 2 and 7:**  Claims 2 and 7 require the use of a zip code as the claimed geographic information.  As an initial matter, TV Guide's technical expert admits even a junior high school student, let alone one of ordinary skill in the art, would have known zip codes reflect geographic locations.  Cole Dep. at 67:25-69:22 (A600).

Moreover, Young/CompuServe plainly render this claim obvious.  Young teaches this limitation because "the schedule information could be accessible with a personal computer through an information utility, such as CompuServe or The Source."  Young at 21:67-22:2 (A153).  And CompuServe allowed a user to transmit zip code information:

> – "The database is searchable by zip code or area code." Schepp at 424 (A178).
>
> – "Both the database and the techniques have been developed and refined to the point that, for a fee, you can now get an instant report on any ZIP code or U.S. county." Glossbrenner at TMS 0054634 (A204).
>
> – "SuperSite information comes from CACI, a management consulting firm specializing in demographic analysis. Information is provided for every ZIP code and county in the United States … . All SuperSite reports are preformatted and are of presentation quality.  You simply specify the areas you want to look at and the reports you need.  The information is displayed immediately for you to review or print on hard copy." Today 1985 at TMS 0054629 (A199).

20

- **Claim 3:** Claim 3 requires the user to receive a television programming schedule from the service provider. Young teaches that the information received from a service provider is a schedule of television programming available to the particular viewing location: "the **schedule information** could be accessible with a personal computer through an information utility, such as CompuServe or The Source, and the user could either make the selection inputs to the utility's mainframe for running a selection program on the mainframe and then **download the selected program information**" Young at 21:67-22:5 (A153). Mr. Cole admits Young/CompuServe teach this claim. Cole Dep. at 187:13-20 (A610).

- **Claim 4:** Claim 4 requires the television programming information to be displayed. Young teaches that the computerized unit is interfaced to a display device, because a user accesses schedule information "with a personal computer through an information utility, such as CompuServe or The Source." Young at 21:67-22:2 (A153). CompuServe required a display device in order to display information. Schepp at 4 (A161) ("It provides **information delivered through friendly, menu-driven screens.**"); *id.* at 25 (A167) ("CompuServe is **delivered to your PC's screen in 'pages.'** Each page has its own identifying number or word. The pages are organized under menus."); *id.* at 38-39 (A168-A169) ("MS-DOS machines require the following hardware: **An IBM or IBM-compatible PC, A color or monochrome monitor** (no graphics necessary), A hard disk and one floppy drive, MS-DOS 2.0 or higher, A serial port/Hayes-compatible modem.").

**TV Guide's technical expert does not contest that Young/CompuServe teach this limitation.** Cole Invalidity Rpt. at 13 (A590).

- **Claims 5 and 10:** Claim 5 and 10 require the computer to have a memory for storing television programming information. Young teaches that the computerized unit includes a

memory for storing the information specific to the type of programming available: "[a] memory 179 is connected to the CPU 178 at 181 to receive selected program information."  Young at 8:35-37 (A146); *id.* at 7:47 (A146) ("[a] memory 111 is connected to the CPU 110.").

**TV Guide's technical expert does not contest that Young/CompuServe teach this limitation.**  Cole Invalidity Rpt. at 13 (A590).

For all of the above reasons, the dependent claims of the '078 patent, like the independent claims, are obvious in view of Young/CompuServe.

### E.    TV Guide Cannot Distinguish Young/CompuServe From the Asserted Claims.

Although Mr. Cole admits CompuServe implements the alleged invention claimed in the '078 patent, Cole Rpt. at 17. n.23 (A572), in his invalidity expert report he made a passing reference that Young/CompuServe do not disclose the "transmitting" limitation of the independent claims, the zip code limitations of claims 2 and 7, and the "receive information through the operator input" limitation of claim 8.  Cole Invalidity Rpt. at 13 (A590).  None of Mr. Cole's purported distinctions raises an issue of fact sufficient to withstand summary judgment.

With respect to the transmitting limitation, as explained above, Young inherently teaches this limitation because it teaches that the user downloads "program schedule information **for his or her locality**."  Young at 22:2-7 (A153) (emphasis added).  One of ordinary skill in the art at the time the application to which the '078 patent claims priority was filed would understand that, in order to locate program schedule information for a particular locality from a service provider, that service provider would need to know the locality for which program schedule information is sought.  That is common sense.  "Rigid preventive rules that deny fact of fact finders recourse to common sense…are neither necessary under our case law or consistent with it."  *KSR*, 127 S. Ct.

22

at 1742-43; *see also Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.,* 485 F.3d 1157, 1161 (Fed. Cir. 2007) ("the common sense of those skilled in the art demonstrates why some circumstances would have been obvious where others would not.").

With respect to the zip code limitation, Mr. Cole admits the person of ordinary skill in the art would know that television programming information varies by geography, Cole Dep. at 73:24-74:5 (A601-A602), and would know that a zip code is a form of geographic information, *id.* at 68:19-22 (A600). Mr. Cole also admits zip codes were well known, even to a junior high school student, as geographic information. Cole Dep. at 67:25-69:22 (A600). Substituting in a zip code as the particular type of geographic information taught by Young is simply a matter of substituting one known element for another, which is obvious as a matter of law. *See KSR Int'l,* 127 S.Ct. at 1740 ( "the simple substitution of one known element for another or the mere application of a known technique to a piece of prior art ready for the improvement" is obvious).

With respect to the "receive information through the operator input" limitation of claim 8, CompuServe, which Young used and expressly discloses, allowed a user to type in geographical information at various prompts. *See e.g.,* Young at 21:67-22:6 (A153). In order to communicate geographical information to CompuServe, the user's computer must first receive that information from the keyboard, or operator input. *Id.*

23

## VI.    CONCLUSION

For all of the above reasons, TMS respectfully requests that this Court enter judgment as a matter of law in TMS's favor that the asserted '078 patent claims are invalid as obvious.

Dated: October 5, 2007

_____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*