# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and <br> TV GUIDE ONLINE, LLC, <br><br>     Plaintiffs and Counterclaim Defendants, <br><br>                   v. <br><br> TRIBUNE MEDIA SERVICES, INC., <br><br>     Defendant and Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> )    C.A. No.: 05-725-*** <br> )    **PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) |

## TRIBUNE MEDIA SERVICES, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT BARRING PRE-SUIT DAMAGES

*Of Counsel*

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, Delaware 19801
302.888.6800

*Counsel for Defendant Tribune*
  *Media Services, Inc.*

Original Dated: October 5, 2007
Redacted Version: October 15, 2007

## TABLE OF CONTENTS

|      |                                                                                                                 | Page |
|------|-----------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION ................................................................................................... | 1    |
| II.  | NATURE AND STAGE OF THE PROCEEDING............................................................ | 1    |
| III. | SUMMARY OF ARGUMENT .............................................................................. | 1    |
| IV.  | STATEMENT OF UNDISPUTED FACTS ............................................................... | 2    |
| V.   | ARGUMENT ......................................................................................................... | 4    |
|      | A.  Legal Standards For Summary Judgment. ................................................. | 4    |
|      | B.  Legal Standards For Recovery Of Pre-Suit Damages............................... | 4    |
|      | C.  TV Guide Failed To Provide Constructive Notice Of Infringement By Failing To Mark Its Website. .............................................................. | 5    |
|      | D.  TV Guide Failed To Provide Actual Notice Of Infringement. ................ | 6    |
| VI.  | CONCLUSION..................................................................................................... | 10   |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Med. Sys. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ................................................................................. 5

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) ...................................................................... 6, 7, 9, 10

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................. 4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................. 4

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*,
   391 U.S. 253 (1968) ................................................................................................. 4

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ............................................................................... 5

*IMX, Inc. v. LendingTree, LLC*, No. 03-1067-SLR,
   2005 WL 3465555, at *4 (D. Del. Dec. 14, 2005) ................................................ 5, 6

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) ............................................................................ 7, 8

*Soverain Software LLC. v. Amazon.com, Inc.*,
   383 F. Supp. 2d 904 (E.D. Tex. 2005) ..................................................................... 5

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
   127 F.3d 1462 (Fed. Cir. 1997) ............................................................................... 9

**Statutes**

35 U.S.C. § 287(a) (2000) ............................................................................................. 4

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................... 4

I.  **INTRODUCTION**

In order to be entitled to damages for a period of time prior to the filing of this suit, TV Guide must have provided either constructive or actual notice to TMS of its alleged infringement of the '078 patent. TV Guide provided neither, because it did not mark its TVGuide.com website with the '078 patent number, it did not inform TMS of the identity of the '078 patent owner, and it did not communicate to TMS a specific charge of infringement by a specific accused product or device prior to the date it filed this patent infringement suit. Therefore, as a matter of law, TV Guide is not entitled to damages prior to the date this lawsuit commenced.

II. **NATURE AND STAGE OF THE PROCEEDING**

Plaintiffs TV Guide Online, LLC and TV Guide Online, Inc. (collectively, "TV Guide") jointly filed suit against defendant Tribune Media Services, Inc. ("TMS") on October 12, 2005, accusing TMS of infringing U.S. Patent No. 5,988,078 ("the '078 patent"). D.I. 1. TMS filed its Answer, Affirmative Defenses and Counterclaims on February 1, 2006, counterclaiming for patent misuse and a declaratory judgment of noninfringement and invalidity. D.I. 6. TMS's counterclaim for patent misuse was severed and stayed by stipulation of the parties on October 10, 2006. D.I. 131. Fact discovery closed February 28, 2007, D.I. 187, and expert discovery closed August 17, 2007, D.I. 191. Pending since November 20, 2006, is TMS's motion to dismiss TV Guide Online, Inc. for lack of standing. D.I. 145.

III. **SUMMARY OF ARGUMENT**

1. A plaintiff in a patent infringement lawsuit is not allowed to recover damages prior to the filing date of the lawsuit unless the plaintiff provided either constructive or actual notice to the accused infringer of its alleged infringement.

2. TV Guide did not provide constructive notice of infringement to TMS because it did not mark the TVGuide.com website with the '078 patent number prior to the initiation of this lawsuit.

3. Nor did TV Guide provide TMS with actual notice of infringement. Actual notice requires both: (1) notice of the patentee's identity; and (2) an affirmative communication of a specific charge of infringement by a specific accused product or device. TV Guide provided neither and, thus, failed to provide actual notice of infringement.

4. Because TV Guide failed to provide either constructive or actual notice of infringement to TMS prior to the filing of this lawsuit, TMS is entitled to judgment as a matter of law barring damages for the period of time prior to the filing of this suit.

## IV. STATEMENT OF UNDISPUTED FACTS

1. REDACTED

TV Guide Supp. Interr. Resp., at 15-16 (A550-A551).

2. REDACTED

TV Guide Supp. Interr. Resp. at 16 (A551).

3. REDACTED

Licensing Pres., at Slide 2 (A217); Needleman Dep. at 147-148 (A638); Armaly Dep. at 160:13-16, 164:19-165:6 (A616, A617).

