## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TV GUIDE ONLINE, INC. and
TV GUIDE ONLINE, LLC,

          Plaintiffs and Counterclaim Defendants,

               v.

TRIBUNE MEDIA SERVICES, INC.,

          Defendant and Counterclaim Plaintiff.

) ) ) ) ) ) ) ) ) ) )

Case No.: 05-725-***
**PUBLIC VERSION**

---

## TRIBUNE MEDIA SERVICES, INC.'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY
## JUDGMENT BARRING LOST PROFITS DAMAGES ON THE
## LICENSE BETWEEN GEMSTAR-TV GUIDE INTERNATIONAL AND YAHOO!

*Of Counsel*

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, Delaware 19801
302.888.6800

*Counsel for Defendant Tribune
Media Services, Inc.*

Original Dated: October 5, 2007
Redacted Version: October 15, 2007

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ....................................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDING.............................................1

III.  SUMMARY OF ARGUMENT ..............................................................................2

IV.   STATEMENT OF UNDISPUTED FACTS ..........................................................3

      A.   The License Agreement Between Gemstar and Yahoo! .........................3

      B.   The Negotiation of the Yahoo! License Agreement. ..............................5

      C.   TV Guide's "Lost Royalties" Claim Related to the Yahoo! License. .....................5

      D.   The Accused Product. ...............................................................................8

V.    ARGUMENT..........................................................................................................9

      A.   The Legal Standards For Summary Judgment. ......................................9

      B.   The Legal Standards For Lost Profits Patent Damages. .......................9

      C.   TV Guide's Claim For Lost Profits Damages Resulting From The Yahoo!
           License Does Not Constitute A Compensable Lost Profits Damages
           Claim.......................................................................................................10

           1.   TV Guide's Lost Profits Claim From The Yahoo! License Does
                Not Fit A Judicially Recognized Damages Theory. ...................11

                (a)   No Lost Sales:  TV Guide Has Not Suffered Lost Profits
                      From Consumer Purchases Of A Competitor's Infringing
                      Products With Respect To The Yahoo! License............................12

                (b)   No Price Erosion:  TV Guide Has Not Suffered Lost Profits
                      From Reducing Prices To Compete With A Competitor's
                      Infringing Product.......................................................14

           2.   TV Guide's "Lost Royalties" Damages Theory Is Not A Valid
                Basis On Which To Award Damages. .........................................15

                (a)   There Is No Causal Relationship Between TMS's Alleged
                      Infringement And The Yahoo! License. ........................16

                (b)   The Yahoo! License Was Not Foreseeable....................19

      D.   TV Guide's Claim for Lost Profits Damages On The Yahoo! License Is
           Based Upon Unsupportable Facts And Unreasonable Assumptions. ....................19

1.    TV Guide Unreasonably Assumes    REDACTED

.......................................................................21

2.    TV Guide Unreasonably Assumes That    REDACTED

.......................................................22

3.    TV Guide Uncritically Assumes That    REDACTED

.......................................................................24

VI.    CONCLUSION.......................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby Inc.,*
 477 U.S. 242, 248 (1986)......................................................................................... 9

*Avionics, Inc. v. Quinton Instrument Co.,*
 836 F.2d 1320 (Fed. Cir. 1987)............................................................................... 20

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,*
 1 F.3d 1214 (Fed. Circ. 1993).......................................................................... passim

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.,*
 739 F.2d 604 (Fed. Cir. 1984)................................................................................. 12

*Celotex Corp. v. Catrett,*
 477 U.S. 317 (1986).................................................................................................. 9

*Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.,*
 246 F.3d 1339 (Fed. Cir. 2001)......................................................................... 12, 14

*Del Mar Avionics, Inc. v. Quinton Instrument Co.,*
 836 F.2d 1320 (Fed. Cir. 1987)..................................................................... 10, 20, 24

*Ericsson, Inc. v. Harris Corp.,*
 352 F.3d 1369 (Fed. Cir. 2003) (citations omitted) ............................................... 14

*First Nat'l Bank of Ariz. v. Cities Serv. Co.,*
 391 U.S. 253, 288-89 (1968) ................................................................................... 9

