# ATTACHMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and <br> TV GUIDE ONLINE, LLC, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC., <br><br> Defendant and Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 05-725-*** <br> ) <br> ) <br> ) <br> ) <br> ) |

**TRIBUNE MEDIA SERVICES' REPLY TO TV GUIDE'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF REGARDING "TRANSMIT/TRANSMITTING"**

Richard K. Herrmann (I.D. No. 405)  Mark A. Pals, P.C.
Mary B. Matterer (I.D. No. 2969)    Linda S. DeBruin, P.C.
MORRIS JAMES LLP                     Michael A. Parks
500 Delaware Avenue, Suite 1500      Laura A. Hepburn
Wilmington, Delaware 19801           Meredith Zinanni
302.888.6800                         KIRKLAND & ELLIS LLP
                                     200 East Randolph Drive
                                     Chicago, Illinois 60601
                                     312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

Dated:  December 21, 2007

## **TABLE OF CONTENTS**

                                                                                                                                                                                    **Page**

I.     INTRODUCTION ................................................................................................................1

II.    PROCEDURAL BACKGROUND......................................................................................1

III.   ARGUMENT......................................................................................................................5

          A.     TMS Complied With The Court's Scheduling Order. ..............................................5

          B.     TV Guide Has No Authority For "Disregarding" Or "Declining To
                 Consider" TMS's Claim Construction Argument.....................................................6

IV.   CONCLUSION...................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                           **Page**

*ATD Corp. v. Lydall, Inc.*,
    159 F.3d 534 (Fed. Cir. 1998).................................................................................... 6

*Finch v. Hercules Inc.*,
    No. Civ. A. 92-251 MMS, 1995 WL 785100 (D. Del. Dec. 22, 1995) ...................... 6

*Georgia-Pacific Corp. v. United States Gypsum Co.*,
    Civ. A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616 (D. Del. Dec. 27, 1996) ........... 6

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996) ................................................................................................... 7

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) ...................................................................................... 6

*Omega Eng'g, Inc. v. Raytek Corp.*,
    334 F.3d 1314 (Fed. Cir. 2003) .................................................................................. 7

*Praxair, Inc. v. ATMI, Inc.*,
    231 F.R.D. 457 (D. Del. 2005) ................................................................................... 6

*U.S. Surgical Corp. v. Ethicon, Inc.*,
    103 F.3d 1554 (Fed. Cir. 1997) .................................................................................. 3

*Vitronics Corp. v. Conceptronic, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) .................................................................................... 6

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*,
    520 U.S. 17 (1997) ..................................................................................................... 7

I.   **INTRODUCTION**

TMS files this Reply Brief limited to one discrete issue: TV Guide's request that the Court "disregard" and "decline to consider"—*i.e.*, exclude—TMS's argument that TV Guide's construction for the "transmit" claim limitation was disclaimed during prosecution of the '078 patent. In arguing that TMS's argument is "untimely and inconsistent with the Court's Scheduling Order" (D.I. 228 at 18-19), TV Guide (1) inaccurately describes the Scheduling Order and (2) cites no legitimate basis for the drastic measure of excluding a claim construction argument and refusing to consider portions of the prosecution history. TV Guide cannot divorce itself of the "transmit" prosecution history disclaimer, either with this procedural tactic (as shown below) or on the merits (as shown in TMS's opening and responsive *Markman* briefs). TMS does not reargue the merits here.

II.   **PROCEDURAL BACKGROUND**

The Court's initial March 10, 2006 Scheduling Order set forth a "Claim Construction Issue Identification" period following the close of fact discovery, to continue through expert discovery up until opening claim construction and dispositive motion briefs. *See* D.I. 27, Scheduling Order. The sequence of deadlines in the original Scheduling Order was as follows:

| | |
|---|---|
| **October 2, 2006** | Fact Discovery Cut-Off (*Id.* at ¶ 3.c) |
| **October 9, 2006** | "Claim Construction Issue Identification: …. [T]he parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. *Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to Paragraph 13 below.*" (*Id.* at ¶ 12) (emphasis added) |
| **October 30, 2006** | Expert Reports (*Id.* at ¶ 3.d) |
| **November 30, 2006** | Rebuttal Expert Reports (*Id.*) |

| | |
|---|---|
| **January 30, 2007** | Expert Discovery Cut-Off (*Id.* at ¶ 3.c) |
| **February 20, 2007** | (1) **Joint Claim Construction Chart**; "Claim Construction Issue Identification: …. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions…. In this joint submission, the parties shall not provide argument." (*Id.* at ¶ 12) |
| | (2) Claim Construction Briefs (*Id.* at ¶ 13) |
| | (3) Summary Judgment Briefs (*Id.* at ¶ 11) |
| **March 22, 2007** | Responsive Claim Construction & Summary Judgment Briefs (*Id.* at ¶¶ 11 & 13) |
| **April 6, 2007** | Summary Judgment Reply Briefs (*Id.* at ¶ 11) |
| **April 20, 2007** | "Hearing on Case Dispositive Motions/*Markman* Hearing" (*Id.* at ¶ 14) |

