## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TV GUIDE ONLINE, INC. and
TV GUIDE ONLINE, LLC,

        Plaintiffs and Counterclaim Defendants,

                v.

TRIBUNE MEDIA SERVICES, INC.,

        Defendant and Counterclaim Plaintiff.

)
)
)
)
)
) Case No.: 05-725-***
)
) **PUBLIC VERSION**
)
)
)

## TRIBUNE MEDIA SERVICES' REPLY BRIEF
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
## OF INVALIDITY OF U.S. PATENT NO. 5,988,078

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2969)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

Originally filed: December 21, 2007
Public version filed:  January 3, 2008

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT ........................................................................................................2

      A.    TV Guide's "Disputes" With TMS's Undisputed Facts Are Immaterial. ..............2

      B.    TV Guide Confuses The Invalidity Defenses Of Anticipation (35 U.S.C.
            § 102) And Obviousness (35 U.S.C. § 103). ...........................................................3

      C.    TMS's Invalidity Arguments Were Not Previously Before The Patent
            Examiner. .................................................................................................................5

      D.    TV Guide Cannot Ignore The Teachings Of The Supreme Court
            Regarding The Law Of Obviousness. ......................................................................6

            1.    The '078 Patent Is Nothing More Than A Predictable Variation Of
                  The Prior Art CompuServe System Combining Familiar Elements
                  According To Known Methods. .....................................................................6

            2.    The '078 Patent Is Nothing More Than An Ordinary Advance In
                  The Art Taught By The Prior Art CompuServe System.................................9

            3.    The '078 Patent Is Nothing More Than An Obvious Solution To A
                  Known Problem. ..........................................................................................10

      E.    TV Guide Cannot Argue That The '078 Patent Is Both Non-Obvious And
            Enabled. ..................................................................................................................11

      F.    TV Guide's Alleged "Objective Evidence Of Patentability" Does Not
            Overcome The Obviousness Of The '078 Patent. ..................................................13

      G.    TV Guide's "Disputed" Facts Are Not Actually Disputed....................................16

III.  CONCLUSION...................................................................................................20

## TABLE OF AUTHORITIES

Page

**Cases**

*Aguayo v. Universal Instruments Corp.*,
    356 F. Supp.2d 699 (S.D. Tex. 2005) ................................................................................. 17

*Asyst Technologies, Inc. v. Empak, Inc.*,
    No. C 98-20451 (EAI), 2007 WL 2255220, (N.D. Cal. Aug. 3, 2007) ............................... 7

*Cf. Lacks Industries, Inc. v. McKechnie Vehicle Components USA, Inc.*,
    322 F.3d 1335 (Fed. Cir. 2003) ........................................................................................ 17

*Finnigan Corp. v. Int'l Trade Comm'n*,
    180 F.3d 1354 (Fed. Cir. 1999) ........................................................................................ 17

*Graham v. John Deere Co. of Kansas City*,
    383 U.S. 1 (1966) ............................................................................................................. 13

*IMX, Inc. v. LendingTree, LLC*,
    469 F. Supp.2d 203 (D. Del. 2007) .................................................................................. 17

*In re Kahn*,
    441 F.3d 977 (Fed. Cir. 2006) .......................................................................................... 15

*In re Omeprazole Patent Litigation*,
    483 F. 3d 1364 (Fed. Cir. 2007) ......................................................................................... 3

*In re Rouffet*,
    149 F.3d 1350 (Fed. Cir. 1998) .......................................................................................... 4

*In re Translogic Technology, Inc.*,
    504 F.3d 1249 (Fed. Cir. 2007) .......................................................................................... 6

*Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*,
    392 F.3d 1317 (Fed. Cir. 2004) ........................................................................................ 15

*KSR Int'l Co. v. Teleflex, Inc.*,
    127 S. Ct. 1727 (2007) ............................................................................................. passim

*Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.*,
    485 F.3d 1157 (Fed. Cir. 2007) ................................................................................. 7, 13

*McNeil-PPC, Inc. v. Perrigo Co.*,
    516 F. Supp.2d 238, 2007 WL 1933931 (S.D.N.Y. July 3, 2007) .................................... 14

*Merck & Co. v. Teva Pharm.*,
    395 F.3d 1364 (Fed. Cir. 2005) ........................................................................................ 14

*PBI Performance Products, Inc. v. NorFab Corp.,*
 514 F. Supp.2d 732 (E.D. Pa. 2007) ................................................................... 7

*Richardson-Vicks, Inc. v. Upjohn Co.,*
 122 F.3d 1476 (Fed. Cir. 1997)........................................................................ 13

*Sjolund v. Musland,*
 847 F.2d 1573 (Fed. Cir. 1988)........................................................................ 16

*WMS Gaming, Inc. v. Int'l Gaming Technology,*
 184 F.3d 1339, 1359 (Fed. Cir. 1999)............................................................... 13

**Statutes**

35 U.S.C. § 102............................................................................................................ 3

35 U.S.C. § 103......................................................................................................... 3, 4

35 U.S.C. § 112...................................................................................................... 11, 12

## I.    INTRODUCTION

The question of whether the '078 patent claims are obvious is a question of law for this Court to decide. The Supreme Court recently detailed the numerous ways to demonstrate a patent claim is obvious and reminded the courts and litigants that obviousness should be treated with an "expansive and flexible approach." *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727, 1731 (2007). Indeed, the Supreme Court made clear that courts should not confine their obviousness analyses to the content of published articles and patents, but rather should recognize a patent claim may be obvious even if it is not discussed in a prior art document. *Id.* at 1741. As TMS illustrated in its opening brief, there are numerous reasons why the '078 patent claims would have been obvious to one of ordinary skill in the art.

