IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and <br> TV GUIDE ONLINE, LLC, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> TRIBUNE MEDIA SERVICES, INC., <br><br> Defendant and Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 05-725-SLR/LPS <br> ) <br> ) **PUBLIC VERSION** <br> ) <br> ) <br> ) |

**TRIBUNE MEDIA SERVICES' MOTION FOR LEAVE TO FILE
A REPLY REGARDING ITS OBJECTIONS TO THE REPORT AND
RECOMMENDATION CONCERNING ITS MOTION TO DISMISS
PLAINTIFF TV GUIDE ONLINE, INC. FOR LACK OF STANDING**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

Originally filed: May 8, 2008
Public version filed: May 14, 2008

Tribune Media Services, Inc. ("TMS") moves for leave to file the attached reply brief, which is limited to addressing Plaintiffs' arguments that the Court should not hear certain of TMS' objections to Magistrate Stark's March 6, 2008 Report and Recommendation. TMS's reply does not reargue the merits of its objections.

Contrary to Plaintiffs' assertions, all of TMS's arguments were timely raised before this Court. TMS did not raise any new legal arguments in its Objections to the Report and Recommendation, but rather provided additional support for the legal arguments it raised in its initial briefing and responded to findings the Magistrate Judge raised *sua sponte*. Accordingly, TMS respectfully requests leave to file the attached reply brief in order to respond to Plaintiffs' arguments that the Court should not consider certain of TMS's Objections.

Dated: May 8, 2008

/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin, P.C.
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

## RULE 7.1.1 CERTIFICATE

The undersigned certifies that movant has made reasonable efforts to reach an agreement with opposing counsel on the matters set forth in this Motion.

_____
Richard K. Herrmann (#405)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TV GUIDE ONLINE, INC. and<br>TV GUIDE ONLINE, LLC,<br><br>        Plaintiffs and Counterclaim Defendants,<br>        v.<br><br>TRIBUNE MEDIA SERVICES, INC.,<br><br>        Defendant and Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)  C.A. No.: 05-725-SLR/LPS<br>)<br>)<br>)  PUBLIC VERSION<br>)<br>)<br>) |

**TRIBUNE MEDIA SERVICES, INC.'S REPLY REGARDING ITS OBJECTIONS TO
THE REPORT AND RECOMMENDATION CONCERNING ITS MOTION TO
DISMISS PLAINTIFF TV GUIDE ONLINE, INC. FOR LACK OF STANDING**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

Originally filed: May 8, 2008
Public version filed: May 14, 2008

Tribune Media Services, Inc. ("TMS") files this reply solely to address Plaintiffs' arguments that the Court should not consider certain issues raised in TMS's Objections to Magistrate Judge Stark's March 6, 2008 Report and Recommendation regarding TMS's Motion to Dismiss ("Report"). Specifically, Plaintiffs argue that the following were untimely:

- TMS's citation of the *Propat* and *Fairchild* cases. D.I. 277 at 2-3.

- TMS's argument that the scope of rights granted by the TVGL/TVGI License does not include the right to practice the '078 patent. *Id.* at 4-5.

- TMS's argument "concerning the parties to the TV Guide- REDACTED License Agreement." *Id.* at 5.

Plaintiffs' arguments are without merit, as explained below, and all of TMS's arguments should be heard by the Court. TMS does not reargue the merits of its objections in this reply.

**I.      TMS's Citation Of The *Propat* and *Fairchild* Cases Was Proper And Timely.**

TMS cites the *Propat* and *Fairchild* cases in its objections to the Report not to "reject[] the law applied by Magistrate Judge Stark," as Plaintiffs erroneously contend, D.I. 277 at 8-9, but rather to provide further illustrations of the application of the legal standards for determining whether a patent license is an exclusive license. TMS enumerated those legal standards in its briefs in support of its Motion to Dismiss, and those legal standards have not changed. The Magistrate Judge had all of the case law necessary to reach the correct conclusion on TMS's Motion, and TMS does not argue that *Propat* or *Fairchild* change the legal standards applicable to its Motion. However, the Magistrate Judge incorrectly applied the law and reached the wrong conclusions. Consequently, TMS cites *Propat* and *Fairchild* to provide further illustrations of the proper *application* of the law to the facts of this case—in particular, that license agreements with terms similar to those in the TVGL/TVGI License are *not* exclusive licenses. Because *Propat* and *Fairchild* are referenced in TMS's Objections as a response to the Magistrate Judge's

application of the law to the facts—not as a change in the legal standards applicable to the Motion to Dismiss—they are properly and timely raised.