4. REDACTED

Licensing Pres., at Slides 2, 9 (A217, A224).

2

5.   **REDACTED**

Armaly Dep. at 162:16-25 (A617).

6.   **REDACTED**   Licensing Pres., (A216-237).

*Id.* at 9 (A224).

7.   **REDACTED** ,

Armaly Dep. at 164:5-9 (A617), **REDACTED** , *id.* at 160:20-161:3.

8. At the time of the April Meeting, Index Systems, Inc., a wholly-owned subsidiary of Gemstar, was the assignee and sole owner of the '078 patent. USPTO Record of Assign., (A124-126); 10/6/05 Assign. to TV Guide Online, LLC (A127).

9.   **REDACTED**

*See* Licensing Pres., at Slide 9 (A224).

10. On September 28, 2005, TV Guide Online LLC incorporated as a Delaware company. Del. Sec. of State Rpt., at 1 (A128). Index Systems assigned the '078 patent to TV Guide Online LLC on October 6, 2005, over five months after the meeting between Gemstar and TMS and one week prior to the initiation of this lawsuit. 10/6/05 Assign. to TV Guide Online, LLC (A127).

11. TV Guide identified the date of the April Meeting, April 29, 2005, as the date on which it allegedly provided notice of the '078 patent. D.I. 1.   **REDACTED**

3

**REDACTED**

Vellturo Rpt. at 4 (A554).

## V. ARGUMENT

The undisputed facts demonstrate that TV Guide did not provide either constructive or actual notice of infringement to TMS prior to the filing of this suit, and therefore should not be awarded pre-suit damages.

### A. Legal Standards For Summary Judgment.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party satisfies its burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party in turn "may not rest upon the mere allegations or denials of [his] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e); *see also Anderson*, 477 U.S. at 248 ("[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown...") (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

### B. Legal Standards For Recovery Of Pre-Suit Damages.

In the event that TV Guide is in fact entitled to damages for infringement, Section 287(a) of the Patent Act statutorily limits those damages to allegedly infringing acts that occurred only *after* TV Guide gave TMS proper notice of infringement. 35 U.S.C. § 287(a) (2000) ("In the

4

event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice."); *see also Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) ("the amount of damages the patentee can recover in an infringement suit is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.'"). TV Guide could have provided "notice of infringement" either via: (1) constructive notice, by marking its TVGuide.com website with the patent number; or (2) actual notice. *Gart* 254 F.3d at 1345.

### C. TV Guide Failed To Provide Constructive Notice Of Infringement By Failing To Mark Its Website.

To recover damages for the period of time prior to providing actual notice to an alleged infringer, a patentee must mark its products that practice the asserted claims of the patent with the asserted patent number. *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1539 (Fed. Cir. 1993). This duty is triggered when there are solely apparatus claims or a combination of apparatus and method claims, and where there is a tangible item capable of being marked. *Id.* at 1538-39. This Court and others have held that websites are "tangible items" that patentees have a duty to mark when the website practices the asserted patent claims or is "intrinsic to the patented system." *IMX, Inc. v. LendingTree, LLC*, No. 03-1067-SLR, 2005 WL 3465555, at *4 (D. Del. Dec. 14, 2005) (finding that the patentee's website, although not itself the patented invention, was a tangible item to mark, and thus noting that users "accessed and used [the patented system] through the IMX website," making the website "intrinsic to the patented system" and a t) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 911 (E.D. Tex. 2005)).

The '078 patent includes, and TV Guide asserts, both method and apparatus claims. '078 patent (A1-A8). REDACTED TV Guide Supp. Interr. Resp. at 15-16 (A550-A551). By virtue of TV Guide's allegations against TMS in this case, TV Guide contends that a website such as TVGuide.com, providing television listings on the internet, is "intrinsic" to the patented method and system of the '078 patent.[1] Thus, TV Guide had a duty to mark TVGuide.com with the '078 patent number. *See IMX*, 2005 WL 3465555, at *4.

REDACTED TV Guide's Supp. Interr. Resp. at 16 (A551). And, as further evidence that TV Guide did not mark its website and provide constructive notice to TMS, TV Guide alleged in its Complaint that it provided notice to TMS on the date of the April Meeting between Gemstar and TMS., D.I. 1, and REDACTED . By failing to mark TVGuide.com with the '078 patent, TV Guide failed to provide constructive notice of infringement pursuant to § 287(a).

### D.  TV Guide Failed To Provide Actual Notice Of Infringement.

Because TV Guide did not provide constructive notice, it is only entitled to damages for the period prior to the filing date of this lawsuit *if* it provided actual notice to TMS of its alleged infringement. Under § 287(a), actual notice "must be an affirmative act on the part of the patentee which informs the defendant of his infringement." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The focus of the analysis is on the affirmative

---

[1]   TMS does not agree that such a website is "intrinsic" to the '078 patent.