*Fiskars, Inc. v. Hunt Mfg. Co.,*
 279 F.3d 1378 (Fed. Cir. 2002)............................................................................... 20

*Grain Processing Corp. v. Am. Maize-Prods. Co.,*
 185 F.3d 1341 (Fed. Cir. 1999)....................................................................... 16, 19, 20

*Immonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH,*
 408 F.3d 1374 (Fed. Cir. 2005)............................................................................... 11

*King Instruments Corp. v. Perego,*
 65 F.3d 941 (Fed. Cir. 1995)............................................................................. 10, 20

*Lam, Inc. v. Johns-Manville Corp.,*
 718 F.2d 1056 (Fed. Cir. 1983)............................................................................... 11

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,*
 575 F.2d 1152 (6th Cir. 1978) ......................................................................... 12, 13

*Poly-Am, L.P. v. GSE Lining Tech., Inc.,*
    383 F.3d 1303 (Fed. Cir. 2004) ...................................................................................... 10

*Rite-Hite Corp. v. Kelley Co., Inc.,*
    56 F.3d 1538 (Fed. Cir. 1995) ......................................................................... 11, 12, 16, 19

*Slimfold Mfg. Co. v Kinkead Indus., Inc.,*
    932 F.2d 1453 (Fed. Cir. 1991) ...................................................................................... 12

*Vulcan Eng'g Co., Inc. v. Fata Aluminum, Inc.,*
    278 F.3d 1366 (Fed. Circ. 2002) ............................................................................... 14, 15

*Wechsler v. Macke Int'l Trade, Inc.,*
    486 F.3d 1286 (Fed. Cir. 2007) ...................................................................................... 14

**Rules**

Fed. R. Civ. P. 56 ...................................................................................................................... 9

## I.     INTRODUCTION

TV Guide makes three different claims for damages claims:

## REDACTED

The first two damages claims —

**REDACTED**                    — are garden variety patent infringement damages claims.

The third, however, is not a recognizable form of lost profits damages.  Therefore, TV Guide's

burden of proof is to show not only that it has sufficient evidence in support of its claim, but also

that this novel theory of damages meets strict standards of causation and forseeability required

for a valid lost profits claim.  TV Guide has not, and cannot, do so.  Thus, TMS is entitled to

summary judgment as a matter of law on TV Guide's lost royalties claim.  Even if this Court

were to adopt this novel damages theory, TV Guide cannot meet its burden because its factual

bases for the claim are a tangle of mismatched data and unsupported assumptions.

## II.     NATURE AND STAGE OF THE PROCEEDING

TV Guide filed suit against TMS on October 12, 2005, accusing TMS of infringing the

'078 patent.  D.I. 1.  TMS filed its Answer, Affirmative Defenses and Counterclaims on

February 1, 2006, counterclaiming for patent misuse and declaratory judgment of

noninfringement and invalidity.  D.I. 6.  TMS's counterclaim for patent misuse was severed and

stayed by stipulation of the parties on October 10, 2006.  D.I. 131.  Fact discovery closed

February 28, 2007, D.I. 187, and expert discovery closed August 17, 2007, D.I. 191.  Pending

since November 20, 2006 is TMS's motion to dismiss Plaintiff TV Guide Online, Inc. for lack of

standing.  D.I. 145.  If that motion is granted, this motion becomes moot.

### III.    SUMMARY OF ARGUMENT

1.  TV Guide has the burden to prove that it is entitled to lost profits damages.  TV Guide is only entitled to lost profits damages if it can prove both that (a) the lost profits damages it is claiming are of a type that are compensable under the patent laws, and (b) there is a reasonable probability that, "but for" TMS's alleged infringement, TV Guide would have received the claimed lost profits.

2.  As TV Guide's expert admits,

**REDACTED**

Thus, in order for TV Guide's "lost royalties" claim to be a compensable lost profits claim, TV Guide must show both that the lost royalties are causally related to TMS's alleged infringement and that the lost royalties are an injury that would have been foreseeable to TMS.

3. TV Guide has not demonstrated, and cannot demonstrate, that there is a causal relationship between TMS's alleged infringement and the "lost royalties"

**REDACTED**

4.  In order to establish a reasonable probability that it would have received the claimed lost royalties "but for" TMS's alleged infringement, TV Guide must provide sound economic proof in support of its claim.