The original deadline to exchange initial lists of proposed terms to be construed was extended to October 16, 2006 (D.I. 135), and the parties exchanged their lists on that date. TMS identified eight terms to be construed, and TV Guide identified six terms. Not surprisingly, the parties' simultaneously-exchanged lists, which were prior to expert reports, were not in agreement as to which terms needed to be construed. Recognizing the non-finality of this pre-expert report submission, TV Guide included a reservation of rights with its list in anticipation of the parties' initial lists and construction changing:

> ***TV Guide reserves the right to supplement or amend this identification and the proposed constructions as appropriate or in light of TMS's proposed constructions.*** For those terms or phrases not defined herein, TV Guide presently asserts that those terms and phrases need no further explanation or definition for ultimate inclusion in a jury instruction. If [TMS] offers proposed constructions for such terms or phrases, TV Guide will consider TMS's proposed constructions and reserves the right to offer different definitions in accordance with the procedures set forth in the Scheduling Order.

TV Guide's 10/16/06 Claim Construction Issue Identification (C1) (emphasis added). Despite reserving the right to revise its own proposed constructions, TV Guide argues throughout both its Opening and Responsive Claim Construction Briefs that it was improper for TMS to have revised its proposed constructions even though TMS reduced the issues in dispute.[1] TV Guide's attempt in its Opening and Responsive Briefs to bind the parties to their preliminary, simultaneously-exchanged pre-expert report lists of proposed terms to be construed is directly contrary to the Scheduling Order's directive that the parties meet and confer to prepare a Joint Claim Construction Chart.

It is no coincidence that expert discovery and "Claim Construction Issue Identification" were to proceed together, culminating in simultaneous claim construction and dispositive motion briefing, to be heard jointly at a "Hearing on Case Dispositive Motions/*Markman*." D.I. 27, Scheduling Order at ¶¶ 3.d, 11-14. *See U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope ... for use in the determination of infringement."). As contemplated by the Scheduling Order, the expert discovery process served to identify the material issues for the infringement analysis, and therefore refined the claim construction issues. Accordingly, during expert discovery TMS served Revised Proposed Constructions of Disputed Claim Terms, refining some constructions, adding some terms and dropping others that proved to be immaterial.

In the meantime, Judge Jordan was elevated to the Third Circuit. At that point, the parties were still in the "Claim Construction Issue Identification" period—they were to be

---

[1] In correspondence exchanged prior to filing claim construction and summary judgment briefs, TMS agreed to reduce the number of terms to be constructed from 15 to 6. *See* 9/21/07 Ltr. from M. Zinanni to C. Harnett (B 46-48); 9/27/07 Ltr. from M. Zinanni to C. Harnett (C5-C6).

meeting and conferring to jointly decide which claim terms should be presented to the Court for construction. On February 6, 2007, weeks before the Joint Claim Construction Chart was to be submitted along with claim construction briefs, the interim presiding Magistrate Judge issued an Amended Scheduling Order extending several deadlines. D.I. 170, 2/6/07 Amended Scheduling Order at 1. The Amended Scheduling Order provided that "All remaining dates in this matter … are hereby canceled." *Id.* Because the Amended Scheduling Order did not include the Joint Claim Construction Chart, this submission was canceled along with "all remaining dates." Various extensions to the case schedule followed.

Before claim construction briefs were filed, TMS sent TV Guide a letter expressly "to confirm the disputed claim construction issues for the upcoming briefing in this matter." 9/21/07 Ltr. from M. Zinanni to C. Harnett (B46-48). The letter included, in effect, a joint claim construction chart, even though the Court no longer required the parties to formally submit one. The chart listed "transmit/transmitting" as a disputed term and both parties' proposed constructions for it. *Id.* (B47). In the same letter, TMS agreed to reduce the issues in dispute by agreeing to accept TV Guide's construction of "controller" and dropping other terms that TMS had proposed to be construed and TV Guide had not, confirming that these terms had their plain and ordinary meaning. But TV Guide objected and refused to reach agreement with TMS as to the disputed terms to be construed. 9/25/07 Ltr. from C. Harnett to M. Zinanni (C7-C8). At no time prior to the filing of TV Guide's Responsive Claim Construction Brief did TV Guide raise any objection to TMS providing a construction for "transmit/transmitting." *See id.*; 9/27/07 Ltr. from C. Harnett to M. Zinanni (C7-C8); D.I. 202, 9/27/07 Ltr. from TV Guide to the Court; D.I. 205, TV Guide's Opening Claim Construction Brief.