In response to TMS's motion, TV Guide ignores both the teachings of *KSR* and TMS's proofs, instead reciting a litany of arguments that are immaterial to the issue at hand and are framed as though TMS moved for summary judgment based on anticipation instead of obviousness. But the key facts are not disputed, and they demonstrate obviousness as a matter of law. Indeed, the only difference alleged by TV Guide in its response brief between the prior art CompuServe system and the '078 patent is that the '078 patent uses a commercially available database (such as CompuServe) to retrieve *television programming information* based upon geographical information, whereas CompuServe taught using its commercially available databases to retrieve *other content*, such as weather, travel, or census information, based upon geographical information. Thus, TV Guide tries to base a patentable distinction on the ***content*** of the information retrieved instead of any technical difference from the prior art. But TV Guide's purported distinction is immaterial here, because the Young patent, which issued over four years before the claimed priority date of the '078 patent, taught using CompuServe to retrieve television programming information. Under ***any*** approach to the obviousness inquiry,

but particularly under the "expansive and flexible approach" to obviousness the Supreme Court mandated in *KSR*, the '078 patent is obvious as a matter of law.

## II.    ARGUMENT

### A.    TV Guide's "Disputes" With TMS's Undisputed Facts Are Immaterial.

TV Guide devotes over 21 pages of its 40 page brief to allegedly "disputed" facts, including *15 pages* of additional facts supposedly "material" to this motion.  Of the facts that TMS presented in its Opening Brief, TV Guide does not dispute the facts presented in paragraphs 1-2, 4, 8-9, 15, 17-18, 21, and 23-27 (14 of the 29 paragraphs), and TV Guide's alleged disputes with the facts presented in the other paragraphs are without merit, as illustrated in Section II.G below.  Both TV Guide's alleged "disputes" with TMS's statement of undisputed facts and its litany of additional, immaterial arguments are nothing more than an attempt to manufacture a dispute where no genuine dispute exists.  The parties agree on the following material facts:

- the '078 patent claims searching a remote database, such as CompuServe, for television programming information for a specific geographic location, '078 patent (A1-8);

- the '078 patent relies solely on a commercially available database to provide the television programming information required by each of the claims, *compare* D.I. 215, TMS Invalidity Br. at 5 ¶ 9, *with* D.I. 229, TV Guide Invalidity Resp. Br. at 18-25 (not disputing the content of ¶ 9 of TMS's Statement of Undisputed Facts);

- the '078 patent does not teach how to build or create a database of television programming information, or how to collect or organize television programming information into a database, *compare* D.I. 215, TMS Invalidity Br. at 5 ¶ 8, *with* D.I. 229, TV Guide Invalidity Resp. Br. at 18-25 (not disputing the content of ¶ 8 of TMS's Statement of Undisputed Facts);

- CompuServe could implement the invention claimed in the '078 patent if it included a database of television programming information.  D.I. 229, TV Guide Invalidity Resp. Br. at 21 ("Mr. Levine explains that CompuServe was mentioned in the specification because CompuServe could implement the invention '*if* it had the [television programming] information.'") (underlining added; other emphasis in original); Cole Infring. Rpt. at 17 n.23 (A572) ("the patent describes the claimed method as being implemented, for example, by a service provider such as CompuServe");

2

- the Young patent expressly discloses using CompuServe as a provider of television programming information for a specific geographic location. Young patent at 21:67-22:10 (A153); and

- TV Guide's own expert admits that before TV Guide's alleged invention date, one of ordinary skill in the art would have known about localized television programming information, that such information would vary by geography, and that such information could be retrieved from a database if such a database existed. Cole Dep. at 71:22-72:6 (A601), 73:24-75:5 (A601-A602), 189:15-19 (A610), and 179:22-180:14 (A609).

Because these facts underlying the question of law presented by TMS's motion for summary judgment of obviousness are undisputed, summary judgment should be granted.

### B.    TV Guide Confuses The Invalidity Defenses Of Anticipation (35 U.S.C. § 102) And Obviousness (35 U.S.C. § 103).

Throughout its response brief, TV Guide conflates the concept of obviousness, upon which TMS moves for summary judgment, with that of anticipation, a separate patent law doctrine contained in a different section of the Patent Act. Anticipation requires each and every limitation of a claimed invention to be disclosed in a *single* prior art reference. *See In re Omeprazole Patent Litigation,* 483 F. 3d 1364, 1371 (Fed. Cir. 2007). The question presented by TMS's motion for summary judgment of invalidity is not whether every limitation of the asserted claims of the '078 patent is found within a particular reference, as it would be if TMS were making an anticipation argument. *See* 35 U.S.C. § 102. Rather, the question presented is whether the alleged invention claimed in the '078 patent would have been obvious in light of all that was available in the prior art—whether or not present in a single prior art reference—to one of ordinary skill in that art. *See* 35 U.S.C. § 103.