II.  **TMS's Argument That The TVGI/TVGL License Does Not Include The Right To Practice The '078 Patent Was Timely Made.**

Contrary to Plaintiffs' assertions, TMS's arguments regarding "the scope of the rights granted by the exclusive license agreement between TVGL and TVGI" are not new. *See* D.I. 277 at 5. The scope of the rights granted by the TVGL/TVGI License always has been at the heart of TMS's Motion to Dismiss because it is the scope of those rights that determines whether or not TV Guide Online, Inc. can even claim to be an exclusive licensee with standing to sue.

Plaintiffs specifically protest TMS's statement that the TVGL/TVGI License did not grant TVGI the right to practice the '078 patent. *Id.* at 11. As stated in TMS's Objections, this statement was made in direct response to a finding by the Magistrate Judge that the TVGL/TVGI License does include such a right, despite the fact that the express language of the License does not include such a right and none of the parties argued that it included such a right. D.I. 274 at 10 n.4. Plaintiffs themselves, in enumerating the rights granted in that license, did not include the right to practice the '078 patent when responding to TMS's Motion to Dismiss. MTD Opp. Br. at 1 ("TV Guide Online, Inc. possesses an 'exclusive right under the '078 patent to grant sublicenses to others' and the 'right to sue and recover for past infringement of the '078 patent.'"). Now, for the first time, Plaintiffs point to the conclusory language that the License is "an exclusive license to the '078 patent" as the sole purported basis for a finding that the TVGL/TVGI License includes the right to practice the '078 patent. D.I. 277 at 11-12. As previously explained by TMS, the mere designation of the license agreement as an "exclusive license" does ***not*** mean that it includes the exclusive right to practice the patent. *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1344 (Fed. Cir. 2001)

("The title of the agreement at issues, ..., is not determinative of the rights transferred under the agreement; actual consideration of the rights transferred is the lynchpin of such a determination."). Indeed, one of TMS's objections is that the Magistrate Judge cannot simply assume that the right to practice the '078 patent is a part of the License in the absence of any contractual language to that effect. TMS's argument that the TVGL/TVGI License does not grant TVGI the right to practice the '078 patent is not a new argument or legal theory, but rather is a properly made objection to an erroneous factual finding that is unsupported by the evidence. Consequently, TMS's argument regarding the scope of rights granted in the TVGL/TVGI License should be considered.

### III. TMS's Argument "Concerning The Parties To The TV Guide- REDACTED License Agreement" Was Made In The Initial Briefing On The Motion To Dismiss.

TV Guide's contention that TMS's "arguments concerning the parties to the TV Guide- REDACTED License Agreement" are "new and untimely" is utterly without merit. *See* D.I. 277 at 5. TMS raised the fact that Gemstar, not TVGO Inc., granted the license to REDACTED in its opening brief in support of its Motion to Dismiss. MTD Open. Br. at 6. And in its reply brief in support of the Motion to Dismiss, TMS included a section *titled* "TVGO Inc. Is Not A Party To The REDACTED Agreement." MTD Reply at 3. Accordingly, this is not a new argument, and Plaintiffs' efforts to characterize it as such merely highlights that they have been unable to present any argument supported by the record that TVGI controlled the licensing of the '078 patent to REDACTED . *See, e.g.*, D.I. 277 at 12-13. For example, Plaintiffs repeatedly assert that Mr. McKee signed the REDACTED Agreement "on behalf of Gemstar and all Gemstar subsidiaries," *id.* at 6, 12, but cite no evidence to rebut Mr. McKee's unequivocal deposition testimony that his only involvement with TV Guide Online was in October 2005 in connection with this lawsuit, not in connection with the REDACTED Agreement.

## CONCLUSION

Plaintiffs have failed to meet their burden to prove that TVGI is an exclusive licensee with standing to sue for infringement of the '078 patent. TMS respectfully requests that this Court hear all of its objections to the Report and dismiss TV Guide Online, Inc. from this case for lack of standing.

Dated: May 8, 2008

/s/ Richard K. Herrmann
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Linda S. DeBruin
Michael A. Parks
Laura A. Hepburn
Meredith Zinanni
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
312.861.2000

*Counsel for Defendant Tribune Media Services, Inc.*

4