6

acts of the patentee, not the knowledge of the infringer. *Id.* ("The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer."). Actual notice requires both: (1) notice to the accused infringer of the identity of the patentee, *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001), and (2) a specific charge of infringement by a specific product or device, *Amsted Indus.*, at 24 F.3d at 187. At the April Meeting,

**REDACTED**

As such, TV Guide did not provide actual notice of infringement as a matter of law.

### 1. TV Guide Could Not Have Provided Actual Notice Because It Was Not The Patentee.

TV Guide did not have the authority to provide actual notice at the April Meeting. "*[O]nly the patentee* has authority to grant licenses . . . to facilitate the purposes of the notification requirement." *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327 (Fed. Cir. 2001) (emphasis added). At the time of the April Meeting, Index Systems — not TV Guide or Gemstar — was the patentee because it was the assignee of the '078 patent. USPTO Record of Assign. (A124-126); 10/6/05 Assign. to TV Guide Online, LLC (A127). Thus Index Systems was the only entity with authority to notify TMS of its alleged infringement. And there is no evidence even to suggest that Index Systems provided any notice of infringement to TMS.

Even if Gemstar or TV Guide had the authority to provide actual notice of infringement to TMS, it still had an obligation to disclose Index Systems' identity as the patent holder at the April meeting in order to provide actual notice of infringement. Actual notice "demands *notice of the patentee's identity.*" *Lans*, 252 F.3d at 1327 (emphasis added).     **REDACTED**

7

REDACTED            *See* Licensing Pres. (A216-A237). As a result, TV Guide did not provide actual notice as a matter of law.

Although Gemstar, TV Guide and Index Systems are related companies (Gemstar is the parent company of the other entities, and TV Guide and Index Systems are sister companies), this relationship is legally insufficient to effect actual notice. "[N]otice from someone closely associated with the patentee does not satisfy § 287(a)." *Lans*, 252 F.3d at 1327. In fact, the Federal Circuit has unambiguously rejected a "loose" notification rule, whereby related companies can provide actual notice of infringement, because it would "present difficult, if not unworkable, enforcement problems." *Id.* at 1327; *see also id.* at 1328 ("This rule follows prior decisions of this court and the Supreme Court, fulfills the purposes of § 287(a) by facilitating the alleged infringer's efforts to avoid continued infringement, and avoids troublesome determinations about the sufficiency of relationships between the notifier and the patentee.").

The Federal Circuit's precedent holds that actual notice must come from the patentee directly, and not from a "close associate." It is undisputed by the parties that Index Systems, not Gemstar or TV Guide, was the patentee at the time of the April Meeting, as it was the assignee of the '078 patent at that time. Index Systems did not notify TMS of its alleged infringement, and TV Guide never informed TMS that Index Systems was the patentee. Therefore, TV Guide did not provide actual notice to TMS of any alleged infringement at the April Meeting as a matter of law.

      2.    <u>TV Guide Also Failed To Provide Actual Notice Because It Did Not Communicate A Specific Charge Of Infringement By A Specific Accused Product.</u>

For purposes of providing actual notice to an alleged infringer, it is not sufficient for the patentee merely to inform the alleged infringer of the existence of the patent. "Actual notice requires the affirmative communication of a specific charge of infringement by a specific

8

accused product or device." *Amsted Indus.*, 24 F.3d at 187. The Federal Circuit has explicitly held that general licensing presentations and offers alone are not sufficient to constitute actual notice. *See SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) ("It is not controlling whether the patentee threatens suit, demands cessation of infringement, or offers a license under the patent.") (citations omitted).

TV Guide failed to provide actual notice to TMS because it did not communicate a specific charge of infringement by a specific TMS product at the April Meeting. The sworn testimony of TMS's Rule 30(b)(6) designee, Barbara Needleman, who personally attended the meeting, is that **REDACTED** Needleman Dep. at 147:11-14 (A638). Similarly, TV Guide's Rule 30(b)(6) designee Samir Armaly, who also personally attended the meeting, testified that

**REDACTED** Armaly Dep. at 160:13-16 (A616); *see also id.* at 164:19-165:6 (A617). TV Guide's Rule 30(b)(6) designee further concedes that

**REDACTED**

*Id.* at 162:16-25, 164:5-9 (A617). Thus the April Meeting was

**REDACTED**

Furthermore,

**REDACTED** *See generally*

9

Licensing Pres. (A216-A237).

**REDACTED**

*Id.* at Slide 9 (A224).

**REDACTED**

Therefore, the April Meeting does not constitute actual notice as a matter of law. *See Amsted Indus.*, 24 F.3d at 187 ("notice must be an affirmative act on the part of the patentee which informs the defendant of his infringement.").

In sum, TV Guide failed to take the affirmative acts that constitute actual notice of infringement, namely notifying TMS of the patentee's identity and communicating a specific charge of infringement. Consequently, because TV Guide failed to provide actual notice of infringement, it cannot recover damages for the period prior to the filing of this suit as a matter of law.

## VI. CONCLUSION

Because TV Guide failed to provide either constructive or actual notice of infringement, TMS respectfully requests that this Court bar TV Guide from recovering damages for the period prior to October 12, 2005, the date TV Guide filed this suit.

Dated: October 5, 2007

/s/ Richard K. Herrmann

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*