5.  TV Guide does not provide sound economic proof of its lost royalties claim because its calculation relies upon three flawed assumptions:

**REDACTED**

2

REDACTED

6. Because TV Guide cannot meet its burden of proof to show both that "lost royalties" are a compensable type of lost profits damages and that there is a reasonable probability that TV Guide would have received these damages "but for" TMS's alleged infringement, partial summary judgment barring TV Guide's claim for lost royalties under the Yahoo! license should be granted.

IV.    **STATEMENT OF UNDISPUTED FACTS**

     **A.    The License Agreement Between Gemstar and Yahoo!**

1.    REDACTED

     Yahoo! License, at Preamble (A238).

2.    REDACTED                    Yahoo! License at § 4.1 (A253).

3.    REDACTED

     *Id.*

4.    TV Guide's Rule 30(b)(6) deponent, Samir Armaly,

REDACTED

     Armaly Dep. at 291:14–16, 292:4–6 (A622).

5.    REDACTED

                      Yahoo! License at § 2.1.1 (A244).

6.

REDACTED

Yahoo! License at § 1.1 (A238-A243).

REDACTED          Yahoo! Licensing Pres. at Slide 5 (A304).

Yahoo! Licensing

Pres. at Slide 9 (A308).

7.          REDACTED

Yahoo!

License at § 2.2 (A246).

Yahoo! License at § 3.1.2(b) (A248)

8.          REDACTED

Yahoo! License at § 10.1 (A258-259);

Armaly Dep. at 231:11–21, 328:7–16 (A620, A623).

9.          REDACTED

Yahoo! License (A238-299).

10.

REDACTED          Yahoo!

License (A238-299).

4

**B.**    **The Negotiation of the Yahoo! License Agreement.**

11.

REDACTED                          Armaly Dep. at 217:14–16

(A619).

Yahoo! Licensing Pres. (A300-321).

12.

REDACTED

Armaly Dep. at 290:25–291:9 (A622).

13.        REDACTED

Armaly Dep. at 288:19–20 (A621).

14.

REDACTED

Armaly Dep. at 289:3-290:13 (A621-622).

**C.**    **TV Guide's "Lost Royalties" Claim Related to the Yahoo! License.**

15. On December 15, 2006, TV Guide filed its damages expert report.  Through its expert,

Dr. Christopher Vellturo,        **REDACTED**

Vellturo

Rpt. at 5 (A555).

REDACTED

*Id.*

16.        **REDACTED**

5

REDACTED

Vellturo Rpt. at 30, Ex. 15 (A562, A565); Vellturo Dep. at 105:8-10 (A644).

17.        REDACTED

Vellturo Rpt. at 30, Ex. 15 (A562, A565).

REDACTED        Vellturo Dep. at 149:12-14 (A649).

18. In his deposition, Dr. Vellturo testified that

REDACTED

Vellturo Dep. at 141:2-12 (A648).

19. In his report, however, Dr. Vellturo used

REDACTED

Vellturo

Rpt. at Ex. 14-B.1 and 15 (A564-A565); Website Usage Statistics, TG164155 (A451).

20. In his analysis, Dr. Vellturo        REDACTED

Vellturo Dep. at 123:21-124:8 (A646).

21. In his deposition, Dr. Vellturo        REDACTED

Vellturo Dep.

at 123:21-124:8 (A646)

REDACTED

6

22. Dr. Vellturo's calculations                    REDACTED

                                   Vellturo Rpt. at 5 and Ex. 15 (A555,

A565).

23. Dr. Vellturo did not calculate              REDACTED

        Vellturo Rpt. at 29-30, and Ex. 15 (A561-A562, A565); Vellturo Dep. at

147:11-24 (A649).

24. Dr. Vellturo did not calculate              REDACTED


        Vellturo Rpt. at 29-30, Ex. 15 (A561-A562, A565); Vellturo Dep. at 138:9-139:17

(A648).                                          REDACTED

25. Dr. Vellturo admits that

                                   Vellturo Rpt. at 25 (A560); Vellturo Dep. at

136:11-13 (A647)          REDACTED


26. Dr. Vellturo did not factor into his lost royalties calculation        REDACTED

                                                               Vellturo

Rpt. at 29-30, Ex. 15 (A561-562, A565); Vellturo Dep. at 151:15-152:7 (A649.1).