## III. ARGUMENT

TV Guide's request that the Court "should disregard" and "decline to consider" TMS's proposed construction of "transmit" and the prosecution history accompanying it is not supported by either the facts or the law. First and foremost, it is based on the faulty premise that TMS did not comply with the Court's Scheduling Order. Moreover, TV Guide has no authority for ignoring the prosecution history and excluding TMS's claim construction argument.

### A.   TMS Complied With The Court's Scheduling Order.

TMS fully complied with the Scheduling Order in its proposed construction of "transmit/transmitting." Both parties' initial lists of terms to be construed contained terms the other party did not include. "Transmit/transmitting" was one of several terms listed by TV Guide but not TMS. As explained above, that was to be expected—TV Guide even went so far as to for itself "reserve the right to offer different definitions in accordance with the procedure set forth in the Scheduling Order" for terms listed by TMS but not TV Guide. TV Guide's 10/16/06 Claim Construction Issue Identification (C1). The only "procedure set forth in the Scheduling Order" was the meet and confer process scheduled to occur throughout expert discovery and to culminate in the parties submitting a Joint Claim Construction Chart with claim construction briefs and dispositive motions. TMS complied with both the letter and spirit of this procedure by (1) removing terms originally listed by TMS whose constructions became undisputed after expert discovery; (2) providing a proposed construction of "transmit" in response to TV Guide's proposed construction of the term; (3) trying to confirm a *de facto* Joint Claim Construction Chart with TV Guide prior to the submission of claim construction briefs and dispositive motions; and (4) seeking to limit the issues to be presented to the Court for decision. 9/21/07 Ltr. from M. Zinanni to C. Harnett (B46-48).

TV Guide's argument that the Court should construe "transmit" without considering the prosecution history TMS cites has no support in the law. "It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, *i.e.*, the patent itself, including the claims, the specification and, if in evidence, ***the prosecution history***." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (emphasis added) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995). TMS properly pointed out the prosecution history that bars TV Guide's proposed construction.

### B. TV Guide Has No Authority For "Disregarding" Or "Declining To Consider" TMS's Claim Construction Argument.

TV Guide does not cite a single case excluding any claim construction argument, let alone excluding one based on the prosecution history of the patent-in-suit at the claim construction briefing stage. Instead, TV Guide cites three patent cases excluding prior art disclosed after the close of discovery and an employment discrimination case that is not even remotely applicable. *See Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463-64 (D. Del. 2005) (striking invalidity defense based on prior art disclosed after the close of discovery and excluding supplemental expert report served on the eve of the expert's deposition); *Georgia-Pacific Corp. v. United States Gypsum Co.*, Civ. A. No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616, at *19-25 (D. Del. Dec. 27, 1996) (excluding prior art disclosed after the date for final contention interrogatory responses); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550-51 (Fed. Cir. 1998) (affirming exclusion of prior art first disclosed three months after the close of discovery); *Finch v. Hercules Inc.*, No. Civ. A. 92-251 MMS, 1995 WL 785100, at *9-10 (D. Del. Dec. 22, 1995) (employment discrimination case excluding late disclosed trial witness).

These cases all excluded fact intensive evidence that would have required additional discovery and delayed the case schedule. In contrast, the "transmit" claim construction argument

that TV Guide seeks to exclude here is a purely legal issue based solely on the file history of the patent-in-suit. Claim construction is a matter of law exclusively for the Court to decide. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). TV Guide cites no authority for the drastic measure of excluding a claim construction argument, particularly at the initial claim construction briefing stage. In any case, TV Guide does not even attempt to meet the multi-factor test these cases set forth for excluding evidence. And any such attempt would have been futile in the context of prosecution history disclaimer.[2]

---

[2] TV Guide mistakenly refers to this type of legal argument as "prosecution history estoppel." Estoppel, however, is an argument raised in the context of infringement under the doctrine of equivalents to estop the inventor from extending the range of equivalents to subject matter surrendered during prosecution of the patent. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). "Prosecution disclaimer," on the other hand, is a "fundamental precept in [the Federal Circuit's] claim construction jurisprudence," which "preclud[es] patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003).

## IV. CONCLUSION

In consideration of the foregoing points and authorities, TMS respectfully requests that the Court reject TV Guide's request to "disregard" and "decline to consider" TMS's "transmit" claim construction argument and the prosecution history accompanying it.

Dated: December 21, 2007

/s/ Richard K. Herrmann

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2969)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*