TV Guide conflates these two concepts. *See, e.g.,* D.I. 229, TV Guide Invalidity Resp. Br. at 27 (citing TV Guide's expert report at ¶21 that concludes that CompuServe "cannot be *anticipating*") (emphasis added) and 28 (citing TV Guide's expert report at ¶22 that concludes "the CompuServe system does not *anticipate* the asserted claims of the '078 patent") (emphasis

3

added).  For example, TV Guide argues at length that the Young patent does not inherently disclose the transmitting limitation of the '078 patent claims, and therefore, TMS cannot invalidate the '078 patent.  *Id.* at 30.  However, TV Guide's arguments miss the mark.  The Young patent does not need to disclose each and every limitation of the claims in order for the asserted claims of the '078 patent to be found obvious.  All that matters is that when considering ***all*** the prior art—the Young patent, CompuServe, and other art available as of the claimed priority date for the '078 patent—"the subject matter as a whole" of the '078 patent would have been obvious to one of ordinary skill in the art as of the claimed priority date of the '078 patent. 35 U.S.C. § 103.

In a similar vein, TV Guide's alleged "dispute" regarding the CompuServe references cited by TMS—namely, that because the four references TMS cites are from different years, they cannot describe a "single system"—does not matter for an obviousness inquiry.  *See* D.I. 229, TV Guide Invalidity Resp. Br. at 27-30.  Each of the CompuServe references TMS cites ***precedes*** TV Guide's claimed 1992 invention date and thus is a prior art reference.  The obviousness analysis presumes the person of ordinary skill in the art is familiar with all prior art references in the field of the invention—which would include all of the CompuServe references TMS cites.  *See In re Rouffet*, 149 F.3d 1350, 1357 (Fed. Cir. 1998) ("The legal construct also presumes that all prior art references in the field of the invention are available to this hypothetical skilled artisan.").  All of these references describing CompuServe describe what one of ordinary skill in the art would have known, and whether they are from different years does not impact the obviousness analysis.

**C.     TMS's Invalidity Arguments Were Not Previously Before The Patent Examiner.**

Contrary to TV Guide's insinuation, TMS does not have an "especially difficult" burden for proving the obviousness of the '078 patent. *See* D.I. 229, TV Guide Invalidity Resp. Br. at 26-27. The arguments and prior art TMS presents are *not* the same as those that were before the Examiner during prosecution of the '078 patent, and thus the PTO did *not* have the opportunity to consider the same prior art and arguments TMS presents here.

The heading of Section B.3 of the Statement of Facts in TV Guide's response brief claims "The PTO Was Aware Of Both CompuServe And The Young Patent Before It Issued TV Guide's Patent." D.I. 229 at 15. This argument is misleading and misstates the prior art that was actually before the Examiner. The Examiner had only the Young patent before him; he did not have any prior art references describing CompuServe. The full extent of the information regarding CompuServe the Examiner had available to him was the statement referencing CompuServe in the Young patent, the statement referencing CompuServe in the '078 patent application, and the applicant's description of how a "database application" would work. *See id.* at 16-18, ¶¶ 29-30. This brief description did not refer to *any* reference explaining the CompuServe system, let alone the references TMS relies upon here. *See id.* Indeed, TV Guide's expert admitted the characterization of CompuServe that TV Guide gave to the Examiner was incorrect. Cole Dep. at 139:5-11 (A607) ("Q: You would agree, wouldn't you, that a user could transmit geographic information through CompuServe; wouldn't you? [objection omitted] A: I believe that I recall the use of a zip code to pick up weather information. Yes."); *id.* at 171:3-8 (A608) (admitting that CompuServe allowed a user to make an affirmative indication). Thus TV Guide is simply incorrect when it states the PTO "considered and dismissed the prior art and the arguments that TMS relies on here." D.I. 229, TV Guide Invalidity Resp. Br. at 18, ¶ 32. The

PTO never saw the CompuServe references proffered by TMS in this motion, receiving instead the admittedly inaccurate description of CompuServe provided by the applicant.