                                                REDACTED
27. Dr. Vellturo did not factor into his analysis

                                   Vellturo Rpt. at 29-30, Ex. 15 (A561-A562, A565);

Vellturo Dep. at 151:15-152:7 (A649.1).

28. TMS's damages expert, Michael Chase, opined that


                                          REDACTED

                                            7

REDACTED

Chase Rpt. at 15

(A594).

29. Dr. Vellturo admits that                  REDACTED


Vellturo Dep. at 88:13-15 (A643).                              Vellturo

Dep. at 162:15-164:25 (A650).

REDACTED

30. Dr. Vellturo admits that

Vellturo Dep. at 104:10–13 (A644)

REDACTED

REDACTED

31. When asked, Dr. Vellturo cannot          REDACTED

Vellturo Dep. at 104:19–21 (A649)

REDACTED

32. Dr. Vellturo acknowledges          REDACTED                  *Id.* at

106:19 (A645).

REDACTED

33. When asked, Dr. Vellturo cannot

Vellturo Dep. at 106:15-107:6 (A645).

34. Dr. Vellturo referred

REDACTED


Vellturo Rpt. at 21-25 (A556-560).          REDACTED

*Id.*

**D.    The Accused Product.**

35. On October 12, 2005, TV Guide sued TMS for patent infringement.  D.I. 1.  TV Guide

alleges that TMS infringes TV Guide's '078 patent          REDACTED

REDACTED    TV Guide Supp. Interr. Resp. at 4-10

(A539-A545).

36. Zap2it.com offers content beyond the feature of viewing television listings by zip code, such as other television-related content, movie and video content, photos, and user forums. *See, e.g.*, Zap2it.com home page (A335).

## V.    ARGUMENT

### A.    The Legal Standards For Summary Judgment.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). The moving party satisfies its burden "by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party in turn "may not rest upon the mere allegations or denials of [his] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e); *see also Anderson*, 477 U.S. at 248 ("[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown...") (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

### B.    The Legal Standards For Lost Profits Patent Damages.

"Whether lost profits are legally compensable in a particular situation is a question of law that we review *de novo*." *Poly-Am, L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1311 (Fed.

Cir. 2004).  The burden is on the patentee to establish that it is entitled to lost profits.  *King Instruments Corp. v. Perego*, 65 F.3d 941, 952 (Fed. Cir. 1995) ("The patent owner bears the burden to present evidence sufficient to show a reasonable probability that it would have made the asserted profits absent infringement."); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1326 (Fed. Cir. 1987) ("In order to recover lost profits a patentee must show a reasonable probability that, but for the infringement, it would have made the sales that were made by the infringer.").

C.    **TV Guide's Claim For Lost Profits Damages Resulting From The Yahoo! License Does Not Constitute A Compensable Lost Profits Damages Claim.**

TV Guide claims that it is entitled to lost profits damages on the Yahoo! license under 35 U.S.C. § 284 because "but for" TMS's alleged infringement of the '078 patent,

REDACTED

But TV Guide is trying to make a square peg fit into a round hole.  *First*, this claim does not fit into the framework of any recognized lost profits damages theory —

REDACTED            *See generally* Velturo Dep. at 104:14-24, 106:4-107:6 (A644, 645)

REDACTED    *Second*, even if this "lost royalties" type of lost profits claim were to be considered, it does not meet the basic requirements of a lost profits claim:  (1) a causal relationship between the alleged infringement and the damages, *BIC Leisure*

---

1          REDACTED

2          REDACTED

TMS does not move for partial summary judgment in connection with those aspects of TV Guide's damages claim.

10

*Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218 (Fed. Circ. 1993), and (2) foreseeability

of the damages, *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1546 (Fed. Cir. 1995).