**D.    TV Guide Cannot Ignore The Teachings Of The Supreme Court Regarding The Law Of Obviousness.**

TV Guide completely ignores Section C of TMS's opening brief in support of its motion, which identified the numerous ways the '078 patent is obvious in light of *KSR*. Instead, TV Guide dismisses *KSR* out of hand, stating that because "there was no dispute concerning the content of the prior art" in *KSR*, the case is not applicable. D.I. 229, TV Guide Invalidity Resp. Br. at 36. But as explained below, the prior art says what it says, and there is no dispute about it here either. Moreover, TV Guide cannot blithely ignore the teachings of the Supreme Court regarding the law of obviousness and pretend that the *KSR* opinion is some narrow holding limited to a narrow set of facts. *KSR* is the Supreme Court's pronouncement regarding the law of obviousness, recognized by the Federal Circuit as the most current word on obviousness analyses. *See In re Translogic Technology, Inc.*, 504 F.3d 1249, 1258-59 (Fed. Cir. 2007) ("In a recent case, the Supreme Court reiterated the basic principles for an obviousness inquiry."); *see also id.* at 1258-62 (providing in-depth analysis of the *KSR* opinion). Under *KSR* and the facts as admitted by TV Guide, the '078 patent is obvious for many reasons.[1]

**1.    The '078 Patent Is Nothing More Than A Predictable Variation Of The Prior Art CompuServe System Combining Familiar Elements According To Known Methods.**

A "predictable variation" of a method or system known in the prior art, particularly when that variation is a combination of prior art elements known in the prior art and used in their usual

---

[1]    In its opening brief, TMS identified six different ways of finding a patent obvious taught by *KSR* that applied to the '078 patent. D.I. 215, TMS Invalidity Br. at 11-15. TMS continues to assert that the '078 patent would be obvious to one of ordinary skill in the art under any of those six bases, but discusses only three in depth in this brief and refers the Court to TMS's opening brief for the other three.

way, is obvious. *KSR*, 127 S. Ct. at 1740 ("If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability."); *see also Leapfrog Enterprises, Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1162 (Fed. Cir. 2007) (holding the patent-in-suit obvious as a combination of an old idea, a newer technology "commonly available and understood in the art," and a device well-known in the art at the time of the invention); *PBI Performance Products, Inc. v. NorFab Corp.*, 514 F. Supp.2d 732, 741 (E.D. Pa. 2007) (holding the patent-in-suit obvious as a predictable combination of two prior art references); *Asyst Technologies, Inc. v. Empak, Inc.*, No. C 98-20451 (EAI), 2007 WL 2255220, at *7 (N.D. Cal. Aug. 3, 2007) (holding the patent-in-suit obvious because it was a "predictable use of prior art elements according to their established functions"). "[W]hen a patent claims a structure already known in the prior art that is altered by the mere substitution of one element for another known in the field, the combination must do more than yield a predictable result." *KSR*, 127 S. Ct. at 1740.

TV Guide does not dispute that, if the prior art CompuServe system included a database of television programming information, it would implement the claims of the '078 patent. D.I. 229, TV Guide Invalidity Resp. Br. at 21 ("Mr. Levine explains that CompuServe was mentioned in the specification because CompuServe could implement the invention '*if* it had the [television programming] information.'") (underlining added; other emphasis in original); *id.* at 20; Cole Infring. Rpt. at 17 n.23 (A572) ("the patent describes the claimed method as being implemented, for example, by a service provider such as CompuServe"). To illustrate this, below is the language of claim 1 of the '078 patent. TV Guide admits that all but the stricken text was taught by the prior art CompuServe system:

- "providing a computerized unit at the particular viewing location, the unit including an operator input and a modem," D.I. 229, TV Guide Invalidity Resp. Br. at 32-33;

- "establishing a connection to a wide-area network through the modem," *id.*;

- "transmitting, from the computerized unit, information to a service provider through the wide-area network regarding the geographical location of the particular ~~viewing~~ location," Cole Dep. at 139:5-11 (A607); and

- "receiving, from the service provider, information specific to the type of ~~programming~~ available to the particular ~~viewing~~ location," Cole Dep. at 140:9-12 (A607).

Thus, according to TV Guide's own admissions, the only differences between CompuServe and the '078 patent relate to the content of the information transmitted and received—not the method or apparatus used to send and receive the information.

TV Guide's admissions regarding the scope of the CompuServe system are consistent with the undisputed evidence regarding the types of geographical-searchable information available on CompuServe. For example, TV Guide does not dispute that airline reservation systems, which required the input of geographical information, were available on CompuServe as of the priority date of the '078 patent. D.I. 229, TV Guide Invalidity Resp. Br. at 13-14, ¶ 17 ("Alfred Glossbrenner's Master Guide to CompuServe (1987) reports that by 1987 CompuServe had added travel services to its database"); Levine Dep. 116:11-14 (A636) ("Airline reservation system, you obviously enter in geographic information like when does your flight depart from, so geographic information was enterable on remote databases in 1992."). Nor does TV Guide dispute that geographically-searchable demographic data was available on CompuServe by 1985. D.I. 229, TV Guide Invalidity Resp. Br. at 13, ¶ 16; *see also* Online Today (A198-99). And TV Guide does not dispute that by the priority date of the '078 patent, CompuServe allowed users to search for weather information by geographical location. Cole Dep. at 139:5-11 (A607); Schepp & Schepp, The Complete Guide to CompuServe at 100-02 (A174-76).