            1.     TV Guide's Lost Profits Claim From The Yahoo! License Does Not Fit A
Judicially Recognized Damages Theory.

TV Guide's lost royalties claim does not fit into any of the judicially recognized

categories of lost profits damages. The burden is on TV Guide to establish that it is entitled to

these lost royalties,       **REDACTED**

                      Vellturo Dep. at. at 106:13-107:6 (A645).  Courts generally

compensate patent holders for lost profits in four situations:  1) for sales lost where the consumer

purchased a competitor's infringing product ("lost sales"), 2) for income lost by a patent holder

who had to reduce prices on a product to compete with a competitor's infringing product ("price

erosion"), 3) for increased expenses due to an infringing competitor's presence in the market,

and 4) for unpatented items that were part of the same apparatus with the patented item where

the patent-related feature was the basis for consumer demand (the "entire market value rule").

*Immonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1380 (Fed.

Cir. 2005); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983).  TV Guide

claims neither increased expenses nor recovery under the entire market value rule for the Yahoo!

license and these doctrines are obviously inapplicable; thus neither will be discussed further.  TV

Guide's claim for lost profits damages it allegedly suffered on the Yahoo! license does not fit

into the other categories of lost sales or price erosion damages either.  Therefore, it is not a

properly recognizable lost profits claim.

11

(a)   No Lost Sales: TV Guide Has Not Suffered Lost Profits From Consumer Purchases Of A Competitor's Infringing Products With Respect To The Yahoo! License.

To receive lost profits damages as the result of lost sales, the "patent owner must prove that he would have made the sales but for the infringing activity." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.,* 739 F.2d 604, 616 (Fed. Cir. 1984). The Federal Circuit has held that "the infringer's product and the patentee's product [must] compete in the same market in order to establish 'but for' causation for lost profits due to lost sales." *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.,* 246 F.3d 1339, 1357 (Fed. Cir. 2001) (citing *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,* 1 F.3d 1214, 1220 (Fed. Cir. 1993)).

The *Panduit* test is one standard, acceptable means to establish the "but for" entitlement to lost profits. *Rite-Hite,* 56 F.3d at 1545. In *Panduit,* the Court set forth four elements that a patentee must prove to recover lost profits in a patent infringement case: (1) demand for the patented product; (2) the absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit it would have made. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152, 1156 (6th Cir. 1978). The patentee has the burden to establish each *Panduit* factor, and the absence of any one factor precludes lost profits. *See Slimfold Mfg. Co. v Kinkead Indus., Inc.,* 932 F.2d 1453, 1458 (Fed. Cir. 1991) (finding no need to analyze a second *Panduit* factor since the absence of one factor was sufficient basis to deny lost profits damages).

TV Guide's claim for lost royalties does not meet the requirements of a "lost sales" type of analysis. The basic requirement of a lost sales analysis is that the infringer's product and the patentee's product compete in the same market. *Crystal Semiconductor,* 246 F.3d at 1359. The "patentee's product" as it relates to TV Guide's lost royalties claim is the Gemstar-Yahoo! license.

**REDACTED**

12

REDACTED

Thus TV Guide's lost royalties claim does not meet even the threshold requirement of a lost sales lost profits claim.

That TV Guide's lost profits claim from the Yahoo! license does not fit within the lost sales model is further illustrated by an examination of the *Panduit* factors. The *Panduit* test "operates under an inherent assumption . . . that the patent owner and the infringer sell products sufficiently similar to compete against each other in the same market segment." *BIC*, 1 F.3d at 1218. Again, in the case of the Yahoo! license, this assumption does not fit the facts. The "product" that the patent owner, TV Guide, is selling is

REDACTED

. This is not a case of "sufficiently similar" products in the "same market segment," and thus the "inherent assumption" of the *Panduit* test breaks down. Where "the patentee's and the infringer's products are not substitutes in a competitive market, *Panduit's* first two factors do not meet the 'but for' test—a prerequisite for lost profits." *Id.*

Looking at each of the *Panduit* factors individually also demonstrates that this is not a valid lost sales claim. The first *Panduit* factor requires that the patent owner show "demand for the patented product." *Panduit*, 575 F.2d at 1156. The patent license to Yahoo! is not a "patented product" of any kind.

REDACTED

13

*See* Vellturo Rpt. at 21-25 (A556-A560). As such, TV Guide has not met its burden to demonstrate that the first factor of the *Panduit* test is met by this lost royalties claim.