Taking the facts in the light most favorable to TV Guide, the alleged invention claimed in the '078 patent merely substituted into the CompuServe system the use of a geographically-searchable television programming information database instead of one of the other types of

8

geographically-searchable information databases already available on CompuServe. Moreover, the '078 patent does not teach how to build or create a database of television programming information—it assumes and relies upon the existence of a commercially available database of such information. Cole Dep. at 181:9-15 (A609); *compare* D.I. 215, TMS Invalidity Br. at 5, ¶¶ 8-9, *with* D.I. 229, TV Guide Invalidity Resp. Br. at 18-25 (not disputing the content of ¶¶ 8-9 of TMS's Statement of Undisputed Facts).

Thus, all the '078 patent claims is a structure already known in the prior art—the CompuServe structure—with one known element substituted for another known in the field of art—television programming information substituted for the airline reservations, demographic data, or weather information also available on CompuServe. This "improvement" is nothing more than the predictable use of known elements in the prior art (CompuServe and a geographically-searchable television programming information database) in accordance with their functions, leading to a predictable variation. TV Guide cannot patent television programming information content (and does not argue it has done so), and the substitution of this known content for other types of available content does not create a patentable distinction from the prior art. *KSR*, 127 S. Ct. at 1740 ("If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability.")

TV Guide does not dispute or address this argument at all in its answering brief.

> ### 2. The '078 Patent Is Nothing More Than An Ordinary Advance In The Art Taught By The Prior Art CompuServe System.

A claim is obvious if it reflects an ordinary advance in the art. *KSR*, 127 S. Ct. at 1732 ("Granting patent protection to advances that would occur in the ordinary course without real innovation retards progress and may, in the case of patents combining previously known elements, deprive prior inventions of their value or utility."). The '078 patent claims do not

9

reflect anything more than an ordinary advance in the art, at best. TV Guide argues "[i]t is the *transmission of geographic information by the user* in combination with the actions of the service provider" that is one of the keys to the invention of the '078 patent. D.I. 229, TV Guide Invalidity Resp. Br. at 24, ¶ 22. But as explained above and as admitted by TV Guide, CompuServe already taught transmission of geographic information by the user in order to get information such as airline reservations, demographic data, and weather information. *See* D.I. 229, TV Guide Invalidity Resp. Br. at 13-14, ¶¶ 16-17; Cole Dep. at 139:5-11 (A607); Levine Dep. 116:11-14 (A636); Online Today (A198-99); Schepp & Schepp, The Complete Guide to CompuServe at 100-02 (A174-76). The only "advance" made by the claims of the '078 patent is the substitution of television programming content for other types of geographically-searchable content. Such an "advance" is nothing more than ordinary, and cannot stand as the basis for patentability.

TV Guide does not dispute or address this argument at all in its answering brief.

### 3.     The '078 Patent Is Nothing More Than An Obvious Solution To A Known Problem.

"[O]ne of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." *KSR*, 127 S. Ct. at 1742. The problem the '078 patent purports to solve is locating television programming information for a specific geographic location. Cole Dep. at 126:2-18 (A605). As TV Guide admits, the same piece of prior art identified both this purported problem and a potential solution—the Young patent stated a need for television programming information for a specific geographic location and names CompuServe as a source of such information. *Compare* D.I. 215, TMS Invalidity Br. at 6 ¶ 17 *with* D.I. 229, TV Guide Invalidity Resp. Br. at 18-25 (not disputing the content of ¶ 17 of

10

TMS's Statement of Undisputed Facts).  Thus the problem allegedly solved and the solution offered by the '078 patent—using the CompuServe system with a database of geographically-searchable television programming information—was expressly disclosed in Young.

Taking the facts in the light most favorable to TV Guide, the only step left to implementing the solution was the creation of a geographically-searchable television programming information database to be used with CompuServe.  But the '078 patent does not add anything beyond what was disclosed in the Young patent to help implement this solution.  As TV Guide admits, the '078 patent does not teach anything regarding building or creating a database of television programming information, or even about collecting or organizing such information to be used in a database.  *Compare* D.I. 215, TMS Invalidity Br. at 5 ¶ 8, *with* D.I. 229, TV Guide Invalidity Resp. Br. at 18-25 (not disputing the content of ¶ 8 of TMS's Statement of Undisputed Facts).  The claims of the '078 patent encompass nothing more than the solution proposed by the Young patent to the problem of providing television programming information for a specific geographic location.  Claiming a solution already disclosed in the prior art and known to one of ordinary skill in the art is obvious.

TV Guide does not dispute or address this argument at all in its answering brief.

**E.    TV Guide Cannot Argue That The '078 Patent Is Both Non-Obvious And Enabled.**

TV Guide must make a choice—either the asserted claims of the '078 patent are invalid as obvious in view of the CompuServe system, or else they are not enabled.  To be enabled, the '078 patent specification must "contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, ..., ***to make and use*** the same." 35 U.S.C. § 112, ¶ 1 (emphasis added).  TV Guide argues that a database of television programming information is

11

*necessary to use* the invention. D.I. 229, TV Guide Invalidity Resp. Br. at 21. Thus, in order to be enabled, the '078 patent specification must include a description of such a database sufficient to allow a person of skill in the art to use the alleged invention of the patent, or else the database must be so well known in the art that even without an explicit disclosure regarding the database in the patent specification, one of skill in the art still would be able to make and use the alleged invention of the '078 patent. *See* 35 U.S.C. § 112, ¶ 1.