TV Guide's claim fails to meet the second *Panduit* factor as well because without a patented product involved, the question of a "non-infringing substitute" to that patented product is nonsensical. So is the question of manufacturing and marketing capability, the third Panduit factor. And even if TV Guide could meet its burden under the first three *Panduit* factors, it cannot, as discussed in Section D below, meet the fourth because it cannot establish with any reasonable probability the amount of profit it would have earned on the Yahoo! license but for TMS's alleged infringement. In some, TV Guide cannot force its lost royalties claim into the lost sales box.

> (b)  No Price Erosion: TV Guide Has Not Suffered Lost Profits From Reducing Prices To Compete With A Competitor's Infringing Product.

TV Guide's "lost royalties" claim does not meet the requirements of a price erosion claim. "To recover lost profits on a theory of price erosion, a patentee must show that 'but for' infringement, it would have sold its product at a higher price." *Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1378 (Fed. Cir. 2003) (citations omitted). Price erosion claims are available against a direct competitor whose lower prices, in a market inhabited by the patentee's product, cause reduced prices and profits on the patentee's sales. *See, e.g. Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1289-90 (Fed. Cir. 2007); *Vulcan Eng'g Co., Inc. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1377 (Fed. Circ. 2002); *Crystal Semiconductor*, 246 F.3d at 1353-54. To prove price erosion, the patentee must provide credible evidence that the patentee's reduced sales are caused by the infringer's competing product (*i.e.*, "but for" test). *Crystal Semiconductor*, 246 F.3d at 1359. Moreover, the Federal Circuit has held that in order to receive price erosion

14

damages, the patentee must prove both the amount of price reduction and that the price was reduced specifically to compete with the infringing activity. *Vulcan*, 278 F.3d at 1377.

**REDACTED**

Thus, in order for TV Guide to state a compensable price erosion claim, it must allege that TMS was a direct competitor in the patent licensing market and TMS's presence in that market forced TV Guide to reduce its patent license prices to compete. This, however, is not what TV Guide alleges.

**REDACTED**

TV Guide has not claimed that it lowered prices to compete with TMS's allegedly infringing activity, or that

**REDACTED**

but that does not meet the standards of a valid price erosion claim.

2.    <u>TV Guide's "Lost Royalties" Damages Theory Is Not A Valid Basis On Which To Award Damages.</u>

If a court is willing to recognize a lost profits claim even though it does not fall within any of the judicially recognized categories of lost profits, that claim must still meet the basic requirements of judicially recognized lost profits claims: causation and foreseeability. TV Guide's "lost royalties" damages claim fails because this novel lost profits theory does not meet

15

the rigorous causation and foreseeability standards of judicially recognized claims — standards that it is TV Guide's burden to prove.

        (a)    There Is No Causal Relationship Between TMS's Alleged Infringement And The Yahoo! License.

The Federal Circuit has established that the first requirement a patentee must prove to succeed in a claim for lost profits in a patent infringement action is that the alleged lost profits be causally connected to the alleged infringement. "To recover lost profits as opposed to royalties, a patent owner must prove a causal relation between the infringement and its loss of profits." *BIC*, 1 F.3d at 1218; *see also Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) (noting that to recover lost profits a patentee must show causation in fact). It is not sufficient merely to recreate a market in which the allegedly infringing product is no longer available, and then claim as lost profits damages all the differences between the patent owner's financial situation in that hypothetical world and in the real world:

> [W]e wish to affirm that the "test" for compensability of damages under § 284 *is not solely a "but for" test* in the sense that an infringer must compensate a patentee for any and all damages that proceed from the act of patent infringement. *Notwithstanding the broad language of § 284, judicial relief cannot redress every conceivable harm that can be traced to an alleged wrongdoing.* ... Thus, along with establishing that a particular injury suffered by a patentee is a "but for" consequence of infringement, there may also be a background question whether the asserted injury is of the type for which the patentee may be compensated.

*Rite-Hite*, 56 F.3d at 1546 (emphasis added); *see also id.* at 1546 n.4 ("As a practical matter, legal responsibility must be limited to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability.") (citing Keeton, et al., *Rosser & Keeton on the law of Torts* § 41, at 264 (5th Ed. 1984)). "The general principles expressed in the common law tell us that the question of legal compensability is one 'to be

16

determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent.'" *Id.* at 1546.