TV Guide does not dispute that CompuServe and Prodigy are the only database providers identified in the '078 patent. '078 patent at 3:46-56 (A6). Nor does TV Guide dispute that the '078 patent does not teach how to build or create a database of television programming information. *Compare* D.I. 215, TMS Invalidity Br. at 5 ¶ 8, *with* D.I. 229, TV Guide Invalidity Resp. Br. at 18-25 (not disputing the content of ¶ 8 of TMS's Statement of Undisputed Facts). Nonetheless, TV Guide argues that "[p]rior to Mr. Levine's invention, neither COMPUSERVE nor PRODIGY contained a television programming database that was searchable by reference to the geographical location of a particular viewer." D.I. 229, TV Guide Invalidity Resp. Br. at 7 ¶ 3. If these two database providers did not contain a geographically-searchable television programming database, then the only way the '078 patent enables the alleged invention is if such a database already was well-known to one of skill in the art at the time of the invention. But if a geographically-searchable database of television programming information was well-known in the art, that information, combined with the Young patent which teaches using the CompuServe system to locate television programming information for a specific locality, would make the solution offered by the '078 patent obvious. TV Guide cannot have it both ways—if the '078 patent is enabled because it includes a sufficient disclosure regarding the database of television programming information, it is also obvious.

12

F.     **TV Guide's Alleged "Objective Evidence Of Patentability" Does Not Overcome The Obviousness Of The '078 Patent.**

TV Guide misstates the importance of the "objective evidence of patentability" in an obviousness analysis. D.I. 215 at 33-35. This evidence, also called "secondary considerations," is used to "give light to the circumstances surrounding the origin of the subject matter sought to be patented." *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966); *see also KSR*, 127 S. Ct. 1727, 1730 (2007). They "are but part of the 'totality of the evidence' that is used to reach the ultimate conclusion of obviousness." *Richardson-Vicks, Inc. v. Upjohn Co.*, 122 F.3d 1476, 1483 (Fed. Cir. 1997). "The existence of such evidence … ***does not control the obviousness determination***." *Id.* (emphasis added)

Secondary considerations cannot trump a showing of obviousness. *Leapfrog Enterprises*, 485 F.3d at 1162 (Fed. Cir. 2007) ("The district court explicitly stated in its opinion that Leapfrog had provided substantial evidence of commercial success, praise, and long-felt need, but that, given the strength of the prima facie obviousness showing, the evidence on secondary considerations was inadequate to overcome a final conclusion that claim 25 would have been obvious."); *Richardson-Vicks*, 122 F.3d at 1484 ("The unexpected results and commercial success of the claimed invention, although supported by substantial evidence, do not overcome the clear and convincing evidence that the subject matter sought to be patented is obvious.").

More importantly, it is TV Guide's burden to establish any secondary considerations. *See WMS Gaming, Inc. v. Int'l Gaming Technology*, 184 F.3d 1339, 1359 (Fed. Cir. 1999).[2] The

---

[2]     TV Guide chides TMS for "ignore[ing] an entire category of evidence," D.I. 229, TV Guide Invalidity Resp. Br. at 1, by not addressing the secondary considerations in its Opening Brief. However, it is TV Guide, not TMS, that bears the burden of proof concerning these issues.

13

"objective evidence" TV Guide recites is insufficient as a matter of law to show the existence of any secondary considerations of nonobviousness. TMS addresses each secondary consideration.

**Commercial Success:** TV Guide does not provide a sufficient nexus between its cited evidence of commercial success and the '078 patent, as a matter of law. *See McNeil-PPC, Inc. v. Perrigo Co.*, 516 F. Supp.2d 238, 2007 WL 1933931, at *11 (S.D.N.Y. July 3, 2007) ("the law deems evidence of (1) commercial success, and (2) a causal relation or nexus between an invention and commercial success of a product embodying that invention, probative of whether an invention was non-obvious.") (citing *Merck & Co. v. Teva Pharm.*, 395 F.3d 1364, 1376 (Fed. Cir. 2005)). *First*, TV Guide's conclusory statement that **REDACTED**

does not support a commercial success argument for the '078 patent.

**REDACTED**

*See*

*e.g.*, Yahoo! License Agreement (A238-99). *Second*, the testimony of Barbara Needleman, which TV Guide cites, merely discusses the relative importance of providing both television listings and editorial content on the Zap2it.com website, as opposed to providing solely editorial content. D.I. 229, TV Guide Invalidity Resp. Br. at 34. This testimony is unrelated to the issue of the commercial success of a product embodying the '078 patent—TV Guide has not patented television listings. Accordingly, there is no evidence of record showing the commercial success of the alleged invention claimed in the '078 patent.