TV Guide has not demonstrated, and cannot demonstrate, a causal connection between TMS's alleged infringement of the '078 patent and TV Guide's lost royalties damages claim,

REDACTED

But that does not satisfy TV Guide's burden of proof that there be a ***causal relation*** between TMS's alleged infringement of the '078 patent and the Yahoo! license in order for TV Guide to be compensated for any alleged injury resulting from that license.

Furthermore, Dr. Vellturo's analysis does not support even his fundamental premise —

REDACTED

17

REDACTED

Only one feature of Zap2it.com,
the television listings lookup feature, is accused of infringing the '078 patent. Zap2it.com offers
myriad content beyond this feature, such as other television-related content, movie and video
content, photos, and user forums. *See, e.g.*, Zap2it.com home page (A335). With Zap2it.com
still in existence, although limited in scope,                    REDACTED

Thus in addition to the other flaws in TV Guide's "lost royalties"
theory, even as calculated it fails to establish any causal relationship between

REDACTED

Dr. Vellturo's "lost royalties" theory presupposes that *any* license agreement in any way
affected by or tangentially related to alleged infringement is eligible for "lost royalties" damages,
regardless of whether a causal link between the infringement and the alleged damages exist.
This does not meet the standards of causation laid out in the law. Given that this "lost royalties"
claim cannot provide any guidance on determining where recovery is available, what recovery is
appropriate, or how to determine causation, it fails to meet reasonable expectations of a category
of lost profits.

---

3

REDACTED

Thus his calculation
assumes that Zap2it.com does not exist in the "but for" world, as it assumes no web traffic at Zap2it.com.

(b)     The Yahoo! License Was Not Foreseeable.

Even assuming TV Guide could show a causal connection between TMS's alleged infringement of the '078 patent and the Yahoo! license, TV Guide's claim fails to meet the "foreseeability" requirement of a lost profits claim. *See Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) ("Full compensation includes any *foreseeable* lost profits the patent owner can prove.") (emphasis added); *Rite-Hite*, 56 F.3d at 1546 ("We believe that under § 284 of the patent statute, the balance between full compensation, which is the meaning that the Supreme Court has attributed to the statute, and the reasonable limits of liability encompassed by general principles of law can best be viewed in terms of reasonable, objective *foreseeability*."). "If a particular injury was or should have been reasonably foreseeable by an infringing competitor in the relevant market, broadly defined, that injury is generally compensable absent a persuasive reason to the contrary." *Rite-Hite*, 56 F.3d at 1546.

The Yahoo! license was wholly unforeseeable to TMS.

# REDACTED

The "relevant market" in which TMS and TV Guide compete is in the provision of TV listings information on the internet, *not* the patent license market. TMS is not an "infringing competitor" in the market for patent licenses, and cannot reasonably expected to foresee an injury that occurs in a market in which it does not compete. Because it is not reasonable for TMS to have foreseen Gemstar's license with Yahoo!, there is yet another reason why lost profits damages based on this license are inappropriate.

### D.     TV Guide's Claim for Lost Profits Damages On The Yahoo! License Is Based Upon Unsupportable Facts And Unreasonable Assumptions.

In addition to the fact that TV Guide's claim for damages resulting from the Yahoo! license does not meet the judicially recognized standards for a lost profits claim, it also fails

19

because TV Guide has failed to provide credible evidence that "but for" TMS' alleged infringement,                    REDACTED

                                        falls far short of meeting TV Guide's burden of proof that it is

entitled to these damages.

"The patent owner bears the burden to present evidence sufficient to show a reasonable

probability that it would have made the asserted profits absent infringement." *King Instruments*

*Corp. v. Perego*, 65 F.3d 941, 952 (Fed. Cir. 1995); *see also Del Mar Avionics, Inc. v. Quinton*

*Instrument Co.*, 836 F.2d 1320, 1326 (Fed. Cir. 1987) ("In order to recover lost profits a patentee

must show a reasonable probability that, but for the infringement, it would have made the sales

that were made by the infringer."). "An award of lost profits may not be speculative. Rather the

patent owner must show a reasonable probability that, absent the infringement, it would have

made the infringer's sales." *BIC*, 1 F.3d at 1218. In order to create such a reasonable

probability, "parties must support their positions with sound economic proof..." *Fiskars, Inc. v.*

*Hunt Mfg. Co.*, 279 F.3d 1378, 1383 (Fed. Cir. 2002) (citing *Grain Processing*, 185 F.3d at

1350).