**Copying.** The fact that other companies are now licensees of TV Guide's patents does not constitute evidence of "copying" by TMS. "Not every competing product that arguably fails [sic] within the scope of a patent is evidence of copying. ... Rather, copying requires the

14

replication of a specific product." *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004). Copying may be demonstrated through internal documents, direct evidence (such as disassembling a prototype), or access and substantial similarity to the patented product. *Id.* TV Guide offers none of the above to show "copying" of the '078 patent. Moreover, Zap2it.com's predecessors provided web-based interactive television listings well before the '078 patent even issued and before its claims were written. *See* Needleman Dep. at 46:19-47:2, 49:9-12 (C30); *see also* "clickTV Website Adds 11,000 Cable System, Broadcast and DBS Lineups to Its TV Listings: ZIP Code Selection of Local TV Information Now Available" (C21-C22). Accordingly, there is no evidence of record showing copying of the alleged invention claimed in the '078 patent.

**Long felt but unresolved need:** TV Guide presents no evidence of any "long felt but unresolved need" for the alleged invention of the '078 patent. "[Federal Circuit] precedent requires that the applicant submit actual evidence of long-felt need, as opposed to argument. ... [T]he mere passage of time without the claimed invention is not evidence of nonobviousness." *In re Kahn*, 441 F.3d 977, 990-91 (Fed. Cir. 2006) (declining to take judicial notice of "long felt but unresolved need" for a device to help the blind read). TV Guide argues only that the patent's named inventor personally felt the need for readily accessible and organized television listing information. D.I. 229, TV Guide Invalidity Resp. Br. at 34. That is insufficient in a matter of law.

**Others failed:** Even assuming that there was a 'long felt but unresolved need" filled by the '078 patent, the joint CompuServe-Lookahead project discussed by TV Guide is immaterial to whether others tried but failed. *Id.* at 35. The "failure of others" only matters if they were trying to address the same need that was actually met by the patented invention. *See Sjolund v.*

*Musland*, 847 F.2d 1573, 1582 (Fed. Cir. 1988) ("[W]e are constrained ... to consider whether the *claimed invention* satisfied a long felt need, or solved problems where others had failed.") (emphasis in original). In this case, as evidenced by the very quotation TV Guide cites, the joint project failed to maintain a database with all of the necessary channel lineups—the failure had nothing to do with "transmitting geographic location information" or "receiving" television listings specific to that particular location. D.I. 229, TV Guide Invalidity Resp. Br. at 34-35; Kaplinsky Dep. at 66:6-9 (C33) ("we found much to our horror that there were 10,000 channel lineups, and we weren't going to be able to put out 10,000 files every week"); *see generally* Kaplinsky Dep. at 65:4-69:2 (C32-C33). As the '078 patent teaches nothing about building or maintaining a database of television listings information or channel lineups, there is no nexus between the failure of this particular project and the '078 patent. Thus, the success or failure of the joint CompuServe-Lookahead project is irrelevant. TV Guide offers nothing else on this point.

### G.    TV Guide's "Disputed" Facts Are Not Actually Disputed.

Each of TV Guide's alleged disputes with TMS's statement of undisputed facts is addressed below, with the paragraph numbers corresponding to the paragraph numbers in TMS's Opening Brief in Support of Its Motion for Summary Judgment of Invalidity (D.I. 215). For any paragraph not listed below, TV Guide registered no dispute.

3.    There is no dispute between the parties that the "claims speak for themselves," as TMS referred to the full text of the claims in its undisputed facts.[3]

---

[3] To the extent TV Guide is trying to characterize the '078 patent as a "method and system for *providing* television programming information," *see* D.I. 229, TV Guide Invalidity Resp. Br. at 19 and D.I. 230, TV Guide Noninfring. Resp. Br. at 7, TMS refers to the title of the patent: "method and apparatus for *receiving* customized television programming information," '078 patent (A1), and the actual language of the claims.

5.    The parties agree that the specification describes the "service provider" required by each asserted claim as "remote database 40," which may be a database provider such as CompuServe. '078 patent at 3:46-49 (A6).

6.    The parties agree that CompuServe had television programming information available online in 1982, which is 10 years before TV Guide's claimed invention date. The "disputes" TV Guide presents in paragraphs 6a and 6b (D.I. 229 at 19) are extraneous information that do not dispute this fact. In paragraph 6c, TV Guide argues for a particular interpretation of the testimony of Mr. Berkov, who worked as a Vice President for CompuServe from 1977-1982 and from 1983-1995, regarding the operation of CompuServe. However, TV Guide does not, and cannot, rebut the specific testimony of Mr. Berkov.[4] In particular, Mr. Berkov testified that a CompuServe user could input geographical information, such as city or state, as a keyword for use in a FIND command. Berkov Dep. at 22:19-23:19 (A627). Mr. Berkov further testified that in response to a FIND command using the city name of Hampton Road, the CompuServe user would receive a list of available content for Hampton Road, which included television listings information from the Hampton Road newspaper. Berkov Dep. at 25:13-26:25 (A627-A628). Thus the unrebutted testimony of Mr. Berkov is that a CompuServe user could transmit geographic information to CompuServe (by typing in "Hampton Road") and