TV Guide fails to provide "sound economic proof" of damages sustained under the

Yahoo! patent portfolio license because it relies on three unstated and deeply flawed

assumptions.                    REDACTED

                                        Because TV Guide relies on such unreasonable assumptions, it

cannot show a reasonable probability that but-for TMS's alleged infringement, it would have

**REDACTED**

, and thus its claim for damages on the Yahoo!

license can only be described as speculative.

    1.    <u>TV Guide Unreasonably Assumes</u>



The first major unfounded assumption TV Guide's expert, Dr. Vellturo, makes is that

**REDACTED**

To calculate TV Guide's alleged "lost profits" from the

Yahoo! license, Dr. Vellturo

**REDACTED**

REDACTED

REDACTED

The structure of the

Yahoo! license and TV Guide's own admissions show that Dr. Vellturo's

REDACTED

is simply wrong.

2.     TV Guide Unreasonably Assumes That

The second major unfounded assumption TV Guide's expert, Dr. Vellturo, makes is that

REDACTED

22

**REDACTED**

Dr. Vellturo's assumption is plainly faulty.

**REDACTED**

TV Guide's Rule 30(b)(6) witness,

**REDACTED**

An internal allocation of licensing proceeds is essentially a self-dealing—and potentially self-serving—transaction, as TV Guide need not consider actual value when allocating the licensing royalties. Whether TV Guide's actions reflect legitimate business purposes or a manipulation to increase trial damages claims, an internal allocation cannot be trusted to accurately reflect the relative values of the licensed technologies.

---

4   For the reasons stated above, no such causal relationship exists.

The inaccuracy of assuming that

REDACTED

REDACTED

Without a full analysis of all factors

Dr. Vellturo's analysis is incomplete and produces a wholly unreliable damages estimate.

Since Dr. Vellturo inserted this erroneous assumption into his calculations, his methodology is unreliable and unable to carry TV Guide's burden of proof on lost profits damages to show "a reasonable probability that, but for the infringement," TV Guide would have received higher royalty payments from Yahoo! under the Yahoo! license. *See Del Mar Avionics*, 836 F.2d at 1326.

    3.    <u>TV Guide Uncritically Assumes That</u>

REDACTED

Dr. Vellturo's failure to consider

REDACTED

REDACTED

This, however, is unrealistic. Just because someone is willing to purchase something at one price does not mean that they would still be willing to purchase it at a higher price.

REDACTED

Without evidence showing

REDACTED     any attempt to assess damages based on

REDACTED

REDACTED

---

[5] Economically speaking,

Conceptually, elasticity is a mathematical measure of consumer reactions to price changes. Generally speaking, as the price of a product increases, less of that product will be purchased and as the price decreases, consumers will purchase more of the product. *Crystal Semiconductor*, 246 F.3d at 1359. Elasticity measures the amount of change in demand given those changes in price. A product that is perfectly elastic at a given price will sell an infinite number of units at that price, but if the price is increased even a miniscule amount, the demand drops to zero. *Id.* The inverse of a perfectly elastic market is a perfectly inelastic market. *Id.* In the perfectly inelastic market, consumer demand is constant and changes in price have no effect on that demand. *Id.*

REDACTED

Dr. Vellturo himself admits that his calculation is speculative,

REDACTED

Since TV Guide has failed to provide a basis for its unsupported assumption that

REDACTED

TV Guide cannot demonstrate a "reasonable probability" that the damages it suggests (or any other amount of damages) are appropriate.

## VI.    CONCLUSION

Because TV Guide's claim of lost profits damages on the Yahoo! license does not fit within the judicially recognized standards for a lost profits claim, and because TV Guide is unable to carry its burden of proof to show a "reasonable probability" of its alleged damages related to the Yahoo! license, TMS respectfully requests that partial summary judgment be granted excluding TV Guide's lost profits claims with respect to the Yahoo! license.

Dated: October 5, 2007

_____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

27