---

[4]    TV Guide's evidentiary arguments regarding CompuServe are without merit. Mr. Berkov is not an interested party in this matter, TMS does not rely solely upon his testimony for its invalidity analysis, and the statutory section at issue is 35 U.S.C. § 103, not § 102. Thus, there is no requirement that his testimony be corroborated by documentary testimony. *Cf. Lacks Industries, Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003) ("courts have consistently required documentary corroboration of oral testimony *by interested parties* presented to invalidate a patent"); *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1369 (Fed. Cir. 1999) ("corroboration is required of any witness *whose testimony alone* is asserted to invalidate a patent"); *IMX, Inc. v. LendingTree, LLC*, 469 F. Supp.2d 203, 215 (D. Del. 2007) ("Corroboration of a witness' oral testimony is required to invalidate a patent *under 35 U.S.C. § 102*."); *see also Aguayo v. Universal Instruments Corp.*, 356 F. Supp.2d 699, 746 (S.D. Tex. 2005) ("The 'corroboration rule' applies to counterbalance the self-interest of a testifying inventor, but cross-examination and impeachment normally protect patentees from erroneous findings of invalidity.").

receive in response a list of available content, including television listings information for the Hampton Road region.

7.     Although TV Guide states it disputes this statement of undisputed fact in two ways, they boil down to the same issue: TV Guide does **not** dispute that **if** CompuServe included a database of television schedule information, CompuServe would implement the claims of the '078 patent.   D.I. 229, TV Guide Invalidity Resp. Br. at 21 ("Mr. Levine explains that CompuServe was mentioned in the specification because <u>CompuServe could implement the invention</u> '**if** it had the [television programming] information.'") (underlining added; other emphasis in original); Cole Infring. Rpt. at 17 n.23 (A572) ("the patent describes the claimed method as being implemented, for example, by a service provider such as CompuServe").

10.     The parties agree that the '078 patent assumes anyone practicing the patent already has access to a database of television schedules.

11.     The parties agree that the only disclosure in the specification relating to searching by specific geographic location, including zip code, appears at col. 3, lines 46-56 (A6).

12.     TV Guide merely states that the fact presented in Paragraph 12 of TMS's Opening Brief—"The '078 patent provides no indication that a commercially available CompuServe system in March 1992 (TV Guide's alleged invention date) would require any modifications or additional software to provide television programming information."—is disputed and cites to a portion of the specification regarding a "special application program."   D.I. 229, TV Guide Invalidity Resp. Br. at 23.   However, the quoted language from the specification does not dispute TMS's statement of undisputed fact.

13.     TV Guide merely states that the fact presented in Paragraph 13 of TMS's Opening Brief—"[t]he '078 patent provides no indication that a commercially available CompuServe

system in March 1992 would require any modifications or additional software to provide television programming information for a specific geographic location"—is disputed and refers to its response to Paragraph 11. However, the language cited by TV Guide in response to Paragraph 11 does not support TV Guide's position with regard to this undisputed fact. As explained in Paragraph 7, *supra*, TV Guide admits that if CompuServe included a database of television schedule information, CompuServe would implement the claims of the '078 patent. And TV Guide does not dispute that the '078 patent specifically references CompuServe as an example of a remote database provider. *See supra* at ¶5.

14.    The parties agree that the Young patent discloses accessing television programming information through an information utility, one example of which is CompuServe. The parties further agree the Young patent states that using the information utility, the user could "download the program schedule information for his or her locality." Young patent at 21:67-22:9 (A153).

16.    The parties agree the Young patent discloses a method and system for receiving television programming information. The parties agree the Young patent discloses a method and system for receiving that information from a service provider. The parties further agree the Young patent states that using the information utility, the user could "download the program schedule information for his or her locality." Young patent at 21:67-22:9 (A153).

19.    The parties agree that in response to the PTO's rejection, the applicant and his attorneys did not provide the PTO with any CompuServe references, but rather told the PTO that Young did not disclose "transmitting particular geographical location information." 05/18/99 Office Action Resp. at 2 (A118). The parties agree that the applicant and his attorneys stated to the PTO that unlike the '078 patent claims, Young (including its CompuServe disclosure) did not

19

allow a user to transmit an "affirmative indication of his viewing location." 05/18/99 Office Action Resp. at 2 (A118) (emphasis added).

20. The undisputed fact presented by TMS in this paragraph is that TV Guide's expert, Mr. Cole, admitted that "CompuServe does in fact allow a user to transmit an affirmative indication." D.I. 215, TMS Invalidity Br. at 7 ¶ 20. TV Guide's references to Dr. Tjaden's Invalidity Expert Report and the "GO SFC-7" command in CompuServe are inapposite.

22. The parties agree that the specification describes the "service provider" required by each asserted claim as "remote database 40," which may be a database provider such as CompuServe. '078 patent at 3:48-49 (A6).

28. The parties agree that one of ordinary skill in the art in the 1991-1992 time frame would know that television programming information could be retrieved from databases if a television programming database existed. Cole Dep. at 180:8-14 (A609).

## III. CONCLUSION

Because there is no genuine issue of material fact, and for all of the reasons stated above and in its opening brief, TMS respectfully requests that this Court enter judgment as a matter of law that the asserted claims of the '078 patent are invalid as obvious.

20

Dated: December 21, 2007

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2969)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

21